UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:05-CV-40014-FDS

SANDRA S. KATZ, )
    Plaintiff, )
  )
v. )
  )
MATTHEW DENN, INSURANCE )
COMMISSIONER OF THE STATE OF DELAWARE )
AS RECEIVER OF NATIONAL HERITAGE )
LIFE INSURANCE COMPANY IN LIQUIDATION )
    Defendant and Third Party Plaintiff )
  )
v. )
  )
FEDERAL DEPOSIT INSURANCE CORPORATION, )
UNITED STATES OF AMERICA, E. PERRY KING, )
ALAN MASON, ALAN MASON LEGAL )
SERVICES, P.C., ALAN MASON LEGAL SERVICES, )
INC., ALAN MASON D/B/A ALAN MASON LEGAL )
SERVICES, P.C., ALAN MASON D/B/A ALAN )
MASON LEGAL SERVICES, INC., AND ALAN )
MASON LEGAL SERVICES, P.C. D/B/A ALAN )
MASON LEGAL SERVICES, INC., )
    Third Party Defendants. )

**MATTHEW DENN'S, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, MOTION TO STRIKE CERTAIN DOCUMENTS**

Now comes the Third-Party Plaintiff, Matthew Denn, Insurance Commissioner of the State of Delaware, as Receiver of National Heritage Life Insurance Company in Liquidation ("NHL"), and respectfully requests this Honorable Court to strike reference to Exhibit A of the United States' Motion to Dismiss As To Third Party Complaint. As grounds therefore, NHL states that Exhibit A was not attached as an exhibit to the Third Party Plaintiff's Complaint. Pursuant to F.R.C.P. 12(b)(6), if "matters outside the pleading

are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56…"

The United States argues that consideration can be given to Exhibit A pursuant to a narrow exception permitting a court to accept the document. The United States relies upon Watterson v. Page, 987 F.2d 1, (1st Cir. 1993), in support of this proposition. Instead, the United States has not met the requirements stated in Watterson, and therefore this Court cannot apply the exception to F.R.C.P. 12(b)(6) motions. Watterson states that a court may consider a document if the document is not attached to the complaint or not expressly incorporated therein, if either: the authenticity of the document is not disputed by the parties; or the document is an official public record; or for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint. 987 F.2d at 3.

Notably, if the United States seeks to have Exhibit A be accepted as an official public record, the United States faces a contradiction since it failed to disclose the existence of the document under NHL's Freedom of Information Request in July 2004. NHL's position is that the document cannot be an official public record since the document was not produced under a Freedom of Information Request. Since NHL also disputes the authenticity of the document, and states that the document was neither referenced in nor central to the Third Party Complaint, the Watterson requirements have not been met. Since none of the requirements have been met, the Court must strike reference to Exhibit A. Beddall v. State Street Bank and Trust Company, 137 F. 3d 12, 16-17 (1st Cir. 1998). See also F.R.C.P. 12(b)(6).

Furthermore, the documents attached as exhibits were never previously produced to NHL despite requests for information pursuant to the Freedom of Information Act, 5

2

USC §552 and the Massachusetts Freedom of Information Act, G.L. c.66, §10 in July, 2004. Since discovery in this action is not completed, NHL at this point of the civil action should not be bound by a document which was not previously produced to it.

The Insurance Commissioner of the State of Delaware is the court appointed Receiver of the National Heritage Life Insurance Company, a Delaware-domiciled life insurance company. NHL is the largest life and health insurance carrier in the United States ever to be declared insolvent. It had 28,000 policy and annuity holders averaging 65 years of age. On May 24, 1994, the Delaware Court of Chancery appointed Donna Lee H. Williams, Insurance Commissioner for the State of Delaware, as Receiver of NHL to protect the interests of the policy and annuity holders. This included managing and rehabilitating NHL and its assets. The assets included a bond comprised of mortgage debentures, which in turn consisted of a portfolio of real estate mortgages that served as collateral for that bond, NHL's largest asset, having a face value of $126 million (hereinafter, the "Bond"). The Bond was issued by the Defendant, National Housing Exchange, Inc.

Due to extensive fraud committed by four companies, NHL filed suit against these corporations and defended actions in several states, in order to protect the assets of NHL.

After civil actions were filed in the United States District for the Southern District of New York and Northern District of Illinois and thereafter consolidated in the Northern District of Illinois, judgment entered in favor of the Receiver/NHL in these actions. As a result of these actions, all right, title, and interest in certain real property, commercial paper, and other loan obligations, were determined to be owned by NHL, and an Order of that Court entered on April 3, 1996 to that effect.

Thereafter, even though NHL's interests had been confirmed by other courts, the record title to the Massachusetts mortgages, real estate, foreclosure documents, and other assets covered by the various judgments and orders stood in the name of any one of the corporations listed as defendants in those actions, or in the name of Continental by endorsement and assignment. Record title for the Massachusetts properties did not properly identify the rightful owner, NHL.

NHL then sought recognition of the foreign judgments aforementioned in order to succeed to, and perfect, its record title of its property located in the Commonwealth of Massachusetts. NHL filed a civil action in the Superior Court Department seeking to have the foreign judgments recognized for purposes of enforcing the same. NHL sought recognition of its ownership, and rights to any and all proceeds therefrom, of title to real property and the loan obligations listed in the following judgments:

1) The Chancery Court of the State of Delaware in and for New Castle County Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995;

2) The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, nunc pro tunc, April 3, 1996;

3) The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997;

4) The United States District Court, Northern District of Illinois, Eastern Division's Order Particularly Identifying the I-250 Assets No. 95 C 5253 dated February 7, 1997;

5) The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Additional Massachusetts Mortgages No. 95 C 4243, dated April 15, 1997.

The Superior Court Department for Suffolk County, in Civil Action No. 97-02013 B, entered default judgments on the original and the amended counts of the Complaint, thereby recognizing and giving effect to the above judgments in Massachusetts.

In light of the extensive fraud committed against NHL, this Court should not permit the United States to rely on documentation in support of its Motion to Dismiss which documentation was not previously produced to NHL when requested pursuant to a Freedom of Information Act, 5 USC §552 and the Massachusetts Freedom of Information Act, G.L. c.66, §10 in July, 2004.

WHEREFORE, the Third Party Complainant, NHL, respectfully requests this Honorable Court to strike Exhibit A as an exhibit to the United States' Motion to Dismiss, and for such other relief as this Court may deem just and proper.

    Respectfully submitted,
Matthew Denn,
 Insurance Commissioner of
the State of Delaware As
Receiver of National Heritage
Life Insurance Company in

By his attorneys,

_____
James F. Creed, Jr.
BBO#552138
Sara D. Trupe Cloherty
BBO#632528
CREED & FORMICA
1329 Highland Avenue
Needham, MA 02492
(781) 449-4600

Dated: 5/6/05

CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true copy of the within document to be served by first class mail, postage pre-paid to:

Robert B. Gibbons, Esq.
Kristin D. Thompson, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608

Anita Johnson
Assistant U.S. Attorney
U.S. Attorney's Office
Moakley United States Courthouse
One Courthouse Way – Suite 9200
Boston, MA  02210

Nancy C. Serventi, Esq.
McDonough, Hacking, & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA  02108

Dated: 5/6/05                    _____
                                 James F. Creed Jr.

RULE 7.1 CONFERENCE

I hereby certify that on April 15, 2005 I conferenced with counsel for the United States and the FDIC, Anita Johnson, Esq., and attempted in good faith to resolve and narrow the issue.

Dated: 5/6/05                    _____
                                 James F. Creed Jr.