UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| SANDRA S. KATZ,<br>    Plaintiff<br><br>v.<br><br>DONNA LEE H. WILLIAMS, INSURANCE<br>COMMISSIONER OF THE STATE OF<br>DELAWARE AS RECEIVER OF NATIONAL<br>HERITAGE LIFE INSURANCE COMPANY<br>IN LIQUIDATION,<br>    Defendant and<br>    Third Party Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION;<br>UNITED STATES OF AMERICA;<br>E. PERRY KING;<br>ALAN MASON;<br>ALAN MASON LEGAL SERVICES, P.C.;<br>ALAN MASON LEGAL SERVICES, INC.,<br>ALAN MASON d/b/a<br>ALAN MASON LEGAL SERVICES, P.C.;<br>ALAN MASON d/b/a<br>ALAN MASON LEGAL SERVICES, INC.;<br>and<br>ALAN MASON LEGAL SERVICES, P.C. d/b/a<br>ALAN MASON LEGAL SERVICES, INC.,<br><br>    Third Party Defendants. | CIVIL ACTION<br>NO. 05-40014-FDS |

1

## GOVERNMENT'S OPPOSITION TO MOTION TO STRIKE EXHIBIT A

The government opposes the third party Plaintiff's Motion to Strike Exhibit A of the United States's Motion to Dismiss for the following reasons:

1. Exhibit A is an FDIC document that conveys the promissory note signed by E. Perry King and Terry A. King from the FDIC to the South Star Management Company. This document may be considered by the Court in connection with the government's Rule 12(b) motion because the third party Plaintiff alleges the transaction in its Complaint. The Complaint alleges that the FDIC assigned this note, referred to in the Complaint as "the Canton Loan", to the South Star Management Company. Complaint ¶ 14   Exhibit A is the underlying Loan Sale Agreement for the assignment, and is part of the chain of title that the third party Plaintiff alleges to demonstrate its legal interest in this action. Moreover, the Plaintiff attaches a portion of the documentation of this very transaction, the "Assignment of Mortgage" as an exhibit to its own Complaint. See Exhibit D to third party Complaint, whereby the FDIC assigns "the mortgage and the Note and claim secured thereby," to the South Star Management Company. Plaintiff's Exhibit D evidences the same promissory note, the same parties, the same date and the same signators as the United States' Exhibit A Loan Sale Agreement that the Plaintiff seeks to exclude. The Plaintiff seeks to have this Court consider Plaintiff's Exhibit D that is linked to and dependent upon the Loan Sale Agreement while excluding the Loan Sale Agreement. Plaintiff's claim is contrary to Beddall v. State Street Bank and Trust Co.,

2

137 F.3d 12, 16-17 (1st Cir. 1998), which permits the consideration of documents effectively merged into the pleading, in ruling on a Motion to Dismiss. See also In Re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003) ("These principals require us to consider not only the complaint but also matters fairly incorporated within it . . . ."). See also, Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (materials attached to pleadings may be considered in torts case for purposes of determining jurisdiction). Moreover, the document is central to Plaintiff's claims, since it demonstrates Plaintiff's chain of title. See Watterson v. Page, 987 F. 2d 1, 3-4 (1st Cir. 1993), where the Court of Appeals affirmed the District Court's authority to consider documents central to Plaintiff's claim in ruling on dismissal.

2. Exhibit A is an official public record, a document -- like Plaintiff's Exhibit D, Assignment of Mortgage -- that is created and maintained by the FDIC. The document is signed by an FDIC official on behalf the FDIC. See also, "Attachment 2, Bill of Sale" part of the same transaction package, signed on the same date by the same individual, attached to this memorandum. Thus, the document falls within the category of additional documents, "official public records," permitted to be considered by the Court in ruling on a motion to dismiss. Watterson v. Page, 987 F.2d at 3-4.

3. The authenticity of Exhibit A is unchallenged. Instead, Plaintiff is merely protesting that Plaintiff did not receive Exhibit A from the FDIC in response to Plaintiff's Freedom of Information Act request. This is no basis for excluding Exhibit A in this

action.

For the foregoing reasons, the United States requests that third party Plaintiff's Motion to Strike be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

BY: /s/ Anita Johnson
Anita Johnson
Assistant U. S. Attorney
U.S. Courthouse - Suite 9200
1 Courthouse Way
Boston, MA  02210
(617) 748-3282

Linda S. Charet
FDIC, Legal Services Office
New York Legal Services Office
20 Exchange Place
New York, NY 10005
917-320-2864

### CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon counsel for third party Plaintiff, James F. Creed, Jr., 1329 Highland Avenue, Needham, Mass. 02492, and upon counsel for Plaintiff, Robert B. Gibbons, 100 Front Street, Worcester, Mass. 01808, by first class mail, postage prepaid, on this 27th day of May 2005.

/s/ Anita Johnson

4

ATTACHMENT 2

BILL OF SALE

LOAN SALE NO. FCO-93-6BM16
PACKAGE 6BM16

The Federal Deposit Insurance Corporation ("Seller"), in its capacity, for value received and pursuant to the terms and conditions of that certain Loan Sale Agreement between the Seller and _South Star Management Company, Inc._ ("Buyer"), dated December 17th, 1993, does hereby sell, assign and convey to Buyer, its successors and assigns, all right, title and interest of Seller in and to those certain promissory notes described in Exhibit "A", attached hereto, and made a part hereof for all purposes.

THIS BILL OF SALE IS EXECUTED WITHOUT RECOURSE AND WITHOUT REPRESENTATIONS OR WARRANTIES INCLUDING COLLECTIBILITY, OR OTHERWISE, EXPRESS OR IMPLIED, except as provided in the Loan Sale Agreement.

EXECUTED this 17th day of December, 1993.

THE FEDERAL DEPOSIT INSURANCE CORPORATION

By: _Kirby N. Schaefer_
      Signature

Attorney-In-Fact
Title

(ACKNOWLEDGMENT)

STATE OF _Massachusetts_         )
                                 )
COUNTY OF _Norfolk_              )

Before me, the undersigned, a Notary Public in and for said County and State, on this day personally appeared _Kirby N. Schaefer_, Attorney-in-Fact for the Federal Deposit Insurance Corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and he acknowledged to me that he executed the same for the purposes and consideration therein expressed, as the act and deed of said corporation and in the capacity therein stated.

Given under my hand and seal this _17_ day of _December_, 19_93_.

_____
Notary Public, State of _Massachusetts_

_Luis S Brenerpt_
Notary's Printed Name

_7-1-97_
My Commission Expires