UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| SANDRA S. KATZ,<br>　　　Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| MATTHEW DENN, INSURANCE<br>COMMISSIONER OF THE STATE OF<br>DELAWARE AS RECEIVER OF NATIONAL<br>HERITAGE LIFE INSURANCE COMPANY<br>IN LIQUIDATION,<br>　　　Defendant and<br>　　　Third Party Plaintiff, | )<br>)<br>)<br>)<br>)　　CIV. NO.<br>)　　05-40014-FDS<br>)<br>)<br>) |
| v. | )<br>) |
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br>UNITED STATES OF AMERICA,<br>E. PERRY KING,<br>ALAN MASON, ET AL.<br>　　　Third Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

**FEDERAL DEFENDANTS' REPLY BRIEF**

Third Party Plaintiff Denn sets forth no persuasive arguments in opposition to the federal defendants' motion to dismiss, for the reasons set forth below.

**I. "SLANDER OF TITLE" MUST FAIL DUE TO SOVEREIGN IMMUNITY.**

Denn now claims that he was not alleging that the government is liable for the tort of misrepresentation that is set forth in his Complaint, but rather, for the tort of slander of

1

title. However, sovereign immunity bars a claim for slander of title against the government. As noted in the United States Motion to Dismiss at 8-9, the Court lacks jurisdiction over any tort claim against the government based on the provision of incorrect or misleading information, pursuant to the misrepresentation exception to the waiver of sovereign immunity conferred by the Federal Tort Claims Act (hereafter, "FTCA"), 28 U.S.C. § 2680(h). FTCA. Block v. Neal, 460 U.S. 289, 295 (1983) (both negligent and intentional misrepresentation excepted), United States v. Neustadt, 366 U.S. 696, 705-07 (1961). See also, United States v. Texarkana Trawlers, 846 F.2d 297, 304 (5th Cir.1988) (allegation of fraudulent inducement to enter into contract falls within FTCA exception); Williamson v. U.S. Department of Agriculture, 815 F.2d 368, 376-78 (5th Cir. 1987) (false appraisal of farmland barred by exception). Whether the claim is misrepresentation as pleaded, slander of title as revisited in Plaintiff's Opposition, or simple negligence, when the facts as pleaded complain of the government providing false information, the claim falls within the purview of "misrepresentation" excepted by the FTCA. Alexander v. United States, 787 F.2d 1349, 1351 (9th Cir. 1986), quoting United States v. Neustadt, 366 U.S. at 706-07. Plaintiff has not escaped the misrepresentation exception by relabeling the cause of action. See Emch v. United States, 8789 F. 2d 523, 528 (7th Cir. 1980) (courts must look to substance of the claim, not merely the language used in stating it); Frigard v. United States, 629 F. 2d 201, 202-03 (9th Cir. 1988) (section 2680(h) bars claims arising from commercial decisions based on false or inadequate

information provided by the government).[1]

## II. DENN'S CLAIM FOR VIOLATION OF MASSACHUSETTS STATUTE MUST FAIL ON SOVEREIGN IMMUNITY.

Plaintiff Denn contends that the federal defendants may be held liable under the Massachusetts Consumer Protection Act, M.G.L. 93A for "unfair practices." Chapter 93A § 11 provides "any person who engages in the conduct of any trade or business and who suffers any loss of money or property . . . as a result of . . . any unfair act or deceptive act or practice . . . may . . . bring an action in the superior court or the housing court . . . ." Plaintiff argues that liability for "unfair practices" under 93A is broader than tort liability and therefore not barred by the exceptions to the waiver of sovereign immunity Federal Tort Claims Act, 28 U.S.C. § 2680 (h). It may be correct that "unfair practices" is broader than common law tort, but Plaintiff's argument forgets that the FTCA is itself a waiver of sovereign immunity, applies only to common law torts and does not extend beyond torts. Liability for "unfair practices" must fail because the federal government has not waived sovereign immunity for "unfair practices."

---

[1] In re Franklin National Bank Securities Litigation, 445 F. Supp. 723 (1978) is not of assistance to Plaintiff. Opposition at 6, 10. The holding has been superceded by the U.S. Supreme Court in United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig), 467 US 797 (1984), and, in any event, the operational/planning distinction discussed in the case was applied to the discretionary function exception of the FTCA, 28 U.S.C. § 2680(a), not the misrepresentation exception. Moreover in In re Franklin National Bank Securities Litigation ("Franklin II"), 478 F. Supp. 210, 215-16 (E.D.N.Y. 1979), the Court, in awarding summary judgment to the government found that a claim could not be brought against the government for negligence arising out of the content of the FDIC's reports to bank officers prior to the failure of the bank.

Ab initio, once a defendant has challenged the jurisdiction of the Court, the burden is on the plaintiff to establish jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 189. Gadd v. United States, 55 Fed. Cl. 438, 443 (Fed. Cl. 2003). Plaintiff has not pointed to any basis for the jurisdiction of this Court over its claims under Ch. 93A, and assumes incorrectly that the Massachusetts legislature is able to waive sovereign immunity for the federal government. As noted in United States' Motion to Dismiss, at 6, the federal government is immune from suit unless it has expressly consented to be sued. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). The United States may consent to be sued – waiving sovereign immunity – only by federal statute. United States v. Dalm, 494 U.S. 596, 608 (1990); Department of Energy v. Ohio, 503 U.S. 607, 614-616 (1992) (waiver of immunity must fall within the purview of the statutory language). In the absence of a statutory waiver of sovereign immunity, this court lacks jurisdiction. See FDIC v. Meyer, 510 U.S. 471, 475-76 (1994); Soriano v. United States, 352 U.S. 270, 276 (1957); United States v. Sherwood, 312 U.S. 584 (1941). Accordingly, because Congress has never waived sovereign immunity for the "unfair practices" set forth by Ch. 93A, Defendant cannot be held liable for "unfair practices."

In this regard, Plaintiff also appears to make the argument that Defendant may be liable for conduct that is "within at least the penumbra of . . . unfairness . . . [or] is immoral, unethical, oppressive, or unscrupulous." Denn's Opposition at 7. However, once again, Plaintiff has a sovereign immunity problem here. There is no jurisdiction under the FTCA unless there is a specific common law tort under which a private person

4

could be held liable.  Bolduc v. United States, 402 F. 3d 50, 54 (1st Cir. 2005); Zabala Clemente v. United States, 567 F. 2d 1140, 1149 (1st Cir. 1978) (claims may not be founded on the Federal Tort Claims Act unless there is private tort liability under state law).  If Defendant's conduct was unfair, immoral, unethical, oppressive, or unscrupulous, it cannot be held liable unless the conduct falls within a common law tort because the FTCA waives sovereign immunity only for common law torts.  Id.

Finally, even if sovereign immunity had been waived, Plaintiff is quite wrong in his characterization of Ch. 93A, section 11 as encompassing Defendant's conduct as alleged.    First, the statute applies only to "trade or commerce," which includes "the advertising, the offering for sale, rent or lease, the sale rent, lease or distribution of any services and any property. . . ."  M.G. L. Ch. 93A, § 2.  See Linkage Corp. v. Trustees of Boston Univ. 425 Mass. 1, 23, 679 N.E. 2d 191, 206 (1997), and Trustees of Boston Univ. v. ASM Communications, Inc., 33 F. Supp. 2d 66, 76 (D. Mass. 1998) (discussions of whether certain activities of private non-profit institutions are "trade or commerce").  Nothing in the Complaint alleges facts constituting "trade or commerce" conduct on the part of Defendant.   Second, the statute applies only to parties that have a "transactional business relationship" where consideration was exchanged.  Reisman v. KPMG Peat Marwick LLP, 965 F. Supp. 165, 174-75 (D. Mass. 1997).  See also, Cash Energy v. Weiner, 768 F. Supp. 892, 894 (D. Mass. 1991) (transactional relationship between the parties is required under section 11 of Ch. 93A, and a more expansive reading "tests the limits of common sense"); Swenson v. Yellow Transportation, Inc., 317

5

F. Supp. 51, 56 (D. Mass. 2004) (commercial dealings between the parties required); L.B. Corp. v. Schweitzer-Maudit , Internat'l, 121 F. Supp. 2d 147, 152 (D. Mass. 2000) (complaint must allege transaction between the parties for liability to attach under section 11).  In conclusion, Plaintiff's expansive reading of the scope of 93A liability where the plaintiff is a business is unjustified by the decided cases, and Plaintiff has not alleged facts that include Defendant in the parameters of a business relationship.

**III.  DENN'S CLAIM UNDER THE FIFTH AMENDMENT IS BASELESS.**

Plaintiff Denn claims that the FDIC's issuance of a "Satisfaction of Judgment" declaration with respect to the mortgage loan on the property given by the Home National Bank of Milford was a taking "for public use without just compensation" prohibited by the Fifth Amendment to the U.S. Constitution.  Opposition to United States' Motion to Dismiss at 14-17.   The elements of a Fifth Amendment "taking" are simply not present in this case.[2]

A "taking" occurs when the federal government acquires private property for public purposes.  Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419,  427 (1982).   The private property can be acquired when the federal government actually invades or converts private property to public use, id., or when the government regulates private property to the extent that substantially all of the economic use of the property as a whole has been stripped from private use.  Tahoe-Sierra Preservation Council, Inc. v.

---

[2] This issue was previously addressed in United States' Motion to Dismiss at 15-17.

Tahoe Regional Planning Agency, 535 U.S. 302, 331-32 (2002). A "taking" could not be found to have occurred here for at least three reasons. First, the Complaint does allege that the government acquired property at all. The government did not physically occupy the property and it did not regulate the property, much less regulate to the point of the extinction of private interests. Indeed, the Complaint alleges that the government had no interest whatsoever in the property when or after the Satisfaction of Judgment was issued. See United States' Motion to Dismiss at 15. Complaint at     . Second, the Complaint does not allege that the Satisfaction of Judgment was issued in order to use the property for public purposes. Third, the Complaint does not allege that the Satisfaction of Judgment was unauthorized governmental action, and, indeed, alleges that the action was an illegal action. The purpose of a "takings" action is to secure compensation for property taken for public purposes. Preseault v. ICC, 494 U.S. 1, 11 (1990). A "takings" action assumes that the government's action was authorized by law. Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 244 (1984) (legislative branch determines "what public purposes shall be advanced by an exercise of the takings power"); Florida Rock Industries, Inc. v. United States, 792 F. 2d 893, 899 (Fed. Cir. 1986) (must assume government properly exercised statutory and regulatory authority in a "takings" case, citing Armijo v. United States, 663 F.2d 90, 93 (Fed. Cir. 1981)). See also, Gadd v. United States, 55 Fed. Cl. 438 (Fed Cl. 2003)(plaintiff in "takings" action must concede the lawfulness of the government's actions), Bernaugh v. United States, 38 Fed. Cl. 538, 542 (1997) (same).

As noted in Rith Energy, Inc. v. United States, 247 F.3d 1355, 1364-65 (Fed. Cir. 2001), an uncompensated taking and an unlawful government action are two entirely separate wrongs that given rise to entirely separate causes of action. and a "taking" action cannot be based on allegations of wrongful government conduct, since a claimant is merely asking to be compensated for what the government was entitled to take.   An intentional appropriation of property by the government is to be compensated through a "takings" action, but challenges to the propriety of the action sound in tort.  Noel v. United States, 16 Cl. Ct. 166, 170 (1989).  If an action seeks damages for wrongful government action, it "smacks of tort," and is not a "takings" claim.  Eastport Steamship Corp. v. United States, 372 F.2d 1002, 1010 (Ct. Cls. 1967).   A "takings" claim cannot be based on allegations of mistake, which is not an authorized government action. Florida Rock Industries, Inc. v. United States, 791 F. 2d at 899; Golden Pacific Bank Corp. v. United States, 15 F. 3d 1066, 1075 (Fed. Cir. 1994).   Nor based on allegations of fraud.  Brown v. United States, 105 F. 3d 621, 623 (Fed. Cir. 1997); Dadourian Export Corp. v. United States, 291 F.2d 178 (2d Cir. 1961).    Because the Complaint clearly alleges that the government's issuance of the "Satisfaction of Judgment" was wrongful, Denn has no action under the "takings" clause of the Constitution.

Finally, as previously noted,[3] "takings" claims must be brought in the United States Court of Federal Claims and not this Court.   Pursuant to the Tucker Act, 28 U.S.C.

---

[3] United States' Motion to Dismiss at 16-17.

§ 1491(a)(1), claims for money founded upon the Constitution are required to be brought in the United States Court of Federal Claims. Preseault v. I.C.C., 494 U.S. at 921-22. "Takings" claims are "premature until the property owner has availed itself of the process provided by the Tucker Act." Id. at 921. Jurisdiction in the Court of Federal Claims under the Tucker Act is exclusive unless Congress has exhibited its "unambiguous intention to withdraw the Tucker Act remedy." Id. at 922. Although Denn contends that this Court has jurisdiction to hear his "takings" claim because it is accompanied by torts claims, in fact, a takings challenge is required to be filed in the Court of Federal Claims, a

separate action from a torts challenge filed in the district court. Rith Energy, Inc. v. United States, 247 F. 3d at 1365.

Respectfully submitted,

MICHAEL J. SULLIVAN,
United States Attorney

BY:   /S/ Anita Johnson
Anita Johnson
Assistant U. S. Attorney
U.S. Courthouse - Suite 9200
1 Courthouse Way
Boston, MA   02210
(617) 748-3282

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon counsel of record, James F. Creed, Jr., 1329 Highland Avenue, Needham, Mass. 02492, counsel for Plaintiff Williams and Robert B. Gibbons, 100 Front St., Worcester, Mass. 01908, by electronic transmission, on this sixth day of June, 2005.

/S/ Anita Johnson