UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 4:05-CV-40014-FDS

| | |
|---|---|
| SANDRA S. KATZ, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DONNA LEE H. WILLIAMS, INSURANCE | ) |
| COMMISSIONER OF THE STATE OF | ) |
| DELAWARE AS RECEIVER OF NATIONAL | ) |
| HERITAGE LIFE INSURANCE COMPANY IN | ) |
| LIQUIDATION | ) |
|     Third Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, UNITED STATES OF | ) |
| AMERICA, E. PERRY KING, ALAN MASON, | ) |
| ALAN MASON LEGAL SERVICES, P.C., ALAN | ) |
| MASON LEGAL SERVICES, INC., ALAN | ) |
| MASON SERVICES, P.C., ALAN MASON | ) |
| D/B/A ALAN MASON LEGAL SERVICES, INC. | ) |
|     Third Party Defendant | ) |

THIRD PARTY DEFENDANT E. PERRY KING'S
ANSWER TO THIRD PARTY COMPLAINT

1.	The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint.

2.	The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

3.	The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the complaint.

4.	The defendant, E. Perry King, admits the allegations contained in this paragraph of the plaintiff's complaint.

5.     The defendant, E. Perry King, admits the allegations contained in this paragraph of the plaintiff's complaint.

6.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the complaint.

7.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the complaint.

8.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the complaint.

9.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the complaint.

10.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint.

11.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint.

12.     The defendant, E. Perry King, admits signing a promissory note, a copy of which is attached to the third party complaint as Exhibit A and further states that the terms of the note are set forth therein and therefore deny the rest and remainder of the allegations in this paragraph as they are stated.

13.     The defendant, E. Perry King, admits that the promissory note was secured by a mortgage, a copy of which is attached to the third party complaint as Exhibit B and further states that the terms of the mortgage are set forth therein and therefore deny the rest and remainder of the allegations in this paragraph as they are stated.

14.     The defendant, E. Perry King, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the complaint.

15.     The defendant, E. Perry King, admits that copies of the Superior Court judgments are attached as Exhibit E and F to the third party complaint but has insufficient knowledge to admit or deny the rest of the allegations in this paragraph.

16.     The defendant, E. Perry King, admits that a document entitled "Judgment by Default" is recorded at Book 19167, Page 306 at the Worcester District Registry of Deeds, has insufficient knowledge as to who recorded it and denies the rest and remainder of the allegations in this paragraph.

17.     The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 17.

18.     The defendant, E. Perry King, has no knowledge concerning the allegations contained in the first sentence of paragraph 18 of the plaintiff's complaint.  The defendant, E. Perry King, is without sufficient information to either admit or deny the allegations contained in the second sentence of paragraph 18 of the plaintiff's complaint.

19.     The defendant, E. Perry King, denies the allegations contained in this paragraph.

20.     The defendant, E. Perry King, denies the allegations contained in paragraph 20 as they are stated.

21.     The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 21.

22.     The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 22.

23.     The defendant, E. Perry King, admits that a document entitled "Satisfaction of Mortgage" is attached as Exhibit G and further says that the document speaks for itself.

24.     The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 24.

25.     The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 25.

26.     The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 26.

27.     The defendant, E. Perry King, admits the letter dated July 23, 2004 and further says that the letter speaks for itself.

COUNT I

28.     The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 27 of this answer.

29.     The defendant, E. Perry King, denies the allegations of paragraph 29 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

30.     The defendant, E. Perry King, denies the allegations of paragraph 30 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

31. The defendant, E. Perry King, denies the allegations of paragraph 31 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

## COUNT II

32. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 31 of this answer.

33–37. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

## COUNT III

38. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 37 of this answer.

39. The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 39.

40. The defendant, E. Perry King, denies the allegations of paragraph 40 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

41. The defendant, E. Perry King, denies the allegations of paragraph 41 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

42. The defendant, E. Perry King, denies the allegations of paragraph 42 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

## COUNT IV

43. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 42 of this answer.

44-49. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

## COUNT V

50. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 49 of this answer.

51. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

52. The defendant, E. Perry King, denies the allegations of paragraph 52 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

53. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

### COUNT VI

54. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 53 of this answer.

55-57. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

### COUNT VII

58. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 57 of this answer.

59. The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 59.

60. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

61. The defendant, E. Perry King, has insufficient information to either admit or deny the allegations in paragraph 61.

### COUNT VIII

62. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 61 of this answer.

63-65. The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

### COUNT IX

66. The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 65 of this answer.

67.     The defendant, E. Perry King, denies the allegations of paragraph 67 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

68.     The defendant, E. Perry King, denies the allegations of paragraph 68 as they are pleaded against him and further states that insofar as the allegations are directed against others, no answer is required.

### COUNT X

69.     The defendant, E. Perry King, repeats and reavers his answers to paragraphs 1 through 68 of this answer.

70-73.  The defendant, E. Perry King, says that the allegations in this paragraph are directed against other and therefore no answer is required.

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant, E. Perry King, states that the third party plaintiff's complaint fails to state a cause of action upon which relief can be granted and therefore must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The defendant, E. Perry King, states that the injury or damage complained of was caused in whole or in part by the negligence of the third party plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The defendant, E. Perry King, states that any alleged injury or damage to the third party plaintiffs was not caused by anyone for whose conduct or actions the defendant, E. Perry King, was legally responsible for.

### FOURTH AFFIRMATIVE DEFENSE

The defendant, E. Perry King, further states that if in fact any injury or damages was suffered by the third party plaintiff, said injury or damage was caused as a result of the negligent act of third parties other than the defendant.

### FIFTH AFFIRMATIVE DEFENSE

The defendant, E. Perry King, says that the third party plaintiffs' claims are barred by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

There was a failure of consideration with respect to the contract alleged by the third party plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The third party plaintiffs' claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The third party plaintiffs' claims are barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

The third party plaintiffs' claims are barred by the statute of limitations.


THE DEFENDANT, E. PERRY KING, REQUESTS A TRIAL BY JURY ON ALL ISSUES.

E. Perry King
by his attorney:

/s/ Timothy P. Wickstrom
Timothy P. Wickstrom
Tashjian, Simsarian & Wickstrom
370 Main Street
Worcester, MA 01608
(508) 756-1578
B.B.O. #541953

### CERTIFICATE OF SERVICE

I, Timothy P. Wickstrom, hereby certify that I have forwarded a copy of the within Answer of E. Perry King to Third Party Complaint to all counsel of record this 25th day of July, 2005 via first class mail.

/s/ Timothy P. Wickstrom