UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

---

SANDRA S. KATZ,
    Plaintiff

    V.

MATTHEW DENN, INSURANCE
COMMISSIONER OF THE STATE OF
DELAWARE, AS RECEIVER OF
NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
    Defendant and Third-Party Plaintiff,

    V.

FEDERAL DEPOSIT INSURANCE
CORPORATION, UNITED STATES OF
AMERICA, E. PERRY KING, ALAN
MASON d/b/a ALAN MASON LEGAL
SERVICES, P.C. d/b/a ALAN MASON
LEGAL SERVICES, INC., ALAN MASON
LEGAL SERVICES, P.C., ALAN MASON
LEGAL SERVICES, INC., and ALAN
MASON LEGAL SERVICES, P.C. d/b/a
ALAN MASON LEGAL SERVICES, INC.,
    Third-Party Defendants,

    V.

E. PERRY KING and MANSOUR GAVAL,
    Fourth-Party Defendants.

DOCKET NO. 05-CV-40014-FDS

---

## AFFIDAVIT OF CHRISTOPHER T. MEIER

I, Christopher T. Meier, state and depose as follows:

1)    I am an attorney licensed to practice law in the Commonwealth of Massachusetts,

and represent the plaintiff, Sandra S. Katz ("Katz"), in the above-referenced action.

2)      Attached hereto as **Exhibit A** is a true and accurate copy of the 1988 mortgage (the "Mortgage") on property located at 19 Canton Street, Worcester, Massachusetts (the "Property") granted by E. Perry King and Terry A. King (the "Kings") to Home National Bank of Milford ("HNBM") to secure a note in the original amount of $112,000 and recorded with the Worcester Registry of Deeds in Book 11097, Page 122.

3)      Attached hereto as **Exhibit B** is a true and accurate copy of Appointment of Receiver appointing the Federal Deposit Insurance Corporation as receiver of HNBM.

4)      Attached hereto as **Exhibit C** is a true and accurate copy of the assignment of the Mortgage dated March 29, 1994 wherein the FDIC purportedly assigned its interest in the Mortgage to South Star Management Company ("South Star").

5)      Attached hereto as **Exhibit D** is a true and accurate copy of the assignment of the Mortgage dated March 29, 1994 wherein the South Star purportedly assigned its interest in the Mortgage to National Housing Exchange, Inc.

6)      Attached hereto as **Exhibit E** are true and accurate copies of two judgments of default recorded by the Insurance Commissioner on September 15, 1997 and October 21, 1997.

7)      Attached hereto as **Exhibit F** is a true and accurate copy of the July 15, 2002 deed transferring the Property from the Kings to Mansour and Nader Gaval.

8)      Attached hereto as **Exhibit G** is a true and accurate copy of the Satisfaction of Mortgage of the Mortgage issued by the FDIC as Receiver dated July 19, 2002 and recorded on August 1, 2002.

9)      Attached hereto as **Exhibit H** is a true and accurate copy of the December 19, 2003 deed transferring the Property from the Gavals to Katz.

10)    In connection with the above-captioned matter and on July 28, 2005, I performed a search of records at the Registry of Deeds for Worcester County for the indexing information related to the judgments recorded by the defendant on September 15, 1997 and October 21, 1997 (the "Judgments"), as well as reviewing the Judgments as recorded. These Judgments show no marginal reference to the property related to the above-captioned case, and were indexed only under the following names:  National Housing Exchange, Inc., APX Mortgage Services, Inc., Resource Asset Management, Inc., National Heritage Life Insurance Co., Delaware State of Insurance Commissioner, and South Star Management Corporation (the "Judgment-related Index Terms").

11)    In connection with the above-captioned matter and on July 28, 2005, I also performed a search of records at the Registry of Deeds for Worcester County for recorded documents relating to the following indexed terms, and any variations thereof:  19 Canton Street, E. Perry King, Terry A. King, Home National Bank of Milford, and Mansour Gaval, Nader Gaval a/k/a Nader Gawal. This search did not uncover the Judgments as recorded, did not uncover the unrecorded purported assignments of the mortgage in question, nor did it uncover any of Judgment-related Index Terms.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,

_____
Christopher T. Meier

Dated:  December 23 , 2005





EXHIBIT B

MORTGAGE

__ E. PERRY KING AND TERRY A. KING__ (the "Mortgagor"), having a principal place of business at__ 188 Route 146 Sutton, Massachusetts__, FOR CONSIDERATION PAID GRANT(S) TO THE HOME NATIONAL BANK OF MILFORD, a national banking association (the "Mortgagee"), whose address is 221 Main Street, Milford, Worcester County, Massachusetts 01757;

WITH MORTGAGE COVENANTS, to secure the payment of the indebtedness described in Paragraph 10 below (the "Obligation"), the property described in Exhibit A annexed hereto and by this reference made a part hereof (the "Property"):

Together with (a) insofar as the same are or can by agreement of the parties be made a part of the Property, all fixtures and appliances now or hereafter attached to, placed on, installed in or used in any way in connection with the Property and/or buildings and structures thereon, including without being limited to, portable or sectional buildings; screens, awnings, screen doors, storm and other detachable windows and doors; window shades and blinds; inlaid or attached floor coverings; boilers, tanks, furnaces, radiators, water heaters, elevators, fire and other alarm systems, cooling towers and compressors; heating, lighting, plumbing, gas, electric, ventilating, refrigerating, air conditioning, ice making, sprinkler and incinerating controls, apparatus and equipment; garbage and trash incinerators and receptacles, ovens, boilers, stoves, refrigerators, dishwashers, washing machines, driers, television antennas; fences and partitions; trees and hardy shrubs; all of which fixtures, including accessories and additions thereto and replacements thereof, are hereby declared and shall be deemed to be accessory to the freehold and a part of the Property as between the parties hereto, their successors and assigns and all persons claiming by, through, or under them, and shall constitute security for the Obligation and be subject to this Mortgage; (b) all improvements now or hereafter erected on the Property; and (c) all easements, rights, appurtenances, rents, water and water rights.

All of the foregoing being hereinafter sometimes referred to as the "mortgaged premises."

AND Mortgagor (a) herewith assigns to Mortgagee all future rents and profits from the mortgaged premises, provided, however, until default under the Obligation, this Mortgage, or the other instruments securing the Obligation or otherwise executed in connection therewith, Mortgagor may continue to collect and retain such rents and profits as they become due and payable; (b) shall perform and observe all the obligations imposed upon it under any lease of the mortgaged premises or any portion thereof, and shall not do, or permit to be done, anything to impair the security thereof; and, in addition to the obligations contained

# 19 CANTON ST., WORCESTER, M.A.

BOOK 11097 PAGE 123

elsewhere herein, if such leases shall include any residential units, Mortgagor shall conform to any law or regulation applicable thereto; and (c) agrees that if the Obligation shall become due and payable in accordance with the terms hereof, it will, upon demand of the Mortgagee, assign any and all leases of the mortgaged premises then existing to the Mortgagee, and agrees that after such assignments Mortgagee may modify and otherwise deal with such leases as if the owner of the mortgaged premises.

The Mortgagor, for the Mortgagor and the Mortgagor's successors and assigns, covenants and agrees in addition to the STATUTORY CONDITION:

1. To keep the buildings, structures, improvements and fixtures now or hereafter standing on the mortgaged premises insured against fire with extended coverage and/or such other perils as the Mortgagee shall reasonably request in such amounts and companies and in such forms as shall be satisfactory to the Mortgagee, all insurance to be for the benefit of and payable in case of loss to the Mortgagee and the Mortgagor as their interests may appear of record and to contain a provision that it shall not be cancelled or modified without at least ten (10) days prior written notice to the Mortgagee; to pay or cause to be paid when due all premiums for such insurance and, upon demand, to pay the same to the Mortgagee in the manner provided in Paragraph 2 with respect to taxes; that the Mortgagee is hereby authorized, at the expense of the Mortgagor, to obtain and/or renew any such insurance, and to do all necessary acts therefor in the name of the Mortgagor; to do no act, nor suffer any to be done, that shall cause, directly or indirectly, any such insurance to be void or vacated in whole or in part; and to deliver to the Mortgagee, at any time upon the Mortgagee's request, all insurance policies or memoranda thereof and to deliver to the Mortgagee new policies or memoranda thereof for any insurance about to expire at least ten (10) days prior to such expiration (hereby granting to the Mortgagee in the event of foreclosure, full authority, as attorney irrevocable of the Mortgagor, to cancel such insurance and retain the return premiums thereof and apply the same to the satisfaction of the Obligation or to transfer such insurance to any person claiming title to the mortgaged premises or any part thereof by virtue of foreclosure proceedings).

2. To pay or cause to be paid when due all taxes, charges, assessments and rates with respect to the mortgaged premises to whomsoever laid or assessed; and, upon demand, to deposit with Mortgagee on each day that periodic payments are required by the terms of the Obligation, in addition to the payments of principal and interest provided therein, a sum equal to such fraction of the real estate taxes and betterment assessments for each year as shall be estimated by Mortgagee to be sufficient to provide in the aggregate, a sum adequate to pay said taxes and betterment assessments as and when they become due and payable, and, in addition, to deposit with Mortgagee any balance necessary to pay

BOOK 11097 PAGE 124

in full  said taxes  and betterment assessments prior to the date
when such taxes or betterment assessments become due and payable;
and to  forward to the Mortgagee real estate tax bills as soon as
the same have been received by Mortgagor.

3.  That the Mortgagor  will not  further encumber  the mortgaged
premises; and that, in the event the ownership of or title to the
mortgaged premises or any part thereof shall become vested in any
person other than the Mortgagor without the prior written consent
of the Mortgagee, then at any time thereafter,  at the  option of
the  Mortgagee,  the  Obligation  shall become due and payable on
demand, and the Mortgagee may, without  notice to  the Mortgagor,
deal  with  any  successor  in  interest  with  reference  to the
Mortgage and the Obligation  in  the  same  manner  as  with  the
Mortgagor  without  in  any  way  vitiating  or  discharging  the
Mortgagor's liability hereunder or  upon  the  Obligation. No sale
of  the  mortgaged  premises,  no  forbearance on the part of the
Mortgagee, no extension (whether oral or in writing)  of the time
for the  payment and satisfaction of the whole or any part of the
Obligation, and no other indulgence given by the Mortgagee to any
person other  than  the  Mortgagor, shall operate to release or in
any manner affect the original liability of the Mortgagor, notice
of  any  thereof  being  waived.   The  proceeds of any award for
damages in connection with  any condemnation  or other  taking of
the mortgaged  premises or any part thereof, or for conveyance in
lieu of  condemnation are  hereby assigned  and shall  be paid to
the Mortgagee.   If the  mortgaged premises  are abandoned by the
Mortgagor or if  the  Mortgagor  fails,  after  thirty  (30) days
written  notice  from  the  Mortgagee  to  negotiate a reasonable
settlement with the condemnor of an offer to  make an  award, the
Mortgagee is authorized to collect and apply the proceeds of such
an award at  Mortgagee's option  either  to  the  restoration or
repair of the mortgaged premises or to the Obligation.

4.  That  Mortgagee is hereby authorized at its option to pay all
costs and expenses  which  it  in  good  faith  determines  to be
required or desirable to effect compliance with the agreements of
the Mortgagor set forth herein or in the Obligation or to protect
or  maintain  the  mortgaged  premises  or  Mortgagee's  interest
therein, such authorization to be  in  addition  to  and  not in
limitation of  the rights  of Mortgagee under law and under other
applicable provisions hereof; and  any  sum so  expended shall be
deemed  to  be a  principal advance  and shall  be equally secured
with and be a part of the Obligation.

5.  That the Mortgagor is  now  in a  solvent  condition and no
bankruptcy or  insolvency proceedings are pending or contemplated
by or  against  the  Mortgagor; and  that  the  Obligation, this
Mortgage and  the  other  instruments securing the Obligation or
otherwise executed in connection therewith are  valid and binding
obligations enforceable in accordance with their respective terms
and the execution and  delivery  thereof  do  not contravene any
contact  or  agreement  to  which  the Mortgagor is a party or by
which the Mortgagor or any of  the Mortgagor's  properties may be

BOOK 11097 PAGE 125

bound or any law, order, decree or regulation to which the Mortgagor is subject.

6. To keep the mortgaged premises in the same repair, order and condition as the same now are or may hereafter be put, reasonable wear and tear only excepted; not to permit or suffer any strip or waste of the mortgaged premises, nor any material change therein, nor any violation of any law or ordinance affecting the same or the use thereof; not to allow to lapse or be revoked any licenses or other governmental authorizations issued to Mortgagor or to any affiliate for the operation of any business on the mortgaged premises; to permit Mortgagee, upon reasonable notice to Mortgagor, to make entry upon and inspect the mortgaged premises; and Mortgagor shall, at Mortgagee's request at reasonable intervals, demonstrate compliance with this and other covenants of this Mortgage.

7. At the option of the Mortgagee, the Obligation shall become immediately due and payable, without notice or demand (a) upon the sale or transfer of any substantial portion of the mortgaged premises (and for purposes of the foregoing, both a transfer of a substantial portion of the beneficial ownership of the Mortgagor and a lease of any substantial portion of the mortgaged premises to or for the benefit of a single lessee for a term (including renewal or option periods) in excess of one (1) year, shall constitute such a sale or transfer giving the Mortgagee the right to accelerate hereunder); (b) in the event of a default in the performance or observance of the terms and provisions of the Obligation, this Mortgage and the other instruments securing the Obligation or otherwise executed in connection therewith; (c) in the event of a default under any other agreement of the Mortgagor in favor of the Mortgagee, whether now existing or hereafter arising; or (d) in the event of a default in the payment of the principal of or the interest on any other indebtedness of the Mortgagor continued for a period sufficient to permit the acceleration of the maturity of such indebtedness. Any forbearance by the Mortgagee in exercising any right or remedy hereunder or otherwise afforded by applicable law shall not be a waiver of or preclude the exercise of any such right or remedy. All remedies provided herein, in the Obligation and other instruments securing the Obligation shall be deemed to be cumulative remedies and may be exercised in any manner the Mortgagee elects.

8. That if any legal proceedings of any nature shall involve the Mortgagee's interest under this Mortgage, however such proceedings shall be commenced and whether or not such proceedings shall be completed, or if the Mortgagee shall enter into possession of the mortgaged premises, then the Mortgagee shall be entitled to collect (and the Mortgagor agrees to reimburse the Mortgagee on demand for) all costs and expenses, including attorneys' fees, incurred by the Mortgagee in any such proceeding or in the protection, care or management of the mortgaged premises; the Mortgagee shall be entitled to purchase the mortgaged premises at

BOOK 11197 PAGE 126

any foreclosure sale; and that if surplus proceeds are realized from a foreclosure sale, the Mortgagee shall not be liable for any interest thereon pending distribution of such proceeds by the Mortgagee.

9. That, if the Mortgagee exercises the POWER OF SALE herein contained, then: the Mortgagee may sell the mortgaged premises in parcels; such sales may be held from time to time and said Power of Sale shall not be exhausted until all of the mortgaged premises shall have been sold, notwithstanding the Mortgagee's releasing, from time to time, certain such parcels which are a part or parts of the mortgaged premises; the Mortgagee may do all things and take any action, all in the name of the Mortgagor, which may be necessary to subdivide the mortgaged premises or any parcel included therein; and the Mortgagee may sell any or all of such parcels then subject to this Mortgage, notwithstanding that the proceeds of such sales may exceed the obligations secured by this Mortgage.

10. That this Mortgage is to secure the payment of the sum of $ 112,000.00, together with interest thereon and all other charges, all as provided in a promissory note and/or guarantee of even date herewith given by Mortgagor to Mortgagee and also to secure the performance of all agreements and conditions herein contained and all other obligations now existing or hereafter arising of Mortgagor to Mortgagee, direct or indirect, absolute or contingent, as well as all other sums (with interest at the rate provided in said promissory note) advanced to or on behalf of Mortgagor by Mortgagee for any purpose, whether dependent or independent of this transaction, all of which shall be equally secured with and have the same priority as the original advance hereunder.

11. Other:

BOOK 11097 PAGE 127

This Mortgage is upon the STATUTORY CONDITION, and upon the further condition that all agreements and covenants of the Mortgagor contained in the Obligation, in this Mortgage and in the other instruments securing the Obligation or otherwise executed in connection therewith, shall be kept and fully performed as therein provided, for any breach of which the Mortgagee shall have the STATUTORY POWER OF SALE.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage under seal this_____ 27th _____day of_____ Jun _____, 19 88

_____      (Borrower)
E. PERRY KING

_____      (Borrower)
TERRY A. KING


Commonwealth of  Massachusetts                    Jun 27    , 19 88

 WORCESTER, SS.

Then personally appeared the above-named  E. PERRY KING AND TERRY A. KING and acknowledged the foregoing instrument to be their free act and deed, before me.

_____
Notary Public

My Commission Expires_____ 6/10/88

SCHEDULE A

Worcester, Worcester County, Massachusetts, in the southerly part thereof, in the section known as Irvington, on the southerly side of Canton Street, shown as Lot 17 on a plan of lots drawn for the Ballard Land Company by Buttrick & Pratt, recorded in Book 1537, Page 653 and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly corner of the herein described premises on the southerly side of Canton Street, formerly known as Albion Avenue;
THENCE southerly by Lot 18, a distance of 100 feet to a stone monument;
THENCE easterly by Lot 35 and Lot 36, a distance of 50 feet to a stone monument;
THENCE northerly by Lot 16, a distance of 100 feet to a stone monument on the southerly side of said Canton Street, formerly Albion Avenue;
THENCE westerly by said Canton Street 50 feet to the point of beginning.

For our Title see Book *8344* Page *333* .

ATTEST: WORC., Anthony J. Vigliotti, Register



BOOK 12875 PAGE 164      16338   099

### UNITED STATES OF AMERICA
### OFFICE OF THE COMPTROLLER OF THE CURRENCY
### WASHINGTON, D.C.

### Declaration of Insolvency and Appointment of Receiver

The Home National Bank of Milford
Milford, Massachusetts
(Charter Number 2275)

**WHEREAS**, from information available to the Office of the Comptroller of the Currency, I have determined that the above captioned bank (Bank) is insolvent and unable to meet the demands of its depositors and unable to pay its debts; and

**WHEREAS**, after due examination of the affairs of the Bank, I have determined that the Federal Deposit Insurance Corporation should be appointed receiver of the Bank;

**NOW THEREFORE**, pursuant to the provisions of 12 U.S.C. §§ 191 and 1821(c) and the power, duty, and authority vested in me by law, I do hereby appoint the Federal Deposit Insurance Corporation as Receiver of the Bank, with all powers, duties, and responsibilities given to or imposed upon a Receiver under the provisions of the laws of the United States which authorize and direct the appointment of such Receiver.

_Robert J. Herrmann_

Robert J. Herrmann
Senior Deputy Comptroller
for Bank Supervision Policy

Dated: June 1, 1990



18338   087

BOOK 12875 PAGE 161

007

## ACCEPTANCE OF APPOINTMENT AS RECEIVER

WHEREAS, the Comptroller of the Currency has determined that The Home National Bank, Milford, Massachusetts, is insolvent and has closed the Bank; and

WHEREAS, the Comptroller of the Currency has tendered to the Federal Deposit Insurance Corporation ("FDIC") the appointment as Receiver; and

NOW, THEREFORE, pursuant to 12 U.S.C. § 1821(c)(3)(a), as amended, for and on behalf of the Federal Deposit Insurance Corporation, I hereby accept the appointment as Receiver of The Home National Bank, Milford, Massachusetts.

FEDERAL DEPOSIT INSURANCE CORPORATION

By: _____
       Assistant Regional Director

JUL 3 1990 RECORDED 9 AM

WORKERS REGISTRY OF DEEDS
SUCD PAID & EXAM ATTEST

Jun 20  2 45 PM '90

REGISTER

Return to:
David N. Dean, Esq.
Peabody & Arnold
50 Rowes Wharf



## ASSIGNMENT OF MORTGAGE

Blutrich, Herman & Miller
Two Park Avenue
New York, NY 10016
Attn: Michael Blutrich, Esq.

**FEDERAL DEPOSIT INSURANCE CORPORATION**, in its corporate capacity as Assignee of the Receiver of The Home National Bank of Milford, Milford, Massachusetts, holder of a mortgage from E. Perry King and Terry A. King to The Home National Bank of Milford dated January 27, 1988 and recorded on January 28, 1988 in the Worcester District Registry of Deeds as Instrument No. 7662 in Book 11097 at Page 122, hereby assigns said mortgage and the Note and claim secured thereby to **SOUTH STAR MANAGEMENT COMPANY, INC.**, a Florida corporation also known as South Star Management Co., Inc., having a mailing address at 5005 Collins Avenue, Suite 1507, Miami, Florida 33140.

FEDERAL DEPOSIT INSURANCE CORPORATION was appointed in its corporate capacity as Receiver of The Home National Bank of Milford on June 1, 1990. See documents recorded in said Registry of Deeds in Book 12950 at Page 364 .

For authority for the execution of this Assignment, see Power of Attorney recorded in said Registry of Deeds in Book 15369 at Page 54 .

IN WITNESS WHEREOF, the FEDERAL DEPOSIT INSURANCE CORPORATION has caused these presents to be signed, acknowledged and delivered in its name and behalf by Kirby N. Schaefer, its duly appointed Attorney-in-Fact, this 29 of March, 1994, but effective as of December 17, 1993.

FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity as Receiver of The Home National Bank of Milford

By: _Kirby N. Schaef_
Attorney-in-Fact

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

Then personally appeared the above named Kirby N. Schaefer, Attorney-in-Fact, and acknowledged the foregoing instrument to the free act and deed of the FEDERAL DEPOSIT INSURANCE CORPORATION.

Notary Public

My commission expires:

7-1-99



Record and Return to:
Blutrich, Herman & Miller
Two Park Avenue
New York, NY 10016
Attn: Michael Blutrich, Esq.

## ASSIGNMENT OF MORTGAGE

**SOUTH STAR MANAGEMENT COMPANY, INC.**, a Florida corporation also known as South Star Management Co., Inc. ("Assignor"), having a mailing address at 5005 Collins Avenue, Suite 1507, Miami, Florida 33140, holder of a mortgage from E. Perry King and Terry A. King to The Home National Bank of Milford dated January 27, 1988 and recorded on January 28, 1988 in the Worcester District Registry of Deeds as Instrument No. 7662 in Book 11097 at Page 122, hereby assigns said mortgage and the Note and claim secured thereby to **NATIONAL HOUSING EXCHANGE, INC.**, a North Carolina corporation, having a mailing address at 620 South Elm Street, Suite 363, Greensboro, North Carolina 27606.

This Assignment is made without recourse to Assignor and without representation or warranty by Assignor, express or implied.

IN WITNESS WHEREOF, Assignor has caused these presents to be signed by its duly authorized officer on this |6th day of March, 1994, but effective as of December 28, 1993.

SOUTH STAR MANAGEMENT COMPANY, INC.
a/k/a South Star Management Co., Inc.

By: _____
Jan R. Schneiderman, Vice President

STATE OF NEW YORK    )
                     ) SS.
COUNTY OF NEW YORK )

The undersigned, a notary public in and for the aforesaid County, does hereby acknowledge that on the day and year set forth below, personally appeared Jan R. Schneiderman, as Vice President of South Star Management Company, Inc., as specified above, and being duly sworn by and personally known to the undersigned to be the person who executed the foregoing instrument on behalf of said corporation, acknowledged to the undersigned that he voluntarily executed the same for the purposes therein stated as the free act and deed of said corporation.

WITNESS my hand and official seal, this 1 day of March, 1994.

_____
Notary Public for the State of New York

[SEAL]                          My Commission Expires: _____

NILDA E. HILL
Notary Public, State of New York
No. 00-4798909 Bronx County
Cert. filed with New York County Clk.
Commission Expires November 30, 199_

199_



BOOK 19167 PAGE 306

*PLEASE RETURN TO: CREED + FORMICA, ATTYS.*
*1254 CHESTNUT STREET*
*Newton UPPER FALLS, MA 02164*

INST #

## 98905

SUFFOLK, ss.
                    COMMONWEALTH OF MASSACHUSETTS
                              SUPERIOR COURT DEPARTMENT
                              CIVIL ACTION NO. 97-02013 B

DONNA LEE E. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF DELAWARE,
AS RECEIVER OF NATIONAL HERITAGE LIFE
INSURANCE COMPANY IN LIQUIDATION,
            Plaintiff,

        v.

NATIONAL HOUSING EXCHANGE, INC.,
APX MORTGAGE SERVICES, INC.,
RESOURCE ASSET MANAGEMENT, INC. and
SOUTH STAR MANAGEMENT CORPORATION,
            Defendants.

32MB

97 SEP 15 PM 1:45

### JUDGMENT BY DEFAULT

This action came on for hearing before the Court, _____ J.,
presiding, upon the marking of Plaintiff, Donna Lee E. Williams,
Insurance Commissioner of the State of Delaware as Receiver of
National Heritage Life Insurance Company in Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Complaint in said action
was filed on the 17'th day of April, 1997, and that no answer or
other defense has been filed by the said defendants, National
Housing Exchange, Inc. and Resource Asset Management, Inc., and
that default was entered on the it th day of JUNE 1997,
in the office of the clerk of this court, and that no proceedings
have been taken by the said defendant since said default was
entered, it is ordered and adjudged, that judgment by default enter
as against the Defendants, National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts I, II and III of NHL's
Complaint, in accordance with the Prayers of that Complaint,
thereby recognizing and giving effect to the following judgments in
Massachusetts:

*RETURN TO: CREED FORMICA*
*1254 CHESTNUT STREET*
*Newton UPPER FALLS, MA 02164*

JUDGMENT ENTERED ON DOCKET: _____
PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:

A TRUE COPY OF JUDGMENT DULY ENTERED IN  6/16/97

BOOK 13273 PAGE 342

115416                                          12

SUFFOLK, ss.        COMMONWEALTH OF MASSACHUSETTS
                          SUPERIOR COURT DEPARTMENT
                          CIVIL ACTION NO. 97-02013 B

DONNA LEE H. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF DELAWARE,
AS RECEIVER OF NATIONAL HERITAGE LIFE
INSURANCE COMPANY IN LIQUIDATION,
          Plaintiff,

          v.

NATIONAL HOUSING EXCHANGE, INC.,
APX MORTGAGE SERVICES, INC.,
RESOURCE ASSET MANAGEMENT, INC. and
SOUTH STAR MANAGEMENT CORPORATION,
          Defendants.

### JUDGMENT BY DEFAULT

This action came on for hearing before the Court, KING, J., presiding, upon the marking of Plaintiff, Donna Lee H. Williams, Insurance Commissioner of the State of Delaware as Receiver of National Heritage Life Insurance Company in Liquidation (hereinafter, "NHL") in the above entitled action, for a default judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ. P., and it appearing to the court that the Amended Complaint in said action was filed on the 14'th day of July, 1997, and that no answer or other defense has been filed by the said Defendants, National Housing Exchange, Inc., Resource Asset Management, Inc., APX MOrtgage Services, Inc., and/or South Star Management Co., Inc., and that default on those Counts of the Amended Complaint wherein default had not previously been entered, was entered on the 2d day of OCTOBER 1997, in the office of the clerk of this court, and that no proceedings have been taken by the said Defendants since said default was entered, it is ordered and adjudged, that judgment by default enter as against the Defendants, as follows:    as against National Housing Exchange, Inc. and Resource Asset Management, Inc. on Counts IV and V of the Amended Complaint; and, as against APX Mortgage Services, Inc. and South Star Management Co., Inc. on Counts I, II, III, IV and V of the Amended Complaint, all in accordance with the Prayers of that Amended Complaint, thereby recognizing and giving effect to the following judgments in Massachusetts:

*(left margin, rotated)* JUDGMENT ENTERED ON DOCKET October 6, 19 97 PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a) AND NOTICE SENT TO PARTIES PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:

*(lower left)* NOTICE
FELT
10/5/97
J.F.C. Jr.



152487

BK27191PG112

## DEED

We, E. PERRY KING AND T.A. KING

Of

grant to ~~XXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXX~~ Mansour Gaval    and N er Gaval

of 431 SALISBURY ST WORC MA 1609

for consideration of ~~XXXXXXXXXXXXXXXXXXX XXXXXXXXXX XXXXXXXXX~~
ONE HUNDRED TEN THOUSAND AND 00/100 DOLLARS    ($110,000.00)

with quitclaim covenants

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

*Witness* our hands and seals this  15TH      day of  July, 2002

E. PERRY KING                     T.A. KING

THE COMMONWEALTH OF MASSACHUSETTS

Worcester, *s.s.*                                        *JULY 15, 2002*

Then personally appeared the above named E. PERRY KING AND T.A. KING and acknowledged the foregoing to be THEIR free act and deed before me,

Notary Public: ALAN MASON
My commission expires: MARCH 21, 2008

WORCESTER
DEEDS REG 20
WORCESTER

~~CANCELLED~~

FEE       $501.60

CASH    $501.60

PROPERTY ADDRESS: 19 CANTON STREET, WORCESER, MA

BK 27191 PG 113

### SCHEDULE A

Worcester, Worcester County, Massachusetts, in the southerly part
thereof, in the section known as Irvington, on the southerly side
of Canton Street, shown as Lot 17 on a plan of lots drawn for the
Ballard Land Company by Buttrick & Pratt, recorded in Book 1637,
Page 653 and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly
corner of the herein described premises on the southerly side of
Canton Street, formerly known as Albion Avenue;
THENCE southerly by Lot 18, a distance of 100 feet to a
stone monument;
THENCE easterly by Lot 35 and Lot 36, a distance of 50 feet
to a stone monument;
THENCE northerly by Lot 16, a distance of 100 feet to a
stone monument on the southerly side of said Canton Street,
formerly Albion Avenue;
THENCE westerly by said Canton Street 50 feet to the point
of beginning.

TITLE REF    BOOK 8344    PAGE 333-334

19 Canton Street, Worcester, MA

ATTEST: WORC. Anthony J. Vigliotti, Register



147351    ▓27135PG365

30 ✓
/20

AFTER RECORDING RETURN TO:
Name:
Address:

THIS INSTRUMENT PREPARED BY:
Name: Glenda Wing
Title:  Customer Service Technician
FEDERAL DEPOSIT INSURANCE CORP.
1910 Pacific Ave., Dallas, Texas 75201

## SATISFACTION OF MORTGAGE

**DATE:**  July 19, 2002

**ORIGINAL NOTE AMOUNT ("Note"):** $112,000.00

**MORTGAGE:**

Mortgagor:  E. Perry King and Terry A. King

Mortgagee:   Home National Bank of Milford

Date of Mortgage: January 27, 1988

Mortgage Securing the Note ("Mortgage") is described in the following document(s), recorded in:

Book 11097, Page 122, January 28, 1988, in the Registry of Deeds of Worcester County, Massachusetts.

Street Address for Improved Property:

19 Canton Street, Worcester, Massachusetts

**OWNER AND HOLDER OF THE NOTE AND MORTGAGE ("FDIC"):**

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for The Home National Bank of Milford, Milford, Massachusetts ("FDIC").

**OWNER AND HOLDER'S MAILING ADDRESS:** 1910 Pacific Avenue
Dallas, Texas 75201

For value received, the sufficiency of which is hereby acknowledged, Holder of the Note and Mortgage acknowledges satisfaction of said Note and Mortgage and surrenders the same as cancelled, and empowers, authorizes and directs the County Recorder to cancel same of record.

02 AUG -1  PH12:40



2004 00014541
Bk: 32728 Pg: 33    Doc: DEED
Page: 1 of 2    01/28/2004 04:01 PM

30501

# QUITCLAIM DEED

a/k/a Nader Gawal

## WE, MANSOUR GAVAL and NADER GAVAL, TENANTS IN COMMON, OF WORCESTER,    WORCESTER COUNTY, MASSACHUSETTS

**For consideration paid TWO HUNDRED FIVE THOUSAND AND 00/100-- ($205,000.00) -------------------------dollars**

## Grants to SANDRA KATZ, INDIVIDUALLY, OF WORCESTER WORCESTER COUNTY, MASSACHUSETTS

### With quitclaim covenants:

The land in Worcester, Worcester County, Massachusetts, ini the southerly part thereof, in the section known as Irvington, on the southerly side of Canton Street, shown as Lot 17 on a plan of lots drawn for the Ballard Land Company by Buttrick & Pratt, recorded in Book 1537, Page 653, and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly corner of the herein described premises on the southerly side of Canton Street, formerly known as Albion Avenue;

THENCE Southerly by Lot 18, a distance of 100 feet to a stone monument;

THENCE Easterly by Lot 35 and 36, a distance of 50 feet to a stone monument;

THENCE Northerly by Lot 18, a distance of 100 feet to a stone monument on the southerly side of said Canton Street, formerly of Albion Avenue;

THENCE Westerly by said Canton Street, 50 feet to the point of beginning.

See Title reference recorded in Book 8344, Pages 333-334.

PROPERTY ADDRESS:   19 CANTON STREET, WORCESTER, MA

MASSACHUSETTS EXCISE TAX
Worcester District ROD #20 001
Date:  01/28/2004 04:01 PM
Ctrl# 014565 17630 Doc#  00014541
Fee: $934.80  Cons: $205,000.00

BEING the same premises conveyed to the grantors by deed recorded at the Worcester District Registry of Deeds in Book 27191, Page 112.

Witness our hands and seals this 19th day of December, 2003.

19 CANTON STREET REALTY TRUST

By: _____

Mansour Gaval, Trustee

_____

Nader Gaval, Trustee

THE COMMONWEALTH OF MASSACHUSETTS

*WORCESTER* , ss.                          DECEMBER 19 , 2003

Then personally appeared the above-named MANSOUR GAVAL and NADER GAVAL TRUSTEES OF 19 CANTON STREET REALTY TRUST and acknowledged the foregoing instrument to be their free act and deed, before me,

_____

Notary Public:  Alan Mason

My commission expires: 3/21/08

ATTEST: WORC. Anthony J. Vigliotti, Register