UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA S. KATZ., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW DENN, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA, E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC., AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL SERVICES, INC., <br><br> Third Party Defendants. | Civil Action No. <br> 05-40014-FDS |

**MEMORANDUM AND ORDER ON MOTION TO
DISMISS OF THIRD PARTY DEFENDANTS FEDERAL DEPOSIT
INSURANCE CORPORATION AND THE UNITED STATES OF AMERICA**

**SAYLOR, J.**

This case involves a dispute over a mortgage on a property located in Worcester, Massachusetts. Pending before the Court is the motion of third-party defendants the Federal

Deposit Insurance Corporation and the United States of America (collectively, and for the sake of convenience, the "government") to dismiss certain counts of the third-party complaint filed by defendant and third-party plaintiff Matthew Denn, Insurance Commissioner of the State of Delaware (the "Insurance Commissioner"). The government states that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Also pending is the Insurance Commissioner's motion to strike an exhibit to the government's motion, which the Insurance Commissioner contends has not been properly authenticated.

The government's notice of removal, filed January 21, 2005, was filed pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1446. The notice included a copy of the electronic state court docket but did not include the complaint, the third-party complaint, any other pleadings, or any other aspect of the record filed in the state court action. The motion to dismiss, filed on April 4, 2005, did not include a copy of the third-party complaint. Therefore, the Court has been asked to dismiss a third-party complaint for failure to state a claim when there is no copy of that complaint anywhere in the record.

The removal statute requires that the notice of removal be filed "together with a copy of all process, pleadings, and orders" served pursuant to the state court action. The Local Rules of the United States District Court for the District of Massachusetts provide that in all actions removed pursuant to 28 U.S.C. § 1446, "the party filing the notice shall file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court." L.R. 81.1. If the requisite copies have not been filed within 45 days of the notice, "the case shall be remanded to the state court from which it was removed,

unless this court directs otherwise." *Id.*

In the exercise of its discretion, the Court will not remand the case. However, the government is hereby ordered to file forthwith certified or attested copies of all records and proceedings in the state court, as required by § 1446 and Local Rule 81.1.

The government's Motion to Dismiss is denied without prejudice. The Insurance Commissioner's Motion to Strike Certain Documents is denied as moot.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: March 23, 2006