COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
WORCESTER DIVISION
CIVIL ACTION NO.

SANDRA S. KATZ,
    Plaintiff

V.

DONNA LEE H. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF
DELAWARE, AS RECEIVER OF
NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
    Defendant

0 4 - 2 1 1 6

COMPLAINT FOR
DECLARATORY JUDGMENT

This is an action pursuant to M.G.L. c.231A and Mass.R.Civ.P. 57 for declaratory relief

to determine and declare the rights and obligations regarding property located at 19 Canton

Street, Worcester, Massachusetts.

## PARTIES

1.     The plaintiff, Sandra S. Katz ("Katz"), is an individual residing at 19 Canton

Street, Worcester, Massachusetts.

2.     The defendant, Donna Lee H. Williams, is the Insurance Commissioner of the

State of Delaware, and is the Receiver of National Heritage Life Insurance Company in

Liquidation ("Insurance Commissioner"). The Insurance Commissioner has a business mailing

address of 841 Silver Lake Boulevard, Dover, Delaware.

## COUNT I

3.     Katz repeats and realleges the allegations of paragraphs 1 through 2 as if

expressly restated and realleged.

{H:\PA\Lit\19570\00002\A0739454.DOC}

4.      On or about January 27, 1988, E. Perry King and Terry A. King (the "Kings") executed and delivered to the Home National Bank of Milford ("HNBM") a mortgage in the amount of $112,000.00 (the "Mortgage"). The Mortgage was secured by property located at 19 Canton Street, Worcester, Massachusetts (the "Property") and recorded with the Worcester District Registry of Deeds (the "Registry") in Book 11097, Page 122. A true copy of the Mortgage is attached as **Exhibit A**.

5.      Upon information and belief, on or about June 2, 1990, HNBM failed, and control of HNBM was assumed by the Federal Deposit Insurance Corporation ("FDIC") as receiver for HNBM.

6.      On or about January 1, 1990, the Office of the Comptroller of the Currency determined that HNBM was insolvent and appointed the FDIC as Receiver. A true copy of the Certificate and Acceptance of Appointment as Receiver recorded with the Registry on July 3, 1990 in Book 12875, Pages 161-165 are attached as **Exhibit B**.

7.      By assignment of mortgage dated March 29, 1994, the FDIC purportedly assigned its interest in the Mortgage to South Star Management Company ("South Star"). FDIC's assignment of mortgage to South Star was not, and has not, been recorded with the Registry.

8.      By assignment of mortgage dated March 29, 1994, South Star purportedly assigned its interest in the Mortgage to National Housing Exchange, Inc. ("National Housing"). South Star's assignment of mortgage to National Housing was not, and has not, been recorded with the Registry

9.      On or about September 15, 1997, and October 21, 1997, the Insurance Commissioner recorded with the Registry two Judgments by Default entered in her favor in Donna Lee H. Williams, Insurance Commissioner of the State of Delaware, as Receiver of

National Heritage Life Insurance Company in Liquidation v. National Housing Exchange, Inc.,
APX Mortgage Services, Inc., Resource Asset Management, Inc., and South Star Management
Corporation, Suffolk Superior Court, Civil Action No. 97-02013B (the "Judgments"). The
Judgments recognize and give effect to orders entered in the United States District Court,
Northern District of Illinois and the Chancery Court of the State of Delaware. The orders
terminate all right, title and interest of National Housing in certain listed mortgages and vest
those rights with the Insurance Commissioner. A true copy of the Judgments are attached hereto
as **Exhibit C**.

      10.     When recording the Judgments, the Insurance Commissioner did not marginally
reference the Judgments to any specific deeds, mortgages or assignments.

      11.     By deed dated July 15, 2002, the Kings transferred the Property to Mansour and
Nader Gaval (the "Gavals") in consideration of $110,000. A true copy of the deed into the
Gavals as recorded with the Registry on August 9, 2002 in Book 27191, Page 112 is attached as
**Exhibit D**.

      12.     On or about July 19, 2002, the Kings received a satisfaction of Mortgage from the
FDIC (the "Discharge"). A true copy of the Discharge as recorded with the Registry on August
2, 2002 in Book 27135, Page 365, is attached hereto as **Exhibit E**. A true copy of FDIC's
Limited Power of Attorney Designating James L. Faison as Attorney in Fact, as recorded with
the Registry on November 28, 2001 in Book 2534, Page 226 is attached hereto as **Exhibit F**.

      13.     By deed dated December 19, 2003, the Gavals transferred the Property to Katz in
consideration of $205,000. A true copy of the deed to Katz as recorded with the Registry on
January 28, 2004 in Book 32738, Page 33 is attached as **Exhibit G**. Katz relied upon the FDIC's
Discharge of the Mortgage when she purchased the Property from the Gavals.

14.     Title to the Property was transferred to Katz free and clear of the Mortgage since the Mortgage was discharged by the FDIC as provided in the Discharge recorded with the Registry on August 2, 2002, and since any purported prior assignment of the Mortgage is not recorded with the Registry, and therefore not in the chain of title.

15.     By letter dated July 8, 2004, the Insurance Commissioner informed Katz that she was going to initiate foreclosure proceedings against the Property if the purported outstanding balance due on the Mortgage in the amount of $248,471.47 was not paid within thirty days. A copy of the letter is attached hereto as **Exhibit H**.

16.     An actual and present controversy exists between Katz and the Insurance Commissioner regarding the Insurance Commissioner's alleged right to enforce the Mortgage against the Property.

17.     A declaratory judgment will terminate this dispute between the parties.

WHEREFORE, the plaintiff, Sandra S. Katz requests that this Court:

a.     Determine and adjudicate the rights and liabilities of the parties regarding the property located at 19 Canton Street, Worcester, Massachusetts; and

b.     Enter such further relief as is necessary and just.

SANDRA S. KATZ

By her attorney,

Robert B. Gibbons, Esq., BBO #631049
Kristin D. Thompson, Esq., BBO #656179
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: 10/25/04

A true copy by photostatic process
Attest
Asst: Clerk

BOOK 11097 PAGE 122

MORTGAGE

E. PERRY KING AND JERRY A. KING (the "Mortgagor"), having a principal place of business at 108 Route 146, Sutton, Massachusetts, FOR CONSIDERATION PAID GRANT(S) TO THE HOME NATIONAL BANK OF MILFORD, a national banking association (the "Mortgagee"), whose address is 221 Main Street, Milford, Worcester County, Massachusetts 01757;

WITH MORTGAGE COVENANTS, to secure the payment of the indebtedness described in Paragraph 30 below (the "Obligation"), the property described in Exhibit A annexed hereto and by this reference made a part hereof (the "Property"):

together with (a) insofar as the same are or can by agreement of the parties be made a part of the Property, all fixtures and appliances now or hereafter attached to, placed on, installed in or used in any way in connection with the Property and/or buildings and structures thereon, including without being limited to, portable or sectional buildings; screens, awnings, screen doors, storm and other detachable windows and doors; window shades and blinds; inlaid or attached floor coverings; boilers, tanks, furnaces, radiators, water heaters, elevators, fire and other alarm systems, cooling towers and compressors; heating, lighting, plumbing, gas, electric, ventilating, refrigerating, air conditioning, ice making, sprinkler and incinerating controls, apparatus and equipment; garbage and trash incinerators and receptacles, ovens, boilers, stoves, refrigerators, dishwashers, washing machines, driers, television antennas; fences and partitions; trees and hardy shrubs; all of which fixtures, including accessories and additions thereto and replacements thereof, are hereby declared and shall be deemed to be accessory to the freehold and a part of the Property as between the parties hereto, their successors and assigns and all persons claiming by, through, or under them, and shall constitute security for the Obligation and be subject to this Mortgage; (b) all improvements now or hereafter erected on the Property; and (c) all easements, rights, appurtenances, rents, water and water rights.

All of the foregoing being hereinafter sometimes referred to as the "mortgaged premises."

AND Mortgagor (a) herewith assigns to Mortgagee all future rents and profits from the mortgaged premises, provided, however, until default under the Obligation, this Mortgage, or the other instruments securing the Obligation or otherwise executed in connection therewith, Mortgagor may continue to collect and retain such rents and profits as they become due and payable; (b) shall perform and observe all the obligations imposed upon it under any lease of the mortgaged premises or any portion thereof, and shall not do, or permit to be done, anything to impair the security thereof; and, in addition to the obligations contained

BOOK 11097 PAGE 123

elsewhere herein, if such leases shall include any residential units. Mortgagor shall conform to any law or regulation applicable thereto; and (c) agrees that if the Obligation shall become due and payable in accordance with the terms hereof, it will, upon demand of the Mortgagee, assign any and all leases of the mortgaged premises then existing to the Mortgagee, and agrees that after such assignments Mortgagee may modify and otherwise deal with such leases as if the owner of the mortgaged premises.

The Mortgagor, for the Mortgagor and the Mortgagor's successors and assigns, covenants and agrees in addition to the STATUTORY CONDITION:

1. To keep the buildings, structures, improvements and fixtures now or hereafter standing on the mortgaged premises insured against fire with extended coverage and/or such other perils as the Mortgagee shall reasonably request in such amounts and companies and in such forms as shall be satisfactory to the Mortgagee, all insurance to be for the benefit of and payable in case of loss to the Mortgagee and the Mortgagor as their interests may appear of record and to contain a provision that it shall not be cancelled or modified without at least ten (10) days prior written notice to the Mortgagee; to pay or cause to be paid when due all premiums for such insurance and, upon demand, to pay the same to the Mortgagee in the manner provided in Paragraph 2 with respect to taxes; that the Mortgagee is hereby authorized, at the expense of the Mortgagor, to obtain and/or renew any such insurance, and to do all necessary acts therefor in the name of the Mortgagor; to do no act, nor suffer any to be done, that shall cause, directly or indirectly, any such insurance to be void or vacated in whole or in part; and to deliver to the Mortgagee, at any time upon the Mortgagee's request, all insurance policies or memoranda thereof and to deliver to the Mortgagee new policies or memoranda thereof for any insurance about to expire at least ten (10) days prior to such expiration (hereby granting to the Mortgagee in the event of foreclosure, full authority, as attorney irrevocable of the Mortgagor, to cancel such insurance and retain the return premiums thereof and apply the same to the satisfaction of the Obligation or to transfer such insurance to any person claiming title to the mortgaged premises or any part thereof by virtue of foreclosure proceedings).

2. To pay or cause to be paid when due all taxes, charges, assessments and rates with respect to the mortgaged premises to whomsoever laid or assessed; and, upon demand, to deposit with Mortgagee on each day that periodic payments are required by the terms of the Obligation, in addition to the payments of principal and interest provided therein, a sum equal to such fraction of the real estate taxes and betterment assessments for each year as shall be estimated by Mortgagee to be sufficient to provide in the aggregate, a sum adequate to pay said taxes and betterment assessments as and when they become due and payable, and, in addition, to deposit with Mortgagee any balance necessary to pay

BOOK 11097 PAGE 124

in full said taxes and betterment assessments prior to the date when such taxes or betterment assessments become due and payable; and to forward to the Mortgagee real estate tax bills as soon as the same have been received by Mortgagor.

3. That the Mortgagor will not further encumber the mortgaged premises; and that, in the event the ownership of or title to the mortgaged premises or any part thereof shall become vested in any person other than the Mortgagor without the prior written consent of the Mortgagee, then at any time thereafter, at the option of the Mortgagee, the Obligation shall become due and payable on demand, and the Mortgagee may, without notice to the Mortgagor, deal with any successor in interest with reference to the Mortgage and the Obligation in the same manner as with the Mortgagor without in any way vitiating or discharging the Mortgagor's liability hereunder or upon the Obligation. No sale of the mortgaged premises, no forbearance on the part of the Mortgagee, no extension (whether oral or in writing) of the time for the payment and satisfaction of the whole or any part of the Obligation, and no other indulgence given by the Mortgagee to any person other than the Mortgagor, shall operate to release or in any manner affect the original liability of the Mortgagor, notice of any thereof being waived. The proceeds of any award for damages in connection with any condemnation or other taking of the mortgaged premises or any part thereof, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to the Mortgagee. If the mortgaged premises are abandoned by the Mortgagor or if the Mortgagor fails, after thirty (30) days written notice from the Mortgagee to negotiate a reasonable settlement with the condemnor of an offer to make an award, the Mortgagee is authorized to collect and apply the proceeds of such an award at Mortgagee's option either to the restoration or repair of the mortgaged premises or to the Obligation.

4. That Mortgagee is hereby authorized at its option to pay all costs and expenses which it in good faith determines to be required or desirable to effect compliance with the agreements of the Mortgagor set forth herein or in the Obligation or to protect or maintain the mortgaged premises or Mortgagee's interest therein, such authorization to be in addition to and not in limitation of the rights of Mortgagee under law and under other applicable provisions hereof; and any sum so expended shall be deemed to be a principal advance and shall be equally secured with and be a part of the Obligation.

5. That the Mortgagor is now in a solvent condition and no bankruptcy or insolvency proceedings are pending or contemplated by or against the Mortgagor; and that the Obligation, this Mortgage and the other instruments securing the Obligation or otherwise executed in connection therewith are valid and binding obligations enforceable in accordance with their respective terms and the execution and delivery thereof do not contravene any contact or agreement to which the Mortgagor is a party or by which the Mortgagor or any of the Mortgagor's properties may be

BOOK 11087 PAGE 125

bound or any law, order, decree or regulation to which the
Mortgagor is subject.

6. To keep the mortgaged premises in the same repair, order and
condition as the same now are or may hereafter be put, reasonable
wear and tear only excepted; not to permit or suffer any strip or
waste of the mortgaged premises, nor any material change therein,
nor any violation of any law or ordinance affecting the same or
the use thereof; not to allow to lapse or be revoked any licenses
or other governmental authorizations issued to Mortgagor or to
any affiliate for the operation of any business on the mortgaged
premises; to permit Mortgagee, upon reasonable notice to
Mortgagor, to make entry upon and inspect the mortgaged premises;
and Mortgagor shall, at Mortgagee's request at reasonable
intervals, demonstrate compliance with this and other covenants
of this Mortgage.

7. At the option of the Mortgagee, the Obligation shall become
immediately due and payable, without notice or demand (a) upon
the sale or transfer of any substantial portion of the mortgaged
premises (and for purposes of the foregoing, both a transfer of a
substantial portion of the beneficial ownership of the Mortgagor
and a lease of any substantial portion of the mortgaged premises
to or for the benefit of a single lessee for a term (including
renewal or option periods) in excess of one (1) year, shall
constitute such a sale or transfer giving the Mortgagee the right
to accelerate hereunder); (b) in the event of a default in the
performance or observance of the terms and provisions of the
Obligation, this Mortgage and the other instruments securing the
Obligation or otherwise executed in connection therewith; (c) in
the event of a default under any other agreement of the Mortgagor
in favor of the Mortgagee, whether now existing or hereafter
arising;or (d) in the event of a default in the payment of the
principal of or the interest on any other indebtedness of the
Mortgagor continued for a period sufficient to permit the
acceleration of the maturity of such indebtedness. Any
forbearance by the Mortgagee in exercising any right or remedy
hereunder or otherwise afforded by applicable law shall not be a
waiver of or preclude the exercise of any such right or remedy.
All remedies provided herein, in the Obligation and other
instruments securing the Obligation shall be deemed to be
cumulative remedies and may be exercised in any manner the
Mortgagee elects.

8. That if any legal proceedings of any nature shall involve the
Mortgagee's interest under this Mortgage, however such proceed-
ings shall be commenced and whether or not such proceedings shall
be completed, or if the Mortgagee shall enter into possession of
the mortgaged premises, then the Mortgagee shall be entitled to
collect (and the Mortgagor agrees to reimburse the Mortgagee on
demand for) all costs and expenses, including attorneys' fees,
incurred by the Mortgagee in any such proceeding or in the
protection, care or management of the mortgaged premises; the
Mortgagee shall be entitled to purchase the mortgaged premises at

BOOK 11897 PAGE 186

any foreclosure sale; and that if surplus proceeds are realized from a foreclosure sale, the Mortgagee shall not be liable for any interest thereon pending distribution of such proceeds by the Mortgagee.

9. That, if the Mortgagee exercises the POWER OF SALE herein contained, then: the Mortgagee may sell the mortgaged premises in parcels; such sales may be held from time to time and said Power of Sale shall not be exhausted until all of the mortgaged premises shall have been sold, notwithstanding the Mortgagee's releasing, from time to time, certain such parcels which are a part or parts of the mortgaged premises; the Mortgagee may do all things and take any action, all in the name of the Mortgagor, which may be necessary to subdivide the mortgaged premises or any parcel included therein; and the Mortgagee may sell any or all of such parcels then subject to this Mortgage, notwithstanding that the proceeds of such sales may exceed the obligations secured by this Mortgage.

10. That this Mortgage is to secure the payment of the sum of $ 112,000.00, together with interest thereon and all other charges, all as provided in a promissory note and/or guarantee of even date herewith given by Mortgagor to Mortgagee and also to secure the performance of all agreements and conditions herein contained and all other obligations now existing or hereafter arising of Mortgagor to Mortgagee, direct or indirect, absolute or contingent, as well as all other sums (with interest at the rate provided in said promissory note) advanced to or on behalf of Mortgagor by Mortgagee for any purpose, whether dependent or independent of this transaction, all of which shall be equally secured with and have the same priority as the original advance hereunder.

11. Other:

BOOK 11607 PAGE 122

This Mortgage is upon the STATUTORY CONDITION, and upon the further condition that all agreements and covenants of the Mortgagor contained in the Obligation, in this Mortgage and in the other instruments securing the Obligation or otherwise executed in connection therewith, shall be kept and fully performed as therein provided, for any breach of which the Mortgagee shall have the STATUTORY POWER OF SALE.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage under seal this ___25th___ day of ___June___, 19__88__.

_____
E. PERRY KING                (Borrower)

_____
TERRY A. KING                (Borrower)


Commonwealth of Massachusetts                    ___Jun 22___, 19__88__

___WORCESTER___, SS.

Then personally appeared the above-named_ E. PERRY KING AND TERRY A. KING _and acknowledged the foregoing instrument to be their free act and deed, before me.

_____
Notary Public

My Commission Expires___ 6/10/88

BOOK 11097 PAGE 128

SCHEDULE A

Worcester, Worcester County, Massachusetts, in the southerly part
thereof, in the section known as Irvington, on the southerly side
of Canton Street, shown as Lot 17 on a plan of lots drawn for the
Ballard Land Company by Buttrick & Pratt, recorded  in Book 1537,
Page 653 and bounded and described as follows:

BEGINNING at  a  stone  monument  set  at the northwesterly
corner of the herein described premises on the  southerly side of
Canton Street, formerly known as Albion Avenue;
THENCE  southerly  by  Lot  18,  a distance of 100 feet to a
stone monument;
THENCE easterly by Lot 35 and Lot 36, a distance  of 50 feet
to a stone monument;
THENCE  northerly  by  Lot  16,  a distance of 100 feet to a
stone monument on  the  southerly  side  of  said  Canton Street,
formerly Albion Avenue;
THENCE westerly  by said  Canton Street 50 feet to the point
of beginning.

For our Title see Book *8344*    Page *333*      .

ATTEST: WORC., Anthony J. Vigliotti, Register



BOOK 12875 PAGE 163

16336    096

308

## CERTIFICATE

The Home National Bank of Milford
Milford, Massachusetts
(Charter Number 2275)

I hereby certify that in my official capacity I have custody of the records of the Office of the Comptroller of the Currency, including those pertaining to the above captioned bank (Bank), in receivership; and that annexed hereto is a true copy of the determination that the Bank is insolvent and the appointment of the Federal Deposit Insurance Corporation as receiver, all pursuant to 12 U.S.C. §§ 191 and 1821(c).

Robert J. Herrmann
Senior Deputy Comptroller
for Bank Supervision Policy

June 1, 1990

JUL 3 1990 RECORDED 9 AM

Return to: David N. Dunn Esq.
Peabody & Arnold
50 Rowes Wharf Boston MA

BOOK 12875 PAGE 164        16336    099

## UNITED STATES OF AMERICA
### OFFICE OF THE COMPTROLLER OF THE CURRENCY
#### WASHINGTON, D.C.

### Declaration of Insolvency and Appointment of Receiver

## The Home National Bank of Milford
### Milford, Massachusetts
#### (Charter Number 2275)

**WHEREAS**, from information available to the Office of the Comptroller of the Currency, I have determined that the above captioned bank (Bank) is insolvent and unable to meet the demands of its depositors and unable to pay its debts; and

**WHEREAS**, after due examination of the affairs of the Bank, I have determined that the Federal Deposit Insurance Corporation should be appointed receiver of the Bank;

**NOW THEREFORE**, pursuant to the provisions of 12 U.S.C. §§ 191 and 1821(c) and the power, duty, and authority vested in me by law, I do hereby appoint the Federal Deposit Insurance Corporation as Receiver of the Bank, with all powers, duties, and responsibilities given to or imposed upon a Receiver under the provisions of the laws of the United States which authorize and direct the appointment of such Receiver.

_Robert J. Herrmann_
_____
Robert J. Herrmann
Senior Deputy Comptroller
for Bank Supervision Policy

Dated:  June 1, 1990



BOOK **12875** PAGE **165**

This is a true copy of an instrument
recorded in the SUFFOLK REGISTRY OF DEEDS
at the book and page noted on the first
page hereof.

ATTEST:

PAUL R. TIERNEY, ESQ.
REGISTER OF DEEDS

ATTEST: WORC., Anthony J. Vigliotti, Register

18338 087                    BOOK 12875 PAGE 161

                                               007

### ACCEPTANCE OF APPOINTMENT AS RECEIVER

WHEREAS, the Comptroller of the Currency has determined that The Home National Bank, Milford, Massachusetts, is insolvent and has closed the Bank; and

WHEREAS, the Comptroller of the Currency has tendered to the Federal Deposit Insurance Corporation ("FDIC") the appointment as Receiver; and

NOW, THEREFORE, pursuant to 12 U.S.C. § 1821(c)(3)(a), as amended, for and on behalf of the Federal Deposit Insurance Corporation, I hereby accept the appointment as Receiver of The Home National Bank, Milford, Massachusetts.

                              FEDERAL DEPOSIT INSURANCE CORPORATION

                              By: _____
                                  Assistant Regional Director

JUL 3 1990 RECORDED 9 AM

Jun 20 2 45 PM '90

REGISTER

Return to:
David N. Dean, Esq.
Peabody & Arnold
50 Rowes Wharf

BOOK 12875 PAGE 162

This is a true copy of an instrument
recorded in the SUFFOLK REGISTRY OF DEEDS
at the book and page noted on the first
page hereof.

ATTEST:

PAUL R. TIERNEY, ESQ.
REGISTER OF DEEDS

ATTEST: WORC., Anthony J. Vigliotti, Register

19167 PAGE 306

*Pl Ise RETURN TO: CREED + FORMICA, ATTYS.*
*1254 CHESTNUT STREET*
*Newton UPPER FALLS, MA 02164*

INST #

## 98905

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    SUPERIOR COURT DEPARTMENT
                               CIVIL ACTION NO. 97-02013 B

32MB

DONNA LEE H. WILLIAMS, INSURANCE          )
COMMISSIONER OF THE STATE OF DELAWARE,    )
AS RECEIVER OF NATIONAL HERITAGE LIFE     )
INSURANCE COMPANY IN LIQUIDATION,   .     )
          Plaintiff,                      )
                                          )
                                          )
          v.                              )
                                          )
                                          )
NATIONAL HOUSING EXCHANGE, INC.,          )
APX MORTGAGE SERVICES, INC.,              )
RESOURCE ASSET MANAGEMENT, INC. and       )
SOUTH STAR MANAGEMENT CORPORATION,        )
          Defendants.                     )

97 SEP 15 PM 1:45

JUDGMENT BY DEFAULT

     This action came on for hearing before the Court, _____ J.,
presiding, upon the marking of Plaintiff, Donna Lee H. Williams,
Insurance Commissioner of the State of Delaware as Receiver of
National   Heritage   Life   Insurance   Company   in   Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Complaint in said action
was filed on the 17'th day of April, 1997, and that no answer or
other defense has been filed by the said defendants, National
Housing Exchange, Inc. and Resource Asset Management, Inc., and
that default was entered on the __ __ day of JUNE _____ 1997,
in the office of the clerk of this court, and that no proceedings
have been taken by the said defendant since said default was
entered, it is ordered and adjudged, that judgment by default enter
as against the Defendants, National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts I, II and III of NHL's
Complaint, in accordance with the Prayers of that Complaint,
thereby recognizing and giving effect to the following judgments in
Massachusetts:

JUDGMENT ENTERED ON DOCKET: JUNE 16 19 97
PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:
A TRUE COPY OF JUDGMENT DULY ENTERED IN 6/16/97

BOOK 13167 PAGE 307



# United States District Court

### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Deputy Clerk

BOOK1916/PAGE308

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPERIOR COURT DEPARTMENT
                                      CIVIL ACTION NO. 97-02013 B


DONNA LEE H. WILLIAMS, INSURANCE        )
COMMISSIONER OF THE STATE OF DELAWARE,  )
AS RECEIVER OF NATIONAL HERITAGE LIFE   )
INSURANCE COMPANY IN LIQUIDATION,       )
        Plaintiff,                      )
                                        )
                                        )
        v.                              )
                                        )
                                        )
NATIONAL HOUSING EXCHANGE, INC.,        )
APX MORTGAGE SERVICES, INC.,            )
RESOURCE ASSET MANAGEMENT, INC. and     )
SOUTH STAR MANAGEMENT CORPORATION,      )
        Defendants.                     )


JUDGMENT BY DEFAULT


This action came on for hearing before the Court, _____ J.,
presiding, upon the marking of Plaintiff, Donna Lee H. Williams,
Insurance Commissioner of the State of Delaware as Receiver of
National Heritage Life Insurance Company in Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Complaint in said action
was filed on the 17'th day of April, 1997, and that no answer or
other defense has been filed by the said defendants, National
Housing Exchange, Inc. and Resource Asset Management, Inc., and
that default was entered on the _____ day of _____ 1997,
in the office of the clerk of this court, and that no proceedings
have been taken by the said defendant since said default was
entered, it is ordered and adjudged, that judgment by default enter
as against the Defendants, National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts I, II and III of NHL's
Complaint, in accordance with the Prayers of that Complaint,
thereby recognizing and giving effect to the following judgments in
Massachusetts:

RETURN TO: CREED HARMON
1254 CHESTNUT STREET
Newton UPPER FALLS, MA 02164

Notice
sent
6/16/97
FC
×F

JUDGMENT ENTERED ON DOCKET June 16, 97
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS:

A TRUE COPY OF JUDGMENT DULY ENTERED ON 6/16/97

BOOK19167 PAGE 309

Prayer 1:  The Chancery Court of the State of Delaware in and for New Castle County's Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995, a copy of which is attached hereto as Exhibit "A";  and,

Prayer 2:  The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, *nunc pro tunc*, April 3, 1996, a copy of which is attached hereto as Exhibit "B";  and,

Prayer 3:  The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997, a copy of which is attached hereto as Exhibit "C".

SO ORDERED:

_____  ,J.
Superior Court Department

Dated: June 15, 1999

I HEREBY ATTEST AND CERTIFY ON
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK/SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

BOOK 1916 PAGE 310

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE ~~ORIGINAL~~

IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF THE ) 
REHABILITATION OF NATIONAL ) C.A. No. 13530
HERITAGE LIFE INSURANCE COMPANY )

## LIQUIDATION AND INJUNCTION ORDER

WHEREAS, the Honorable Donna Lee H. Williams, the Insurance Commissioner for the State of Delaware, heretofore appointed as the Receiver of the National Heritage Life Insurance Company in Rehabilitation by Order dated May 25, 1994 (the "Receiver"), has filed with the Court a petition seeking a Liquidation and Injunction Order concerning National Heritage Life Insurance Company ("National Heritage") pursuant to Title 18 Del. C. §5901, et seq.;

WHEREAS, a hearing on the financial status of National Heritage and for interested parties to show cause why National Heritage should not be declared insolvent and ordered liquidated was held by the Court on 11/21/95 ; and

WHEREAS, the Receiver has submitted evidence that National Heritage is insolvent, in that as of September 30, 1995, National Heritage's liabilities exceeded its assets by approximately $214 million and that as of the hearing date, the negative surplus was approximately $214 million.

NOW THEREFORE, the Court finds and IT IS HEREBY ORDERED as follows:

1.  National Heritage is insolvent as that term is defined in 18 Del. C. §5901.

2.  Sufficient cause exists for the liquidation of the respondent, National Heritage, pursuant to 18 Del. C. §§ 5906 and 5910 and a Liquidation and Injunction Order is hereby entered against National Heritage.

3.   The May 25, 1994 Rehabilitation and Injunction Order and the June 27, 1994 Supplemental Rehabilitation Order entered by this Court in this matter are hereby superseded, upon entry of this Order, and the Commissioner shall continue to serve as Receiver of National Heritage for the purpose of liquidation as set forth below.

4.   The appointment of the Honorable Donna Lee H. Williams, Commissioner of Insurance of the State of Delaware, and her successors in office, as the Receiver of National Heritage is hereby continued and the Receiver is hereby directed to immediately take or maintain her exclusive possession and control of and to continue or be vested with all right, title and interest in, of or to the property of National Heritage, including, without limitation, all of National Heritage's assets, contracts, rights of action, funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer, books, records, bank accounts, certificates of deposit, collateral securing obligations to, or for the benefit of, National Heritage or any trustee, bailee or any agent acting for, or on behalf of, National Heritage (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of National Heritage including, without limitation, furniture, fixtures and office supplies, wherever located, and including such property of National Heritage or collateral securing obligations to, or for the benefit of, National Heritage or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions to any of the foregoing, wherever located, in the possession, custody or control of National Heritage or any Trustee therefore (collectively, the "Assets"), and to liquidate the same pursuant to the provisions of Chapter 59 of the Delaware Insurance Code, and the Receiver is further authorized

2

BOOK 19167 PAGE 312

to take such actions as the nature of this cause and interests of the policyholders, creditors and stockholders of National Heritage and the public may require.

5. The Receiver is hereby authorized to continue to deal with the Assets, business and affairs of National Heritage, including, without limitation, the right to sue for, defend for or continue suits already commenced by the Receiver for National Heritage, or for the benefit of National Heritage's policyholders, stockholders and creditors, in the courts and tribunals, agencies or arbitration panels in this State and other states in her name as the Commissioner of Insurance of the State of Delaware, or in the name of National Heritage.

6. The filing or recording of this Order or a certified copy hereof with the Clerk of this Court and with the recorder of deeds of the jurisdiction in which National Heritage's corporate and administration offices are located, or, in the case of real estate, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Clerk of this Court also constitutes notice to all sureties and fidelity bondholders of National Heritage of all potential claims against National Heritage under such policies and shall constitute the perfection of a lien in favor of National Heritage under the Uniform Commercial Code or any like Federal or state law, regulation or order dealing with the priority of claims.

7. Except as otherwise indicated elsewhere in this Order, and upon notice provided by the Receiver, all agents and brokers, former officers, former directors, stockholders and all other persons or entities now or prospectively holding Assets of, or on behalf of, National

3

Heritage shall forthwith file an accounting of these Assets with the Receiver and shall within ten (10) days of the entry of this Order, turn those Assets over to the Receiver.

8. The Receiver may, in her discretion, appoint or continue the appointment of a consultant or other person or persons to serve as Special Deputy Receiver(s) to assist the Receiver in accomplishing the directive of this Order. The Special Deputy Receivers shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

9. The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Special Deputy Receiver(s) and the Designees and of taking possession of National Heritage and conducting this proceeding shall be paid out of the funds and assets of National Heritage as administrative expenses under Title 18 Del. C. §5913(f). Each and every Designee shall be deemed to have submitted to the jurisdiction of this Court for the resolution of any disputes between the Receiver and such Designee concerning such Designee's rights, obligations and compensation.

10. The Receiver, the Special Deputy Receivers and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties during the rehabilitation and liquidation periods, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence or criminal intent. All expenses, costs and attorney's fees incurred by the Indemnitees in

4

BOOK 19167 PAGE 314

connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver and shall be exclusively paid out of the funds and assets of National Heritage. The Indemnitees shall not be deemed to be employees of the State of Delaware.

11. The Receiver's right, title and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer shall continue, and all reinsurance companies involved with National Heritage are enjoined and restrained from making any settlements with any claimant or policyholder of National Heritage other than the Commissioner as Receiver. The amounts recoverable by the Receiver from any reinsurer of National Heritage shall not be reduced as a result of this liquidation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of National Heritage is hereby enjoined and restrained from terminating, cancelling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with National Heritage, except for non-payment of premium. The Receiver may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in liquidation.

12. The Receiver is hereby authorized to transfer National Heritage's assets and liabilities, to the extent such liabilities are not covered by a state guaranty association, to an affiliate, subsidiary or trust for the overall benefit of National Heritage's policyholders, other creditors, and stockholder, subject to approval by this Court.

13. The Receiver may change to her own name the name of any of National Heritage's accounts, funds or other property or assets held with any bank, savings and loan association or other financial institution, and may withdraw such funds, accounts and other property or assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

14. The Receiver may reject any executory contract to which National Heritage is a party that the Receiver may in her discretion determine is burdensome to National Heritage or is otherwise not in its best interest. Any party to a rejected contract may file a claim only for damages arising from such rejection in accordance with paragraph 18, below. All claims of policyholders enumerated in 18 Del. C. §5918(e) shall have priority over all non-policyholder claims arising from the rejection of executory contracts.

15. National Heritage, its former officers, former directors, stockholders, agents, servants and employees and all other persons having notice of these proceedings or of this Order are hereby prohibited from transacting any business of, or on behalf of, National Heritage or selling, transferring, destroying, wasting, encumbering or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court.

16. All banks, brokerage houses, agents, reinsurers, or other companies or persons, either having in their possession Assets or possible Assets (including, without limitation, books or records of National Heritage), or having notice of these proceedings or of this Order, are hereby enjoined and restrained from disposing of, selling, wasting, encumbering, transferring or destroying any such Assets or possible Assets (including, without limitation, books or records of National Heritage). This prohibition includes, without limitation, Assets, possible Assets,

6

BOOK 19167 PAGE 316

books or records pertaining to any business transaction between National Heritage and any of said parties. No, actions concerning, involving, or relating to such Assets, possible Assets, books or records may be taken by any of the aforesaid persons or entities enumerated herein, without the prior written consent of the Receiver, or until further Order of this Court.

17. All former officers, former directors, stockholders, agents, servants and employees of National Heritage, and all other persons and companies having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity or in other proceedings against National Heritage, the Commissioner as Receiver, the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments or other like liens or encumbrances, or foreclosing upon or making of any levy against National Heritage or the Assets, or exercising any right adverse to the right of National Heritage to or in the Assets, or in any way interfering with the Receiver, the Special Deputy Receiver(s) or the Designees either in their possession and control of the Assets, books, and records of National Heritage or in the discharge of their duties hereunder.

18. All persons and companies are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of National Heritage, or against the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of National Heritage.

7

BOOK19167 PAGE 317

19.  The Court hereby imposes a temporary moratorium on payment of cash values, surrenders, policy loans or any other right to withdraw funds held in conjunction with the policies or contracts of National Heritage, in addition to the Receiver's and the state guaranty associations' right to implement any contractual provision for deferral of cash payment or policy loans, for a period of 120 days from the date of this Order, provided that any state guaranty association may voluntarily choose to permit a full or partial payment of cash values, surrenders, policy loans or any other right to withdraw funds for claims covered by the applicable state guaranty association law.

20.  Within a reasonable time after receipt of a claim in the liquidation proceedings of National Heritage, the Receiver shall give notice by mail to any and all persons interested in such claim of the Receiver's proposed report and recommendation to the Court regarding the allowance or denial (in whole or in part) of such claim.

21.  Within sixty (60) days of the mailing of the proposed report and recommendation, the interested person being given notice of such proposed report and recommendation may file a written objection thereto with the New Castle County Register in Chancery, 1000 King Street, Wilmington, Delaware, 19801, and the Receiver.

22.  Within a reasonable time after such sixty (60) days, there being no objection to the proposed report and recommendation, the Receiver shall file with the Court such report and recommendation.

23.  No hearing will be held regarding the proposed report and recommendation in the absence of a written objection thereto by a person interested therein.

BOOK19167 PAGE 318

24.  The Receiver shall provide semiannual reports on the financial condition of National Heritage and on the actions of the Receiver pursuant to this Order.

25.  Hereafter the caption of this cause and all pleadings in this matter shall read as:

"IN THE MATTER OF THE LIQUIDATION OF
NATIONAL HERITAGE LIFE INSURANCE COMPANY"

26.  This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholders of National Heritage and the public may require.  The Receiver, or any interested party upon reasonable notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

27.  On or before June 30, 1996, the Receiver shall mail a Notice of Liquidation and Bar Date and a proof of claim form to all known claimants and creditors or persons or entities reasonably believed to be claimants or creditors of National Heritage, by first class mail, postage prepaid, and obtain proof of such mailing on United States Postal Form 3606.

28.  ANY AND ALL CLAIMS AGAINST THE NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION NOT PRESENTED TO THE RECEIVER ON OR BEFORE JUNE 30, 1997 SHALL BE FOREVER BARRED FROM SHARING IN DISTRIBUTIONS OF THE ASSETS OF NATIONAL HERITAGE UNLESS THERE IS A SURPLUS AND NATIONAL HERITAGE IS DEEMED SOLVENT PURSUANT TO 18 DEL. C. §5928(a)(2).

SO ORDERED this 21 day of MAY, 1995.

CERTIFIED
AS A TRUE COPY;
ATTEST;
FREDERICA B. DAVISSTRAW
REGISTER IN CHANCERY
By Sarah Neal
Deputy I

Chancellor

9

*Exhibit "A"*

Minute Order Form   (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 15, 1996 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g. plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1)  ☐ Filed motion of [use listing in "MOTION" box above]                    Sent for Microfilming

(2)  ☐ Brief in support of motion due _____                    APR 16 1996

(3)  ☐ Answer brief to motion due _____   Reply to answer brief due _____

(4)  ☐ Ruling ☐ Hearing on _____ set for _____   Filmed on _____ at _____

(5)  ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6)  ☐ Pretrial conf ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7)  ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8)  ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9)  ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
     ☐ FRCP 4(j) (failure to serve)  ☐ General Rule 21 (want of prosecution)  ☐ FRCP 41(a)(1)  ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Receiver's motion for an order confirming his authority to convey certain REO property to purchaser and his motion for an order confirming his authority with respect to Arapaho Car wash Loans are granted. Nominal defendants' motion to enlarge time until May 3, 1996 to respond to the counterclaim of RAM is granted. Accordingly, reply is extended to May 24, 1996. Commissioner shall set aside escrow to provide for Continental fees, if ordered by it. Enter Amended Declaratory judgment order nunc pro tunc April 3, 1996 on plaintiff's motion for summary judgment on Count I. RAM has until May 13, 1996 to respond to motions to dismiss count I of RAM's counterclaim by Commissioner and Continental. Ruling set for July 11, 1996 at 9:45 A.M.

[For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

☐ No notices required, advised in open court                    number of notices
☐ No notices required
☒ Notices mailed by judge's staff                              APR 16 1996   date docketed    Document #
☒ Notified counsel by telephone.
☒ Docketing to mail notices                                                  dcty. initials
☐ Mail AO 450 form
☐ Copy to judge/magistrate Judge                              APR 16 1996   date mailed notice

mjv  courtroom deputy's initials    Date/time received in central Clerk's Office    mailing dcty. initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE )
COMMISSIONER OF THE STATE OF DELAWARE, )
AS RECEIVER OF NATIONAL HERITAGE LIFE )
INSURANCE COMPANY IN REHABILITATION, )
CONTINENTAL STOCK TRANSFER & TRUST )
COMPANY, MIDWEST INDEPENDENT BANK, )
and MIDWEST MORTGAGE SERVICING, L.L.C., )
                                       )
            Plaintiffs,                )    Civil Action 95 C 4243
                                       )    Hon. Elaine E. Bucklo
            v.                         )    Magistrate Judge
                                       )    Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX    )
MORTGAGE SERVICES, INC., and           )
RESOURCE ASSET MANAGEMENT, INC.        )
                                       )
            Defendants.                )

## AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary Judgment on Count I, filed by the plaintiff Donna H. Lee Williams, Insurance Commissioner of the State of Delaware, as Receiver of National Heritage Life Insurance Company in Liquidation (the "Commissioner"), due notice having been given and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1.  The Commissioner's Motion for Summary Judgment on Count I is granted;

2.  All the rights of National Housing Exchange, Inc. under the Indenture and Servicing Agreement dated December 28, 1993 were terminated on November 7, 1994;

BOOK**13167**PAGE**321**

3.  All the rights of APX Mortgage Services, Inc. under the Indenture and Servicing Agreement dated December 28, 1993 were terminated on November 7, 1994;

4.  The rights of both National Housing Exchange, Inc. and APX Mortgage Services, Inc. with respect to the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pool of Mortgages, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993, are hereby terminated;

5.  No approvals, agreements, consents, signatures or other action of any nature whatsoever of either or both of National Housing Exchange, Inc. and APX Mortgage Services, Inc. is required in connection with any action pursuant to the Indenture and Servicing Agreement dated December 28, 1993; provided however that nothing herein shall be deemed to relieve either or both of National Housing Exchange, Inc. and APX Mortgage Services, Inc. of their respective obligations under the Indenture and Servicing Agreement dated December 28, 1993;

2

6.    The Commissioner is entitled to unencumbered ownership of the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pool of Mortgages, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993; and,

7.    All right, title and interest in and to the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pools of Mortgage, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993 is vested in the National Heritage Life Insurance Company in Liquidation (or any affiliate designated by National Heritage Life Insurance Company in Liquidation with respect to any environmentally impaired Mortgaged Property).

ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

Elaine E. Bucklo
United States District Court
Judge

3

*Exhibit "B"*

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 20, 1997 |
| Case Title | Williams, et al. VS. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**                                    Sent for Microfilming

| | |
|---|---|
| (1) | Filed motion of [use listing in "MOTION" box above] |
| (2) | Brief in support of motion due _____ |
| (3) | Answer brief to motion due _____ Reply to answer brief _____ Entered on FEB 24 1997 |
| (4) | Ruling / Hearing _____ on _____ set for _____ at _____ |
| (5) | Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____ |
| (6) | Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____ |
| (7) | Trial ☐ Set for ☐ re-set for _____ at _____ |
| (8) | ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____ |
| (9) | This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2) |
| (10) | [Other docket entry] The Commissioner's motion for the entry of a revised order regarding Massachusetts Mortgage is granted. Enter Revised Order. Plaintiff's motion for reassignment of case number 96 C 8477 based on relatedness is also granted. |
| (11) | ☑ [For further detail see] ☐ order on the reverse of ☑ order attached to the original minute order form.] |

| | | | |
|---|---|---|---|
| No notices required, advised in open court. | | number of notices | |
| No notices required. | | | |
| Notices mailed by judge's staff. | | date docketed | Document # |
| ☑ Notified counsel by telephone. | FEB 21 1997 | | 325 |
| ☑ Docketing to mail notices. | | docketing dply. initials | |
| Mail AO 450 form. | 97 FEB 20 PM 5: 35 | date mailed notice | |
| Copy to judge/magistrate judge. | RECEIVED FOR DOCKETING EC-11 | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dply. initials | |

BOOK 1916 7 PAGE 324

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 2 1 1997

| | |
|---|---|
| DONNA LEE H. WILLIAMS, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Civil Action 95 C 4243 |
| ) | Hon. Elaine E. Bucklo |
| v. ) | Magistrate Judge |
| ) | Rebecca R. Pallmeyer |
| NATIONAL HOUSING EXCHANGE INC., APX ) | |
| MORTGAGE SERVICES, INC., and ) | |
| RESOURCE ASSET MANAGEMENT, INC. ) | |
| ) | |
| Defendants. ) | |

## REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES

This matter having come to be heard on the
Commissioner's Motion for the Entry of a Revised Order Regarding
Massachusetts Mortgages subject to the Amended Declaratory
Judgment Order entered April 12, 1996, nunc pro tunc April 3,
1996, a copy of which is attached hereto as Exhibit 1, the Court
hereby orders that National Heritage Life Insurance Company, in
Liquidation ("NHL"), as to any claim of title and possession by
or through National Housing Exchange Inc., APX Mortgage Services,
Inc., Resource Asset Management, Inc., and South Star Management
Corp. (collectively "the Parties"), has good, valid, and
indefeasible ownership of any and all interests, free and clear,
and free of any adverse equities and any other claims in and to
the mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments, whether or
not of record, with respect to the real property located in the
Commonwealth of Massachusetts and listed in Exhibit 2, which is
attached to this Order and incorporated herein (hereinafter such
mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments shall be
referenced as the "Mortgages"), together with:

(1)  any and all notes, loan agreements, credit agreements,
     guaranties, and any other evidence of indebtedness
     secured by the Mortgages;

(2)  any and all other security interests or claims
     pertaining to any indebtedness secured by the
     Mortgages, including but not limited to any and all (a)
     security agreements or chattel mortgages, (b)
     assignments or collateral assignments of rents, leases,
     and profits, (c) assignments or collateral assignments
     of accounts receivable, (d) assignments, collateral
     assignments, or pledges of stock, (e) assignments or
     collateral assignments of business licenses, permits,
     service contracts and equipment leases, (f) interests
     in any insurance proceeds or condemnation awards, (g)

interests in any indemnification agreements, whether with respect to environmental matters or otherwise, (h) interests in any leases, ground leases, proprietary leases, or occupancy agreements, (i) interests in any UCC financing statements, (j) creditor's claims, and (k) if the subject Mortgage is in the process of being foreclosed, any proceeds being held in the registry of the court of competent jurisdiction or held by the court-appointed receiver;  and

(3)   any proceeds thereof.

It is further ordered that to the extent that any Mortgages have been foreclosed or repossessed, or title has otherwise reverted to Defendant prior to this Order, that, as between the Parties and NHL, NHL has good, valid and indefeasible fee simple title, free and clear, and free and clear of any claims in and to the real property that is encumbered by said Mortgages, together with all improvements thereon and easements and appurtenances thereto, and together with any and all proceeds concerning such real property held (1) in the registry of any court where such foreclosure action was pending, (2) by any court-appointed receiver for such real property, (3) by any property manager for such real property, and (4) by any other third party.  (Hereinafter all Mortgages and related assets and real property and related assets shall be referenced as the "Assets".)

It is further ordered that, if necessary, in order to fulfill the terms and intent of this Order, NHL shall have the right (1) to unilaterally record any documents transferring or conveying any rights relating to the Assets and encompassed by this Order into the name of NHL, including but not limited to any assignment of any of the Mortgages or any UCC-3 financing statements, and (2) to unilaterally record any new financing statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are not bound by the terms of any oral agreements affecting the Assets made by any predecessor in interest or former servicer of the Assets.

The recording of a certified copy of this Order in any jurisdiction where any Assets are located shall (1) convey title to such Assets to NHL, pursuant to the terms of this Order, and (2) re-establish any lost original instruments or documents pertaining to such Assets.


Dated:  2/20/97       ENTER:  _____
                              HON. Elaine E. Bucklo
                              United States District Court Judge

BOOK 19167 PAGE 326

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA LEE H. WILLIAMS, INSURANCE<br>COMMISSIONER OF THE STATE OF DELAWARE,<br>AS RECEIVER OF NATIONAL HERITAGE LIFE<br>INSURANCE COMPANY IN REHABILITATION,<br>CONTINENTAL STOCK TRANSFER & TRUST<br>COMPANY, MIDWEST INDEPENDENT BANK,<br>and MIDWEST MORTGAGE SERVICING, L.L.C., | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action 95 C 4243 |
| | ) Hon. Elaine E. Bucklo |
| v. | ) Magistrate Judge |
| | ) Rebecca R. Pallmeyer |
| NATIONAL HOUSING EXCHANGE INC., APX<br>MORTGAGE SERVICES, INC., and<br>RESOURCE ASSET MANAGEMENT, INC. | ) ) ) ) |
| Defendants. | ) |

AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary
Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,
Insurance Commissioner of the State of Delaware, as Receiver of
National Heritage Life Insurance Company in Liquidation (the
"Commissioner"), due notice having been given and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1.    The Commissioner's Motion for Summary Judgment on
      Count I is granted;

2.    All the rights of National Housing Exchange, Inc.
      under the Indenture and Servicing Agreement dated
      December 28, 1993 were terminated on November 7,
      1994;

BOOK 19167 PAGE 327

6.  The Commissioner is entitled to unencumbered
    ownership of the Mortgages, Mortgage Files,
    Mortgage Loans, Mortgage Impairment Insurance
    Policy, Mortgage Notes, Mortgaged Property, Pool of
    Mortgages, Related Security Documents and any and
    all proceeds thereof, as those terms are defined in
    the Indenture and Servicing Agreement dated
    December 28, 1993; and,

7.  All right, title and interest in and to the
    Mortgages, Mortgage Files, Mortgage Loans, Mortgage
    Impairment Insurance Policy, Mortgage Notes,
    Mortgaged Property, Pools of Mortgage, Related
    Security Documents and any and all proceeds
    thereof, as those terms are defined in the
    Indenture and Servicing Agreement dated December
    28, 1993 is vested in the National Heritage Life
    Insurance Company in Liquidation (or any affiliate
    designated by National Heritage Life Insurance
    Company in Liquidation with respect to any
    environmentally impaired Mortgaged Property).

                        ENTER ORDER:


DATED: APRIL 12, 1996,              _Ela Buckle_____
nunc pro tunc APRIL 3, 1996
                                    Elaine E. Bucklo
                                    United States District Court
                                    Judge

                        3

BOOK 13167 PAGE 328

EXHIBIT 2
Schedule of MEH Bond Loans Secured by Real Estate

November 8, 1996

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|---|---|---|---|---|---|---|---|---|
| M | | 15 | Duprey | 81 Sterling Lane | Bradford | 600162 | 9479 | 524 |
| | | 16 | Gilet | 71 Princeton, Unit 106 | North Chelmsford | 33353 | 3538 | 179 |
| | Barnstable | 16 | Most | 108 Rowland Circle, #102 | Brewster | 32748 | 6308 | 112 |
| | Bristol | 14 | Drumheiser | 14 Spruce Street | New Bedford | 22979 | 2228 | 90 |
| | Essex | 15 | Daigle | 300 Wilson Street, Units 3 & 4 | Haverhill | 364 | 10392 | 472 |
| | | | Roberts | 4 Central Avenue | Methuen | 42312 | 67 | 333 |
| | | 16 | Gauthier/Roderick | 407 Forest Hill Road | Dunstable | 75019 | 3841 | 233 |
| | | | Moran | 415 Lafayette St. | Salem | 53 | 9067 | 169 |
| | Hampshire | 15 | Duquette | 72 Barrett Street, Unit 11G | Northampton | 19366 | [none] | [none] |
| | Hillsborough | 16 | Driscoll/Buker | 143 Baboosic Lake Rd. | Merrimack | 802728 | 4591 | 115 |
| | Middlesex | 13 | Elliot Group Inc. | 38-40 Sarah Ave./771 Broadway/285-287 Dutton St. | Lowell | 11569 | B05430 | 276 |
| | | 14 | Gavriel | 26-28 Alma | Lowell | 20595 | 4507 | 61 |
| | | 15 | Babcock | 54 Glenside Avenue | Billerica | 12834 | B04452 | 21 |
| | | | Dabilis | 661-671 Middlesex Road | Lowell | 78706 | 3839 | 259 |
| | | | Dabilis/Gavriel | 42 Marshall St. | Lowell | 13934 | 3956 | 338 |
| | | | Duffy | 97 Daniels Street | Malden | 662632 | 998 | 139 |
| | | | Grant | 810B Lawrence Street | Lowell | 36079 | 3556 | 12 |
| | | | Oehley | 11 Pike Street | Hopkinton | [none] | 15414 | 174 |
| | | | Torres/Ramos | 29-31 Queen St. | Lowell | 35435 | 5005 | 150 |
| | | 16 | Arbetter | 78 Captian Eames Circle, #U28 | Ashland | [none] | 18215 | 80 |
| | | | Hague | 40 Aberdeen Street | Lowell | 18871 | 3436 | 109 |
| | | | Kipp | 65 Indian Brook Road | Ashland | 471 | 20144 | 600 |
| | | | Landry | 361 Aiken Avenue, No. 4 | Lowell | 44158 | B05373 | 195 |
| | | | McInnis | 369 Aiken Avenue, Unit 16 | Lowell | 34328 | B04998 | 114 |
| | | 17 | Games | 6 Ledgewood Way, Unit 16 | Peabody | 91 | 9605 | 576 |
| | | | Keomouangchanh | 204 Ludlam St. | Lowell | 24133 | B04533 | 29 |
| | New Haven | 16 | O'Malley | 208 West St., Unit 4A | Milford | [none] | 11971 | 296 |

BOOK 13167 PAGE 329

**EXHIBIT 2**

Schedule of MHW Bond Loans Secured by Real Estate

November 4, 1994

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|---|---|---|---|---|---|---|---|---|
| MA | Norfolk | 15 | Giordano | 660 Franklin Street | Wrentham | 2654 | 7474 | 518 |
| | | | Magri | 7-9 Pierce Street | Milton | 44301 | 7047 | 487 |
| | | | Padula | 131, 133, & 135 Creek St. | Wrentham | 432121 | 619 | 119 |
| | | | Reed | 691 Washington Street | Braintree | 25552 | 883 | 695 |
| | | 16 | Brustin | 133 Commander Shea Blvd., Unit 116 | Quincy | 13421 | 7436 | 151 |
| | Plymouth | 15 | Feingold/Connolly | 45 Manomet Rd. | Plymouth | 5742 | 10728 | 95 |
| | | 16 | McCann | 50 Pinewood Lane | Duxbury | (none) | 7044 | 85 |
| | | 17 | Melone | 131 Chapel Street | Pembroke | 76854 | 10505 | 342 |
| | | | Pasquariello | 3-12 School Street | Marshfield | 65134 | 6922 | 146 |
| | | | | 3-7 School Street | Marshfield | 65137 | 6922 | 162 |
| | Suffolk | 14 | Pal | 461 Washington Street, Unit 406 | Boston | 343 | 13522 | 64 |
| | | 15 | Deo | 56 Round Hill Street | Jamaica Plain | 290 | 15403 | 126 |
| | | | Glades Realty Trust | 36-38 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Lewis | 135-137 Sydney Street | Boston | (none) | 13669 | 175 |
| | | | Mannix | 25 Vinton Street | South Boston | (none) | 16204 | 136 |
| | | 16 | Cheletzky | 8 Kittredge Street, No. 5K | Rosendale | 339 | 16232 | 60 |
| | | | Glades Realty Trust | 30-34 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Grubbs | 20 American Legion Highway | Boston | 33106 | 14939 | 1 |
| | | | Krell | 1607 Commonwealth, Unit 30 | Boston | 41645 - C114-62 | (none) | (none) |
| | | | Mullings | 40 Kingsdale Street | Dorchester | 457044 | (none) | (none) |
| | | 17 | Brown | 18 Burnett Road, 816 | Revere | 173 | 14518 | 220 |
| | Worcester | 14 | Reinold/Picelli | 135 East Main St., Unit C-81 | Westborough | 42917 | 8276 | 321 |
| | | 15 | Choquette | 257 N. Main St. | East Douglas | 8559 | 11900 | 127 |
| | | | Griffin | 5 Griswold Court | Oxbridge | 112513 | 13421 | 265 |
| | | | | 104 West Street, Unit 5A | Hopedale | (none) | 10265 | 188 |
| | | | King | 6 Beckman St. | Worcester | 121706 | 10483 | 243 |

BOOK 15167 PAGE 360

**EXHIBIT 3**
Schedule of MHE Bond Loans Secured by Real Estate

November 4, 1996

| Rt. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|------------|--------|--------|
| A | Worcester | 16 | King | 19 Canton Street | Worcester | 7662 | 11097 | 122 |
| | | 17 | Alex | 61A Fox Meadow Road, Unit 61A | Leominister | 7666 | 1561 | 44 |
| | | | Pasquariello | 4 Oak St., #12/12 Williamsburg Ct., #28/3 & 12 Castle Green, #3 | Shrewsbury | 5730 | 9192 | 161 |
| | | | | 12-4 Oak Street | Shrewsbury | 5733 | 9192 | 171 |

## CERTIFICATE OF SERVICE

I, William P. Ziegelmueller, an attorney, certify that
on February 14, 1997, I caused a copy of the foregoing MOTION FOR
**A REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES** to be served by
U.S. Mail, postage prepaid:

Richard Waris                      James Rolfes
Pretzel & Stouffer Chartered       Sachnoff & Weaver, Ltd.
One South Wacker Drive             30 S. Wacker Drive
Suite 2500                         Suite 2900
Chicago, Illinois 60606            Chicago, lllinois 60606


David J. Krupp                     Robert E. Davy, Jr.
Miller, Shakman, Hamilton,         180 N. LaSalle, Suite 2315
 Kurtzon & Schlifke                Chicago, Illinois 60611
208 South LaSalle Street
Suite 1100
Chicago, Illinois 60604


APX Mortgage Services, Inc.
c/o Robert Gorski
P.O. Box 909
Lake Zurich, Illinois  60047-0909


_____
William P. Ziegelmueller


\42272\010\50COLBAZ.030


ATTEST: WORC. Anthony J. Vigliotti, Register

BOOK19273PAGE342

115416

12

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO. 97-02013 B

DONNA LEE H. WILLIAMS, INSURANCE      )
COMMISSIONER OF THE STATE OF DELAWARE,)
AS RECEIVER OF NATIONAL HERITAGE LIFE )
INSURANCE COMPANY IN LIQUIDATION,     )
          Plaintiff,                  )
                                      )
                                      )
          v.                          )
                                      )
                                      )
NATIONAL HOUSING EXCHANGE, INC.,      )
APX MORTGAGE SERVICES, INC.,          )
RESOURCE ASSET MANAGEMENT, INC. and   )
SOUTH STAR MANAGEMENT CORPORATION,    )
          Defendants.                 )

97 OCT 21 PM 4: 01

### JUDGMENT BY DEFAULT

This action came on for hearing before the Court, KING, J., presiding, upon the marking of Plaintiff, Donna Lee H. Williams, Insurance Commissioner of the State of Delaware as Receiver of National Heritage Life Insurance Company in Liquidation (hereinafter, "NHL") in the above entitled action, for a default judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ. P., and it appearing to the court that the Amended Complaint in said action was filed on the 14'th day of July, 1997, and that no answer or other defense has been filed by the said Defendants, National Housing Exchange, Inc., Resource Asset Management, Inc., APX MOrtgage Services, Inc., and/or South Star Management Co., Inc., and that default on those Counts of the Amended Complaint wherein default had not previously been entered, was entered on the 2d day of OCTOBER 1997, in the office of the clerk of this court, and that no proceedings have been taken by the said Defendants since said default was entered, it is ordered and adjudged, that judgment by default enter as against the Defendants, as follows:    as against National Housing Exchange, Inc. and Resource Asset Management, Inc. on Counts IV and V of the Amended Complaint;  and, as against APX Mortgage Services, Inc. and South Star Management Co., Inc. on Counts I, II, III, IV and V of the Amended Complaint, all in accordance with the Prayers of that Amended Complaint, thereby recognizing and giving effect to the following judgments in Massachusetts:

JUDGMENT ENTERED ON DOCKET October 6, 19 97
PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:

NOTICE
SENT
10/5/97
J.F.O. JR.

BOOK 19273 PAGE 343

AS TO APX AND SOUTH STAR:

Prayer 1:  The Chancery Court of the State of Delaware in and for New Castle County's Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995, a copy of which is attached hereto as Exhibit "A";  and,

Prayer 2:  The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, *nunc pro tunc*, April 3, 1996, a copy of which is attached hereto as Exhibit "B";  and,

Prayer 3:  The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997, a copy of which is attached hereto as Exhibit "C".

AS TO ALL DEFENDANTS:

Prayer 4:  The United States District Court, Northern District of Illinois, Eastern Division's Order Particularly Identifying the I-250 Assets No. 95 C 4243 dated February 7, 1997, a copy of which is attached hereto as Exhibit "D".

Prayer 5:  The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Additional Massachusetts Mortgages No. 95 C 4243, dated April 15, 1997, a copy of which is attached hereto as Exhibit "E".

SO ORDERED:

_____, J.

Superior Court Department

Dated: October 6, 1997

I HEREBY ATTEST AND CERTIFY ON

_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
Asst Clerk

BOOK 19273 PAGE 344

Bk +10816



IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF THE           )
REHABILITATION OF NATIONAL     )   C.A. No. 13530
HERITAGE LIFE INSURANCE COMPANY )

## LIQUIDATION AND INJUNCTION ORDER

WHEREAS, the Honorable Donna Lee H. Williams, the Insurance Commissioner for the State of Delaware, heretofore appointed as the Receiver of the National Heritage Life Insurance Company in Rehabilitation by Order dated May 25, 1994 (the "Receiver"), has filed with the Court a petition seeking a Liquidation and Injunction Order concerning National Heritage Life Insurance Company ("National Heritage") pursuant to Title 18 Del. C. §5901, et seq.;

WHEREAS, a hearing on the financial status of National Heritage and for interested parties to show cause why National Heritage should not be declared insolvent and ordered liquidated was held by the Court on 11/2/95            ; and

WHEREAS, the Receiver has submitted evidence that National Heritage is insolvent, in that as of September 30, 1995, National Heritage's liabilities exceeded its assets by approximately $214 million and that as of the hearing date, the negative surplus was approximately $21/ million.

NOW THEREFORE, the Court finds and IT IS HEREBY ORDERED as follows:

1. National Heritage is insolvent as that term is defined in 18 Del. C. §5901.

2. Sufficient cause exists for the liquidation of the respondent, National Heritage, pursuant to 18 Del. C. §§ 5906 and 5910 and a Liquidation and Injunction Order is hereby entered against National Heritage.

BOOK 19273 PAGE 345

BK 18018 182 34043

3. The May 25, 1994 Rehabilitation and Injunction Order and the June 27, 1994 Supplemental Rehabilitation Order entered by this Court in this matter are hereby superseded, upon entry of this Order, and the Commissioner shall continue to serve as Receiver of National Heritage for the purpose of liquidation as set forth below.

4. The appointment of the Honorable Donna Lee H. Williams, Commissioner of Insurance of the State of Delaware, and her successors in office, as the Receiver of National Heritage is hereby continued and the Receiver is hereby directed to immediately take or maintain her exclusive possession and control of and to continue or be vested with all right, title and interest in, of or to the property of National Heritage, including, without limitation, all of National Heritage's assets, contracts, rights of action, funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer, books, records, bank accounts, certificates of deposit, collateral securing obligations to, or for the benefit of, National Heritage or any trustee, bailee or any agent acting for, or on behalf of, National Heritage (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of National Heritage including, without limitation, furniture, fixtures and office supplies, wherever located, and including such property of National Heritage or collateral securing obligations to, or for the benefit of, National Heritage or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions to any of the foregoing, wherever located, in the possession, custody or control of National Heritage or any Trustee therefore (collectively, the "Assets"), and to liquidate the same pursuant to the provisions of Chapter 59 of the Delaware Insurance Code, and the Receiver is further authorized

2

BOOK 19273 PAGE 346

Bk  10315 103  34843

to take such actions as the nature of this cause and interests of the policyholders, creditors and stockholders of National Heritage and the public may require.

5. The Receiver is hereby authorized to continue to deal with the Assets, business and affairs of National Heritage, including, without limitation, the right to sue for, defend for or continue suits already commenced by the Receiver for National Heritage, or for the benefit of National Heritage's policyholders, stockholders and creditors, in the courts and tribunals, agencies or arbitration panels in this State and other states in her name as the Commissioner of Insurance of the State of Delaware, or in the name of National Heritage.

6. The filing or recording of this Order or a certified copy hereof with the Clerk of this Court and with the recorder of deeds of the jurisdiction in which National Heritage's corporate and administration offices are located, or, in the case of real estate, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Clerk of this Court also constitutes notice to all sureties and fidelity bondholders of National Heritage of all potential claims against National Heritage under such policies and shall constitute the perfection of a lien in favor of National Heritage under the Uniform Commercial Code or any like Federal or state law, regulation or order dealing with the priority of claims.

7. Except as otherwise indicated elsewhere in this Order, and upon notice provided by the Receiver, all agents and brokers, former officers, former directors, stockholders and all other persons or entities now or prospectively holding . . . . . . . . . . . . . . . . . .

3

BOOK 19273 PAGE 347

Bk 10016 104 34043

Heritage shall forthwith file an accounting of these Assets with the Receiver and shall within ten (10) days of the entry of this Order, turn those Assets over to the Receiver.

8    The Receiver may, in her discretion, appoint or continue the appointment of a consultant or other person or persons to serve as Special Deputy Receiver(s) to assist the Receiver in accomplishing the directive of this Order.  The Special Deputy Receivers shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

9.  The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Special Deputy Receiver(s) and the Designees and of taking possession of National Heritage and conducting this proceeding shall be paid out of the funds and assets of National Heritage as administrative expenses under Title 18 Del. C. §5913(f).  Each and every Designee shall be deemed to have submitted to the jurisdiction of this Court for the resolution of any disputes between the Receiver and such Designee concerning such Designee's rights, obligations and compensation.

10.  The Receiver, the Special Deputy Receivers and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties during the rehabilitation and liquidation periods, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence or criminal intent.   All expenses, costs and attorney's fees incurred by the Indemnitees in

4

Bk 10816 105 34843

connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver and shall be exclusively paid out of the funds and assets of National Heritage.  The Indemnitees shall not be deemed to be employees of the State of Delaware.

11.  The Receiver's right, title and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer shall continue, and all reinsurance companies involved with National Heritage are enjoined and restrained from making any settlements with any claimant or policyholder of National Heritage other than the Commissioner as Receiver.  The amounts recoverable by the Receiver from any reinsurer of National Heritage shall not be reduced as a result of this liquidation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of National Heritage is hereby enjoined and restrained from terminating, cancelling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with National Heritage, except for non-payment of premium.  The Receiver may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in liquidation.

12.  The Receiver is hereby authorized to transfer National Heritage's assets and liabilities, to the extent such liabilities are not covered by a state guaranty association, to an affiliate, subsidiary or trust for the overall benefit of National Heritage's policyholders, other creditors, and stockholder, subject to approval by this Court.

5

BK=10818=10E   34849

13.  The Receiver may change to her own name the name of any of National Heritage's accounts, funds or other property or assets held with any bank, savings and loan association or other financial institution, and may withdraw such funds, accounts and other property or assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

14.  The Receiver may reject any executory contract to which National Heritage is a party that the Receiver may in her discretion determine is burdensome to National Heritage or is otherwise not in its best interest.  Any party to a rejected contract may file a claim only for damages arising from such rejection in accordance with paragraph 18, below.  All claims of policyholders enumerated in 18 Del. C. §5918(e) shall have priority over all non-policyholder claims arising from the rejection of executory contracts.

15.  National Heritage, its former officers, former directors, stockholders, agents, servants and employees and all other persons having notice of these proceedings or of this Order are hereby prohibited from transacting any business of, or on behalf of, National Heritage or selling, transferring, destroying, wasting, encumbering or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court.

16.  All banks, brokerage houses, agents, reinsurers, or other companies or persons, either having in their possession Assets or possible Assets (including, without limitation, books or records of National Heritage), or having notice of these proceedings or of this Order, are hereby enjoined and restrained from disposing of, selling, wasting, encumbering, transferring or destroying any such Assets or possible Assets (including, without limitation, books or records of National Heritage).  This prohibition includes, without limitation, Assets, possible Assets,

6

BOOK 19273 PAGE 350

Bk. 10816 107    34343

books or records pertaining to any business transaction between National Heritage and any of said parties. No actions concerning, involving or relating to such Assets, possible Assets, books or records may be taken by any of the aforesaid persons or entities enumerated herein, without the prior written consent of the Receiver, or until further Order of this Court.

17. All former officers, former directors, stockholders, agents, servants and employees of National Heritage, and all other persons and companies having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity or in other proceedings against National Heritage, the Commissioner as Receiver, the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments or other like liens or encumbrances, or foreclosing upon or making of any levy against National Heritage or the Assets, or exercising any right adverse to the right of National Heritage to or in the Assets, or in any way interfering with the Receiver, the Special Deputy Receiver(s) or the Designees either in their possession and control of the Assets, books, and records of National Heritage or in the discharge of their duties hereunder.

18. All persons and companies are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of National Heritage, or against the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of National Heritage.

Bk 10816 105 34843

19.  The Court hereby imposes a temporary moratorium on payment of cash values, surrenders, policy loans or any other right to withdraw funds held in conjunction with the policies or contracts of National Heritage, in addition to the Receiver's and the state guaranty associations' right to implement any contractual provision for deferral of cash payment or policy loans, for a period of 120 days from the date of this Order, provided that any state guaranty association may voluntarily choose to permit a full or partial payment of cash values, surrenders, policy loans or any other right to withdraw funds for claims covered by the applicable state guaranty association law.

20.  Within a reasonable time after receipt of a claim in the liquidation proceedings of National Heritage, the Receiver shall give notice by mail to any and all persons interested in such claim of the Receiver's proposed report and recommendation to the Court regarding the allowance or denial (in whole or in part) of such claim.

21.  Within sixty (60) days of the mailing of the proposed report and recommendation, the interested person being given notice of such proposed report and recommendation may file a written objection thereto with the New Castle County Register in Chancery, 1000 King Street, Wilmington, Delaware, 19801, and the Receiver.

22.  Within a reasonable time after such sixty (60) days, there being no objection to the proposed report and recommendation, the Receiver shall file with the Court such report and recommendation.

23.  No hearing will be held regarding the proposed report and recommendation in the absence of a written objection thereto by a person interested therein.

BOOK 19273 PAGE 352

Bk: 10818-109    34843

24. The Receiver shall provide semiannual reports on the financial condition of National Heritage and on the actions of the Receiver pursuant to this Order.

25. Hereafter the caption of this cause and all pleadings in this matter shall read as:

### "IN THE MATTER OF THE LIQUIDATION OF NATIONAL HERITAGE LIFE INSURANCE COMPANY"

26. This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholders of National Heritage and the public may require. The Receiver, or any interested party upon reasonable notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

27. On or before June 30, 1996, the Receiver shall mail a Notice of Liquidation and Bar Date and a proof of claim form to all known claimants and creditors or persons or entities reasonably believed to be claimants or creditors of National Heritage, by first class mail, postage prepaid, and obtain proof of such mailing on United States Postal Form 3606.

28. ANY AND ALL CLAIMS AGAINST THE NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION NOT PRESENTED TO THE RECEIVER ON OR BEFORE JUNE 30, 1997 SHALL BE FOREVER BARRED FROM SHARING IN DISTRIBUTIONS OF THE ASSETS OF NATIONAL HERITAGE UNLESS THERE IS A SURPLUS AND NATIONAL HERITAGE IS DEEMED SOLVENT PURSUANT TO 18 DEL. C. §5928(a)(2).

SO ORDERED this 21 day of MAY , 1995.

_____
Chancellor

CERTIFIED
AS A TRUE COPY:
    ATTEST:
FREDER. B. WINGFRAW
REGISTER IN CHY.
By:_____
  D.

9

Bk #10810-110

Minute Order Form    (Rev 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge / Magistrate Judge | Elaine E. Bucklo | Sitting Judge / Other than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 15, 1996 |
| Case Title | Williams, et al. vs. National Housing, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "MOTION" box above.]    Sent for Mailing 96

(2) ☐ Brief in support of motion due _____    APR 15 1996

(3) ☐ Answer brief to motion due _____    Reply to answer brief due _____

(4) ☐ Ruling/Hearing on _____ set for _____ at _____    Filmed on _____

(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve)    ☐ General Rule 21 (want of prosecution)    ☐ FRCP 41(a)(1)    ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Receiver's motion for an order confirming his authority to convey certain REO property to purchaser and his motion for an order confirming his authority with respect to Arapaho Car wash Loans are granted. Nominal defendants' motion to enlarge time until May 3, 1996 to respond to the counterclaim of RAM is granted. Accordingly, reply is extended to May 24, 1996. Commissioner shall set aside escrow to provide for Continental fees, if ordered by it. Enter Amended Declaratory judgment order nunc pro tunc April 3, 1996 on plaintiff's motion for summary judgment on Count I. RAM has until May 13, 1996 to respond to motions to dismiss count I of RAM's counterclaim by Commissioner and Continental. Ruling set for July 11, 1996 at 9:45 A.M.

(11) ☐ [For further detail see ☐ order on the reverse of ☐ order attached to] the original minute order form.

| No notices required, advised in open court | | number of notices |
|---|---|---|
| No notices required | | |
| Notices mailed by judge's staff | APR 16 1996 | date docketed |
| Notified counsel by telephone | | |
| ☐ Docketing to mail notices | | docketing deputy initials |
| ☐ Mail AO 450 form | APR 16 1996 | date mailed notice |
| ☐ Copy to judge/magistrate judge | | |
| Courtroom deputy's initials: MY | [Date/time received in central Clerk's Office] | mailing deputy initials |

BOOK 19273 PAGE 354

BK 10816 117 34842

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE          )
COMMISSIONER OF THE STATE OF DELAWARE,    )
AS RECEIVER OF NATIONAL HERITAGE LIFE     )
INSURANCE COMPANY IN REHABILITATION,      )
CONTINENTAL STOCK TRANSFER & TRUST        )
COMPANY, MIDWEST INDEPENDENT BANK,        )
and MIDWEST MORTGAGE SERVICING, L.L.C.,   )
                                          )
                    Plaintiffs,           )   Civil Action 95 C 4243
                                          )   Hon. Elaine E. Bucklo
            v.                            )   Magistrate Judge
                                          )   Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX       )
MORTGAGE SERVICES, INC., and              )
RESOURCE ASSET MANAGEMENT, INC.           )
                                          )
                    Defendants.           )

## AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary
Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,
Insurance Commissioner of the State of Delaware, as Receiver of
National Heritage Life Insurance Company in Liquidation (the
"Commissioner"), due notice having been given and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1.  The Commissioner's Motion for Summary Judgment on
    Count I is granted;

2.  All the rights of National Housing Exchange, Inc.
    under the Indenture and Servicing Agreement dated
    December 28, 1993 were terminated on November 7,

Bk 10818 118  34843

6. The Commissioner is entitled to unencumbered
ownership of the Mortgages, Mortgage Files,
Mortgage Loans, Mortgage Impairment Insurance
Policy, Mortgage Notes, Mortgaged Property, Pool of
Mortgages, Related Security Documents and any and
all proceeds thereof, as those terms are defined in
the Indenture and Servicing Agreement dated
December 28, 1993; and,

7. All right, title and interest in and to the
Mortgages, Mortgage Files, Mortgage Loans, Mortgage
Impairment Insurance Policy, Mortgage Notes,
Mortgaged Property, Pools of Mortgage, Related
Security Documents and any and all proceeds
thereof, as those terms are defined in the
Indenture and Servicing Agreement dated December
28, 1993 is vested in the National Heritage Life
Insurance Company in Liquidation (or any affiliate
designated by National Heritage Life Insurance
Company in Liquidation with respect to any
environmentally impaired Mortgaged Property).

ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

Elaine E. Bucklo
United States District Court
Judge

3

Bk 10818 119 34843

**EXHIBIT 2**

Sch... 'e of XXX Bond Loans Secured by Real Estate

November 8, 1994

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| A | | 15 | Duprey | 61 Sterling Lane | Bradford | 400162 | ... | ... |
| | | 16 | Gilet | 71 Princeton, Unit 108 | North Chelmsford | 33553 | ... | ... |
| | Barnstable | 16 | Most | 108 Rowland Circle, #102 | Brewster | 32748 | 6309 | ... |
| | Bristol | 16 | Drumheiser | 14 Spruce Street | New Bedford | 22379 | 2228 | 90 |
| | Essex | 15 | Daigle | 300 Wilson Street, Units 2 & 4 | Haverhill | 164 | 10393 | 473 |
| | | | Roberts | 4 Central Avenue | Methuen | 42312 | 67 | 333 |
| | | 16 | Gauthier/Roder ick | 407 Forest Hill Road | Dunstable | 79019 | 3841 | 233 |
| | | | Moran | 415 Lafayette St. | Salem | 53 | 9067 | 165 |
| | Hampshire | 15 | Duquette | 72 Barrett Street, Unit 11G | Northhampton | 19366 | (none) | (none) |
| | Hillsborough | 16 | Driscoll/Baker | 143 Baboosic Lake Rd. | Merrimack | 402728 | 4591 | 115 |
| | Middlesex | 13 | Elliot Group Inc. | 38-40 Sarah Ave./771 Broadway/285-287 Dutton St. | Lowell | 11569 | B05490 | 278 |
| | | 14 | Gavriel | 26-28 Alma | Lowell | 20595 | 4507 | 61 |
| | | 15 | Babcock | 54 Glenside Avenue | Billerica | 12834 | B04452 | 21 |
| | | | Dabilis | 661-671 Middlesex Road | Lowell | 78706 | 3839 | 259 |
| | | | Dabilis/Gavrie l | 42 Marshall St. | Lowell | 13934 | 3956 | 338 |
| | | | Duffy | 97 Daniels Street | Malden | 442632 | 998 | 129 |
| | | | Grant | 8108 Lawrence Street | Lowell | 36079 | 3556 | 12 |
| | | | Oehley | 11 Pike Street | Hopkinton | (none) | 15414 | 174 |
| | | | Torres/Ramos | 29-31 Queen St. | Lowell | 35435 | 5005 | 150 |
| | | 16 | Arbetter | 78 Captian Eames Circle, #U28 | Ashland | (none) | 16215 | 90 |
| | | | Hague | 40 Aberdeen Street | Lowell | 16671 | 3436 | 159 |
| | | | Hipp | 65 Indian Brook Road | Ashland | 471 | 30144 | 600 |
| | | | Landry | 361 Aiken Avenue, No. 4 | Lowell | 44158 | B05371 | 199 |
| | | | McInnis | 369 Aiken Avenue, Unit 16 | Lowell | 34328 | B04999 | 134 |
| | | 17 | Games | 6 Ledgewood Way, Unit 16 | Peabody | 91 | 9605 | 576 |
| | | | ... ... ... | 394 ... ... | ... ... | 76173 | B04633 | ... |
| | New Haven | 16 | O'Malley ... | 206 West St., Unit 4A | Milford | (none) | 11971 | 278 |

Bk•10816·120··34843

EXHIBIT 1                                          November 4, 1994

Schedule of WCH Bond Loans Secured by Real Estate

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| MA | Norfolk | 15 | Giordano | 660 Franklin Street | Wrentham | 1454 | 7474 | 518 |
| | | | Magri | 7-9 Pierce Street, | Milton | 44301 | 7247 | 447 |
| | | | Padula | 131, 133, & 135 Creek St | Wrentham | 49212½ | 619 | 118 |
| | | | Reed | 691 Washington Street | Braintree | 25552 | 683 | 655 |
| | | 16 | Brustin | 133 Commander Shea Blvd., Unit 116 | Quincy | 13421 | 7434 | 151 |
| | Plymouth | 15 | Feingold/Connolly | 45 Manomet Rd. | Plymouth | 9742 | 10728 | 95 |
| | | 16 | McCann | 50 Pinewood Lane | Duxbury | (none) | 7044 | 65 |
| | | 17 | Malone | 131 Chapel Street | Pembroke | 76854 | 10539 | 342 |
| | | | Pasquariello | 3-12 School Street | Marshfield | 65134 | 6922 | 146 |
| | | | | 3-7 School Street | Marshfield | 65137 | 6922 | 162 |
| | Suffolk | 14 | Pal | 461 Washington Street, Unit 406 | Boston | 143 | 13522 | 64 |
| | | 15 | Deo | 56 Round Hill Street | Jamaica Plain | 390 | 15403 | 128 |
| | | | Glades Realty Trust | 36-38 Grove St. | Chelsea | 211 | 13630 | 336 |
| | | | Levis | 135-137 Sydney Street | Boston | (none) | 13669 | 175 |
| | | | Mannix | 29 Vinton Street | South Boston | (none) | 16204 | 136 |
| | | 16 | Chaletsky | 6 Kittredge Street, No. 5K | Roslindale | 339 | 16232 | 60 |
| | | | Glades Realty Trust | 30-34 Grove St. | Chelsea | 211 | 13630 | 336 |
| | | | Grubbs | 20 American Legion Highway | Boston | 33106 | 14939 | 1 |
| | | | Krell | 1607 Commonwealth, Unit 30 | Boston | 41645 - C114-63 | (none) | (none) |
| | | | Mullings | 40 Kingsdale Street | Dorchester | 457044 | (none) | (none) |
| | | 17 | Brown | 18 Burnett Road, #18 | Revere | 173 | 14934 | 220 |
| | Worcester | 14 | Reingold/Firell | 135 East Main St., Unit C-8 | Westborough | 43917 | 8276 | 321 |
| | | 15 | Choquette | 357 E. Main St. | East Douglas | 8559 | 11900 | 129 |
| | | | Griffin | 5 Griswold Court | Oxbridge | 112513 | 10621 | 265 |
| | | 16 | Humphrey's LTD | 308 West Street, Unit 4A | Hopedale | (none) | 10265 | 188 |
| | | | King | 6 Beckman St | Worcester | 121706 | 10882 | 243 |

BOOK 19273 PAGE 360

Bk * 10816 *



UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 20, 1997 |
| Case Title | Williams, et al. VS. National Housing, et al. | | |

[In the following box (a) indicate the party filing the motion e.g. plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MOTION:

DOCKET ENTRY:                                                      Sent for Microfilming

(1)  ☐  Filed motion of [use listing in "MOTION" box above]
(2)  ☐  Brief in support of motion due _____                         FEB 21 1997
(3)  ☐  Answer brief to motion due _____  Reply to answer brief due Entered on FEB 24 1997
(4)  ☐  Ruling/Hearing  on _____  set for _____  at _____
(5)  ☐  Status hearing  ☐ held  ☐ continued to  ☐ set for  ☐ re-set for  at _____
(6)  ☐  Pretrial conf.  ☐ held  ☐ continued to  ☐ set for  ☐ re-set for  at _____
(7)  ☐  Trial  ☐ Set for  ☐ re-set for _____  at _____
(8)  ☐  ☐ Bench Trial  ☐ Jury Trial  ☐ Hearing  held and continued to _____  at _____
(9)  ☐  This case is dismissed  ☐ without  ☐ with  prejudice and without costs  ☐ by agreement  ☐ pursuant to
          ☐ FRCP 4(j) (failure to serve)  ☐ General Rule 21 (want of prosecution)  ☐ FRCP 41(a)(1)  ☐ FRCP 41(a)(2)

(10) ☐  [Other docket entry]  The Commissioner's motion for the entry of a revised order regarding Massachusetts Mortgage is granted. Enter Revised Order. Plaintiff's motion for reassignment of case number 96 C 8477 based on relatedness is also granted.

(11) ☑  [For further detail see  ☐ order on the reverse of  ☐ order attached to  the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ No notices required, advised in open court | | | number of notices | |
| ☐ No notices required | | | date docketed | |
| ☐ Notices mailed by judge's staff | | FEB 21 1997 | docketing dply. initials | Document # |
| ☐ Notified counsel by telephone | | | date mailed notice | 335 |
| ☐ docketing to mail notices | | RECEIVED FOR DOCKETING 97 FEB 26 20:03 | | |
| ☐ Mail AO 450 form. | | | | |
| ☐ Copy to judge/magistrate Judge. | | FEB 24 1997 | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dply initials | |

BOOK15275PAGE561

Bk-10810-113   34343

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 2 1 1997

| | |
|---|---|
| DONNA LEE H. WILLIAMS, ET AL. | ) |
| | ) |
| Plaintiffs, | ) Civil Action 95 C 4343 |
| | ) Hon. Elaine E. Bucklo |
| v. | ) Magistrate Judge |
| | ) Rebecca R. Pallmeyer |
| NATIONAL HOUSING EXCHANGE INC., APX | ) |
| MORTGAGE SERVICES, INC., and | ) |
| RESOURCE ASSET MANAGEMENT, INC. | ) |
| | ) |
| Defendants. | ) |

## REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES

This matter having come to be heard on the
Commissioner's Motion for the Entry of a Revised Order Regarding
Massachusetts Mortgages subject to the Amended Declaratory
Judgment Order entered April 12, 1996, nunc pro tunc April 3,
1996, a copy of which is attached hereto as Exhibit 1, the Court
hereby orders that National Heritage Life Insurance Company, in
Liquidation ("NHL"), as to any claim of title and possession by
or through National Housing Exchange Inc., APX Mortgage Services,
Inc., Resource Asset Management, Inc., and South Star Management
Corp. (collectively "the Parties"), has good, valid, and
indefeasible ownership of any and all interests, free and clear,
and free of any adverse equities and any other claims in and to
the mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments, whether or
not of record, with respect to the real property located in the
Commonwealth of Massachusetts and listed in Exhibit 2, which is
attached to this Order and incorporated herein (hereinafter such
mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments shall be
referenced as the "Mortgages"), together with:

(1)   any and all notes, loan agreements, credit agreements,
guaranties, and any other evidence of indebtedness
secured by the Mortgages;

(2)   any and all other security interests or claims
pertaining to any indebtedness secured by the
Mortgages, including but not limited to any and all (a)
security agreements or chattel mortgages, (b)
assignments or collateral assignments of rents, leases,
and profits, (c) assignments or collateral assignments
of accounts receivable, (d) assignments, collateral
assignments, or pledges of stock, (e) assignments or
collateral assignments of business licenses, permits,
service contracts and equipment leases, (f) interests
in any insurance proceeds or condemnation awards, (g)

BOOK 19273 PAGE 362

Bk + 10818 + 116    34843

interests in any indemnification agreements, whether
with respect to environmental matters or otherwise, .n
interests in any leases, ground leases, proprietary
leases, or occupancy agreements, (i) interests in any
UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver; and

(3)   any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed or repossessed, or title has
otherwise reverted to Defendant prior to this Order, that, as
between the Parties and NHL, NHL has good, valid and indefeasible
fee simple title, free and clear, and free and clear of any
claims in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated:  2/20/67

Hon. Elaine E. Bucklo
United States District Court Judge



UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 7, 1997 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

(In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.)

**MOTION:**

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]                Sent for Microfilming

(2) Brief in support of motion due _____            FEB 1 0 1997

(3) Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ Ruling / Hearing    on _____ set for    Filmed on _____ at

(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for ____ at ____

(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for ____ at ____

(7) Trial ☐ Set for ☐ re-set for _____ at ____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to ____ at ____

(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] **Commissioner's motion for the entry of an order particularly identifying the I-250 assets is granted. Enter Order.**

(11) ☑ [For further detail see] ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ No notices required, advised in open court. | | | number of notices | |
| ☐ No notices required. | | | | |
| ☐ Notices mailed by judge's staff. | | FEB 1 0 1997 | date docketed | Document # |
| ☐ Notified counsel by telephone. | | | | |
| ☑ Docketing to mail notices. | | | docketing dpty. initials | 320 |
| ☐ Mail AO 450 form. | | | date mailed notice | |
| ☐ Copy to judge/magistrate Judge | | | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dpty. initials | |

BOOK 19273 PAGE 364

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, ET AL.

          Plaintiffs,    )  Civil Action 95 C 4243
                      )  Hon. Elaine E. Bucklo
          v.         )  Magistrate Judge
                      )  Rebecca R. Pallmeyer

NATIONAL HOUSING EXCHANGE INC., APX
MORTGAGE SERVICES, INC., and
RESOURCE ASSET MANAGEMENT, INC.

          Defendants.

DOCKETED
FEB 10 1997

**ORDER PARTICULARLY IDENTIFYING THE I-250 ASSETS**

    This matter having come to be heard on the Commissioner's Motion for the Entry of an Order Particularly Identifying the I-250 Assets, the Court hereby orders that National Heritage Life Insurance Company, in Liquidation ("NHL") has good, valid, and indefeasible ownership of any and all interests, all free and clear of any defects of title and free and clear of any leases, liens, security interests, encumbrances, adverse equities and any other claims of any other person or entity, in and to the mortgages, deeds of trust, trust deeds, deeds to secure debt, security devises or other title retention instruments, whether or not of record, with respect to the real property listed in Exhibit A, which is attached to this Order and incorporated herein (hereinafter such mortgages, deeds of trust, trust deeds, deeds to secure debt, security devises or other title retention instruments shall be referenced as the "Mortgages"), together with:

    (1)  any and all notes, loan agreements, credit agreements, guaranties, and any other evidence of indebtedness secured by the Mortgages;

    (2)  any and all other security interests or claims pertaining to any indebtedness secured by the Mortgages, including but not limited to any and all (a) security agreements or chattel mortgages, (b) assignments or collateral assignments of rents, leases, and profits, (c) assignments or collateral assignments of accounts receivable, (d) assignments, collateral assignments, or pledges of stock, (e) assignments or collateral assignments of business licenses, permits, service contracts and equipment leases, (f) interests in any insurance proceeds or condemnation awards, (g) interests in any indemnification agreements, whether with respect to environmental matters or otherwise, (h) interests in any leases, ground leases, proprietary leases, or occupancy agreements, (i) interests in any

BOOK19273PAGE365

UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver;  and

(3)  any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed, NHL has good, valid and
indefeasible fee simple title, free and clear of any defects of
title and free and clear of any claims of any other person or
entity, in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated:  2/7/97        ENTER:  _Elaine Bucklo_
                              Hon. Elaine E. Bucklo
                              United States District Court Judge

BOOK 19273 PAGE 366

-ge 1

| MACK PHRASE: CLASSIF CONTAINS 1-250 AND NOT CLASSIF CONTAINS bond AND NOT CURSTAT | | | | | | CONTAINS "paid off" | | | |
| ATE COUNTY | MORTGAGR | ADOR | CITY | DOCNO. | BK# | PAGENO. | SHARES | UCC# | COOP |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| San Bernadino | Hobbs | 1358 N. Idyllwild | Rialto | 84-304157 | (none) | (none) | | | |
| Fairfield | Bacon | 120 Huntington Tpk., Unit 303 | Bridgeport | 16789 | 2355 | 211 | | | |
| Lucas | Lenci | 248 Willow St. | Waterbury | 2145 | 2586 | 106 | | | |
| New Haven | Lenci | 242-244 Willow St. | Waterbury | 2143 | 2586 | 94 | | | |
| New Haven | Batam Associates | 1070 New Haven, Unit 53 | Milford | 10648 | 1607 | 125 | | | |
| Orleans Parish | Davis | 1371-1373 St. Bernard Avenue | New Orleans | 482917 | MOB2414 | 136 | | | |
| St. Bernard Parish | Aries Enterprise | 201, 203 & 205 South Pl. | Chalmette | (none) | 142 | 196 | | | |
| Essex | Chimenti | F-1 Colonial Dr., Unit 6 | Andover | (none) | 2522 | 105 | | | |
| Gloucester | Afotey | 520 Caacade Ct., Unit 520 | Sewell | 11348 | MB 1528 | 87 | | | |
| New York | Eisenberg | 66-33 98th Pl., Unit 3J | Rego Park | Stock #154 | | | 204 | (none) | 98th Place Owners |
| New York | Poupon | 5 Tudor City Pl., Unit 308 | New York | Stock #A602 | | | 156 | 95PN18564 | Windsor Owners |
| New York | Verigan | 5 Tudor City Pl., Unit 237 | New York | Stock #A610 | | | 145 | 95PN18563 | Windsor Owners |
| New York | Jenkins | 5 Tudor City Pl., Unit 437 | New York | Stock #A580 | | | 149 | 95PN34567 | Windsor Owners |
| New York | Suh | 5 Tudor City Pl., Unit B-17 | New York | Stock #A582 | | | 284 | 95PN18119 | Windsor Owners |
| New York | McKennan | 5 Tudor City Pl., Unit 715 | New York | Stock #B364 | | | 189 | 30PN67159 | Tudor Owners |
| Queens | Brodigan | 5 Bedford Ave. | Rockaway Park | Stock #9471 | | | 175 | 151741 | Breezy Point Coopera- tive, Inc. |
| Suffolk | Gill | 365 County Rd., Unit 39 | Shinnecock Hills | CD 53814 | 12307 | 391 | | | |

age 2

| EARCH PHRASE: | CLASSIF CONTAINS 1-250 AND NOT C | IF CONTAINS bond AND NOT CURSTAT | | | | ONTAINS "paid off" | | | |
|---|---|---|---|---|---|---|---|---|---|
| TATE COUNTY | MORTGAGR | ADDR | CITY | DOCNO. | BK# | PAGENO. | SHARES | UCC# | COOP |
| H   Franklin | Messenger | 6798 Lehman Rd. | Canal Winchester | (none) | 3469 | 633 | | | |
| H   Franklin | Singer | 809-811 E. 2nd Ave. | Columbus | 23694 | 11293 | 803 | | | |
| H   Franklin | Mullen | 333 S. Sylvan Ave. | Columbus | 5710 | 11073 | 820 | | | |
| H   Lucas | Hudson | 2741 Stickney Ave. | Toledo | 20062 | 83 | 912C09 | | | |
| H   Warren | Green | 395 Morrow Rd. | South Lebanon | 12684 | 037 | 89 | | | |
| A   Philadelphia | Laren | 213 S. 46th St. | Philadelphia | (none) | K0922 | 316 | | | |
| X   Collin | Malone, II | Lot 1 in Block 6 of Bent Trail Addition 3 | Dallas | 43529 | 2894 | 384 | | | |
| X   Lubbock | Patton | 1205-1207 34th St. | Lubbock | 11558 | 2794 | 32 | | | |
| X   Nueces | Loan Tire & Auto Supply | 4015 Ayers | Corpus Christi | 596050 | Roll 195 | 1705 | | | |
| A   Loudoun | Ritenour | South-West corner of Church & State Sts. | Leesburg | 11314 | 1043 | 1333 | | | |
| A   Washington | Kassir/KHS Associates | 920-924 Business Pk. | Chesapeake | 22634 | 2324 | 697 | | | |

BOOK 19273 PAGE 368



UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 16, 1997 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]

Sent for Microfilming

(2) Brief in support of motion due _____

(3) Answer brief to motion due _____ Reply to answer brief due _____ APR 1 7 1997

(4) ☐ Ruling / Hearing    on _____ set for _____ Filmed on APR 21 1997

(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry]  Enter order regarding additional Massachusetts mortgages.

(11) ☑ [For further detail see] ☐ order on the reverse of ☐ order attached to   the original minute order form.]

| | | | number of notices | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required | | | |
| | Notices mailed by judge's staff. | APR 1 7 1997 | date docketed | Document # |
| | Notified counsel by telephone. | 21:12 | docketing dpty. initials | 301 |
| | Mail AO 450 form. | | date mailed notice | |
| | Copy to judge/magistrate Judge. | APR 1 7 1997 | | |
| 7:20 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials | |

BOOK1927 PAGE 369

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

APR 17 1997

| | |
|---|---|
| DONNA LEE H. WILLIAMS, ET AL. | ) |
| | ) |
| Plaintiffs, | ) Civil Action 95 C 4243 |
| | ) Hon. Elaine E. Bucklo |
| v. | ) Magistrate Judge |
| | ) Rebecca R. Pallmeyer |
| NATIONAL HOUSING EXCHANGE INC., APX | ) |
| MORTGAGE SERVICES, INC., and | ) |
| RESOURCE ASSET MANAGEMENT, INC. | ) |
| | ) |
| Defendants. | ) |

## ORDER REGARDING ADDITIONAL MASSACHUSETTS MORTGAGES

This matter having come to be heard on the
Commissioner's Emergency Motion for an Order Confirming Title to
Additional Massachusetts Mortgages, the Court hereby orders that
National Heritage Life Insurance Company, in Liquidation ("NHL")
has good, valid, and indefeasible ownership of any and all
interests, all free and clear of any defects of title and free
and clear of any leases, liens, security interests, encumbrances,
adverse equities and any other claims of any other person or
entity, in and to the mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments, whether or not of record, with respect to the real
property located in the State of Massachusetts and listed in
Exhibit A, which is attached to this Order and incorporated
herein (hereinafter such mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments shall be referenced as the "Mortgages"), together
with:

   (1)   any and all notes, loan agreements, credit agreements,
         guaranties, and any other evidence of indebtedness
         secured by the Mortgages;

   (2)   any and all other security interests or claims
         pertaining to any indebtedness secured by the
         Mortgages, including but not limited to any and all (a)
         security agreements or chattel mortgages, (b)
         assignments or collateral assignments of rents, leases,
         and profits, (c) assignments or collateral assignments
         of accounts receivable, (d) assignments, collateral
         assignments, or pledges of stock, (e) assignments or
         collateral assignments of business licenses, permits,
         service contracts and equipment leases, (f) interests
         in any insurance proceeds or condemnation awards, (g)
         interests in any indemnification agreements, whether
         with respect to environmental matters or otherwise, (h)
         interests in any leases, ground leases, proprietary

BOOK 19273 PAGE 370

leases, or occupancy agreements, (i) interests in any UCC financing statements, (j) creditor's claims, and (k) if the subject Mortgage is in the process of being foreclosed, any proceeds being held in the registry of the court of competent jurisdiction or held by the court-appointed receiver;  and

(3)  any proceeds thereof.

It is further ordered that to the extent that any Mortgages have been foreclosed, NHL has good, valid and indefeasible fee simple title, free and clear of any defects of title and free and clear of any claims of any other person or entity, in and to the real property that is encumbered by said Mortgages, together with all improvements thereon and easements and appurtenances thereto, and together with any and all proceeds concerning such real property held (1) in the registry of any court where such foreclosure action was pending, (2) by any court-appointed receiver for such real property, (3) by any property manager for such real property, and (4) by any other third party.  (Hereinafter all Mortgages and related assets and real property and related assets shall be referenced as the "Assets".)

It is further ordered that, if necessary, in order to fulfill the terms and intent of this Order, NHL shall have the right (1) to unilaterally record any documents transferring or conveying any rights relating to the Assets and encompassed by this Order into the name of NHL, including but not limited to any assignment of any of the Mortgages or any UCC-3 financing statements, and (2) to unilaterally record any new financing statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are not bound by the terms of any oral agreements affecting the Assets made by any predecessor in interest or former servicer of the Assets.

The recording of a certified copy of this Order in any jurisdiction where any Assets are located shall (1) convey title to such Assets to NHL, pursuant to the terms of this Order, and (2) re-establish any lost original instruments or documents pertaining to such Assets.

Dated: _____        ENTER: _____
                                      Hon. Elaine E. Bucklo
                                      United States District Court Judge

\43273\0\J\50COCBAZ.042

BOOK 19273 PAGE 371

age 1

| SEARCH PHRASE:<br>STATE COUNTY | CURSTAT CONTAINS nf AND CLASSIF CONTAINS bond AND BK# EXISTS AND STATE<br>MORTGAGR | ADDR | CITY | DOCNO. | BK# | CONTAINS ma<br>PAGENO. |
|---|---|---|---|---|---|---|
| A  Bristol | Briarcliff 90<br>Realty<br>Trust | 152 N. Main St.,<br>Units 1-8<br>172 N. Main St.,<br>Units 1-8<br>110 Briarcliff<br>Rd.,<br>Units 1-8<br>100 Briarclif<br>Rd.,<br>Units 1-8<br>90 Briarcliff<br>Rd.,<br>Units 1-8 | Raynham | | 4650 | 137 |
| A  Middlesex | Tiger Realty<br>Trust | 225 Steadman St.,<br>Units 29 & 30 | Lowell | 34116 | 4602 | 181 |
| A  Middlesex | Adams | 223 Courtland<br>Street | Holliston | | 21050 | 88 |
| A  Plymouth | Ciampa | 40 Matakeesett<br>St.,<br>Unit 24 | Pembroke | 14473 | 10170 | 112 |
| A  Suffolk | Thomas | 151 Tremont<br>Street,<br>No. 23P | Boston | 464 | 14983 | 325 |
| A  Suffolk | Watkins/Williams | 158 Glenway St. | Dorchester | 283 | 14751 | 151 |

ATTEST: WORC. Anthony J. Vigliotti, Register

BK27191PG112

152487

## DEED

We. E. PERRY KING AND T.A. KING

Of

grant to ~~MANSOUR GAVAL AND NADER GAVAL~~ Mansour Gaval    and Nader Gawal

of 431 SALISBURY St WORE MA #1609

for consideration of ~~NINETY SEVEN THOUSAND AND NO/100 DOLLARS ($97,000.00)~~
ONE HUNDRED TEN THOUSAND AND 00/100 DOLLARS    ($110,000.00)

with quitclaim covenants

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

*Witness* our hands and seals this  15TH    day of  July, 2002

_____    _____
E. PERRY KING                T.A. KING

### THE COMMONWEALTH OF MASSACHUSETTS

Worcester. *s.s.*                              *JULY 15, 2002*

Then personally appeared the above named E. PERRY KING AND T.A. KING and acknowledged the foregoing to be THEIR free act and deed before me,

_____
Notary Public: ALAN MASON
My commission expires: MARCH 21, 2008

WORCESTER
DEEDS REG 20
WORCESTER

CANCELLED                01

FEE          $501.60

CASH      $501.60

PROPERTY ADDRESS: 19 CLIFTON STREET, WORCESTER, MA

02 AUG -9 PM 2 02

BK27191PG113

## SCHEDULE A

Worcester, Worcester County, Massachusetts, in the southerly part thereof, in the section known as Irvington, on the southerly side of Canton Street, shown as Lot 17 on a plan of lots drawn for the Ballard Land Company by Buttrick & Pratt, recorded in Book 1537, Page 653 and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly corner of the herein described premises on the southerly side of Canton Street, formerly known as Albion Avenue;

THENCE southerly by Lot 18, a distance of 100 feet to a stone monument;

THENCE easterly by Lot 35 and Lot 36, a distance of 50 feet to a stone monument;

THENCE northerly by Lot 16, a distance of 100 feet to a stone monument on the southerly side of said Canton Street, formerly Albion Avenue;

THENCE westerly by said Canton Street 50 feet to the point of beginning.

TITLE REF    BOOK 8344    PAGE 333-334

19 Canton Street, Worcester, MA

ATTEST: WORC. Anthony J. Vigliotti, Register

147351

BK27135PG365

30
20

AFTER RECORDING RETURN TO:
Name:
Address:

THIS INSTRUMENT PREPARED BY:
Name: Glenda Wing
Title: Customer Service Technician
FEDERAL DEPOSIT INSURANCE CORP.
1910 Pacific Ave., Dallas, Texas 75201

## SATISFACTION OF MORTGAGE

**DATE:** July 19, 2002

**ORIGINAL NOTE AMOUNT ("Note"):** $112,000.00

**MORTGAGE:**

    **Mortgagor:** E. Perry King and Terry A. King

    **Mortgagee:** Home National Bank of Milford

    **Date of Mortgage:** January 27, 1988

    **Mortgage Securing the Note ("Mortgage") is described in the following document(s), recorded in:**

        Book 11097, Page 122, January 28, 1988, in the Registry of Deeds of Worcester County, Massachusetts.

    **Street Address for Improved Property:**

        19 Canton Street, Worcester, Massachusetts

**OWNER AND HOLDER OF THE NOTE AND MORTGAGE ("FDIC"):**

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for The Home National Bank of Milford, Milford, Masschusetts ("FDIC").

**OWNER AND HOLDER'S MAILING ADDRESS:** 1910 Pacific Avenue
                                    Dallas, Texas 75201

For value received, the sufficiency of which is hereby acknowledged, Holder of the Note and Mortgage acknowledges satisfaction of said Note and Mortgage and surrenders the same as cancelled, and empowers, authorizes and directs the County Recorder to cancel same of record.

02 AUG -1 PM 12:40

BK27135PG366

This Satisfaction of Mortgage is made without recourse, representation or warranty, express or implied upon or by the FDIC.

Where context requires, singular nouns and pronouns include the plural.

Federal Deposit Insurance Corporation,
in the capacity stated above

By    James L. Faison
James L. Faison, Attorney-in-fact
Power of Attorney dated 09/01/01, recorded
In Book 25347, Page 226, in Worcester County,
Registry of Deeds

STATE OF TEXAS              §
                           §
COUNTY OF DALLAS           §

On July 19, 2002, before me, a Notary Public for the State of Texas, personally appeared James L. Faison, Attorney-in-fact, known to me to be the person whose name is subscribed to the within instrument as the Attorney-in-fact of the Federal Deposit Insurance Corporation, who acknowledged to me that he subscribed the name of Federal Deposit Insurance Corporation, as principal, and his own name as Attorney-in-fact; that the instrument was signed for the purposes contained therein on behalf of the said Federal Deposit Insurance Corporation by authority of the said Federal Deposit Insurance Corporation; and that the instrument is the free act and deed of Federal Deposit Insurance Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal on the date above written.

Glenda Wing
Name:  Glenda Wing
Notary Public in and for the State of Texas

GLENDA WING
Notary Public, State of Texas
Commission Expires 03-24-04

Revised by RMJ 8/9/00 (Massachusetts) Satisfaction of Mortgage

ATTEST: WORC. Anthony J. Vigliotti, Register

BK 2 5 3 4 7 PG 2 2 6

AFTER RECORDING RETURN TO:
Federal Deposit Insurance Corporation
ATTN: Ray Holubec/Carol Nugin
Customer Service/Inwood Warehouse
1910 Pacific Avenue
Dallas, TX 75201

13

**190997**

## LIMITED POWER OF ATTORNEY

30/20/2

KNOW ALL PERSONS BY THESE PRESENTS, that the FEDERAL DEPOSIT INSURANCE CORPORATION, a Corporation organized and existing under an Act of Congress, hereinafter called the "FDIC", acting in its Receivership capacity or separate Corporate capacity or as Manager of the FSLIC Resolution Fund has acquired and will acquire certain assets for liquidation and determined that it is necessary to appoint a representative to act on its behalf in connection with the maintenance and liquidation of said assets, hereinafter called the "Acquired Assets."

WHEREAS, FDIC desires to designate James L. Faison as attorney-in-fact for the limited purpose of facilitating the management and disposition of the Acquired Assets; and

WHEREAS, the undersigned has full authority to execute this instrument on behalf of the FDIC under Section C-17 of the Resolution of the FDIC's Board of Directors dated May 6, 1997, bearing Corporate Seal No. 063808.

01 NOV 28    AM 11: 35

NOW, THEREFORE, FDIC appoints James L. Faison as its true and lawful attorney-in-fact to act in its name, place, and stead, and hereby grants James L. Faison the authority, subject to the limitations herein, as follows:

(1) Sign, seal and deliver as the act and deed of the FDIC any instrument in writing, and to do every other thing necessary and proper for the collection and recovery of any and all monies and properties of every kind and nature whatsoever for and on behalf of the FDIC and to give proper receipts and acquittance therefor in the name and on behalf of the FDIC;

(2) Release, discharge or assign any and all judgments, mortgages on real estate or personal property [including the release and discharge of the same of record in the office of any Prothonotary or Register of Deeds wherever located where payments on account of the same in redemption or otherwise may have been made by the debtor (s)], and to endorse receipt of such payment upon the records in any appropriate public office;

(3) Receive, collect and give all proper acquittance for any other sums of money owing to the FDIC for any Acquired Asset which the attorney-in-fact may sell or dispose of;

Limited Power of Attorney
James L. Faison
07/19/01

BK25347PG2227

(4) Execute any and all transfers and assignments as may be necessary to assign any securities or other choses in action;

(5) Sign, seal, acknowledge and deliver any and all agreements, easements, or conveyances as shall be deemed necessary or proper by the FDIC Attorney-in-Fact in the care and management of the Acquired Assets;

(6) Sign, seal, acknowledge and deliver indemnity agreements and surety bonds in the name of and on behalf of the FDIC;

(7) Sign receipts for the payment of all rents and profits due or to become due on the Acquired Assets;

(8) Execute, acknowledge and deliver deeds of real property in the name of the FDIC;

(9) Extend, postpone, release and satisfy or take such other action regarding any mortgage lien held in the name of the FDIC;

(10) Execute, acknowledge and deliver in the name of the FDIC a power of attorney wherever necessary or required by law to any attorney employed by the FDIC;

(11) Foreclose any mortgage or other lien on either real or personal property, wherever located;

(12) Do and perform every act necessary for the use, liquidation or collection of the Acquired Assets held in the name of the FDIC;

(13) Sign, seal, acknowledge and deliver any and all documents as may be necessary to settle any action(s) or claim(s) asserted against the FDIC, either in its Receivership or Corporate capacity, or as Manager of the FSLIC Resolution Fund.

BK2534 7PG228

This Power of Attorney shall be effective September 1, 2001, and shall continue in full force and effect through September 1, 2006 unless otherwise terminated by any official of the FDIC authorized to do so by the Board of Directors.

IN WITNESS WHEREOF, the FDIC, by its duly authorized officer empowered by appropriate resolution of its Board of Directors, has caused these presents to be subscribed in its name this 23 day of July, 2001.

FEDERAL DEPOSIT INSURANCE
CORPORATION

By: _Sharon K. Allen_
Name: Sharon K. Allen
Title: Supervisory Specialist
Dallas Field Operations

(CORPORATE SEAL)          ATTEST: _Valerie J. Best_
                          Name: VALERIE J. BEST
069460                    Title: ASSISTANT EXECUTIVE SECRETARY

Signed, sealed and delivered
in the presence of:

_Bonnie L. O'Neil_
Witness

_Deborah L. Stone_
Witness

Limited Power of Attorney
James L. Faison
07/19/01
                          Page 3

BK25347PG229

**STATE OF TEXAS**

**COUNTY OF DALLAS**

On this 23 day of July, 2001, before me, a Notary Public in and for the State of Texas appeared Sharon K. Allen, to me personally known, who, being by me first duly sworn did depose that she is the Supervisory Specialist/Customer Service, Dallas Field Operations Branch of the Federal Deposit Insurance Corporation (the "Corporation"), in whose name the foregoing Limited Power of Attorney was executed and subscribed, and the said Limited Power of Attorney was executed and subscribed on behalf of the said Corporation by due authority of the Corporation's Board of Directors, and the said Sharon K. Allen acknowledged the said Limited Power of Attorney to be the free act and deed of said Corporation.



> CASSANDRA T. KNIGHTON
> Notary Public, State of Texas
> My Commission Expires 12-09-01

Notary Public

My Commission expires: 12-09-01

**UNITED STATES OF AMERICA**

**DISTRICT OF COLUMBIA**

On this 24th day of ~~July~~ August, 2001, before me, Notary Public in and for the District of Columbia, personally appeared Valerie J. Best, to me known personally, who being by me first duly sworn did depose that she is Assistant Executive Secretary, of the Federal Deposit Insurance Corporation, the Corporation in whose name the foregoing Power of Attorney has been subscribed, who further said that the seal affixed to the said Power of Attorney is the corporate seal of the said Federal Deposit Insurance Corporation, and that the said Power of Attorney was subscribed on behalf of the said Corporation and its seal thereto affixed by due authority of the Corporation's Board of Directors, and the said Valerie J. Best, acknowledge the said Power of Attorney to be the free act and deed of the said Corporation.

Notary Public, District of Columbia

United States of America

My commission expires: September 14, 2005

Limited Power of Attorney
James L. Faison
07/19/01

Page 4

ATTEST: WORC. Anthony J. Vigliotti, Register





Bk: 32728 Pg: 33    Doc: DEED
Page: 1 of 2    01/28/2004 04:01 PM

# QUITCLAIM DEED

a/k/a Nader Gawal

## WE, MANSOUR GAVAL and NADER GAVAL, TENANTS IN COMMON, OF WORCESTER, WORCESTER COUNTY, MASSACHUSETTS

**For consideration paid TWO HUNDRED FIVE THOUSAND AND 00/100--($205,000.00) ------------------------dollars**

## Grants to SANDRA KATZ, INDIVIDUALLY, OF WORCESTER WORCESTER COUNTY, MASSACHUSETTS

### With quitclaim covenants:

The land in Worcester, Worcester County, Massachusetts, ini the southerly part thereof, in the section known as Irvington, on the southerly side of Canton Street, shown as Lot 17 on a plan of lots drawn for the Ballard Land Company by Buttrick & Pratt, recorded in Book 1537, Page 653, and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly corner of the herein described premises on the southerly side of Canton Street, formerly known as Albion Avenue;

THENCE Southerly by Lot 18, a distance of 100 feet to a stone monument;

THENCE Easterly by Lot 35 and 36, a distance of 50 feet to a stone monument;

THENCE Northerly by Lot 18, a distance of 100 feet to a stone monument on the southerly side of said Canton Street, formerly of Albion Avenue;

THENCE Westerly by said Canton Street, 50 feet to the point of beginning.

See Title reference recorded in Book 8344, Pages 333-334.

*(left margin, rotated:)* PROPERTY ADDRESS: 19 CANTON STREET, WORCESTER, MA

MASSACHUSETTS EXCISE TAX
Worcester District ROD #20 001
Date: 01/28/2004 04:01 PM
Ctrl# 014565 17630 Doc# 00014541
Fee: $934.80 Cons: $205,000.00



BEING the same premises conveyed to the grantors by deed recorded at the Worcester District Registry of Deeds in Book 27191, Page 112.

Witness our hands and seals this  19th day of December, 2003.

<div align="right">

~~19 CANTON STREET REALTY TRUST~~

By: _____

Mansour Gaval, ~~xxxxxxxx~~

_____

Nader Gaval, ~~Xxxustee~~     ~~xxxxxxxxxxxxxx~~

</div>

THE COMMONWEALTH OF MASSACHUSETTS

*WORCESTER* , ss.                        DECEMBER  19 , 2003

Then personally appeared the above-named MANSOUR GAVAL and NADER GAVAL ~~XXRXXSXXEESX~~ ~~OFXIXXCANXTONXXSTREETXREXALXTXYXTRXUSXT~~ and acknowledged the foregoing instrument to be their free act and deed, before me,

_____

Notary Public:  Alan Mason

My commission expires: 3/21/08

ATTEST: WORC. Anthony J. Vigliotti, Register

@002/021

# CREED & FORMICA
### C O U N S E L L O R S   A T   L A W

1329 HIGHLAND AVENUE
NEEDHAM, MA 02492
(781) 449-4600
(781) 449-4650 FAX

JAMES F. CREED JR.
JEFFREY N. FORMICA
SARA D. TRUPE CLOHERTY*
*ALSO ADMITTED IN R.I.

393-5007

*07-14-04*
A TRUE COPY ATTEST

DEPUTY SHERIFF

July 8, 2004

Sandra Katz
11 Birchwood Road
Worcester, MA 01609-1107

Terry A. King
7 Sovereign Heights
Sutton, MA 01590-2315

E. Perry King
10 Dodge Hill Road
Sutton, MA 01590

| | |
|---|---|
| Re: | 19 Canton Street |
| | Worcester, MA |
| Mortgagors: | E. Perry King |
| | Terry A. King |
| File No.: | 8578.0001 |
| Loan Amount: | $112,000.00 |
| Origination Date: | January 27, 1988 |
| Term: | Twenty (20) Years |
| Recording: | Worcester County Registry of Deeds |
| | Book 11097, Page 122 |

Dear Title Holder/Mortgagors:

This office represents the current holder of the above-referenced
mortgage, National Heritage Life Insurance Company, in Liquidation,
(hereinafter, "NHL"). This letter will serve as your notice that
the loan is in default, and has been for more than thirty (30)
days, and that NHL has previously exercised its right to accelerate
the promissory note and demand immediate payment in full of all
amounts known to be outstanding. NHL, through NHL Trust, filed
suit in the Superior Court Department, in and for Worcester County,
Civil Action No.98-00897, and the above-referenced mortgagor's
failed to answer or defend, and default judgment on the promissory
entered as against them on October 16, 1998 in the amount of
$170,428.86, inclusive of costs and attorney's fees.

This file has been forwarded to this office to commence foreclosure
proceedings under the mortgage which secures said note.

As of July 7, 2004, the amount outstanding on the judgment on the
note is $248,471.47, in accordance with the Statement of even date
therewith, a copy of which is attached hereto as Exhibit "A". You
have the right to dispute this debt, and bring a court action to
assert the non-existence of the debt, or any other defense(s) you
may have hereto.

July 7, 2004
Page 2

If you attempt to cure the default within thirty (30) days, you must pay the above amount within thirty (30) days of your receipt of this letter. In addition, interest will continue to accrue on the judgment at the rate of eight (8%) percent, and must be added to the amount specified above and paid at the time of payment.

Payment must be made by money order or cashier's check: personal checks will not be accepted. Checks must be made payable to National Heritage Life Insurance Company, in Liquidation, and sent to Creed & Formica, 1329 Highland Avenue, Needham, Massachusetts 02492.

Notice is hereby given in the event you do not satisfy this debt by the payment of the outstanding amount due within thirty (30) days, as provided herein, NHL will have no recourse but to initiate foreclosure proceedings against the Premises secured by its mortgag. This may result in the sale of the Premises at public auction.

You have the right to cure and discontinue any enforcement proceedings by paying all sums which are due under the judgment, and secured by the mortgage, and any attorney's fees, plus the cost of the proceedings which have been incurred to the date of such payment. Also, you have the right to bring court action to assert the non-existence of a debt, or any other defense of the borrower or judgment debtor to these claim.

Thank you for your attention to this matter.

Regards,

James F. Creed, Jr.

JFC/dar

# CIVIL ACTION
## COVER SHEET

04-2116A

### Superior Court Department
County: Worcester

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Sandra S. Katz | Donna Lee H. Williams, Insurance Commissioner of the State of Delaware, as Receiver of Nat'l Heritage Life Ins. Company in Liquidation, |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Robert B. Gibbons, Esq.   BBO#631049<br>Mirick, O'Connell<br>100 Front St., Worcester, MA 01608<br>Board of Bar Overseers number: (508) 791-8500 | |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint

[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)

[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)

[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)

[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( F ) | ( ) Yes   ( x ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .

Subtotal $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . . .

TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This is a declaratory judgment action to determine and adjudicate the rights and liabilities of the parties regarding property located at 19 Canton Street, Worcester, Massachusetts.

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record          Robert B. Gibbons          DATE: 10/26/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# WOCV2004-02116
## Katz v Williams Commissioner

| File Date | 10/27/2004 | Status | Disposed: transfered to other court (dtrans) | | |
|-----------|------------|--------|-----------|---|---|
| Status Date | 01/28/2005 | Session | A - Civil A (12 Worcester) | | |
| Origin | 1 | Case Type | D13 - Declaratory judgement (231A) | | |
| Lead Case | | Track | A | | |

| Service | 01/25/2005 | Answer | 03/26/2005 | Rule12/19/20 | 03/26/2005 |
|---------|------------|--------|------------|--------------|------------|
| Rule 15 | 01/20/2006 | Discovery | 12/16/2006 | Rule 56 | 02/14/2007 |
| Final PTC | 06/14/2007 | Disposition | 10/27/2007 | Jury Trial | No |

### PARTIES

**Plaintiff**
Sandra S Katz
19 Canton Street
Worcester, MA 01608
Active 10/27/2004

**Private Counsel 631049**
Robert B Gibbons
Mirick O'Connell DeMallie & Lougee
100 Front Street
Worcester, MA 01608-1477
Phone: 508-791-8500
Fax: 508-791-8502
Active 10/27/2004 Notify

**Private Counsel 656179**
Kristin D Thompson
Mirick O'Connell DeMallie & Lougee
100 Front Street
Worcester, MA 01608
Phone: 508-791-8500
Fax:
Active 10/27/2004 Notify

**Defendant**
Lee H  Williams Commissioner
841 Silver LAke Boulevard
Dover, DE 19901
Commissioner of the State of Delaware
Answered: 12/08/2004
Answered 12/08/2004

**Private Counsel 552138**
James F Creed Jr
Creed & Formica
1329 Highland Avenue
Needham, MA 02492
Phone: 781-449-4600
Fax: 781-449-4630
Active 12/08/2004 Notify

**Alias defendant name**
 National Heritage Life Insurance Company in
Liquidation
Active 10/27/2004

## WOCV2004-02116
## Katz v Williams Commissioner

**Plaintiff/3rd party**
Donna Lee H Williams Commissioner
of the State of Delaware as Receiver of National
Hertiage Life I
Active 12/27/2004

**Defendant/3rd party**
Federal Deposit Insurance Corporation
Served: 01/03/2005
Served (answr pending) 01/13/2005

**Defendant/3rd party**
United States of America
Served: 12/30/2004
Served (answr pending) 01/13/2005

**Defendant/3rd party**
E Perry King
Served: 01/03/2005
Served (answr pending) 01/03/2005

**Defendant/3rd party**
Alan Mason
Served: 01/03/2005
Served (answr pending) 01/03/2005

**Defendant/3rd party**
Alan Mason Legal Services PC
Served: 01/03/2005
Served (answr pending) 01/03/2005

MASXP-20051012 Case 4:05-cv-40014-FDS Commonwealth of Massachusetts 11/2006 Page 3 of 4     03/28/2006
walsh_r        WORCESTER SUPERIOR COURT        09:24 AM
Case Summary
Civil Docket

## WOCV2004-02116
## Katz v Williams Commissioner

| | |
|---|---|
| **Defendant/3rd party**<br>Alan Mason Legal Services Inc<br>Served: 01/03/2005<br>Served (answr pending) 01/03/2005 | |
| **Defendant/3rd party**<br>Alan Mason dba Alan Mason Legal Services PC<br>Served: 01/03/2005<br>Served (answr pending) 01/03/2005 | |
| **Defendant/3rd party**<br>Alan Mason dba Alan Mason Legal Services Inc<br>Served: 01/03/2005<br>Served (answr pending) 01/03/2005 | |
| **Defendant/3rd party**<br>Alan Mason Legal Services PC dba Alan Mason<br>Legal Services Inc<br>Served: 01/03/2005<br>Served (answr pending) 01/03/2005 | |
| **Out-of-state attorney**<br>Paul D Maggioni<br>New York Legal Services Office<br>20 Exchange Place 6th floor<br>New York, NY 10005<br>Phone: 917-320-2864<br>counsel for FDIC<br>Active 01/21/2005 Notify | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/27/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/27/2004 | | Origin 1, Type D13, Track A. |
| 10/27/2004 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge<br>and $20.00 security fee.($275.00) |
| 11/19/2004 | 2.0 | SERVICE RETURNED (summons): Donna H. Williams 11/3/04 (no s) |
| 12/08/2004 | 3.0 | ANSWER: Lee H Williams Commissioner(Defendant) & COUNTERCLAIM |
| 12/22/2004 | 4.0 | Plff. Sandra S. Katz answer to deft's counterclaim |

## WOCV2004-02116
## Katz v Williams Commissioner

| Date | Paper | Text |
|------|-------|------|
| 12/27/2004 | 5.0 | Complaint of 3d-party Plf Lee H Williams Commissioner, National Heritage Life Insurance Company in Liquidation v Federal Deposit Insurance Corporation, United States of America, E Perry King, Alan Mason, Alan Mason Legal Services PC, Alan Mason Legal Services Inc along with filing fee in the amt of $260.00 including security fee rec'd |
| 01/03/2005 | 6.0 | SERVICE RETURNED: E Perry King(Defendant/3rd party) Service made on 12/29/04 (last and usual place of abode) |
| 01/03/2005 | 7.0 | SERVICE RETURNED: Alan Mason(Defendant/3rd party) Service made on 12/29/04 (in hand) |
| 01/03/2005 | 8.0 | SERVICE RETURNED: Alan Mason Legal Services PC (Defendant/3rd party) Service made on 12/29/04 (in hand) |
| 01/03/2005 | 9.0 | SERVICE RETURNED: Alan Mason Legal Services Inc (Defendant/3rd party) Service made on 12/29/04 (in hand) |
| 01/03/2005 | 10.0 | SERVICE RETURNED: Alan Mason dba Alan Mason Legal Services PC(Defendant/3rd party) Service made on 12/29/04 (in hand) |
| 01/03/2005 | 11.0 | SERVICE RETURNED: Alan Mason dba Alan Mason Legal Services Inc(Defendant/3rd party) Service made on 12/29/04 (in hand) |
| 01/03/2005 | 12.0 | SERVICE RETURNED: Alan Mason Legal Services PC dba Alan Mason Legal Services Inc(Defendant/3rd party) Service made on 12/29/04 (in hand) |
| 01/13/2005 | 13.0 | SERVICE RETURNED: United States of America(Defendant/3rd party) 12/30/05 (agent person in charge) |
| 01/13/2005 | 14.0 | SERVICE RETURNED: Federal Deposit Insurance Corporation(Defendant/3rd party) 1/3/05 (s) |
| 01/21/2005 | 15.0 | Notice for Removal to the United States District Court filed by Federal Deposit Insurance Corporation |
| 01/28/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

A true copy by photostatic process
Attest:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

*Filed*
*NOV 19 2004*

**Superior Court**
**Department of the Trial Court**
**of the Commonwealth**
**Civil Action**

No.   04-2116-A

SANDRA S. KATZ,

)
)
)
Plaintiff (s)                )
)          **SUMMONS**
v.                              )
)
DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF     )
THE STATE OF DELAWARE, AS RECEIVER OF NATIONAL       )
HERITAGE LIFE INSURANCE COMPANY       Defendant (s)  )
IN LIQUIDATION,

✳      To the above-named Defendant:

You are hereby summoned and required to serve upon....Robert..B...Gibbons....
..Mirick,..O'Connell.........................................................................., plaintiff's  attorney,
whose address is .100..Front..Street,..Worcester,..MA..01608....................................
an answer to the complaint which is herewith served upon you, within 20 **days after**
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the **complaint.**
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the....1st..................
day of ..............November...............................in the year of our Lord two thousand  and
....four............ .



**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✳          NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
            if you claim to have a defense, either you or your attorney must serve a copy of your written
            answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
            Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...... *November 3, 2004* ..........................................

James Creed, Jr., Esq. accepted
20............., I served a copy of the within summons, together with a copy of the complaint in this action,
on behalf of my client, Donna Lee H. Williams, Insurance Commissioner of the State**
upon the within named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

..............by First Class Mail, postage prepaid, ...............................................................................

........................................................................................................................................................

........................................................................................................................................................

**of Delaware, as Receiver of National Heritage Life Insurance Company in Liquidation

Dated: ............*11/10*......................., 20.*04*.............. .

_____
James Creed, Jr., Esq.

**N.B. TO PROCESS SERVER:**

    PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

    **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

```
┌─────────────────────────────────────┐
│                              , 20    │
└─────────────────────────────────────┘
```

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

..........................Plaintiff

v.

..........................Defendant

SUMMONS

(Mass. R. Civ. P. 4)

A true copy by photostatic process
Attest
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                  SUPERIOR COURT DEPT.
                                                CIVIL ACTION NO. 04-2116A

SANDRA S. KATZ,                                 )
        Plaintiff,                              )
                                                )
                v.                              )
                                                )
DONNA LEE H. WILLIAMS, INSURANCE                )
COMMISSIONER OF THE STATE OF DELAWARE           )
AS RECEIVER OF NATIONAL HERITAGE                )
LIFE INSURANCE COMPANY IN LIQUIDATION           )
        Defendant.                              )



## ANSWER AND COUNTERCLAIM

NOW COMES the Defendant, Donna Lee H. Williams, Insurance Commissioner of the State of Delaware As Receiver of National Heritage Life Insurance Company in Liquidation ("NHL"), and does hereby answer the averments as set forth in the numbered paragraphs of the Plaintiff's Complaint, as follows:

1.    The Defendant has insufficient information, knowledge and belief to formulate an answer to the allegations of this paragraph.

2.    Admit.

### COUNT I

3.    The Defendant realleges and reavers each and every allegation of Paragraphs 1 through 2, as if the same were set forth herein.

4.    Admit.

5.    Admit.

6.    Admit, except to the extent that the Defendant states the date was on or about June 1, 1990.

7.    Admit.

8.    Admit.

9.     Admit.

10.    Admit.

11.    The Defendant has insufficient information, knowledge and belief to formulate an
       answer to the allegations of this paragraph.

12.    The Defendant has insufficient information, knowledge and belief to formulate an
       answer to the allegations of this paragraph.

13.    The Defendant has insufficient information, knowledge and belief to formulate an
       answer to the allegations of this paragraph.

14.    Denied.

15.    Admit.

16.    Admit.

17.    Admit.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted.  Mass.R.Civ.P.
12(b)(6).

### Second Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of estoppel.

### Third Affirmative Defense

The Plaintiff is barred from recovery as claimed under principles of laches.

### Fourth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of waiver.

### Fifth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of failure to satisfy a
condition precedent.

### Sixth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of failure of
consideration.

Seventh Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of Statute of Frauds.

Eighth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of breach of contract.

Ninth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of fraud.

Tenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of unclean hands.

Eleventh Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of accord and satisfaction.

Twelfth Affirmative Defense

The Plaintiff is barred from recovery as claimed for insufficiency of process and insufficiency of service of process. MRCP 12(b)(3) and (4).

Thirteenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of contributory negligence.

Fourteenth Affirmative Defense

The Plaintiff is barred from recovery as claimed for failing to join indispensable parties under Rule 19. MRCP 12(b)(7).

Fifteenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of illegality.

Sixteenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of release.

Seventeenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of res judicata.

Eighteenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of statute of limitations.

Nineteenth Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of violations of G.L. c. 93A.

Twentieth Affirmative Defense

The Plaintiff is barred form recovery as claimed under the principles of ratification.

少

Twenty-first Affirmative Defense

The Plaintiff is barred from recovery as claimed under the principles of G.L. c.231, §6F.

Twenty-second Affirmative Defense

The Plaintiff cannot maintain an action in fraud based on a failure to comply with the provisions of MRCP 9(b).

WHEREFORE, the Defendant prays of this Honorable Court for the dismissal of the Plaintiff's complaint, that the Defendant be awarded its cost, including reasonable attorney's fees, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

NOW COMES Donna Lee H. Williams, Insurance Commissioner of the State of Delaware As Receiver of National Heritage Life Insurance Company in Liquidation ("NHL"), and for its Counterclaim against Plaintiff states and alleges as follows:

1. The Plaintiff in Counterclaim is Donna Lee H. Williams, Insurance Commissioner of the State of Delaware As Receiver of National Heritage Life Insurance Company in Liquidation ("NHL").

2. The Defendant in Counterclaim is Sandra Katz, who resides at 11 Birchwood Road, Worcester, Massachusetts.

3. NHL is the owner of a Note originally granted by Perry King and Terry King to The Home National Bank of Milford.

4. On or about January 27, 1988, Perry King and Terry King executed and delivered a Promissory Note (hereinafter "Note") to The Home National Bank of Milford in the sum of $112,000.00, dated January 27, 1988. In the Note, Perry King and Terry King promised to pay monthly principal and interest payments in the amount of $1,137.07 to the Home National Bank of Milford or Noteholder for twenty years, with variable rate interest thereon.

4

5.    The Note was secured by a mortgage on real estate located at 19 Canton Street, Worcester, County of Worcester, Massachusetts. Said mortgage was recorded in the Worcester District Registry of Deeds at Book 11097 and Page 122. (The Promissory Note and Mortgage for 19 Canton Street hereinafter referred to as "Canton Loan.") (Copies of the Note and Mortgage for 19 Canton Street are attached hereto as Exhibits "A" and "B", respectively.)

6.    On March 29, 1994, the Federal Deposit Insurance Corporation, as assignee of the Receiver of the Home National Bank of Milford, Massachusetts, assigned the Canton Loan to South Star Management Company, Inc., a Florida corporation of Miami, Florida, effective as of December 17, 1993. (A copy of this assignment is attached hereto as Exhibit "C".) On March 18, 1994, South Star Management Company, Inc. assigned the Canton Loan to the National Housing Exchange, Inc., a North Carolina corporation, effective as of December 28, 1993. (A copy of this assignment is attached hereto as Exhibit "D".)

8.    Thereafter, unencumbered ownership of the Canton Loan for 19 Canton Street, Worcester, Massachusetts was determined to be vested in NHL. Ownership, and rights to any and all proceeds therefrom, of the Canton Loan was recognized by the Superior Court Department for Suffolk County, in Civil Action No. 97-02013 B, which entered two default judgments thereby recognizing and giving effect to the following judgments in Massachusetts:

   1)    The Chancery Court of the State of Delaware in and for New Castle County Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995;

   2)    The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, nunc pro tunc, April 3, 1996;

   3)    The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997;

5

4)    The United States District Court, Northern District of Illinois, Eastern Division's Order Particularly Identifying the I-250 Assets No. 95 C 5253 dated February 7, 1997;

5)    The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Additional Massachusetts Mortgages No. 95 C 4243, dated April 15, 1997.

(Copies of the two Superior Court Judgments by Default in Civil Action 97-02013 B, are attached hereto as Exhibit "E" and "F", respectively, with copies of the foreign judgments attached thereto. Exhibit 2 to the February 20, 1997 Revised Order Regarding Massachusetts Mortgages from the U.S. District Court for the Northern District of Illinois, Eastern Division, specifically makes reference to 19 Canton Street, in Worcester, Massachusetts.)

9.    The two Superior Court Default Judgments were recorded by NHL on or about September 15, 1997 and October 21, 1997 at the Worcester County Registry of Deeds.

10.   Upon information and belief, Katz obtained title to the property at 19 Canton Street on or about January 28, 2004.

11.   On July 8, 2004, NHL, through its counsel, gave notice of default and intention to foreclose to Katz.

## COUNT I

12.   The Defendant realleges and reavers each and every allegation of Paragraphs 1 through 11, as if the same were set forth herein.

13.   Pursuant to G.L.c. 184, §4, Katz was provided notice of the default judgments, and therefore is subject to the terms of the Canton Loan.

14.   Declaratory relief pursuant to G.L.c. 231A should issue in favor of NHL determining that the property at 19 Canton Street is subject to the outstanding mortgage held by NHL.

6

15.    A dispute exists between Katz and NHL as to whether the current title holder, Katz, is subject to the mortgage held by NHL.

16.    An actual case and existing bona fide controversy exists between NHL and Katz as to their legal relations in respect to the aforesaid mortgage, and the rights of the parties thereunder can be determined only by a declaratory judgment.

## COUNT II

17.    The Defendant realleges and reavers each and every allegation of Paragraphs 1 through 16, as if the same were set forth herein.

18.    Katz purchased the property at 19 Canton Street at a reduced market value as admitted by the seller due to the outstanding encumbrances existing against the property, which encumbrances included the Canton Loan. See Exhibit G, copy of Complaint filed as Worcester Superior Court Docket No. WOCV2004-00762-C, *Gaval et al. v. Mason et al.*

19.    In return for accepting and purchasing at a reduced value the property at 19 Canton Street with knowledge of the Canton Loan, Katz was able to receive a reduction in the sale price of the property. (See Paragraph 15, Exhibit G.)

20.    Declaratory judgment should enter in favor of NHL as against Katz establishing that Katz had actual notice of the outstanding Canton Loan prior to purchasing the property at 19 Canton Street, and therefore the property at 19 Canton remains subject to the Canton Loan.

21.     A dispute exists between Katz and NHL as to whether the current title holder, Katz, is subject to the mortgage held by NHL.

22.     An actual case and existing bona fide controversy exists between NHL and Katz as to their legal relations in respect to the aforesaid mortgage, and the rights of the parties thereunder can be determined only by a declaratory judgment.

        WHEREFORE, Plaintiff-in-Counterclaim prays of this Honorable Court to enter a declaratory judgment in favor of NHL as against Katz finding that the property is encumbered by the Canton Loan, award and assess actual damages in favor of NHL against Katz; assess and award NHL interest, costs, and reasonable attorney's fees as against Katz; and such other and further relief as this Court deems just and proper.

                                        Respectfully submitted,
                                        Donna Lee H. Williams,
                                        Insurance Commissioner of
                                        the State of Delaware As
                                        Receiver of National Heritage
                                        Life Insurance Company in

                                        By her attorneys,


                                        James F. Creed, Jr.
                                        BBO#552138
                                        Sara D. Prupe Cloherty
                                        BBO#632528
                                        CREED & FORMICA
                                        1329 Highland Avenue
                                        Needham, MA 02492
Dated:  12/6/04                         (781) 449-4600


A true copy by photostatic process
Attest:

EXHIBIT

10200

# PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, jointly and severally, promise to pay to THE HOME NATIONAL BANK OF MILFORD, a banking association duly established under the laws of the United States of America, or order, at said Bank, or such other place as the holder of the Note may designate, the principal sum of ONE HUNDRED TWELVE THOUSAND AND 00/100 ($112,000.00) DOLLARS, IN TWENTY (20) YEARS, with interest computed daily at a rate of TEN AND THREE QUARTERS (10.75%) PERCENT PER ANNUM on all unpaid balances of said principal sum, with monthly payments of principal and interest of ONE THOUSAND ONE HUNDRED THIRTY SEVEN AND 07/100 ($1,137.07) DOLLARS made on the 27th day of each month and continuing on the 27th day of each month thereafter until all principal and interest is paid in full. Notwithstanding the foregoing sentence, the holder of this Note shall have the right to adjust the rate of interest payable hereunder one (1) YEAR from the date of this Note and every one (1) YEAR thereafter. In the event that an adjustment is to be made in the interest rate, the holder shall give the maker at least 15 days written notice prior to the effective date of the adjustment and shall include an explanation of the adjustment and the notice. Failure by the Bank to notify the maker of this adjustment does not preclude the Bank from making this adjustment. The adjustment shall be made to a rate of TWO (2%) PERCENT above the then current base loan rate of The First National Bank of Boston. Any adjustment shall be effected by an increase or decrease, as the case may be, in the periodic payment amounts commencing with the first payment due after the effective date of the change. A fee of $187.00 shall be paid by the Borrower at the time of the loan closing.

Each payment shall be credited first to interest than due, and the remainder to principal. The mortgage given hereunder is also to secure any future advances, and it is agreed by the Borrower that any future advances are deemed to be given in contemplation of this loan.

If this note is prepaid within three (3) years from the date hereof, such prepayment shall be accompanied by a charge equal to a percentage of the then outstanding principal balance which percentage, to the extent permitted by law, shall be three (3%) percent for the period of one (1) year from the date hereof and shall decrease by one percent (1%) on each anniversary date of this Note to one (1%) percent in the third (3rd) year.

This Note is secured by a Mortgage and Security Agreement of the Borrower of even date herewith (the "Mortgage") covering certain real estate located at 19 Canton Street, Worcester, County of Worcester, Massachusetts, (the "Mortgaged Premises",), which, together with any other instrument securing this Note, being hereinafter collectively referred to as the

"Security Instruments". This Note is entitled to the benefits of the Security Instruments and specific reference is hereby made to such instruments for all purposes.

Upon occurrence of (which events shall be an Event of Default hereunder):

(i)     the failure of Borrower to make any payment hereunder within thirty (30) days after the same is due or

(ii)    an Event of Default as described and defined in any of the Security Instruments, or any other instrument evidencing any indebtedness of the Borrower to the Lender and the expiration of any period provided in such instrument to cure such default, then the holder hereof may declare the entire unpaid principal balance hereunder immediately due and payable without notice, demand or presentment and may exercise any of its rights under the Security Instruments. In the event that the Lender or any subsequent holder of this Note shall exercise or endeavor to exercise or endeavor to exercise any of its remedies hereunder or under the Security Instruments, the Borrower shall pay on demand all reasonable costs and expenses incurred in connection therewith, including, without limitation, reasonable attorney's fees and the Lender may take judgement for all such amounts in addition to all other sums due hereunder, Irrespective of the exercise or non-exercise of any of the aforesaid rights, if any payment of principal or interest hereunder is not paid in full within fifteen (15) days after the same is due, the Borrower shall pay to the Lender a late charge on such unpaid amount equal to five (5%) percent of such late payment.

The Borrower waives presentment for payment, protest and demand, and notice of protest, demand and/or dishonor and non-payment of this Note, notice of any Event of Default under the Security Instruments except as specifically provided therein, and all other notices or demands otherwise required by law that the Borrower may lawfully waive. The Borrower expressly agrees that this Note, or any payment hereunder, may be extended from time to time, without in any way affecting the liability of the Borrower. No unilateral consent or waiver by the Lender with respect to any action or failure to act which, without consent, would constitute a breach of any provision of this Note shall be valid and binding unless in writing and signed by the Lender.

The rights and obligations of the Borrower and all provisions hereof shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

All agreements between the Borrower and the Lender are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration of maturity of the indebtedness evidenced hereby or otherwise, shall the amount paid or agreed to be paid to the Lender for the use, forbearance or detention of the indebtedness evidenced hereby exceed the maximum

Pay to the order of National Housing Exchange, Inc.,
WITHOUT RECOURSE
SOUTH STAR MANAGEMENT COMPANY, INC.
also known as South Star Management Co., Inc.

By: _____
    Jar R. Schneiderman, V.P.

permissible under applicable law. As used herein, the term "applicable law" shall mean the law in effect as of the date hereof, provided, however, that in the event there is a change in the law which results in a higher permissible rate of interest, then this Note shall be governed by such new law as of its effective date. In this regard, it is the intent of Borrower and Lender in the execution, delivery and acceptance of this Note to contract in strict compliance with the laws of the Commonwealth of Massachusetts from time to time in effect. If, from any circumstances whatsoever, fulfillment of any provision hereof or of any of the Security Instruments at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, than the obligation to be fulfilled shall automatically be reduced to the limit of such validity, and if from any circumstances the Lender should ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the principal balance evidenced hereby and not to the payment of interest. This provision shall control every other provision of all agreements between the Borrower and the Lender.

The Borrower shall remain primarily liable on this Note and the Security Instruments until full payment, unaffected by an alienation of the Mortgaged Premises, by an agreement or transaction between the Lender any subsequent owner or assignee of the Mortgaged Premises as to payment of principal, interest or other monies, by any forbearance or extension of time, guaranty or assumption by others, or by any other matter, as to all of which notice is hereby waived by the Borrower.

This instrument shall take effect as a sealed instrument on this 27th day of Jan, 1988, and shall be governed by the laws of the United States of America, and the Commonwealth of Massachusetts.

SIGNED IN THE PRESENCE OF:

_____    _____
                             E. Perry King

_____    _____
                             Terry A. King

Pay to the order of South Star Management Co., Inc.    Without Recourse.

FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity as Assignee of the Receiver of Home National Bank of Milford.
By: _____
    Kirby N. Schaefer
Title: Attorney-in-fact

Pay to the order of Continental Stock Transfer & Trust Company,
WITHOUT RECOURSE
NATIONAL HOUSING EXCHANGE, INC.

By _____
   Albert J. Sonnenblik, V.P.



EXHIBIT
B

## MORTGAGE

   E. PERRY KING AND  TERRY A.  KING (the  "Mortgagor"), having a
principal   place   of   business   at   188   Route   146   Sutton,
Massachusetts, FOR  CONSIDERATION  PAID  GRANT(S)  TO  THE  HOME
NATIONAL BANK OF MILFORD,  a  national  banking  association (the
"Mortgagee"),   whose   address   is   221   Main   Street,   Milford,
Worcester County, Massachusetts 01757;

WITH  MORTGAGE  COVENANTS,  to   secure   the   payment   of  the
indebtedness described in Paragraph 10 below (the "Obligation"),
the property  described  in  Exhibit A  annexed hereto and by this
reference made a part hereof (the "Property"):

Together with (a) insofar as the same are or can  by agreement of
the  parties  be  made  a  part of the Property, all fixtures and
appliances now or hereafter attached to, placed on,  installed in
or  used  in  any  way  in  connection  with  the Property and/or
buildings and structures thereon, including without being limited
to,  portable  or  sectional  buildings; screens, awnings, screen
doors, storm  and  other  detachable  windows  and  doors; window
shades and  blinds; inlaid  or attached floor coverings; boilers,
tanks, furnaces, radiators, water heaters,  elevators,  fire and
other  alarm  systems,  cooling  towers and compressors; heating,
lighting, plumbing,  gas,  electric,  ventilating, refrigerating,
air     conditioning,   ice  making,  sprinkler  and  incinerating
controls, apparatus and equipment; garbage and trash incinerators
and    receptacles,   ovens,    boilers,    stoves,   refrigerators,
dishwashers, washing machines, driers,  television antennas;
fences and partitions; trees  and  hardy  shrubs; all of which
fixtures,  including   accessories  and   additions  thereto  and
replacements thereof,  are  hereby declared and shall be deemed to
be accessory to the  freehold  and  a  part  of  the  Property as
between the  parties hereto, their successors and assigns and all
persons claiming by, through, or under them, and shall constitute
security for  the Obligation and be subject to this Mortgage; (b)
all improvements now or  hereafter erected  on the  Property; and
(c) all  easements, rights, appurtenances, rents, water and water
rights.

All of the foregoing being hereinafter  sometimes referred  to as
the "mortgaged premises."

AND Mortgagor  (a) herewith assigns to Mortgagee all future rents
and profits from the mortgaged premises, provided, however, until
default  under  the  Obligation,  this  Mortgage,  or  the  other
instruments securing  the  Obligation  or  otherwise  executed in
connection  therewith,  Mortgagor  may  continue  to  collect and
retain such rents and profits as they become due and payable; (b)
shall  perform  and  observe  all the obligations imposed upon it
under any lease of the mortgaged premises or any portion thereof,
and shall  not do,  or permit  to be done, anything to impair the
security thereof; and, in  addition to  the obligations contained

elsewhere herein, if such leases shall include any residential
units, Mortgagor shall conform to any law or regulation
applicable thereto; and (c) agrees that if the Obligation shall
become due and payable in accordance with the terms hereof, it
will, upon demand of the Mortgagee, assign any and all leases of
the mortgaged premises then existing to the Mortgagee, and agrees
that after such assignments Mortgagee may modify and otherwise
deal with such leases as if the owner of the mortgaged premises.

The Mortgagor, for the Mortgagor and the Mortgagor's successors
and assigns, covenants and agrees in addition to the STATUTORY
CONDITION:

1. To keep the buildings, structures, improvements and fixtures
now or hereafter standing on the mortgaged premises insured
against fire with extended coverage and/or such other perils as
the Mortgagee shall reasonably request in such amounts and
companies and in such forms as shall be satisfactory to the
Mortgagee, all insurance to be for the benefit of and payable in
case of loss to the Mortgagee and the Mortgagor as their
interests may appear of record and to contain a provision that it
shall not be cancelled or modified without at least ten (10) days
prior written notice to the Mortgagee; to pay or cause to be paid
when due all premiums for such insurance and, upon demand, to
pay the same to the Mortgagee in the manner provided in Paragraph
2 with respect to taxes; that the Mortgagee is hereby authorized,
at the expense of the Mortgagor, to obtain and/or renew any such
insurance, and to do all necessary acts therefor in the name of
the Mortgagor; to do no act, nor suffer any to be done, that
shall cause, directly or indirectly, any such insurance to be
void or vacated in whole or in part; and to deliver to the
Mortgagee, at any time upon the Mortgagee's request, all
insurance policies or memoranda thereof and to deliver to the
Mortgagee new policies or memoranda thereof for any insurance
about to expire at least ten (10) days prior to such expiration
(hereby granting to the Mortgagee in the event of foreclosure,
full authority, as attorney irrevocable of the Mortgagor, to
cancel such insurance and retain the return premiums thereof and
apply the same to the satisfaction of the Obligation or to
transfer such insurance to any person claiming title to the
mortgaged premises or any part thereof by virtue of foreclosure
proceedings).

2. To pay or cause to be paid when due all taxes, charges,
assessments and rates with respect to the mortgaged premises to
whomsoever laid or assessed; and, upon demand, to deposit with
Mortgagee on each day that periodic payments are required by the
terms of the Obligation, in addition to the payments of principal
and interest provided therein, a sum equal to such fraction of
the real estate taxes and betterment assessments for each year as
shall be estimated by Mortgagee to be sufficient to provide in
the aggregate, a sum adequate to pay said taxes and betterment
assessments as and when they become due and payable, and, in
addition, to deposit with Mortgagee any balance necessary to pay

BOOK 11097 PAGE 124

in full said taxes and betterment assessments prior to the date
when such taxes or betterment assessments become due and payable;
and to forward to the Mortgagee real estate tax bills as soon as
the same have been received by Mortgagor.

3. That the Mortgagor will not further encumber the mortgaged
premises; and that, in the event the ownership of or title to the
mortgaged premises or any part thereof shall become vested in any
person other than the Mortgagor without the prior written consent
of the Mortgagee, then at any time thereafter, at the option of
the Mortgagee, the Obligation shall become due and payable on
demand, and the Mortgagee may, without notice to the Mortgagor,
deal with any successor in interest with reference to the
Mortgage and the Obligation in the same manner as with the
Mortgagor without in any way vitiating or discharging the
Mortgagor's liability hereunder or upon the Obligation. No sale
of the mortgaged premises, no forbearance on the part of the
Mortgagee, no extension (whether oral or in writing) of the time
for the payment and satisfaction of the whole or any part of the
Obligation, and no other indulgence given by the Mortgagee to any
person other than the Mortgagor, shall operate to release or in
any manner affect the original liability of the Mortgagor, notice
of any thereof being waived. The proceeds of any award for
damages in connection with any condemnation or other taking of
the mortgaged premises or any part thereof, or for conveyance in
lieu of condemnation are hereby assigned and shall be paid to
the Mortgagee. If the mortgaged premises are abandoned by the
Mortgagor or if the Mortgagor fails, after thirty (30) days
written notice from the Mortgagee to negotiate a reasonable
settlement with the condemnor of an offer to make an award, the
Mortgagee is authorized to collect and apply the proceeds of such
an award at Mortgagee's option either to the restoration or
repair of the mortgaged premises or to the Obligation.

4. That Mortgagee is hereby authorized at its option to pay all
costs and expenses which it in good faith determines to be
required or desirable to effect compliance with the agreements of
the Mortgagor set forth herein or in the Obligation or to protect
or maintain the mortgaged premises or Mortgagee's interest
therein, such authorization to be in addition to and not in
limitation of the rights of Mortgagee under law and under other
applicable provisions hereof; and any sum so expended shall be
deemed to be a principal advance and shall be equally secured
with and be a part of the Obligation.

5. That the Mortgagor is now in a solvent condition and no
bankruptcy or insolvency proceedings are pending or contemplated
by or against the Mortgagor; and that the Obligation, this
Mortgage and the other instruments securing the Obligation or
otherwise executed in connection therewith are valid and binding
obligations enforceable in accordance with their respective terms
and the execution and delivery thereof do not contravene any
contact or agreement to which the Mortgagor is a party or by
which the Mortgagor or any of the Mortgagor's properties may be

bound or any law, order, decree or regulation to which the Mortgagor is subject.

6.  To keep the mortgaged premises in the same repair, order and condition as the same now are or may hereafter be put, reasonable wear and tear only excepted; not to permit or suffer any strip or waste of the mortgaged premises, nor any material change therein, nor any violation of any law or ordinance affecting the same or the use thereof; not to allow to lapse or be revoked any licenses or other governmental authorizations issued to Mortgagor or to any affiliate for the operation of any business on the mortgaged premises; to permit Mortgagee, upon reasonable notice to Mortgagor, to make entry upon and inspect the mortgaged premises; and Mortgagor shall, at Mortgagee's request at reasonable intervals, demonstrate compliance with this and other covenants of this Mortgage.

7.  At the option of the Mortgagee, the Obligation shall become immediately due and payable, without notice or demand (a) upon the sale or transfer of any substantial portion of the mortgaged premises (and for purposes of the foregoing, both a transfer of a substantial portion of the beneficial ownership of the Mortgagor and a lease of any substantial portion of the mortgaged premises to or for the benefit of a single lessee for a term (including renewal or option periods) in excess of one (1) year, shall constitute such a sale or transfer giving the Mortgagee the right to accelerate hereunder); (b) in the event of a default in the performance or observance of the terms and provisions of the Obligation, this Mortgage and the other instruments securing the Obligation or otherwise executed in connection therewith; (c) in the event of a default under any other agreement of the Mortgagor in favor of the Mortgagee, whether now existing or hereafter arising;or (d) in the event of a default in the payment of the principal of or the interest on any other indebtedness of the Mortgagor continued for a period sufficient to permit the acceleration of the maturity of such indebtedness. Any forbearance by the Mortgagee in exercising any right or remedy hereunder or otherwise afforded by applicable law shall not be a waiver of or preclude the exercise of any such right or remedy. All remedies provided herein, in the Obligation and other instruments securing the Obligation shall be deemed to be cumulative remedies and may be exercised in any manner the Mortgagee elects.

8.  That if any legal proceedings of any nature shall involve the Mortgagee's interest under this Mortgage, however such proceedings shall be commenced and whether or not such proceedings shall be completed, or if the Mortgagee shall enter into possession of the mortgaged premises, then the Mortgagee shall be entitled to collect (and the Mortgagor agrees to reimburse the Mortgagee on demand for) all costs and expenses, including attorneys' fees, incurred by the Mortgagee in any such proceeding or in the protection, care or management of the mortgaged premises; the Mortgagee shall be entitled to purchase the mortgaged premises at

BOOK 11137 PAGE 126

any foreclosure sale; and that if surplus proceeds are realized from a foreclosure sale, the Mortgagee shall not be liable for any interest thereon pending distribution of such proceeds by the Mortgagee.

9. That, if the Mortgagee exercises the POWER OF SALE herein contained, then: the Mortgagee may sell the mortgaged premises in parcels; such sales may be held from time to time and said Power of Sale shall not be exhausted until all of the mortgaged premises shall have been sold, notwithstanding the Mortgagee's releasing, from time to time, certain such parcels which are a part or parts of the mortgaged premises; the Mortgagee may do all things and take any action, all in the name of the Mortgagor, which may be necessary to subdivide the mortgaged premises or any parcel included therein; and the Mortgagee may sell any or all of such parcels then subject to this Mortgage, notwithstanding that the proceeds of such sales may exceed the obligations secured by this Mortgage.

10. That this Mortgage is to secure the payment of the sum of $ 112,000.00, together with interest thereon and all other charges, all as provided in a promissory note and/or guarantee of even date herewith given by Mortgagor to Mortgagee and also to secure the performance of all agreements and conditions herein contained and all other obligations now existing or hereafter arising of Mortgagor to Mortgagee, direct or indirect, absolute or contingent, as well as all other sums (with interest at the rate provided in said promissory note) advanced to or on behalf of Mortgagor by Mortgagee for any purpose, whether dependent or independent of this transaction, all of which shall be equally secured with and have the same priority as the original advance hereunder.

11. Other:

This Mortgage is upon the STATUTORY CONDITION, and upon the further condition that all agreements and covenants of the Mortgagor contained in the Obligation, in this Mortgage and in the other instruments securing the Obligation or otherwise executed in connection therewith, shall be kept and fully performed as therein provided, for any breach of which the Mortgagee shall have the STATUTORY POWER OF SALE.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage under seal this _____ 27th _____ day of _____ Jan _____, 19 88

_____
E. PERRY KING                    (Borrower)

_____
TERRY A. KING                    (Borrower)



Commonwealth of  Massachusetts            _____ Jan 27 _____, 19 88

 WORCESTER, SS.

Then personally appeared the above-named  E. PERRY KING AND TERRY A.  KING  and  acknowledged  the foregoing instrument to be their free act and deed, before me.

_____
                Notary Public

My Commission Expires_____ 6/10/88

SCHEDULE A

Worcester, Worcester County, Massachusetts, in the southerly part thereof, in the section known as Irvington, on the southerly side of Canton Street, shown as Lot 17 on a plan of lots drawn for the Ballard Land Company by Buttrick & Pratt, recorded in Book 1537, Page 653 and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly corner of the herein described premises on the southerly side of Canton Street, formerly known as Albion Avenue;
THENCE southerly by Lot 18, a distance of 100 feet to a stone monument;
THENCE easterly by Lot 35 and Lot 36, a distance of 50 feet to a stone monument;
THENCE northerly by Lot 16, a distance of 100 feet to a stone monument on the southerly side of said Canton Street, formerly Albion Avenue;
THENCE westerly by said Canton Street 50 feet to the point of beginning.

For our Title see Book *8344* Page *333* .

ATTEST: WORC., Anthony J. Vigliotti, Register

## ASSIGNMENT OF MORTGAGE

Blutrich, Herman & Miller
Two Park Avenue
New York, NY  10016
Attn:  Michael Blutrich, Esq.

**FEDERAL DEPOSIT INSURANCE CORPORATION**, in its corporate capacity as Assignee of the Receiver of The Home National Bank of Milford, Milford, Massachusetts, holder of a mortgage from E. Perry King and Terry A. King to The Home National Bank of Milford dated January 27, 1988 and recorded on January 28, 1988 in the Worcester District Registry of Deeds as Instrument No. 7662 in Book 11097 at Page 122, hereby assigns said mortgage and the Note and claim secured thereby to **SOUTH STAR MANAGEMENT COMPANY, INC.**, a Florida corporation also known as South Star Management Co., Inc., having a mailing address at 5005 Collins Avenue, Suite 1507, Miami, Florida  33140.

FEDERAL DEPOSIT INSURANCE CORPORATION was appointed in its corporate capacity as Receiver of The Home National Bank of Milford on June 1, 1990.  See documents recorded in said Registry of Deeds in Book 12950 at Page 364 .

For authority for the execution of this Assignment, see Power of Attorney recorded in said Registry of Deeds in Book 15369 at Page 54 .

IN WITNESS WHEREOF, the FEDERAL DEPOSIT INSURANCE CORPORATION has caused these presents to be signed, acknowledged and delivered in its name and behalf by Kirby N. Schaefer, its duly appointed Attorney-in-Fact, this 29 of March, 1994, but effective as of December 17, 1993.

FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity as Receiver of The Home National Bank of Milford

By: _Kirby N. Schaefer_
    Attorney-in-Fact

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**

Then personally appeared the above named Kirby N. Schaefer, Attorney-in-Fact, and acknowledged the foregoing instrument to the free act and deed of the FEDERAL DEPOSIT INSURANCE CORPORATION.

_Notary Public_

My commission expires:

7-1-99

Record and Return to:
Blutrich, Herman & Miller
Two Park Avenue
New York, NY 10016
Attn: Michael Blutrich, Esq.

## ASSIGNMENT OF MORTGAGE

**SOUTH STAR MANAGEMENT COMPANY, INC.**, a Florida corporation also known as South Star Management Co., Inc. ("Assignor"), having a mailing address at 5005 Collins Avenue, Suite 1507, Miami, Florida 33140, holder of a mortgage from E. Perry King and Terry A. King to The Home National Bank of Milford dated January 27, 1988 and recorded on January 28, 1988 in the Worcester District Registry of Deeds as Instrument No. 7662 in Book 11097 at Page 122, hereby assigns said mortgage and the Note and claim secured thereby to **NATIONAL HOUSING EXCHANGE, INC.**, a North Carolina corporation, having a mailing address at 620 South Elm Street, Suite 363, Greensboro, North Carolina 27606.

This Assignment is made without recourse to Assignor and without representation or warranty by Assignor, express or implied.

IN WITNESS WHEREOF, Assignor has caused these presents to be signed by its duly authorized officer on this ⟨8th⟩ day of March, 1994, but effective as of December 28, 1993.

SOUTH STAR MANAGEMENT COMPANY, INC.
a/k/a South Star Management Co., Inc.

By: _____
Jan R. Schneiderman, Vice President

STATE OF NEW YORK    )
                     ) SS.
COUNTY OF NEW YORK )

The undersigned, a notary public in and for the aforesaid County, does hereby acknowledge that on the day and year set forth below, personally appeared Jan R. Schneiderman, as Vice President of South Star Management Company, Inc., as specified above, and being duly sworn by and personally known to the undersigned to be the person who executed the foregoing instrument on behalf of said corporation, acknowledged to the undersigned that he voluntarily executed the same for the purposes therein stated as the free act and deed of said corporation.

WITNESS my hand and official seal, this ⟨1⟩ day of March, 1994.

_____
Notary Public for the State of New York

[SEAL]

My Commission Expires:

NILDA E. HILL
Notary Public, State of New York
No. 03-4798689  Bronx County
Cert. filed with New York County Clk.
Commission Expires November 30, 1995
199₁

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO. 97-02013 B


DONNA LEE H. WILLIAMS, INSURANCE        )
COMMISSIONER OF THE STATE OF DELAWARE,  )
AS RECEIVER OF NATIONAL HERITAGE LIFE   )
INSURANCE COMPANY IN LIQUIDATION,       )
          Plaintiff,                    )
                                        )
                                        )
          v.                            )
                                        )
                                        )
                                        )
NATIONAL HOUSING EXCHANGE, INC.,        )
APX MORTGAGE SERVICES, INC.,            )
RESOURCE ASSET MANAGEMENT, INC. and     )
SOUTH STAR MANAGEMENT CORPORATION,      )
          Defendants.                   )


### JUDGMENT BY DEFAULT

        This action came on for hearing before the Court, ___KING,___ J.,
presiding, upon the marking of Plaintiff, Donna Lee H. Williams,
Insurance Commissioner of the State of Delaware as Receiver of
National   Heritage   Life   Insurance   Company   in   Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Complaint in said action
was filed on the 17'th day of April, 1997, and that no answer or
other defense has been filed by the said defendants, National
Housing Exchange, Inc. and Resource Asset Management, Inc., and
that default was entered on the __16 th__ day of __June__ 1997,
in the office of the clerk of this court, and that no proceedings
have been taken by the said defendant since said default was
entered, it is ordered and adjudged, that judgment by default enter
as against the Defendants, National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts I, II and III of NHL's
Complaint, in accordance with the Prayers of that Complaint,
thereby recognizing and giving effect to the following judgments in
Massachusetts:

Notice
sent
6/16/97
IFC
+F-

JUDGMENT ENTERED ON DOCKET June 16 97
PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:

Prayer 1:   The Chancery Court of the State of Delaware in and for New Castle County's Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995, a copy of which is attached hereto as Exhibit "A";   and,

Prayer 2:   The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, *nunc pro tunc*, April 3, 1996, a copy of which is attached hereto as Exhibit "B";   and,

Prayer 3:   The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997, a copy of which is attached hereto as Exhibit "C".

SO ORDERED:

_____   , J.

Superior Court Department

Dated: June 16, 1997

I HEREBY ATTEST AND CERTIFY ON

_____

FORECOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF THE )
REHABILITATION OF NATIONAL ) C.A. No. 13530
HERITAGE LIFE INSURANCE COMPANY )

## LIQUIDATION AND INJUNCTION ORDER

WHEREAS, the Honorable Donna Lee H. Williams, the Insurance Commissioner for the State of Delaware, heretofore appointed as the Receiver of the National Heritage Life Insurance Company in Rehabilitation by Order dated May 25, 1994 (the "Receiver"), has filed with the Court a petition seeking a Liquidation and Injunction Order concerning National Heritage Life Insurance Company ("National Heritage") pursuant to Title 18 Del. C. §5901, et seq.;

WHEREAS, a hearing on the financial status of National Heritage and for interested parties to show cause why National Heritage should not be declared insolvent and ordered liquidated was held by the Court on 11/2/95 ; and

WHEREAS, the Receiver has submitted evidence that National Heritage is insolvent, in that as of September 30, 1995, National Heritage's liabilities exceeded its assets by approximately $214 million and that as of the hearing date, the negative surplus was approximately $214 million.

NOW THEREFORE, the Court finds and IT IS HEREBY ORDERED as follows:

1. National Heritage is insolvent as that term is defined in 18 Del. C. §5901.

2. Sufficient cause exists for the liquidation of the respondent, National Heritage, pursuant to 18 Del. C. §§ 5906 and 5910 and a Liquidation and Injunction Order is hereby entered against National Heritage.

3.  The May 25, 1994 Rehabilitation and Injunction Order and the June 27, 1994 Supplemental Rehabilitation Order entered by this Court in this matter are hereby superseded, upon entry of this Order, and the Commissioner shall continue to serve as Receiver of National Heritage for the purpose of liquidation as set forth below.

4.  The appointment of the Honorable Donna Lee H. Williams, Commissioner of Insurance of the State of Delaware, and her successors in office, as the Receiver of National Heritage is hereby continued and the Receiver is hereby directed to immediately take or maintain her exclusive possession and control of and to continue or be vested with all right, title and interest in, of or to the property of National Heritage, including, without limitation, all of National Heritage's assets, contracts, rights of action, funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer, books, records, bank accounts, certificates of deposit, collateral securing obligations to, or for the benefit of, National Heritage or any trustee, bailee or any agent acting for, or on behalf of, National Heritage (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of National Heritage including, without limitation, furniture, fixtures and office supplies, wherever located, and including such property of National Heritage or collateral securing obligations to, or for the benefit of, National Heritage or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions to any of the foregoing, wherever located, in the possession, custody or control of National Heritage or any Trustee therefore (collectively, the "Assets"), and to liquidate the same pursuant to the provisions of Chapter 59 of the Delaware Insurance Code, and the Receiver is further authorized

2

to take such actions as the nature of this cause and interests of the policyholders, creditors and stockholders of National Heritage and the public may require.

5. The Receiver is hereby authorized to continue to deal with the Assets, business and affairs of National Heritage, including, without limitation, the right to sue for, defend for or continue suits already commenced by the Receiver for National Heritage, or for the benefit of National Heritage's policyholders, stockholders and creditors, in the courts and tribunals, agencies or arbitration panels in this State and other states in her name as the Commissioner of Insurance of the State of Delaware, or in the name of National Heritage.

6. The filing or recording of this Order or a certified copy hereof with the Clerk of this Court and with the recorder of deeds of the jurisdiction in which National Heritage's corporate and administration offices are located, or, in the case of real estate, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Clerk of this Court also constitutes notice to all sureties and fidelity bondholders of National Heritage of all potential claims against National Heritage under such policies and shall constitute the perfection of a lien in favor of National Heritage under the Uniform Commercial Code or any like Federal or state law, regulation or order dealing with the priority of claims.

7. Except as otherwise indicated elsewhere in this Order, and upon notice provided by the Receiver, all agents and brokers, former officers, former directors, stockholders and all other persons or entities now or prospectively holding Assets of, or on behalf of, National

3

Heritage shall forthwith file an accounting of those Assets with the Receiver and shall within ten (10) days of the entry of this Order, turn those Assets over to the Receiver.

8.  The Receiver may, in her discretion, appoint or continue the appointment of a consultant or other person or persons to serve as Special Deputy Receiver(s) to assist the Receiver in accomplishing the directive of this Order. The Special Deputy Receivers shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

9.  The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Special Deputy Receiver(s) and the Designees and of taking possession of National Heritage and conducting this proceeding shall be paid out of the funds and assets of National Heritage as administrative expenses under Title 18 Del. C. §5913(f).  Each and every Designee shall be deemed to have submitted to the jurisdiction of this Court for the resolution of any disputes between the Receiver and such Designee concerning such Designee's rights, obligations and compensation.

10.  The Receiver, the Special Deputy Receivers and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties during the rehabilitation and liquidation periods, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence or criminal intent.  All expenses, costs and attorney's fees incurred by the Indemnitees in

4



connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver and shall be exclusively paid out of the funds and assets of National Heritage.   The Indemnitees shall not be deemed to be employees of the State of Delaware.

11.   The Receiver's right, title and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer shall continue, and all reinsurance companies involved with National Heritage are enjoined and restrained from making any settlements with any claimant or policyholder of National Heritage other than the Commissioner as Receiver.  The amounts recoverable by the Receiver from any reinsurer of National Heritage shall not be reduced as a result of this liquidation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of National Heritage is hereby enjoined and restrained from terminating, cancelling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with National Heritage, except for non-payment of premium.  The Receiver may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in liquidation.

12.    The Receiver is hereby authorized to transfer National Heritage's assets and liabilities, to the extent such liabilities are not covered by a state guaranty association, to an affiliate, subsidiary or trust for the overall benefit of National Heritage's policyholders, other creditors, and stockholder, subject to approval by this Court.

13. The Receiver may change to her own name the name of any of National Heritage's accounts, funds or other property or assets held with any bank, savings and loan association or other financial institution, and may withdraw such funds, accounts and other property or assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

14. The Receiver may reject any executory contract to which National Heritage is a party that the Receiver may in her discretion determine is burdensome to National Heritage or is otherwise not in its best interest. Any party to a rejected contract may file a claim only for damages arising from such rejection in accordance with paragraph 18, below. All claims of policyholders enumerated in 18 Del. C. §5918(e) shall have priority over all non-policyholder claims arising from the rejection of executory contracts.

15. National Heritage, its former officers, former directors, stockholders, agents, servants and employees and all other persons having notice of these proceedings or of this Order are hereby prohibited from transacting any business of, or on behalf of, National Heritage or selling, transferring, destroying, wasting, encumbering or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court.

16. All banks, brokerage houses, agents, reinsurers, or other companies or persons, either having in their possession Assets or possible Assets (including, without limitation, books or records of National Heritage), or having notice of these proceedings or of this Order, are hereby enjoined and restrained from disposing of, selling, wasting, encumbering, transferring or destroying any such Assets or possible Assets (including, without limitation, books or records of National Heritage). This prohibition includes, without limitation, Assets, possible Assets,

6

books or records pertaining to any business transaction between National Heritage and any of. said parties. No. actions concerning, involving. or relating to such Assets, possible Assets, books or records may be taken by any of the aforesaid persons or entities enumerated herein, without the prior written consent of the Receiver, or until further Order of this Court.

17. All former officers, former directors, stockholders, agents, servants and employees of National Heritage, and all other persons and companies having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any. action at law or in equity or in other proceedings against National Heritage, the Commissioner as Receiver, the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments or other like liens or encumbrances, or foreclosing upon or making of any levy against National Heritage or the Assets, or exercising any right adverse to the right of National Heritage to or in the Assets, or in any way interfering with the Receiver, the Special Deputy Receiver(s) or the Designees either in their possession and control of the Assets, books, and records of National Heritage or in the discharge of their duties hereunder.

18. All persons and companies are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of National Heritage, or against the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of National Heritage.

19. The Court hereby imposes a temporary moratorium on payment of cash values, surrenders, policy loans or any other right to withdraw funds held in conjunction with the policies or contracts of National Heritage, in addition to the Receiver's and the state guaranty associations' right to implement any contractual provision for deferral of cash payment or policy loans, for a period of 120 days from the date of this Order, provided that any state guaranty association may voluntarily choose to permit a fuller payment of cash values, surrenders, policy loans or any other right to withdraw funds for claims covered by the applicable state guaranty association law.

20. Within a reasonable time after receipt of a claim in the liquidation proceedings of National Heritage, the Receiver shall give notice by mail to any and all persons interested in such claim of the Receiver's proposed report and recommendation to the Court regarding the allowance or denial (in whole or in part) of such claim.

21. Within sixty (60) days of the mailing of the proposed report and recommendation, the interested person being given notice of such proposed report and recommendation may file a written objection thereto with the New Castle County Register in Chancery, 1000 King Street, Wilmington, Delaware, 19801, and the Receiver.

22. Within a reasonable time after such sixty (60) days, there being no objection to the proposed report and recommendation, the Receiver shall file with the Court such report and recommendation.

23. No hearing will be held regarding the proposed report and recommendation in the absence of a written objection thereto by a person interested therein.

8

24. The Receiver shall provide semiannual reports on the financial condition of National Heritage and on the actions of the Receiver pursuant to this Order.

25. Hereafter the caption of this cause and all pleadings in this matter shall read as:

"IN THE MATTER OF THE LIQUIDATION OF
NATIONAL HERITAGE LIFE INSURANCE COMPANY"

26. This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholders of National Heritage and the public may require. The Receiver, or any interested party upon reasonable notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

27. On or before June 30, 1996, the Receiver shall mail a Notice of Liquidation and Bar Date and a proof of claim form to all known claimants and creditors or persons or entities reasonably believed to be claimants or creditors of National Heritage, by first class mail, postage prepaid, and obtain proof of such mailing on United States Postal Form 3606.

28. ANY AND ALL CLAIMS AGAINST THE NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION NOT PRESENTED TO THE RECEIVER ON OR BEFORE JUNE 30, 1997 SHALL BE FOREVER BARRED FROM SHARING IN DISTRIBUTIONS OF THE ASSETS OF NATIONAL HERITAGE UNLESS THERE IS A SURPLUS AND NATIONAL HERITAGE IS DEEMED SOLVENT PURSUANT TO 18 DEL. C. §5928(a)(2).

SO ORDERED this _21_ day of _____, 1995.

_____
Chancellor

CERTIFIED
AS A TRUE COPY:
    ATTEST:
PRISCILLA B. NANESTRAW
REGISTER IN CHANCERY
BY_____
Do Out. T. I

9

United States District Court
Northern District of Illinois
Eastern Division

I, MICHAEL W. DOBBINS, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document is a true and correct copy of the original(s) on file in my office.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of this Court at Chicago, Illinois.

MICHAEL W. DOBBINS

CLERK

BY _____
Deputy Clerk

Minute Order Form (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 15, 1996 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) □ Filed motion of [use listing in "MOTION" box above]                    Sent for Microfilming

(2) □ Brief in support of motion due _____    APR 16 1996

(3) □ Answer brief to motion due _____  Reply to answer brief due _____

(4) □ □ Ruling   on _____  set for _____  Filmed on _____ at _____

(5) Status hearing □ held □ continued to □ set for □ re-set for _____ at _____

(6) Pretrial conf. □ held □ continued to □ set for □ re-set for _____ at _____

(7) Trial □ Set for □ re-set for _____ at _____

(8) □ Bench Trial □ Jury Trial □ Hearing   held and continued to _____ at _____

(9) This case is dismissed □ without □ with prejudice and without costs □ by agreement □ pursuant to

□ FRCP 4(j) (failure to serve) □ General Rule 21 (want of prosecution) □ FRCP 41(a)(1) □ FRCP 41(a)(2)

(10) [X] [Other docket entry] Receiver's motion for an order confirming his authority to convey certain REO property to purchaser and his motion for an order confirming his authority with respect to Arapaho Car wash Loans are granted. Nominal defendants' motion to enlarge time until May 3, 1996 to respond to the counterclaim of RAM is granted. Accordingly, reply is extended to May 24, 1996. Commissioner shall set aside escrow to provide for Continental fees, if ordered by it. Enter Amended Declaratory judgment order nunc pro tunc April 3, 1996 on plaintiff's motion for summary judgment on Count I. RAM has until May 13, 1996 to respond to motions to dismiss count I of RAM's counterclaim by Commissioner and Continental. Ruling set for July 11, 1996 at 8:45 A.M.

(11) [For further detail see □ order on the reverse of □ order attached to] the original minute order form.

| No notices required; advised in open court. | | number of notices |
|---|---|---|
| No notices required. | | |
| Notices mailed by judge's staff. | APR 16 1996 | date docketed |
| ✓ Notified counsel by telephone. | | |
| ✓ Docketing to mail notices | | docketing dpty. initials |
| Mail AO 450 form. | APR 16 1996 | date mailed notice |
| Copy to judge/magistrate Judge | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE       )
COMMISSIONER OF THE STATE OF DELAWARE, )
AS RECEIVER OF NATIONAL HERITAGE LIFE  )
INSURANCE COMPANY IN REHABILITATION,   )
CONTINENTAL STOCK TRANSFER & TRUST     )
COMPANY, MIDWEST INDEPENDENT BANK,     )
and MIDWEST MORTGAGE SERVICING, L.L.C.,)
                                       )
              Plaintiffs,              )    Civil Action 95 C 4243
                                       )    Hon. Elaine E. Buckle
         v.                            )    Magistrate Judge
                                       )    Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX    )
MORTGAGE SERVICES, INC., and           )
RESOURCE ASSET MANAGEMENT, INC.        )
                                       )
              Defendants.              )

## AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary

Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,

Insurance Commissioner of the State of Delaware, as Receiver of

National Heritage Life Insurance Company in Liquidation (the

"Commissioner"), due notice having been given and the Court being

fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1.  The Commissioner's Motion for Summary Judgment on
    Count I is granted;

2.  All the rights of National Housing Exchange, Inc.
    under the Indenture and Servicing Agreement dated
    December 28, 1993 were terminated on November 7,
    1994;

3.   All the rights of APX Mortgage Services, Inc. under
     the Indenture and Servicing Agreement dated
     December 28, 1993 were terminated on November 7,
     1994;

4.   The rights of both National Housing Exchange, Inc.
     and APX Mortgage Services, Inc. with respect to the
     Mortgages, Mortgage Files, Mortgage Loans, Mortgage
     Impairment Insurance Policy, Mortgage Notes,
     Mortgaged Property, Pool of Mortgages, Related
     Security Documents and any and all proceeds
     thereof, as those terms are defined in the
     Indenture and Servicing Agreement dated December
     28, 1993, are hereby terminated;

5.   No approvals, agreements, consents, signatures or
     other action of any nature whatsoever of either or
     both of National Housing Exchange, Inc. and APX
     Mortgage Services, Inc. is required in connection
     with any action pursuant to the Indenture and
     Servicing Agreement dated December 28, 1993;
     provided however that nothing herein shall be
     deemed to relieve either or both of National
     Housing Exchange, Inc. and APX Mortgage Services,
     Inc. of their respective obligations under the
     Indenture and Servicing Agreement dated December
     28, 1993;

2

6.   The Commissioner is entitled to unencumbered ownership of the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pool of Mortgages, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993; and,

7.   All right, title and interest in and to the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pools of Mortgage, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993 is vested in the National Heritage Life Insurance Company in Liquidation (or any affiliate designated by National Heritage Life Insurance Company in Liquidation with respect to any environmentally impaired Mortgaged Property).

ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

_Elaine E. Bucklo_

Elaine E. Bucklo
United States District Court
Judge

3

CERTIFIED COPY

# United States District Court
### Northern District of Illinois
### Eastern Division

I, MICHAEL W. DOBBINS, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document is a full, true and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of the aforesaid Court at Chicago, Illinois.

MICHAEL W. DOBBINS, CLERK

By _____
                    Deputy Clerk

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 20, 1997 |
| Case Title | Williams, et al. VS. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

Sent for Microfilming

(1) Filed motion of [use listing in "MOTION" box above]

FEB 2 1 1997

(2) Brief in support of motion due _____

FEB 24 1997

(3) Answer brief to motion due _____ Reply to answer brief Entered on _____

(4) Ruling / Hearing on _____ set for _____ at _____

(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] The Commissioner's motion for the entry of a revised order regarding Massachusetts Mortgage is granted. Enter Revised Order. Plaintiff's motion for reassignment of case number 96 C 8477 based on relatedness is also granted.

(11) ☑ [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ No notices required, advised in open court. | | | number of notices | |
| ☐ No notices required. | | | | |
| ☐ Notices mailed by judge's staff. | | FEB 2 1 1997 | date docketed | Document # |
| ☐ Notified counsel by telephone. | | | | |
| ☑ Docketing to mail notices. | 97 FEB 20 PM 5: 35 | | docketing dpty. initials | 325 |
| ☐ Mail AO 450 form. | RECEIVED FOR DOCKETING | | date mailed notice | |
| ☐ Copy to judge/magistrate Judge. | ED-11 | FEB 2 1 1997 | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 21 1997

DONNA LEE H. WILLIAMS, ET AL.        )
                                     )
                  Plaintiffs,        )    Civil Action 95 C 4243
                                     )    Hon. Elaine E. Bucklo
          v.                         )    Magistrate Judge
                                     )    Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX  )
MORTGAGE SERVICES, INC., and         )
RESOURCE ASSET MANAGEMENT, INC.      )
                                     )
                  Defendants.        )

## REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES

        This matter having come to be heard on the
Commissioner's Motion for the Entry of a Revised Order Regarding
Massachusetts Mortgages subject to the Amended Declaratory
Judgment Order entered April 12, 1996, nunc pro tunc April 3,
1996, a copy of which is attached hereto as Exhibit 1, the Court
hereby orders that National Heritage Life Insurance Company, in
Liquidation ("NHL"), as to any claim of title and possession by
or through National Housing Exchange Inc., APX Mortgage Services,
Inc., Resource Asset Management, Inc., and South Star Management
Corp. (collectively "the Parties"), has good, valid, and
indefeasible ownership of any and all interests, free and clear,
and free of any adverse equities and any other claims in and to
the mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments, whether or
not of record, with respect to the real property located in the
Commonwealth of Massachusetts and listed in Exhibit 2, which is
attached to this Order and incorporated herein (hereinafter such
mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments shall be
referenced as the "Mortgages"), together with:

    (1)  any and all notes, loan agreements, credit agreements,
         guaranties, and any other evidence of indebtedness
         secured by the Mortgages;

    (2)  any and all other security interests or claims
         pertaining to any indebtedness secured by the
         Mortgages, including but not limited to any and all (a)
         security agreements or chattel mortgages, (b)
         assignments or collateral assignments of rents, leases,
         and profits, (c) assignments or collateral assignments
         of accounts receivable, (d) assignments, collateral
         assignments, or pledges of stock, (e) assignments or
         collateral assignments of business licenses, permits,
         service contracts and equipment leases, (f) interests
         in any insurance proceeds or condemnation awards, (g)

interests in any indemnification agreements, whether
with respect to environmental matters or otherwise, (h)
interests in any leases, ground leases, proprietary
leases, or occupancy agreements, (i) interests in any
UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver;   and

(3)   any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed or repossessed, or title has
otherwise reverted to Defendant prior to this Order, that, as
between the Parties and NHL, NHL has good, valid and indefeasible
fee simple title, free and clear, and free and clear of any
claims in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.   (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated: _2/20/97_         ENTER: _____

                         Hon. Elaine E. Bucklo
                         United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE      )
COMMISSIONER OF THE STATE OF DELAWARE, )
AS RECEIVER OF NATIONAL HERITAGE LIFE  )
INSURANCE COMPANY IN REHABILITATION,   )
CONTINENTAL STOCK TRANSFER & TRUST     )
COMPANY, MIDWEST INDEPENDENT BANK,     )
and MIDWEST MORTGAGE SERVICING, L.L.C., )
                                       )
                 Plaintiffs            )   Civil Action 95 C 4243
                                       )   Hon. Elaine E. Bucklo
          v.                           )   Magistrate Judge
                                       )   Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX    )
MORTGAGE SERVICES, INC., and           )
RESOURCE ASSET MANAGEMENT, INC.        )
                                       )
                 Defendants.           )

## AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary
Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,
Insurance Commissioner of the State of Delaware, as Receiver of
National Heritage Life Insurance Company in Liquidation (the
"Commissioner"), due notice having been given and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1.   The Commissioner's Motion for Summary Judgment on
     Count I is granted;

2.   All the rights of National Housing Exchange, Inc.
     under the Indenture and Servicing Agreement dated
     December 28, 1993 were terminated on November 7,
     1994;

6. The Commissioner is entitled to unencumbered ownership of the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pool of Mortgages, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993; and,

7. All right, title and interest in and to the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pools of Mortgage, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993 is vested in the National Heritage Life Insurance Company in Liquidation (or any affiliate designated by National Heritage Life Insurance Company in Liquidation with respect to any environmentally impaired Mortgaged Property).

ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

Elaine E. Bucklo
United States District Court
Judge

3

**EXHIBIT 2**

Schedule of XXX Bond Loans Secured by Real Estate

November 8, 1996

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| A | | 15 | Duprey | 81 Sterling Lane | Bradford | 800162 | 9479 | 524 |
| | | 16 | Gilet | 71 Princeton, Unit 108 | North Chelmsford | 33553 | 3538 | 179 |
| | Barnstable | 16 | Most | 108 Howland Circle, #102 | Brewster | 32748 | 6308 | 112 |
| | Bristol | 14 | Drumheiser | 14 Spruce Street | New Bedford | 22979 | 2228 | 90 |
| | Essex | 15 | Daigle | 200 Wilson Street, Units 2 & 4 | Haverhill | 364 | 10392 | 472 |
| | | | Roberts | 4 Central Avenue | Methuen | 42312 | 67 | 333 |
| | | 16 | Gauthier/........ ... ... ... ... ick | | | ..... | ..... | ... |
| | | | Moran | 415 Lafayette St. | Salem | 53 | 9067 | 169 |
| | Hampshire | 15 | Duquette | 72 Barrett Street, Unit 11G | Northhampton | 19366 | (none) | (none) |
| | Hillsborough | 16 | Driscoll/Zuker | 143 Baboosic Lake Rd. | Merrimack | 802728 | 4591 | 115 |
| | Middlesex | 13 | Elliot Group Inc. | 38-40 Sarah Ave./771 Broadway/285-287 Dutton St. | Lowell | 11569 | B05490 | 278 |
| | | 14 | Gavriel | 26-28 Alma | Lowell | 20595 | 4507 | 61 |
| | | 15 | Babcock | 54 Glenside Avenue | Billerica | 12834 | B04452 | 21 |
| | | | Dabilis | 861-871 Middlesex Road | Lowell | 78706 | 3839 | 259 |
| | | | Dabilis/Gavriel | 42 Marshall St. | Lowell | 13934 | 3956 | 338 |
| | | | Duffy | 97 Daniels Street | Malden | 682632 | 998 | 129 |
| | | | Grant | 810B Lawrence Street | Lowell | 36079 | 3556 | 12 |
| | | | Oehley | 11 Pike Street | Hopkinton | (none) | 15414 | 174 |
| | | | Torres/Ramos | 29-31 Queen St. | Lowell | 35435 | 5005 | 150 |
| | | 16 | Arbetter | 78 Captian Eames Circle, #U28 | Ashland | (none) | 18215 | 80 |
| | | | Hague | 40 Aberdeen Street | Lowell | 18871 | 3436 | 109 |
| | | | Hipp | 65 Indian Brook Road | Ashland | 471 | 20144 | 600 |
| | | | Landry | 361 Aiken Avenue, No. 4 | Lowell | 44158 | B05373 | 195 |
| | | | McInnis | 369 Aiken Avenue, Unit 16 | Lowell | 34328 | B04998 | 114 |
| | | 17 | Games | 6 Ledgewood Way, Unit 16 | Peabody | 91 | 9605 | 576 |
| | | | Keomouangchanh | 204 Ludlam St. | Lowell | 24133 | B04533 | 29 |
| | New Haven | 16 | O'Malley | 208 West St., Unit 4A | Milford | (none) | 11971 | 298 |

**EXHIBIT 2**

S.  ule of MXX Bond Loans Secured by Real :  :e

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| MA | Norfolk | 15 | Giordano | 660 Franklin Street | Wrentham | 2654 | 7474 | 518 |
| | | | Magri | 7-9 Pierce Street | Milton | 44301 | 7047 | 487 |
| | | | Padula | 131, 133, & 135 Creek St. | Wrentham | 492121 | 619 | 119 |
| | | | Reed | 691 Washington Street | Braintree | 25552 | 889 | 695 |
| | | 16 | Brustin | 133 Commander Shea Blvd., Unit 116 | Quincy | 13421 | 7436 | 151 |
| | Plymouth | 15 | Feingold/Connolly | 45 Manomet Rd. | Plymouth | 9742 | 10728 | 95 |
| | | 16 | McCann | 50 Pinewood Lane | Duxbury | (none) | 7044 | 85 |
| | | 17 | Melone | 131 Chapel Street | Pembroke | 76854 | 10509 | 342 |
| | | | Pasquariello | 3-12 School Street | Marshfield | 65134 | 6922 | 146 |
| | | | | 3-7 School Street | Marshfield | 65137 | 6922 | 162 |
| | Suffolk | 14 | Pal | 461 Washington Street, Unit 406 | Boston | 143 | 13522 | 64 |
| | | 15 | Deo | 56 Round Hill Street | Jamaica Plain | 290 | 15403 | 128 |
| | | | Glades Realty Trust | 36-38 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Lewis | 135-137 Sydney Street | Boston | (none) | 13669 | 175 |
| | | | Mannix | 29 Vinton Street | South Boston | (none) | 16204 | 136 |
| | | 16 | Cheletzky | 8 Kittredge Street, No. 5K | Rosendale | 239 | 16232 | 60 |
| | | | Glades Realty Trust | 30-34 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Grubba | 20 American Legion Highway | Boston | 33106 | 14939 | 1 |
| | | | Krell | 1607 Commonwealth, Unit 30 | Boston | 41645 - C114-62 | (none) | (none) |
| | | | Mullings | 40 Kingsdale Street | Dorchester | 457044 | (none) | (none) |
| | | 17 | Brown | 18 Burnett Road, #18 | Revere | 173 | 14918 | 220 |
| | Worcester | 14 | Reinold/Firelli | 135 East Main St., Unit C-8 | Westborough | 42917 | 8276 | 321 |
| | | 15 | Choquette | 257 E. Main St. | East Douglas | 8559 | 11900 | 127 |
| | | | Griffin | 5 Griswold Court | Uxbridge | 112513 | 10821 | 265 |
| | | 16 | Humphrey's LTD | 208 West Street, Unit 4A | Hopedale | (none) | 10285 | 188 |
| | | | King | 6 Beckman St. | Worcester | 121706 | 10883 | 243 |

**EXHIBIT 2**

Schedule of XXX Bond Loans Secured by Real Estate

November 8, 1996

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| A | Worcester | 16 | King | 19 Canton Street | Worcester | 7662 | 11097 | 122 |
| | | 17 | Alex | 61A Fox Meadow Road, Unit 61A | Leominister | 7686 | 1561 | 44 |
| | | | Pasquariello | 4 Oak St., #12/12 Williamsburg Ct., #28/3 & 12 Castle Green, #3 | Shrewsbury | 5730 | 9192 | 161 |
| | | | | 12-4 Oak Street | Shrewsbury | 5733 | 9192 | 171 |

## CERTIFICATE OF SERVICE

I, William P. Ziegelmueller, an attorney, certify that
on February 14, 1997, I caused a copy of the foregoing **MOTION FOR**
**A REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES** to be served by
U.S. Mail, postage prepaid:

Richard Waris
Pretzel & Stouffer Chartered
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606

James Rolfes
Sachnoff & Weaver, Ltd.
30 S. Wacker Drive
Suite 2900
Chicago, Illinois 60606

David J. Krupp
Miller, Shakman, Hamilton,
 Kurtzon & Schlifke
208 South LaSalle Street
Suite 1100
Chicago, Illinois 60604

Robert E. Davy, Jr.
180 N. LaSalle, Suite 2315
Chicago, Illinois 60611

APX Mortgage Services, Inc.
c/o Robert Gorski
P.O. Box 909
Lake Zurich, Illinois  60047-0909

William P. Ziegelmueller

\42272\010\50COUBA7 030

EXHIBIT

F

12

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
                            SUPERIOR COURT DEPARTMENT
                            CIVIL ACTION NO. 97-02013 B

DONNA LEE H. WILLIAMS, INSURANCE          )
COMMISSIONER OF THE STATE OF DELAWARE,    )
AS RECEIVER OF NATIONAL HERITAGE LIFE     )
INSURANCE COMPANY IN LIQUIDATION,         )
       Plaintiff,                          )
                            )
                            )
       v.                                  )
                            )
                            )
NATIONAL HOUSING EXCHANGE, INC.,          )
APX MORTGAGE SERVICES, INC.,              )
RESOURCE ASSET MANAGEMENT, INC. and       )
SOUTH STAR MANAGEMENT CORPORATION,        )
       Defendants.                         )

JUDGMENT BY DEFAULT

       This action came on for hearing before the Court, K I N C, J.,
presiding, upon the marking of Plaintiff, Donna Lee H. Williams,
Insurance Commissioner of the State of Delaware as Receiver of
National Heritage Life Insurance Company in Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Amended Complaint in
said action was filed on the 14'th day of July, 1997, and that no
answer or other defense has been filed by the said Defendants,
National Housing Exchange, Inc., Resource Asset Management, Inc.,
APX MOrtgage Services, Inc., and/or South Star Management Co.,
Inc., and that default on those Counts of the Amended Complaint
wherein default had not previously been entered, was entered on the
_2d_ day of _OCTUBER_ 1997, in the office of the clerk of
this court, and that no proceedings have been taken by the said
Defendants since said default was entered, it is ordered and
adjudged, that judgment by default enter as against the Defendants,
as follows:    as against National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts IV and V of the Amended
Complaint;  and, as against APX Mortgage Services, Inc. and South
Star Management Co., Inc. on Counts I, II, III, IV and V of the
Amended Complaint, all in accordance with the Prayers of that
Amended Complaint, thereby recognizing and giving effect to the
following judgments in Massachusetts:

JUDGMENT ENTERED ON DOCKET __October 6, 19 97__
PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a)
AND JUSTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:

JTICE
SUT
0|5|97
J.F.C. Jr.

AS TO APX AND SOUTH STAR:

   Prayer 1:  The Chancery Court of the State of Delaware in and
for New Castle County's Liquidation and Injunction Order in Civil
Action No. 13530, dated November 21, 1995, a copy of which is
attached hereto as Exhibit "A";  and,

   Prayer 2:  The United States District Court, Northern District
of Illinois, Eastern Division's Amended Declaratory Judgment Order
in No. 95 C 4243, dated April 12, 1996, *nunc pro tunc*, April 3,
1996, a copy of which is attached hereto as Exhibit "B";  and,

   Prayer 3:  The United States District Court, Northern District
of  Illinois,  Eastern  Division's  Revised  Order  Regarding
Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997, a
copy of which is attached hereto as Exhibit "C".

AS TO ALL DEFENDANTS:

   Prayer 4:  The United States District Court, Northern District
of Illinois, Eastern Division's Order Particularly Identifying the
I-250 Assets No. 95 C 4243 dated February 7, 1997, a copy of which
is attached hereto as Exhibit "D".

   Prayer 5:  The United States District Court, Northern District
of Illinois, Eastern Division's Revised Order Regarding Additional
Massachusetts Mortgages No. 95 C 4243, dated April 15, 1997, a copy
of which is attached hereto as Exhibit "E".




SO ORDERED:



_____
Superior Court Department                    ,J.



Dated: October 6, 1997

I HEREBY ATTEST AND CERTIFY ON
.................., THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

Bk : 10816 



ORIGINAL

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF THE        )
REHABILITATION OF NATIONAL    )  C. A. No. 13530
HERITAGE LIFE INSURANCE COMPANY  )

## LIQUIDATION AND INJUNCTION ORDER

WHEREAS, the Honorable Donna Lee H. Williams, the Insurance Commissioner for the

State of Delaware, heretofore appointed as the Receiver of the National Heritage Life Insurance

Company in Rehabilitation by Order dated May 25, 1994 (the "Receiver"), has filed with the

Court a petition seeking a Liquidation and Injunction Order concerning National Heritage Life

Insurance Company ("National Heritage") pursuant to Title 18 Del. C. §5901, et seq.;

WHEREAS, a hearing on the financial status of National Heritage and for interested

parties to show cause why National Heritage should not be declared insolvent and ordered

liquidated was held by the Court on ___11/2/95___; and

WHEREAS, the Receiver has submitted evidence that National Heritage is insolvent, in

that as of September 30, 1995, National Heritage's liabilities exceeded its assets by

approximately $214 million and that as of the hearing date, the negative surplus was

approximately $214 million.

NOW THEREFORE, the Court finds and IT IS HEREBY ORDERED as follows:

1. National Heritage is insolvent as that term is defined in 18 Del. C. §5901.

2. Sufficient cause exists for the liquidation of the respondent, National Heritage,

pursuant to 18 Del. C. §§ 5906 and 5910 and a Liquidation and Injunction Order is hereby

entered against National Heritage.

3.  The May 25, 1994 Rehabilitation and Injunction Order and the June 27, 1994 Supplemental Rehabilitation Order entered by this Court in this matter are hereby superseded, upon entry of this Order, and the Commissioner shall continue to serve as Receiver of National Heritage for the purpose of liquidation as set forth below.

4.  The appointment of the Honorable Donna Lee H. Williams, Commissioner of Insurance of the State of Delaware, and her successors in office, as the Receiver of National Heritage is hereby continued and the Receiver is hereby directed to immediately take or maintain her exclusive possession and control of and to continue or be vested with all right, title and interest in, of or to the property of National Heritage, including, without limitation, all of National Heritage's assets, contracts, rights of action, funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer, books, records, bank accounts, certificates of deposit, collateral securing obligations to, or for the benefit of, National Heritage or any trustee, bailee or any agent acting for, or on behalf of, National Heritage (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of National Heritage including, without limitation, furniture, fixtures and office supplies, wherever located, and including such property of National Heritage or collateral securing obligations to, or for the benefit of, National Heritage or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions to any of the foregoing, wherever located, in the possession, custody or control of National Heritage or any Trustee therefore (collectively, the "Assets"), and to liquidate the same pursuant to the provisions of Chapter 59 of the Delaware Insurance Code, and the Receiver is further authorized

Bk : 10816-103    34843

to take such actions as the nature of this cause and interests of the policyholders, creditors and stockholders of National Heritage and the public may require.

5. The Receiver is hereby authorized to continue to deal with the Assets, business and affairs of National Heritage, including, without limitation, the right to sue for, defend for or continue suits already commenced by the Receiver for National Heritage, or for the benefit of National Heritage's policyholders, stockholders and creditors, in the courts and tribunals, agencies or arbitration panels in this State and other states in her name as the Commissioner of Insurance of the State of Delaware, or in the name of National Heritage.

6. The filing or recording of this Order or a certified copy hereof with the Clerk of this Court and with the recorder of deeds of the jurisdiction in which National Heritage's corporate and administration offices are located, or, in the case of real estate, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Clerk of this Court also constitutes notice to all sureties and fidelity bondholders of National Heritage of all potential claims against National Heritage under such policies and shall constitute the perfection of a lien in favor of National Heritage under the Uniform Commercial Code or any like Federal or state law, regulation or order dealing with the priority of claims.

7. Except as otherwise indicated elsewhere in this Order, and upon notice provided by the Receiver, all agents and brokers, former officers, former directors, stockholders and all other persons or entities now or prospectively holding Assets of, or on behalf of, National

3

Bk:10816-104    34843

Heritage shall forthwith file an accounting of those Assets with the Receiver and shall within ten (10) days of the entry of this Order, turn those Assets over to the Receiver.

8.  The Receiver may, in her discretion, appoint or continue the appointment of a consultant or other person or persons to serve as Special Deputy Receiver(s) to assist the Receiver in accomplishing the directive of this Order. The Special Deputy Receivers shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

9.  The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Special Deputy Receiver(s) and the Designees and of taking possession of National Heritage and conducting this proceeding shall be paid out of the funds and assets of National Heritage as administrative expenses under Title 18 Del. C. §5913(f). Each and every Designee shall be deemed to have submitted to the jurisdiction of this Court for the resolution of any disputes between the Receiver and such Designee concerning such Designee's rights, obligations and compensation.

10.  The Receiver, the Special Deputy Receivers and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties during the rehabilitation and liquidation periods, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence or criminal intent.  All expenses, costs and attorney's fees incurred by the Indemnitees in

Bk:10816-105    34843

connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver and shall be exclusively paid out of the funds and assets of National Heritage. The Indemnitees shall not be deemed to be employees of the State of Delaware.

11. The Receiver's right, title and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer shall continue, and all reinsurance companies involved with National Heritage are enjoined and restrained from making any settlements with any claimant or policyholder of National Heritage other than the Commissioner as Receiver. The amounts recoverable by the Receiver from any reinsurer of National Heritage shall not be reduced as a result of this liquidation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of National Heritage is hereby enjoined and restrained from terminating, cancelling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with National Heritage, except for non-payment of premium. The Receiver may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in liquidation.

12. The Receiver is hereby authorized to transfer National Heritage's assets and liabilities, to the extent such liabilities are not covered by a state guaranty association, to an affiliate, subsidiary or trust for the overall benefit of National Heritage's policyholders, other creditors, and stockholder, subject to approval by this Court.

Bk : 10816-106    34843

13. The Receiver may change to her own name the name of any of National Heritage's accounts, funds or other property or assets held with any bank, savings and loan association or other financial institution, and may withdraw such funds, accounts and other property or assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

14. The Receiver may reject any executory contract to which National Heritage is a party that the Receiver may in her discretion determine is burdensome to National Heritage or is otherwise not in its best interest. Any party to a rejected contract may file a claim only for damages arising from such rejection in accordance with paragraph 18, below. All claims of policyholders enumerated in 18 Del. C. §5918(e) shall have priority over all non-policyholder claims arising from the rejection of executory contracts.

15. National Heritage, its former officers, former directors, stockholders, agents, servants and employees and all other persons having notice of these proceedings or of this Order are hereby prohibited from transacting any business of, or on behalf of, National Heritage or selling, transferring, destroying, wasting, encumbering or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court.

16. All banks, brokerage houses, agents, reinsurers, or other companies or persons, either having in their possession Assets or possible Assets (including, without limitation, books or records of National Heritage), or having notice of these proceedings or of this Order, are hereby enjoined and restrained from disposing of, selling, wasting, encumbering, transferring or destroying any such Assets or possible Assets (including, without limitation, books or records of National Heritage). This prohibition includes, without limitation, Assets, possible Assets,

6

Bk : 10816-107    34043

books or records pertaining to any business transaction between National Heritage and any of said parties. No actions concerning, involving or relating to such Assets, possible Assets, books or records may be taken by any of the aforesaid persons or entities enumerated herein, without the prior written consent of the Receiver, or until further Order of this Court.

17. All former officers, former directors, stockholders, agents, servants and employees of National Heritage, and all other persons and companies having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity or in other proceedings against National Heritage, the Commissioner as Receiver, the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments or other like liens or encumbrances, or foreclosing upon or making of any levy against National Heritage or the Assets, or exercising any right adverse to the right of National Heritage to or in the Assets, or in any way interfering with the Receiver, the Special Deputy Receiver(s) or the Designees either in their possession and control of the Assets, books, and records of National Heritage or in the discharge of their duties hereunder.

18. All persons and companies are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of National Heritage, or against the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of National Heritage.

7

Bk : 10816-108     34843

19. The Court hereby imposes a temporary moratorium on payment of cash values, surrenders, policy loans or any other right to withdraw funds held in conjunction with the policies or contracts of National Heritage, in addition to the Receiver's and the state guaranty associations' right to implement any contractual provision for deferral of cash payment or policy loans, for a period of 120 days from the date of this Order, provided that any state guaranty association may voluntarily choose to permit a full or partial payment of cash values, surrenders, policy loans or any other right to withdraw funds for claims covered by the applicable state guaranty association law.

20. Within a reasonable time after receipt of a claim in the liquidation proceedings of National Heritage, the Receiver shall give notice by mail to any and all persons interested in such claim of the Receiver's proposed report and recommendation to the Court regarding the allowance or denial (in whole or in part) of such claim.

21. Within sixty (60) days of the mailing of the proposed report and recommendation, the interested person being given notice of such proposed report and recommendation may file a written objection thereto with the New Castle County Register in Chancery, 1000 King Street, Wilmington, Delaware, 19801, and the Receiver.

22. Within a reasonable time after such sixty (60) days, there being no objection to the proposed report and recommendation, the Receiver shall file with the Court such report and recommendation.

23. No hearing will be held regarding the proposed report and recommendation in the absence of a written objection thereto by a person interested therein.

8

Bk:10816-109    3484ß

24. The Receiver shall provide semiannual reports on the financial condition of National Heritage and on the actions of the Receiver pursuant to this Order.

25. Hereafter the caption of this cause and all pleadings in this matter shall read as:

"IN THE MATTER OF THE LIQUIDATION OF
NATIONAL HERITAGE LIFE INSURANCE COMPANY"

26. This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholders of National Heritage and the public may require. The Receiver, or any interested party upon reasonable notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

27. On or before June 30, 1996, the Receiver shall mail a Notice of Liquidation and Bar Date and a proof of claim form to all known claimants and creditors or persons or entities reasonably believed to be claimants or creditors of National Heritage, by first class mail, postage prepaid, and obtain proof of such mailing on United States Postal Form 3606.

28. ANY AND ALL CLAIMS AGAINST THE NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION NOT PRESENTED TO THE RECEIVER ON OR BEFORE JUNE 30, 1997 SHALL BE FOREVER BARRED FROM SHARING IN DISTRIBUTIONS OF THE ASSETS OF NATIONAL HERITAGE UNLESS THERE IS A SURPLUS AND NATIONAL HERITAGE IS DEEMED SOLVENT PURSUANT TO 18 DEL. C. §5928(a)(2).

SO ORDERED this 21 day of MAY , 1995.

_____
Chancellor

CERTIFIED
AS A TRUE COPY:
ATTEST:
FRE_ _ _ B. _ _ _ _GSHAW
REGISTER IN _ _ _ _ _ _Y
By _ _ _ _ _ _

9

Bk=10816-110

Minute Order Form    (rev 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 15, 1996 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

MOTION: In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.

DOCKET ENTRY:

(1)  ☐  Filed motion of [use listing in "MOTION" box above]                Sent for VI DRAFTING

(2)  ☐  Brief in support of motion due                                     APR 16 1996

(3)  ☐  Answer brief to motion due _____ Reply to answer brief due _____

(4)  ☐  Ruling on _____ set for _____ at _____      Filmed on _____

(5)  ☐  Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6)  ☐  Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7)  ☐  Trial ☐ Set for ☐ re-set for _____ at _____

(8)  ☐  ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9)  ☐  This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
     ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒  [Other docket entry]  Receiver's motion for an order confirming his authority to
convey certain REO property to purchaser and his motion for an order
confirming his authority with respect to Arapaho Car wash Loans are granted.
Nominal defendants' motion to enlarge time until May 3, 1996 to respond to
the counterclaim of RAM is granted. Accordingly, reply is extended to May
24, 1996. Commissioner shall set aside escrow to provide for Continental
fees, if ordered by it. Enter Amended Declaratory judgment order nunc pro
tunc April 3, 1996 on plaintiff's motion for summary judgment on Count I.
RAM has until May 13, 1996 to respond to motions to dismiss count I of RAM's
counterclaim by Commissioner and Continental. Ruling set for July 11, 1996
at 9:45 A.M.

[ ] For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form

| No notices required, advised in open court | | Number of notices |
|---|---|---|
| ☐ No notices required | | |
| ☐ Notices mailed by judge's staff | APR 16 1996 | date docketed |
| ☐ Notified counsel by telephone | | |
| ✓ Docketing to mail notices | | docketing dpty. initials |
| ☐ Mail AO 450 form | APR 16 1996 | date mailed notice |
| ☐ Copy to judge/magistrate judge | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document #

Document #

Bk : 10816-117 ` 34843

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE      )
COMMISSIONER OF THE STATE OF DELAWARE, )
AS RECEIVER OF NATIONAL HERITAGE LIFE  )
INSURANCE COMPANY IN REHABILITATION,   )
CONTINENTAL STOCK TRANSFER & TRUST     )
COMPANY, MIDWEST INDEPENDENT BANK,     )
and MIDWEST MORTGAGE SERVICING, L.L.C., )

             Plaintiffs,      )   Civil Action 95 C 4243
                        )   Hon. Elaine E. Bucklo
        v.                    )   Magistrate Judge
                        )   Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX    )
MORTGAGE SERVICES, INC., and           )
RESOURCE ASSET MANAGEMENT, INC.        )
                        )
           Defendants.       )

## AMENDED DECLARATORY JUDGMENT ORDER

       This cause coming to be heard on the Motion for Summary
Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,
Insurance Commissioner of the State of Delaware, as Receiver of
National Heritage Life Insurance Company in Liquidation (the
"Commissioner"), due notice having been given and the Court being
fully advised in the premises,

      IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

      1.    The Commissioner's Motion for Summary Judgment on
           Count I is granted;

      2.    All the rights of National Housing Exchange, Inc.
           under the Indenture and Servicing Agreement dated
           December 28, 1993 were terminated on November 7,
           1994;

3.    All the rights of APX Mortgage Services, Inc. under the Indenture and Servicing Agreement dated December 28, 1993 were terminated on November 7, 1994;

4.    The rights of both National Housing Exchange, Inc. and APX Mortgage Services, Inc. with respect to the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pool of Mortgages, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993, are hereby terminated;

5.    No approvals, agreements, consents, signatures or other action of any nature whatsoever of either or both of National Housing Exchange, Inc. and APX Mortgage Services, Inc. is required in connection with any action pursuant to the Indenture and Servicing Agreement dated December 28, 1993; provided however that nothing herein shall be deemed to relieve either or both of National Housing Exchange, Inc. and APX Mortgage Services, Inc. of their respective obligations under the Indenture and Servicing Agreement dated December 28, 1993;

2

Bk:10816-118   34843

6.  The Commissioner is entitled to unencumbered
    ownership of the Mortgages, Mortgage Files,
    Mortgage Loans, Mortgage Impairment Insurance
    Policy, Mortgage Notes, Mortgaged Property, Pool of
    Mortgages, Related Security Documents and any and
    all proceeds thereof, as those terms are defined in
    the Indenture and Servicing Agreement dated
    December 28, 1993; and,

7.  All right, title and interest in and to the
    Mortgages, Mortgage Files, Mortgage Loans, Mortgage
    Impairment Insurance Policy, Mortgage Notes,
    Mortgaged Property, Pools of Mortgage, Related
    Security Documents and any and all proceeds
    thereof, as those terms are defined in the
    Indenture and Servicing Agreement dated December
    28, 1993 is vested in the National Heritage Life
    Insurance Company in Liquidation (or any affiliate
    designated by National Heritage Life Insurance
    Company in Liquidation with respect to any
    environmentally impaired Mortgaged Property).

                              ENTER ORDER:


DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

                              _____
                              Elaine E. Bucklo
                              United States District Court
                              Judge


                              3

**EXHIBIT 2**

Schedule of XXX Bond Loans Secured by Real Estate

Borrower 1, 1996

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|---|---|---|---|---|---|---|---|---|
| A | | 15 | Duprey | 61 Sterling Lane | Bradford | 600162 | 3479 | 524 |
| | | 16 | Gilet | 71 Princeton, Unit 108 | North Chelmsford | 33553 | 3538 | 177 |
| | Barnstable | 16 | Host | 108 Howland Circle, #102 | Brewster | 32748 | 6308 | 112 |
| | Bristol | 14 | Drumheiser | 14 Spruce Street | New Bedford | 22979 | 2224 | 90 |
| | Essex | 15 | Daigle | 200 Wilson Street, Units 2 & 4 | Haverhill | 364 | 10391 | 472 |
| | | | Roberts | 4 Central Avenue | Methuen | 42312 | 67 | 333 |
| | | 16 | Gauthier/Roderick | 407 Forest Hill Road | Dunstable | 79019 | 3841 | 233 |
| | | | Moran | 415 Lafayette St. | Salem | 53 | 9067 | 169 |
| | Hampshire | 15 | Duquette | 72 Barrett Street, Unit 110 | Northhampton | 19366 | none | none |
| | Hillsborough | 16 | Driscoll/Buker | 143 Baboosic Lake Rd. | Merrimack | 602728 | 4591 | 115 |
| | Middlesex | 13 | Elliot Group Inc. | 38-40 Sarah Ave./771 Broadway/285-287 Dutton St. | Lowell | 12569 | B05490 | 278 |
| | | 14 | Gavriel | 26-28 Alma | Lowell | 20595 | 4507 | 61 |
| | | 15 | Babcock | 54 Glenside Avenue | Billerica | 12834 | B04452 | 21 |
| | | | Dabilis | 861-871 Middlesex Road | Lowell | 78706 | 3439 | 259 |
| | | | Dabilis/Gavriel | 42 Marshall St. | Lowell | 13934 | 3956 | 338 |
| | | | Duffy | 97 Daniels Street | Malden | 642632 | 998 | 129 |
| | | | Grant | 810B Lawrence Street | Lowell | 36079 | 3556 | 12 |
| | | | Oehley | 11 Pike Street | Hopkinton | (none) | 15414 | 174 |
| | | | Torres/Ramos | 29-31 Queen St. | Lowell | 35435 | 5005 | 150 |
| | | 16 | Arbetter | 78 Captian Eames Circle, #U2B | Ashland | (none) | 14215 | 80 |
| | | | Hague | 40 Aberdeen Street | Lowell | 18871 | 3436 | 109 |
| | | | Hipp | 65 Indian Brook Road | Ashland | 471 | 20144 | 600 |
| | | | Landry | 361 Aiken Avenue, No. 4 | Lowell | 44158 | B05373 | 195 |
| | | | McInnis | 369 Aiken Avenue, Unit 16 | Lowell | 34325 | B04998 | 134 |
| | | 17 | Games | 6 Ledgewood Way, Unit 16 | Peabody | 91 | 9605 | 576 |
| | | | Keomouangchanh | 204 Ludlam St. | Lowell | 24133 | B04533 | 29 |
| | New Haven | 16 | O'Malley | 208 West St., Unit 4A | Milford | (none) | 11971 | 298 |

Bk : 10816-120    34843

EXHIBIT 2

Schedule of MKK Bond Loans Secured by Real Estate

November 4, 1996

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| MA | Norfolk | 15 | Giordano | 660 Franklin Street | Wrentham | 2654 | 7474 | 518 |
| | | | Magri | 7-9 Pierce Street, | Milton | 44301 | 7247 | 487 |
| | | | Padula | 131, 133, & 135 Creek St. | Wrentham | 49212: | 619 | 113 |
| | | | Reed | 691 Washington Street | Braintree | 25552 | 833 | 655 |
| | | 16 | Brustin | 133 Commander Shea Blvd., Unit 116 | Quincy | 11421 | 7416 | 151 |
| | Plymouth | 15 | Feingold/Conno | 45 Manomet Rd. | Plymouth | 9742 | 13724 | 85 |
| | | 16 | McCann | 50 Pinewood Lane | Duxbury | (none) | 7044 | 85 |
| | | 17 | Melone | 131 Chapel Street | Pembroke | 76854 | 10509 | 342 |
| | | | Pasquariello | 3-12 School Street | Marshfield | 65134 | 6922 | 146 |
| | | | | 3-7 School Street | Marshfield | 65137 | 6922 | 162 |
| | Suffolk | 14 | Pal | 461 Washington Street, Unit 406 | Boston | 143 | 13522 | 64 |
| | | 15 | Deo | 56 Round Hill Street | Jamaica Plain | 290 | 15403 | 128 |
| | | | Glades Realty Trust | 36-38 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Levis | 135-137 Sydney Street | Boston | (none) | 13669 | 175 |
| | | | Mannix | 29 Vinton Street | South Boston | (none) | 16204 | 136 |
| | | 16 | Cheletzky | 8 Kittredge Street, No. 5K | Rosendale | 239 | 16232 | 60 |
| | | | Glades Realty Trust | 30-34 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Grubbs | 20 American Legion Highway | Boston | 33106 | 14939 | 1 |
| | | | Krell | 1607 Commonwealth, Unit 30 | Boston | 41645 - C114-62 | (none) | (none) |
| | | | Mullings | 40 Kingsdale Street | Dorchester | 457044 | (none) | (none) |
| | | 17 | Brown | 18 Burnett Road, #18 | Revere | 171 | 14918 | 220 |
| | Worcester | 14 | Reinold/Firell | 135 East Main St., Unit C-8 | Westborough | 42917 | 8276 | 321 |
| | | 15 | Choquette | 257 E. Main St. | East Douglas | 8559 | 11900 | 127 |
| | | | Griffin | 5 Griswold Court | Oxbridge | 112513 | 10621 | 265 |
| | | 16 | Humphrey's LTD | 208 West Street, Unit 4A | Hopedale | (none) | 10285 | 188 |
| | | | King | 6 Beckman St | Worcester | 121706 | 10883 | 243 |

BK 10816-121   34843

November 4, 1996

Schedule of XXX Bond Loans Secured by Real Estate

| t. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|---|---|---|---|---|---|---|---|---|
| | Worcester | 16 | King | 19 Canton Street | Worcester | 7662 | 11097 | 122 |
| | | 17 | Alex | 61A Fox Meadow Road, Unit 61A | Leominster | 7686 | 1561 | 44 |
| | | | Pasquariello | 4 Oak St., #12/12 Williamsburg Ct., #28/3 & 12 Castle Green, #3 | Shrewsbury | 5730 | 9192 | 161 |
| | | | | 12-4 Oak Street | Shrewsbury | 5733 | 9192 | 171 |

Bk:10816-122 · 34843

## CERTIFICATE OF SERVICE

I, William P. Ziegelmueller, an attorney, certify that
on February 14, 1997, I caused a copy of the foregoing MOTION FOR
A REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES to be served by
U.S. Mail, postage prepaid:

Richard Waris
Pretzel & Stouffer Chartered
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606

James Rolfes
Sachnoff & Weaver, Ltd.
30 S. Wacker Drive
Suite 2900
Chicago, Illinois 60606

David J. Krupp
Miller, Shakman, Hamilton,
 Kurtzon & Schlifke
208 South LaSalle Street
Suite 1100
Chicago, Illinois 60604

Robert E. Davy, Jr.
180 N. LaSalle, Suite 2315
Chicago, Illinois 60611

APX Mortgage Services, Inc.
c/o Robert Gorski
P.O. Box 909
Lake Zurich, Illinois  60047-0909

William P. Ziegelmueller



Bk 10816

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 20, 1997 |
| Case Title | Williams, et al. VS. National Housing, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g. plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:                                         Sent for Microfilming

(1) [ ]  Filed motion of [use listing in "MOTION" box above]

(2) [ ]  Brief in support of motion due _____                FEB 21 1997

(3) [ ]  Answer brief to motion due _____ Reply to answer brief due __ Docketed on  FEB 24 1997

(4) [ ]  Ruling / Hearing  on _____ set for _____ at _____

(5) [ ]  Status hearing [ ] held [ ] continued to [ ] set for [ ] re-set for _____ at _____

(6) [ ]  Pretrial conf. [ ] held [ ] continued to [ ] set for [ ] re-set for _____ at _____

(7) [ ]  Trial [ ] Set for [ ] re-set for _____ at _____

(8) [ ]  [ ] Bench Trial [ ] Jury Trial [ ] Hearing held and continued to _____ at _____

(9) [ ]  This case is dismissed [ ] without [ ] with prejudice and without costs [ ] by agreement [ ] pursuant to
[ ] FRCP 4(j) (failure to serve) [ ] General Rule 21 (want of prosecution) [ ] FRCP 41(a)(1) [ ] FRCP 41(a)(2)

(10) [X]  [Other docket entry]  The Commissioner's motion for the entry of a revised order regarding Massachusetts Mortgage is granted. Enter Revised Order. Plaintiff's motion for reassignment of case number 96 C 8477 based on relatedness is also granted.

(11) [✓]  [For further detail see [ ] order on the reverse of [✓] order attached to the original minute order form.]

| | |
|---|---|
| [ ] No notices required, advised in open court. | number of notices |
| [ ] No notices required. | |
| [ ] Notices mailed by judge's staff. | date docketed  FEB 21 1997 |
| [ ] Notified counsel by telephone. | docketing dpty. initials |
| [✓] Docketing to mail notices. | |
| [ ] Mail AO 450 form. | date mailed notice  FEB 21 1997 |
| [ ] Copy to judge/magistrate judge. | |
| courtroom deputy's initials | Date/time received in central Clerk's Office  mailing |

97 FEB 20 PM 5: 35
RECEIVED FOR DOCKETING
ED-11

Document #  325

Bk:10816-115    34843

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, ET AL.              )
                                           )
              Plaintiffs,                  )    Civil Action 95 C 4243
                                           )    Hon. Elaine E. Buckle
       v.                                  )    Magistrate Judge
                                           :    Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX        )
MORTGAGE SERVICES, INC., and               )
RESOURCE ASSET MANAGEMENT, INC.            )
                                           /
              Defendants.                  )

### REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES

        This matter having come to be heard on the
Commissioner's Motion for the Entry of a Revised Order Regarding
Massachusetts Mortgages subject to the Amended Declaratory
Judgment Order entered April 12, 1996, nunc pro tunc April 3,
1996, a copy of which is attached hereto as Exhibit 1, the Court
hereby orders that National Heritage Life Insurance Company, in
Liquidation ("NHL"), as to any claim of title and possession by
or through National Housing Exchange Inc., APX Mortgage Services,
Inc., Resource Asset Management, Inc., and South Star Management
Corp. (collectively "the Parties"), has good, valid, and
indefeasible ownership of any and all interests, free and clear,
and free of any adverse equities and any other claims in and to
the mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments, whether or
not of record, with respect to the real property located in the
Commonwealth of Massachusetts and listed in Exhibit 2, which is
attached to this Order and incorporated herein (hereinafter such
mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments shall be
referenced as the "Mortgages"), together with:

        (1)    any and all notes, loan agreements, credit agreements,
               guaranties, and any other evidence of indebtedness
               secured by the Mortgages;

        (2)    any and all other security interests or claims
               pertaining to any indebtedness secured by the
               Mortgages, including but not limited to any and all (a)
               security agreements or chattel mortgages, (b)
               assignments or collateral assignments of rents, leases,
               and profits, (c) assignments or collateral assignments
               of accounts receivable, (d) assignments, collateral
               assignments, or pledges of stock, (e) assignments or
               collateral assignments of business licenses, permits,
               service contracts and equipment leases, (f) interests
               in any insurance proceeds or condemnation awards, (g)

Bk:10816-116  34849

interests in any indemnification agreements, whether
with respect to environmental matters or otherwise, (h)
interests in any leases, ground leases, proprietary
leases, or occupancy agreements, (i) interests in any
UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver;  and

(3)   any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed or repossessed, or title has
otherwise reverted to Defendant prior to this Order, that, as
between the Parties and NHL, NHL has good, valid and indefeasible
fee simple title, free and clear, and free and clear of any
claims in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated:  2/20/97          ENTER: _____

                                Hon. Elaine E. Bucklo
                                United States District Court Judge

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 7, 1997 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]          Sent for Microfilming

(2) Brief in support of motion due _____

(3) Answer brief to motion due _____ Reply to answer brief due ___   FEB 10 1997

(4) Ruling/Hearing on _____ set for   Filmed on ___

(5) Status hearing [ ] held [ ] continued to [ ] set for [ ] re-set for ___ at ___

(6) Pretrial conf. [ ] held [ ] continued to [ ] set for [ ] re-set for ___ at ___

(7) Trial [ ] Set for [ ] re-set for ___ at ___

(8) [ ] Bench Trial [ ] Jury Trial [ ] Hearing held and continued to ___ at ___

(9) This case is dismissed [ ] without [ ] with prejudice and without costs [ ] by agreement [ ] pursuant to
[ ] FRCP 4(j) (failure to serve) [ ] General Rule 21 (want of prosecution) [ ] FRCP 41(a)(1) [ ] FRCP 41(a)(2)

(10) [X] [Other docket entry] Commissioner's motion for the entry of an order particularly identifying the I-250 assets is granted. Enter Order.

(11) [✓] [For further detail see [ ] order on the reverse of [✓] order attached to the original minute order form.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | FEB 10 1997 date docketed |
| ✓ Docketing to mail notices. | Docketing dpty. initials |
| Mail AO 450 form. | date mailed notice |
| Copy to judge/magistrate Judge. | |
| courtroom deputy's | Date/time received in central Clerk's Office | mailing |

Document # 320

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, ET AL.            )
                                         )
                    Plaintiffs,          )    Civil Action 95 C 4243
                                         )    Hon. Elaine E. Buckio
          v.                             )    Magistrate Judge
                                         )    Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX      )
MORTGAGE SERVICES, INC., and             )
RESOURCE ASSET MANAGEMENT, INC.          )
                                         )
                    Defendants.          )

DOCKETED
FEB 10 1997

ORDER PARTICULARLY IDENTIFYING THE I-250 ASSETS

          This matter having come to be heard on the
Commissioner's Motion for the Entry of an Order Particularly
Identifying the I-250 Assets, the Court hereby orders that
National Heritage Life Insurance Company, in Liquidation ("NHL")
has good, valid, and indefeasible ownership of any and all
interests, all free and clear of any defects of title and free
and clear of any leases, liens, security interests, encumbrances,
adverse equities and any other claims of any other person or
entity, in and to the mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments, whether or not of record, with respect to the real
property listed in Exhibit A, which is attached to this Order and
incorporated herein (hereinafter such mortgages, deeds of trust,
trust deeds, deeds to secure debt, security devises or other
title retention instruments shall be referenced as the
"Mortgages"), together with:

          (1)  any and all notes, loan agreements, credit agreements,
               guaranties, and any other evidence of indebtedness
               secured by the Mortgages;

          (2)  any and all other security interests or claims
               pertaining to any indebtedness secured by the
               Mortgages, including but not limited to any and all (a)
               security agreements or chattel mortgages, (b)
               assignments or collateral assignments of rents, leases,
               and profits, (c) assignments or collateral assignments
               of accounts receivable, (d) assignments, collateral
               assignments, or pledges of stock, (e) assignments or
               collateral assignments of business licenses, permits,
               service contracts and equipment leases, (f) interests
               in any insurance proceeds or condemnation awards, (g)
               interests in any indemnification agreements, whether
               with respect to environmental matters or otherwise, (h)
               interests in any leases, ground leases, proprietary
               leases, or occupancy agreements, (i) interests in any

UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver; and

(3)    any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed, NHL has good, valid and
indefeasible fee simple title, free and clear of any defects of
title and free and clear of any claims of any other person or
entity, in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated: ___2/7/97___        ENTER: ___Ela Bucklo___
                                  Hon. Elaine E. Bucklo
                                  United States District Court Judge

\42272\010\50COUBAZ.028

-ge 1

ARCH PHRASE: CLASSIF CONTAINS 1-250 AND NOT CLASSIF CONTAINS bond AND NOT CURSTAT CONTAINS "paid off"

| ATE COUNTY | MORTGAGR | ADDR | CITY | DOCNO. | BK# | PAGENO. | SHARES | UCC# | COOP |
|---|---|---|---|---|---|---|---|---|---|
| San Bernadino | Hobbs | 1358 N. Idyllwild | Rialto | 84-304157 | (none) | (none) | | | |
| Fairfield | Bacon | 120 Huntington Tpk., Unit 303 | Bridgeport | 16789 | 2355 | 211 | | | |
| Lucas | Lenci | 248 Willow St. | Waterbury | 2145 | 2586 | 106 | | | |
| New Haven | Lenci | 242-244 Willow St. | Waterbury | 2143 | 2586 | 94 | | | |
| New Haven | Batam Associates | 1070 New Haven, Unit 53 | Milford | 10648 | 1607 | 125 | | | |
| Orleans Parish | Davis | 1371-1373 St. Bernard Avenue | New Orleans | 482917 | MOB2414 | 136 | | | |
| St. Bernard Parish | Aries Enterprise | 201, 203 & 205 South Pl. | Chalmette | (none) | 142 | 196 | | | |
| Essex | Chimenti | F-1 Colonial Dr., Unit 6 | Andover | (none) | 2522 | 105 | | | |
| Gloucester | Afotey | 520 Cascade Ct., Unit 520 | Sewell | 11348 | MB 1528 | 87 | | | |
| New York | Eisenberg | 66-33 98th Pl., Unit 3J | Rego Park | Stock #154 | | | 204 | (none) | 98th Place Owners |
| New York | Poupon | 5 Tudor City Pl., Unit 308 | New York | Stock #A602 | | | 156 | 95PN18564 | Windsor Owners |
| New York | Verigan | 5 Tudor City Pl., Unit 237 | New York | Stock #A610 | | | 145 | 95PN18563 | Windsor Owners |
| New York | Jenkins | 5 Tudor City Pl., Unit 437 | New York | Stock #A580 | | | 149 | 95PN34567 | Windsor Owners |
| New York | Suh | 5 Tudor City Pl., Unit B-17 | New York | Stock #A582 | | | 284 | 95PN18119 | Windsor Owners |
| New York | McKennan | 5 Tudor City Pl., Unit 715 | New York | Stock #B364 | | | 189 | 38PN67159 | Tudor Owners |
| Queens | Brodigan | 5 Bedford Ave. | Rockaway Park | Stock #9471 | | | 175 | 151741 | Breezy Point Coopera tive, Inc. |
| Suffolk | Gill | 365 County Rd., Unit 39 | Shinnecock Hills | CD 53814 | 2307 | 391 | | | |

age 2 .' '

SEARCH PHRASE:  CLASSIF CONTAINS 1-250 AND NOT C    IF CONTAINS bond AND NOT CURSTAT    ONTAINS "paid off"

| TATE COUNTY | MORTGAGR | ADDR | CITY | DOCNO. | BK# | FAGENO. | SHARES | UCC# | COOP |
|---|---|---|---|---|---|---|---|---|---|
| H | Franklin | Messenger | 6798 Lehman Rd. | Canal Winchester | (none) | 3469 | 633 | | | |
| H | Franklin | Singer | 809-811 E. 2nd Ave. | Columbus | 23694 | 11293 | 803 | | | |
| 4 | Franklin | Mullen | 333 S. Sylvan Ave. | Columbus | 5710 | 11073 | 820 | | | |
| 4 | Lucas | Hudson | 2741 Stickney Ave. | Toledo | 20062 | 83 | 912C09 | | | |
| 4 | Warren | Green | 395 Morrow Rd. | South tob ... | 12121 | 207 | 63 | | | |
| A | Philadelphia | Laren | 213 S. 46th St. | Philadelphia | (none) | M0922 | 316 | | | |
| X | Collin | Malone, II | Lot 1 in Block 6 of Bent Trail Addition 3 | Dallas | 43529 | 2894 | 384 | | | |
| X | Lubbock | Patton | 1205-1207 34th St. | Lubbock | 11558 | 2794 | 32 | | | |
| X | Nueces | Loas Tire & Auto Supply | 4015 Ayers | Corpus Christi | 596050 | Roll 195 | 1705 | | | |
| A | Loudoun | Ritenour | South-West corner of Church & State Sts. | Leesburg | 11314 | 1043 | 1333 | | | |
| A | Washington | Kassir/KHS Associates | 920-924 Business Pk. | Chesapeake | 22634 | 2324 | 697 | | | |

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS**

| Name of Assigned Judge<br>or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other<br>Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 16, 1997 |
| Case<br>Title | Williams, et al. Vs. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]

Sent for Microfilming

(2) ☐ Brief in support of motion due _____

(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____  APR 17 1997

(4) ☐ ☐ Ruling
       ☐ Hearing   on _____   set for _____   Filmed on APR 21 1997

(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
       ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Enter order regarding additional Massachusetts mortgages.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | | |
|---|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | number of<br>notices | |
| ☐ | No notices required. | | | | |
| ☐ | Notices mailed by judge's staff. | | APR 17 1997 | date<br>docketed | Document # |
| ☑ | Notified counsel by telephone. | 21 : L Hd 91 AdV L6 | | | 361 |
| ☑ | Docketing to mail notices. | | | docketing<br>dpty. initials | |
| ☐ | Mail AO 450 form. | | | | |
| ☐ | Copy to judge/magistrate Judge. | | APR 11 1997 | date mailed<br>notice | |
| | courtroom<br>deputy's<br>initials | Date/time received in<br>central Clerk's Office | | mailing<br>dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**APR 17 1997**

DONNA LEE H. WILLIAMS, ET AL.        )
                                     )
              Plaintiffs,            )   Civil Action 95 C 4243
                                     )   Hon. Elaine E. Buckle
       v.                            )   Magistrate Judge
                                     )   Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX  )
MORTGAGE SERVICES, INC., and         )
RESOURCE ASSET MANAGEMENT, INC.      )
                                     )
              Defendants.            )

### ORDER REGARDING ADDITIONAL MASSACHUSETTS MORTGAGES

This matter having come to be heard on the
Commissioner's Emergency Motion for an Order Confirming Title to
Additional Massachusetts Mortgages, the Court hereby orders that
National Heritage Life Insurance Company, in Liquidation ("NHL")
has good, valid, and indefeasible ownership of any and all
interests, all free and clear of any defects of title and free
and clear of any leases, liens, security interests, encumbrances,
adverse equities and any other claims of any other person or
entity, in and to the mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments, whether or not of record, with respect to the real
property located in the State of Massachusetts and listed in
Exhibit A, which is attached to this Order and incorporated
herein (hereinafter such mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments shall be referenced as the "Mortgages"), together
with:

(1)   any and all notes, loan agreements, credit agreements,
      guaranties, and any other evidence of indebtedness
      secured by the Mortgages;

(2)   any and all other security interests or claims
      pertaining to any indebtedness secured by the
      Mortgages, including but not limited to any and all (a)
      security agreements or chattel mortgages, (b)
      assignments or collateral assignments of rents, leases,
      and profits, (c) assignments or collateral assignments
      of accounts receivable, (d) assignments, collateral
      assignments, or pledges of stock, (e) assignments or
      collateral assignments of business licenses, permits,
      service contracts and equipment leases, (f) interests
      in any insurance proceeds or condemnation awards, (g)
      interests in any indemnification agreements, whether
      with respect to environmental matters or otherwise, (h)
      interests in any leases, ground leases, proprietary

leases, or occupancy agreements, (i) interests in any
UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver; and

(3)   any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed, NHL has good, valid and
indefeasible fee simple title, free and clear of any defects of
title and free and clear of any claims of any other person or
entity, in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated: _____        ENTER: _____
                                      Hon. Elaine E. Bucklo
                                      United States District Court Judge

\42272\010\50COUBAZ.042

ge 1

EASCH PHRASE:  CURSTAT CONTAINS nf AND CLASSIF CONTAINS bond AND BK# EXISTS AND STATE          CONTAINS ma

| TATE COUNTY | MORTGAGR | ADDR | CITY | DOCNO. | BK# | PAGENO. |
|---|---|---|---|---|---|---|
| A Bristol | Briarcliff 90 Realty Trust | 152 N. Main St., Units 1-8 172 N. Main St., Units 1-8 110 Briarcliff Rd., Units 1-8 100 Briarclif Rd., Units 1-8 90 Briarcliff Rd., Units 1-8 | Raynham | | 4650 | 137 |
| A Middlesex | Tiger Realty Trust | 225 Steadman St., Units 29 & 30 | Lowell | 34116 | 4602 | 181 |
| A Middlesex | Adams | 223 Courtland Street | Holliston | | 21050 | 88 |
| A Plymouth | Ciampa | 40 Matakeesett St., Unit 24 | Pembroke | 14473 | 10170 | 112 |
| A Suffolk | Thomas | 151 Tremont Street, No. 23P | Boston | 464 | 14983 | 325 |
| A Suffolk | Watkins/Williams | 158 Glenway St. | Dorchester | 283 | 14751 | 151 |

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                  SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.:

STEVE NADER GAVAL and          )
MANSOUR GAVAL,                 )
        Plaintiffs             )
                               )
vs.                            )
                               )          **COMPLAINT** $04-07 62C$
ALAN MASON, ESQUIRE, and       )
d/b/a ALAN MASON LEGAL         )
SERVICES, INC., and TERRY A.   )
KING and E. PERRY KING         )
        Defendants             )
_____)

### PARTIES

1.      The plaintiff, Steve Nader Gaval, is an individual residing at 25 Lynnwood Lane,
Worcester, County of Worcester, Massachusetts 01609.

2.      The plaintiff, Mansour Gaval, is an individual residing at 431 Salisbury Street,
Worcester, County of Worcester, Massachusetts 01609.

3.      The defendant, Alan Mason, Esquire, and d/b/a Alan Mason Legal Services, Inc.,
resides in Princeton, Massachusetts and has a principal place of business at 428
Shrewsbury Street, Worcester, County of Worcester, Massachusetts 01604.

4.      The defendant, E. Perry King, is an individual residing at 10-A Dodge Hill Road
Sutton, MA 01590

5.      The defendant, Terry A. King, is an individual residing at 188 Route 146, Sutton, MA 01586

### STATEMENT OF FACTS

6.      Plaintiffs, Steve Nader Gaval and Mansour Gaval, are in the business of
purchasing distressed properties to refurbish and resell at a higher value.

7.      In or about July 2002, Plaintiffs retained Alan Mason, Esquire's legal services
regarding the purchasing of property located at 6 Beckman Street, Worcester,
Massachusetts and at 19 Canton Street, Worcester, Massachusetts from Terry A. King
and E. Perry King (hereinafter collectively referred to as "the Kings").

8.    Plaintiffs relied on Attorney Mason's legal expertise and at no time prior to the purchase of the King properties, did Attorney Mason indicate that there were existing encumbrances on either property.

9.    As Buyers' attorney, Attorney Mason was obligated to perform or order a title rundown to ensure there were no encumbrances on the properties.

10.    Alan Mason did not prepare a Purchase and Sale Agreement for the properties.

11.    On or about July 15, 2002, Plaintiffs purchased each of the King properties for One Hundred Ten Thousand ($110,000.00) Dollars and were deeded the properties, copies of which are attached and marked "A".

12.    Unbeknownst to Plaintiffs, a Purchase and Sale Agreement between the plaintiffs and the Kings materialized originally dated July 18, 2002 (after the sale of the property) and adjusted to read July 15, 2002. In the Purchase and Sale Agreement it addresses outstanding tax liability owed to the City of Worcester and states under the section titled "Additional Provisions" that "Buyer agrees to hold the Seller harmless for any outstanding discharge(s) and taxes, and all outstanding judgments and mortgages to be discharged." A copy of Agreement is attached hereto and marked "B".

13.    Plaintiffs neither signed nor viewed the contents of the Purchase and Sale Agreement dated July 15, 2002. The plaintiff, Mansour Gaval, states that the signature on the Purchase and Sale Agreement is false and a forgery. A copy of Mansour Gaval's Affidavit is attached hereto and marked "C".

14.    After the purchase of the King properties, Plaintiffs learned that there were several encumbrances on each of the properties and were responsible for their payment as current title holders. A copy of itemization of the King encumbrances is attached hereto and marked "D".

15.    Plaintiffs have since sold both properties at a lower resale value than what could have been obtained if there were no existing encumbrances and Plaintiffs have suffered severe monetary losses as a result.

16.    Plaintiffs learned after the transactions that the Kings believed that Alan Mason represented them in the transactions.

17.    The Board of Bar Overseers is investigating the transaction involving the plaintiffs and Defendant.

<div align="center">

**COUNT I**

**Steve Nader Gaval and Mansour Gaval v. Alan Mason, Esquire, and d/b/a Alan Mason Legal Services, Inc.**
**(Fraud/Misrepresentation)**

</div>

18.    Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

19.    Attorney Mason represented to Plaintiffs that titles to the King properties located at 6 Beckman Street, Worcester, Massachusetts and at 19 Canton Street, Massachusetts, were free and clear of any encumbrances, which representations were false, as the defendant knew or should have known being legal counsel.

20.    The defendant, as counsel for Plaintiffs, owed a duty to research and ensure that both of the King properties were absent of encumbrances.

21.    The plaintiffs relied upon representations made by the defendant and were thereby induced to purchase the King properties which were severely encumbered.

22.    As a result of the false and/or fraudulent representations made by the defendant, the plaintiffs suffered estimated damages in the amount of $357,000.

WHEREFORE, the plaintiffs pray that judgment enter against the defendant in the amount of the plaintiffs' damages, plus interest from the date of said fraud and costs, including reasonable attorney's fees.

## COUNT II
### Steve Nader Gaval and Mansour Gaval v. Alan Mason, Esquire, and d/b/a Alan Mason Legal Services, Inc.
### (Malpractice Against Defendant)

23.    Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24.    The defendant negligently failed to perform his duties according to the generally accepted standards of care known in practice by the average legal practitioner in the Commonwealth of Massachusetts, causing the plaintiffs to suffer damages.

25.    Defendant failed to perform or order title rundowns on the properties.

26.    Defendant failed to disclose that the properties were severely encumbered.

27.    Defendant's actions fall below the standard of care for the average real estate attorney.

28.    Defendant's actions caused Plaintiffs damages, including additional attorneys fees to clear title and for the encumbrances themselves.

WHEREFORE, the plaintiffs pray that judgment enter against the defendant in the amount of the plaintiffs' damages, plus interest from the date of said malpractice and costs, including reasonable attorney's fees.

## COUNT III
### Steve Nader Gaval and Mansour Gaval v. Alan Mason, Esquire
### (Violation of the Massachusetts Rules of Professional Conduct)

29.    Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

30.    Defendant, as sworn counsel in the Commonwealth of Massachusetts, owes a duty to abide by the established rules set forth for practicing attorneys and breached his duty by representing both Seller and Buyer in the same property transaction resulting in a direct conflict of interest in violation of Rule 1.7 of the Massachusetts Rules of Professional Conduct.

WHEREFORE, the plaintiffs pray that judgment enter against the defendant in the amount of the plaintiffs' damages, plus interest from the date of said violation and costs, including reasonable attorney's fees.

## COUNT IV
### Steve Nader Gaval and Mansour Gaval v. E. Perry King and Terry A. King
### (Breach of Contract)

31.    Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32.    Defendants E. Perry King and Terry A. King breached their agreement with the Gavals that they would transfer clear title to the properties in exchange for the purchase prices.

33.    Defendants have acknowledged, post-transfer, that they had knowledge that the properties had valid liens against them, specifically one from the Department of Revenue.

34.    Plaintiffs have been damaged as a result of Defendants' conduct.

WHEREFORE, the plaintiffs pray that judgment enter against the defendants in the amount of the plaintiffs' damages, plus interest from the date of the breach and costs, including reasonable attorney's fees.


## PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: _____

Respectfully submitted,
Steve Nader Gaval and
Mansour Gaval,
By Their Attorney,

Scott S. Sinrich, BBO# 551440
Erin O. Bradbury, BBO# 637411
Phillips, Silver, Talman, Aframe &
Sinrich, P.C.
340 Main Street, Suite 900
Worcester, MA 01608
(508) 754-6852

A

BK27191PG106

152485

45-6
20

# DEED

We, E. PERRY KING AND T.A. KING, D/B/A SUTTON ASSOCIATES

Of

grant to MANSOUR GAVAL    and    NADER GAWAL

of    431 SALISBURJ    SIT WORCESTER    MA    01609

for consideration of ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
ONE HUNDRED TEN THOUDAND AND 00/100 DOLLARS ($110,000.00)
with quitclaim covenants

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

02 AUG -9 PH 2:02

*Witness* our hands and seals this  15TH    day of  July, 2002

E. PERRY KING

T.A. KING

SUTTON ASSOCIATES

SUTTON ASSOCIATES

THE COMMONWEALTH OF MASSACHUSETTS

Worcester, s.s.                                              *JULY 15, 2002*

Then personally appeared the above named E. PERRY KING AND T.A. KING  D/B/A SUTTON
ASSOCIATES and acknowledged the foregoing to be THEIR free act and deed before me.

Notary Public: ALAN MASON
My commission expires: MARCH 21, 2008

WORCESTER:
DEEDS REG 20

## SCHEDULE A

**Mass.**

The land in said Worcester, / on the easterly side of Beckman Street, a street extending northerly from Whipple Street, and bounded and described as follows:

BEGINNING at a point in the east line of said Beckman Street at land now or formerly of Lars M. Muhr;

THENCE easterly by said Muhr's land one hundred five (105) feet to land now or formerly of John Henry;

THENCE northerly by said Henry Land, sixty (60) feet to a ...... .. .... .... ... .. .. ... ... ... ... ......

THENCE westerly by said Steele land one hundred five (105) feet to said Beckman Street;

THENCE southerly by said Beckman Street, sixty (60) feet to the place of beginning.

TITLE REF Book 10883    p6 242

ATTEST: WORC. Anthony J. Vigllotti, Register

BK27191 PG112

152487

**DEED**

45

We E. PERRY KING AND T.A. KING

of

grant to ~~XXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXX~~ Mansour Gaval    and Nader Gawal

of  431 SALISBURY St WORC MA 1/609

for consideration of ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
ONE HUNDRED TEN THOUSAND AND 00/100 DOLLARS    ($110,000.00)

with quitclaim covenants

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

*Witness* our hands and seals this  15TH    day of  July, 2002

E. PERRY KING                    T.A. KING

THE COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                    *JULY 15, 2002*

Then personally appeared the above named E. PERRY KING AND T.A. KING and acknowledged the foregoing to be THEIR free act and deed before me.

Notary Public: ALAN MASON
My commission expires: MARCH 21, 2008

WORCESTER:
DEEDS REG 20

SCHEDULE A

Worcester, Worcester County, Massachusetts, in the southerly part
thereof, in the section known as Irvington, on the southerly side
of Canton Street, shown as Lot 17 on a plan of lots drawn for the
Ballard Land Company by Buttrick & Pratt, recorded in Book 1537,
Page 653 and bounded and described as follows:

BEGINNING at a stone monument set at the northwesterly
corner of the herein described premises on the southerly side of
Canton Street, formerly known as Albion Avenue;
THENCE southerly by Lot 18, a distance of 100 feet to a
stone monument;
THENCE easterly by Lot 35 and Lot 36, a distance of 50 feet
to a stone monument;
THENCE northerly by Lot 16, a distance of 100 feet to a
stone monument on the southerly side of said Canton Street,
formerly Albion Avenue;
THENCE westerly by said Canton Street 50 feet to the point
of beginning.

TITLE REF    BOOK 8344    Page 333-334

19 Canton Street, Worcester, MA

B

428 Shrewsbury Street
Worcester, MA 01604
(508) 752-7550: Phone
(508) 756-9431: Fax

## PURCHASE AND SALE AGREEMENT

DATE OF AGREEMENT:

PARTIES:
SELLER                              SELLER ATTORNEY
T.A. King
E.. Perry King
Sutton Associates

BUYER                               BUYER ATTORNEY
Mansour Gaval

PROPERTY:  Beckman Street and Canton Street(s), Worcester, MA

TIME FOR PERFORMANCE: JULY ~~18~~ 15, 2002
Time is of the essence.

PURCHASE PRICE:         $OUTSTANDING TAX LIABILITY
                        DUE TO THE CITY OF WORCESTER
Deposit with Offer      $0.00
Deposit paid at P&S     $30,000.00
Funds due at closing*   $_____
*To be paid in cash, certified, cashiers, or attorney trustee check.

MORTGAGE CONTINGENCY: not applicable
Lending Institution –
Loan Amount -
Mortgage Contingency Date –
Inspections –

SPECIAL CONDITIONS:
Inclusions:

Exclusions:  ALL PERSONAL PROPERTY

ADDITIONAL PROVISIONS
BUYER AGREES TO HOLD THE SELLER HARMLESS FOR ANY OUTSTANDING
DISCHARGE(S) AND TAXES, and all outstanding judgements and mortgages
     to be dishcarged.

1.  PARTIES

## 2. DESCRIPTION

*SELLER* agrees to sell ...d *BUYER* agrees to buy, upon the terms, pi  .sions, conditions and covenants set forth herein, the land described in the Exhibit A hereto attached.

## 3. TIME FOR PERFORMANCE

The deed is to be delivered at the appropriate registry of deeds at 11:00 a.m. on the date referenced on page 1 of this agreement unless otherwise agreed upon in writing.

## 4. MORTGAGE CONTINGENCY

This Agreement is contingent upon the *BUYER* obtaining a mortgage at prevailing interest rates on or before the mortgage contingency date referenced on page 1. In the event the *BUYER* is unable to obtain such financing, in order to receive a return of *BUYER'S* deposit hereunder, *BUYER* must notify *SELLER*, in writing, of such inability to obtain financing on or before said date.

The failure to so notify the *SELLER* in writing for any reason shall be deemed an express waiver of this contingency and the parties shall then be governed by the terms and conditions of the remainder of this Agreement. The *BUYER* shall diligently, in good faith, and with their best efforts, proceed to seek and secure such mortgage financing, but if even then, *BUYER* shall fail to obtain such financing by said date and provided *SELLER* notification in writing of such fact by such date, then this agreement shall be void, all deposits shall be refunded and neither party shall have any further rights. In no event will the *BUYER* be deemed to have used diligent efforts to obtain such commitment unless the *BUYER* submits at least one completed mortgage loan application to a reputable lending institution ten days after the offer to purchase has been fully executed.

## 5. BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES, ETC.

Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the *SELLER* and used in connection therewith, including if any, screens, screen doors, shutters, furnaces, heaters, heating equipment, stoves, ranges, hot water heaters, plumbing and bathroom fixtures, electric and other lighting fixtures, mantels, television antennas, fences, gates, trees, shrubs and plants, and only if built in, air conditioning equipment, ventilators, dishwashers.

## 6. PLAN

If the deed refers to a plan necessary to be recorded therewith, the *SELLER* shall deliver such plan with the deed in form adequate for recording or registration.

## 7. TITLE DEED

Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by a written notice to the SELLER at least ten (10) days before the deed is to be delivered as provided herein; and said deed shall convey good, clear and marketable title to the subject premises, free of any and all liens, charges or encumbrances of whatsoever nature and description except:

A. Such real estate taxes for the then current year as are not yet due and payable on or before the date of delivery of the deed;

B.    Any liens for mui      ial betterment assessments made after the       of execution by all parties of this Agreement.

C.    Provisions of existing building and zoning laws.

D.    Any and all rights, restrictions or easements of record if any, insofar as the same are in full force and applicable to the subject premises, but not affecting the value or intended use thereof.

E.    Existing rights and obligations in party walls which are not the subject of written agreement.

F.    Usual public utilities servicing the property, if any.

G.    Mortgage's not assumed which are to be discharged as a result of this transaction, which discharges shall be recorded within a reasonable time after the recording of the closing documents.

## 8.    TITLE REFERENCE

The title reference is unknown at this time.  **SELLER'S** attorney shall be responsible for obtaining a certificate of title from a reputable title company.  The cost for said title examination shall be borne by **SELLER**.

## 9.    INSPECTIONS

The *BUYER* may, at his expense, on or before the inspection date have the property inspected by a person or firm in the business of pest inspections.  If, in the opinion of this person or firm, the property contains termites or other wood boring insects, then the *BUYER* shall have the option of rescinding this Agreement within 48 hours of said inspection by a note in writing.  Whereupon all deposits made by the *BUYER* shall forthwith be refunded and this Agreement shall be null and void without further recourse. *BUYER* shall provide proof to the *SELLER* by way of said inspection report.  If notification is not forwarded to the *SELLER* within said 48 hours of said inspection, then this contingency will have been deemed waived by the *BUYER* and the parties shall be governed by the terms and conditions of the remainder of this Agreement.

The *BUYER* may, at his expense, or before the inspection date referenced on page 1, have the property septic and/or well inspected by a person or firm in the business of doing such inspections.  Also, radon and any other tests required by the V.A.  If, in the opinion of this person or firm, the property contains serious structural and/or mechanical defects, then the *BUYER* shall have the option of rescinding this Agreement within 48 hours of said inspection by a notice in writing.  Whereupon all deposits made by the *BUYER* shall forthwith be refunded and this Agreement shall be null and void without further recourse. If notification is not forwarded to *SELLER* within 48 hours of said inspection then this contingency will have been deemed waived by the *BUYER* and the parties shall be governed by the terms and conditions of the remainder of this Agreement.  *BUYER* shall provide to the *SELLER* proof of such defects by way of said inspection report (s).

In the event that the home inspection reveals major structural repairs . . excess of $3,000.00, and/or the well test does not meet FHA standards and/or the property has pest infestation, the *BUYER* shall have the option to withdraw from this Agreement and all deposits shall be returned and the parties discharged from any and all obligations hereunder.

The BUYER is afforded 10 days from the date of this Agreement to have the premises inspected for the presence of lead. If that inspection reveals the presence of dangerous levels of lead as defined by M.G.L. C. 111 Sections 190 ex. Seq., the BUYER may terminate this Agreement by written notice to the SELLER no later than 48 hours after said inspection. Whereupon all deposits made by the BUYER shall forthwith be refunded and this Agreement shall be null and void without further recourse. If notification is not forwarded to the SELLER within 48 hours then this contingency will have been deemed waived by the BUYER and the parties shall be governed by the terms and conditions of the remainder of this Agreement. BUYER will provide to the SELLER proof of dangerous levels of lead on the premises by way of said inspection report (s).

## 10. POSSESSION AND CONDITION OF PREMISES

Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then a) in the same condition as they now are, reasonable use and wear thereof excepted and b) not in violation of said building and zoning laws. The *BUYER* shall be entitled to one inspection of said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause.

## 11. EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM

If the *SELLER* shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of delivery of the deed the premises does not conform with the provisions hereof, the *SELLER* may elect to use reasonable effort to remove any defects in title or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof as the case may be, in which event the *SELLER* shall give written notice thereof to the *BUYER* at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty (30) days or until the earlier expiration of *BUYER'S* financing commitment, which shall mean the earliest date on which the amount, term and/or interest rate of the loan is no longer guaranteed.

## 12. FAILURE TO GIVE TITLE OR MAKE PREMISES CONFORM

If, at the expiration of the time for performance hereunder, the *SELLER* shall not be able to give title; or deliver possession; or except for a fire or other unavoidable casualty, make the premises conform; as the case may be, and all as herein agreed, then at the *BUYER'S* election, any and all payments made by the *BUYER* hereunder shall be forthwith refunded to the *BUYER* and all obligations of all parties hereto shall cease.

## 13. BUYER'S ELECTION TO ACCEPT TITLE

The *BUYER* shall have the right to elect, at the time for the performance hereunder, to accept such title as the *SELLER* can deliver to said premises in their then condition, provided that the acceptance of a deed by the *BUYER* shall be deemed to be a full

performance and discl     e of this agreement.

## 14. INSURANCE, FIRE AND OTHER CASUALTY

The *SELLER* shall maintain existing fire and extended coverage insurance on the premises. In the event that the premises shall, prior to transfer of title, be damaged or destroyed by fire or other unavoidable casualty (other than reasonable use and wear prior to transfer of title hereunder), and the *SELLER* has not, prior to time for performance hereunder, restored the premises so as to conform with the terms hereof; then:

A.   if the cost to restore the premises shall exceed $5,000.00, then the *BUYER* may elect to receive all amounts recovered or recoverable on account of said insurance, plus any deductible or co-insurance, less any amounts reasonably expended by the *SELLER* for any partial restoration; or cancel this Agreement and any and all payments made by the *BUYER* hereunder shall forthwith be refunded to the *BUYER*.

B.   If the cost to restore the premises shall be $5,000.00 or less, the parties shall perform this Agreement and the *BUYER* shall receive all amounts recovered or recoverable on account of said insurance plus any deductible and co-insurance less any amounts reasonable expended by the *SELLER* for partial restoration.

C.   If there is damage to the premises valued at $5,000.00 or less, and the premises are not completely restored prior to closing, then at the closing, there shall be a holdback from the purchase price of $5,000.00 to be held in escrow by the attorney for the *BUYER*. Said escrow amount shall be held until all insurance proceeds are paid and al restoration is completed. If *BUYER* is required to expend sums in addition to insurance proceeds to restore the premises, the amount expended by *BUYER* shall be paid to *BUYER* out of the escrow fund, and the balance, if any, shall be returned to the *SELLER*. If *BUYER* is not required to expend sums in addition to insurance proceeds to restore the premises, the entire escrow fund shall be returned to *SELLER*.

D.   Notwithstanding any provision of this paragraph to the contrary, if such damage or destruction of the premises materially interferes with *BUYER'S* ability to inhabit the premises then notwithstanding that the cost to restore the premises shall be $5,000.00 or less, *BUYER* shall not be obligated to perform hereunder until the premises are restored to habitable condition at or prior to the closing date or any extension thereof permitted by this Agreement.

## 15. USE OF PURCHASE MONEY TO CLEAR TITLE

To enable the *SELLER* to make conveyance as herein provided, the *SELLER* may at the time of the delivery of the deed use the purchase money or any portion thereof to clear the title of any and all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed, or as soon thereafter as practical.

## 16. ADJUSTMENTS

Taxes for the then current year and, if any, water, sewer use, rents, and security deposits shall be apportioned and fuel value shall be adjusted as of the date of delivery of the deed, and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the *BUYER* at the time of delivery of the deed.

### 17. DEPOSIT

All additional deposits made hereafter by the *BUYER* shall be held by Law office of Alan Mason, Attorney for the *SELLER*, in a non-interest bearing account, subject to the terms of the within Agreement and shall be duly accounted for at the time of the delivery of the deed. The initial deposit is to be held by the broker.

### 18. BROKER'S COMMISSION

A broker's commission for professional service is due from the *SELLER* to
NONE , but only if, as, and when the *SELLER*
receives the full purchase price and the *BUYER* accepts and records *SELLER'S* deed and not otherwise.

### 19. BUYER'S DEFAULT

In the event *BUYER* shall fail to fulfill the *BUYER'S* agreements herein, all deposits made hereunder by the *BUYER* shall be retained by the *SELLER* as liquidated damages, whereupon this within Agreement shall be null, void and of no force and effect, with no party hereto to have further recourse against another.

### 20. SELLERS REPRESENTATIONS

No representative of *SELLER* shall be required to attend the closing in person, provided that *SELLER* delivers in escrow to the closing attorney on or before the closing date an executed deed for the premises and any other documents required hereunder. *SELLER* shall execute such other documents in connection with the closing as may be reasonably requested by *BUYER'S* lender, provided such documents shall be delivered to *SELLER* no later than two (2) business days prior to the date of closing.

The *SELLER* shall, prior to transfer of title, provide and pay for the smoke detectors in compliance with M.G.L.C. 148, Section 26F, and furnish the *BUYER* a Certificate of Compliance and/or occupancy permit if required, in accordance with the provisions of such statute.

*SELLER* represents and warrants that *SELLER* has complied with the provisions of 105 CMR 651 with respect to urea formaldehyde foam insulation (UFFI) in the premises, and that based on the inspections required by such regulation, the premises do not contain UFFI. In the event that UFFI is found in the premises, *SELLER* shall cooperate as necessary in any action for removal.

The *SELLER* makes no representation to the *BUYER* concerning the existence or non-existence of lead paint within, without, or on the premises, and makes no representations of compliance with provisions of MGL C. 111, Sec. 197. The parties understand that if a child or children under 6 years of age becomes a resident in the building after purchase of the premises by the *BUYER*, the duty of removing such material or making it inaccessible to such child or children will be that of the *BUYER*.

Except as otherwise provided in this Agreement, the premises are being conveyed in an "AS IS" condition. Any appliances which are included with the sale are sold "AS IS" without any warranty as to condition or operating capacity.

### 21. TITLE 5

Should the property being conveyed herein be serviced by an on site treatment and disposal of sanitary sewage system, the *SELLER* shall cause said system to be inspected prior to closing. The *SELLER* shall present to the *BUYER* a certificate authored by a "Certified Soil Evaluator" that the system has met all of the requirements of TITLE 5 of the Massachusetts Environmental Code.

In the event that the above referenced system shall have failed the inspection the *SELLER* shall:

1. At Seller's expense cause the system to be repaired and or replaced in accordance with TITLE 5; or

2. Withdraw from this transaction and return all deposits to the Buyer. In such event this purchase and sale agreement shall be null and void.

### 22. VOLUNTARY EXECUTION

The parties declare and acknowledge that they, and each of them, had the opportunity to have independent legal advice by counsel of their own selection; that each party hereto fully understands the provisions of the within Agreement; and that each party signs this Agreement freely and voluntarily.

The *BUYER* acknowledges that the *BUYER* has not been influenced to enter into this transaction nor has he/she relied upon any warranties or representations not set forth or incorporated in this Agreement or previously made in writing.

The *BUYER* has examined the premises to be conveyed and except as otherwise provided in this Agreement, hereby accepts said premises in their present condition, AS IS. The *BUYER* does not rely on any representation or warranty made by the *SELLER* or its representatives relating to the physical condition of the premises or its suitability for any purposes for which the *BUYER* may desire to use them, unless specifically set forth in this Agreement. The contracting parties agree that this contract contains all the conditions of this sale. It is mutually agreed that any oral representation made by either party or their representatives prior to the signing of this Agreement is null and void.

### 23. CONSTRUCTION OF AGREEMENT

This instrument, executed in triplicate, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified or amended only by a written instrument executed by both the *SELLER* and the *BUYER*. If two or more persons are named herein as *BUYER*, their obligations hereunder shall be joint and several. The captions are used only as a matter of convenience and are not to be considered a part of this Agreement or to be used in determining the intent of the parties to it.

### 24. I.R.S. FILING REQUIREMENTS

In the event the lender's attorney does not designate himself / herself as the reporting agent, the *BUYER'S* attorney shall report the information needed to comply with I.R.C. 6045 (e).

### 25. ACCEPTANCE OF DEED

The acceptance of a deed by the *BUYER* or his/her nominee, as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are by the terms hereof, to be performed after the delivery of said deed.

IN WITNESS WHEREOF, the several parties have hereunto set their hands and seals this _____ day of_____,

SELLER                                    BUYER

SELLER                                    BUYER

C

I, Mansour Gaval, hereby say and depose:

I did not ever sign or review the Purchase and Sale Agreement purportedly entered into between T.A. King and E. Perry King d/b/a Sutton Associates and Mansour Gaval drawn up by Alan Mason Legal Services relating to Beckman Street and Canton Street, Worcester, Massachusetts reciting consideration of $30,000.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _30_ DAY OF _3 /3 0_, 2004.

_____
Mansour Gaval

_____
Notary Public
My commission expires:

Erin Bradbury
Notary Public
My Commission Expires
December 6, 2006

D

## **EXHIBIT D**

### ITEMIZATION OF DAMAGES

Property at 19 Canton Street, Worcester, MA

| | |
|---|---|
| Massachusetts Department of Revenue Tax Lien | $53,639.42 |
| Sterling & Locke, Inc. mortgage | $70,000.00 |

Property at 6 Beckman Street, Worcester, MA

| | |
|---|---|
| Mortgage from E. Perry King and Terry A. King, d/b/a Sutton Associates, to The Home National Bank of Milford and now National Heritage Life Insurance Company ("NHL") Outstanding Mortgage | $30,000.00 |

Legal Fees

| | |
|---|---|
| Gershon M. Gulko, Esquire Retained to clear title to 6 Beckman Street | $ 3,500.00 |
| Mirick O'Connell, DeMallie & Lougee, LLP Retained to clear title to both properties | $ 7,000.00 |
| Lost profit on sales of two homes | $192,000 |

| | |
|---|---|
| **Total Damages** | **$357,000** |

E

ALAN MASON
LEGAL SERVICES, INc    43 HARVARD STREET
WORCESTER, MASSACHUSETTS 01604

(508) 752-7550
FAX (508) 756-9431
TOLL FREE 1-800-741-3741

June 17, 2003


RE: Beckman Street, Worcester, MA
    Canton Street, Worcester, MA

To Whom It May Concern:

This will acknowledge that I brokered and was legal counsel for a real estate
transfer on behalf of Nadar and Mansour Gaval.  The properties were encumbered by
outstanding taxes and mortgages.  The City of Worcester was in the process of
tax title and as part of the transaction, the City was to be paid their real
estate taxes and the petition was to be held in abeyance for a period of one month
pending my negotiations with the banks for releases.  In addition, the City
through Tom Zedillis and myself agreed that the action would not be dismissed until
I obtained the correct names of the mortgage holders and had an opportunity to
negotiate.

Unbenounced to me and prior to obtaining the names of the mortgage holders, Mr.
Zedillis breached his agreement and dismissed the Land Court Proceedings.

I am in the process of attempting to negotiate with the banks for releases or
an assignment of the tax title with Mayor Timothy Murray and the City Manager,
Thomas Hoover.


Yours very truly

Alan Mason, Esquire

AM/jew

*I Allan Mason must get A clear title for both property 6 Beckman St. and 19 Canton St. before I transferred to Nader Gaval and Mansour Gaval for the price of $110,000. each.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true copy of the within document to be served by first class mail, postage pre-paid, and a copy of the pleading without exhibits to be sent by facsimile, to, as follows:

Robert B. Gibbons, Esq.
Kristin D. Thompson, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608

Deborah Rizzotto

Dated: 12/6/04

9

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
WORCESTER DIVISION
CIVIL ACTION NO. 04-2116-A

SANDRA S. KATZ,
    Plaintiff

V.

DONNA LEE H. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF
DELAWARE, AS RECEIVER OF
NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
    Defendant

PLAINTIFF'S ANSWER TO
DEFENDANT'S COUNTERCLAIM

The plaintiff/defendant-in-counterclaim, Sandra S. Katz ("Katz"), answers the counterclaim of the defendant/plaintiff-in-counterclaim, Donna Lee H. Williams, Insurance Commissioner of the State of Delaware, as Receiver of National Heritage Life Insurance Company in Liquidation ("NHL"), as follows:

1.    Katz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the counterclaim.

2.    Admitted.

3.    Katz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.    Paragraph 4 purports to characterize portions of a written document, which document speaks for itself.

5.    Paragraph 5 purports to characterize portions of a written documents, which documents speaks for themselves.

6.     Paragraph 6 purports to characterize portions of written documents, which documents speaks for themselves.

7.     The counterclaim does not include a numbered paragraph 7, and therefore requires no answer.

8.     Katz denies the allegations contained in the first sentence of paragraph 8. The second sentence of paragraph 8 purports to characterize portions of a written document, which document speaks for itself.

9.     Admitted. Further answering, Katz states that when recording the judgments, the defendant did not marginally reference the judgments to any specific deeds, mortgages or assignments.

10.    Katz admits so much of paragraph 10 as alleges that she obtained title to the property by deed dated December 19, 2003, which deed was recorded with the registry on January 28, 2004.

11.    Paragraph 11 purports to characterize portions of a written document, which document speaks for itself.

12.    Katz repeats and restates her answers to paragraphs 1 through 11 above, which answers are incorporated herein by reference.

13.    Denied.

14.    Paragraph 14 states a legal conclusion, and therefore requires no answer. In so far as paragraph 14 alleges any liability on the part of Katz, such liability is denied.

15.    Admitted.

16.    Admitted.

17.    Katz repeats and restates her answers to paragraphs 1 through 16 above, which answers are incorporated herein by reference.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Admitted.

22.    Admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's claims are frivolous, wholly unsubstantiated and have not been advanced in good faith.

### THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred due to the failure to record the purported assignments of the subject mortgage.

WHEREFORE, the plaintiff/defendant-in-counterclaim, Sandra S. Katz, demands the counterclaim of the defendant be dismissed and judgment enter for her together with costs and such further relief as is appropriate.

SANDRA S. KATZ

By her attorney,

Robert B. Gibbons, Esq., BBO #631049
Kristin D. Thompson, Esq., BBO #656179
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: 12|22|04

## CERTIFICATE OF SERVICE

I, Robert B. Gibbons, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to James F. Creed, Jr., Esq., Creed & Formica, 1329 Highland Avenue, Needham, MA 02492.

Robert B. Gibbons, Esq.

Dated: 12|22|04

A true copy by photostatic process
Attest:
Asst Clerk

COMMONWEALTH OF MASSACHUSETTS
WORCESTER, ss.                          SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-2116A

SANDRA S. KATZ,                                    )
        Plaintiff,                                 )
                                                   )
                v.                                 )
                                                   )
DONNA LEE H. WILLIAMS, INSURANCE                   )
COMMISSIONER OF THE STATE OF DELAWARE              )
AS RECEIVER OF NATIONAL HERITAGE                   )
LIFE INSURANCE COMPANY IN LIQUIDATION              )
        Defendant.                                 )
                                                   )
AND                                                )
                                                   )
DONNA LEE H. WILLIAMS, INSURANCE                   )
COMMISSIONER OF THE STATE OF DELAWARE              )
AS RECEIVER OF NATIONAL HERITAGE                   )
LIFE INSURANCE COMPANY IN LIQUIDATION              )
        Third Party Plaintiff,                     )
                                                   )
                v.                                 )
                                                   )
FEDERAL DEPOSIT INSURANCE CORPORATION,             )
UNITED STATES OF AMERICA, E. PERRY KING,           )
ALAN MASON, ALAN MASON LEGAL                       )
SERVICES, P.C., ALAN MASON LEGAL SERVICES,         )
INC., ALAN MASON D/B/A ALAN MASON LEGAL            )
SERVICES, P.C., ALAN MASON D/B/A ALAN              )
MASON LEGAL SERVICES, INC., AND ALAN               )
MASON LEGAL SERVICES, P.C. D/B/A ALAN              )
MASON LEGAL SERVICES, INC.,                        )
        Third Party Defendants.                    )

**FILED**

DEC 27 2004

ATTEST:
  _Fromu G ____
                    CLERK

### THIRD PARTY COMPLAINT

1.      The Third-Party Plaintiff is Donna Lee H. Williams, Insurance Commissioner of the

State of Delaware, as Receiver of National Heritage Life Insurance Company in

Liquidation ("NHL") of Dover Delaware, with a customary place of operation at 950 South Winter Park Drive, Suite 200, Casselberry, Florida.

2.    The Third-Party Defendant is the Federal Deposit Insurance Corporation ("FDIC") with a place of business at 1910 Pacific Avenue, Suite 400, Dallas, Texas, 75201 .

3.    The Third-Party Defendant is the United States of America, with an address at the Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530, and an address of United States Attorney Office, U.S. Courthouse, Suite 9200, One Courthouse Way, Boston, MA 02210.

4.    The Third-Party Defendant is E. Perry King, with a last known address of 10-A Dodge Hill Road, Sutton, MA 01590.

5.    The Third-Party Defendant is Alan Mason, an attorney in Massachusetts with a last known address of 26 Pine Hill Road, Princeton, MA 01541.

6.    The Third-Party Defendant is Alan Mason Legal Services, P.C., with a place of business at 428 Shrewsbury Street, Worcester, MA 01604.

7.    The Third-Party Defendant is Alan Mason Legal Services, Inc., with a place of business at 428 Shrewsbury Street, Worcester, Massachusetts 01604. (Alan Mason Legal Services, Inc. is not a corporation organized and filed with the Massachusetts Secretary of State; rather, Attorney Mason does business under this name, while he has organized with the Secretary of State as Alan Mason Legal Services, P.C.)

8.    The Third-Party Defendant is Alan Mason d/b/a Alan Mason Legal Services, P.C., with a place of business at 428 Shrewsbury Street, Worcester, Massachusetts 01604.

9.    The Third-Party Defendant is Alan Mason d/b/a Alan Mason Legal Services, Inc., with a place of business at 428 Shrewsbury Street, Worcester, Massachusetts 01604.

10.     The Third-Party Defendant is Alan Mason Legal Services, P.C. d/b/a Alan Mason
        Legal Services, Inc., with a place of business at 428 Shrewsbury Street, Worcester,
        Massachusetts 01604. (Alan Mason and the Mason business entities are hereinafter
        collectively referred to as the "Mason Entities")

## FACTS

11.     NHL is the owner of a Note originally granted by Perry King and Terry King to The
        Home National Bank of Milford.[1]

12.     On or about January 27, 1988, Perry King and Terry King executed and delivered a
        Promissory Note (hereinafter "Note") to The Home National Bank of Milford in the
        sum of $112,000.00, dated January 27, 1988. In the Note, Perry King and Terry A.
        King promised to pay monthly principal and interest payments in the amount of
        $1,137.07 to the Home National Bank of Milford or Noteholder for twenty years,
        with variable rate interest thereon.

13.     The Note was secured by a mortgage on real estate located at 19 Canton Street,
        Worcester, County of Worcester, Massachusetts. Said mortgage was recorded in the
        Worcester District Registry of Deeds at Book 11097 and Page 122.    (The
        Promissory Note and Mortgage for 19 Canton Street hereinafter referred to as
        "Canton Loan.") (Copies of the Note and Mortgage for 19 Canton Street are
        attached hereto as Exhibits "A" and "B", respectively.)

14.     On March 29, 1994, the FDIC, as assignee of the Receiver of the Home National
        Bank of Milford, Massachusetts, assigned the Canton Loan to South Star

---

[1] Terry A. King is not presently a defendant in this action as he received a discharge from the United States
Bankruptcy Court, pursuant to the U.S. Bankruptcy Code. See Bankruptcy Case No. 03-43302.

3

Management Company, Inc., a Florida corporation, effective as of December 17, 1993. (A copy of this assignment is attached hereto as Exhibit "C".) On March 18, 1994, South Star Management Company, Inc. assigned the Canton Loan to the National Housing Exchange, Inc., a North Carolina corporation, effective as of December 28, 1993. (A copy of this assignment is attached hereto as Exhibit "D".)

15.     Thereafter, unencumbered ownership of the Canton Loan for 19 Canton Street, Worcester, Massachusetts was vested in NHL.  NHL's ownership was determined and declared by certain foreign judgments. These rights in and to the Canton Loan were recognized in Massachusetts by the Superior Court Department for Suffolk County, in Civil Action No. 97-02013 B, which entered two default judgments thereby recognizing and giving effect to the following foreign judgments in Massachusetts:

1)     The Chancery Court of the State of Delaware in and for New Castle County Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995;

2)     The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, nunc pro tunc, April 3, 1996;

3)     The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997;

4)     The United States District Court, Northern District of Illinois, Eastern Division's Order Particularly Identifying the I-250 Assets No. 95 C 5253 dated February 7, 1997;

5)     The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Additional Massachusetts Mortgages No. 95 C 4243, dated April 15, 1997.

(Copies of the two Superior Court Judgments by Default in Civil Action 97-02013 B,

4

are attached hereto as Exhibit "E" and "F", respectively, with copies of the foreign judgments attached thereto. Exhibit 2 to the February 20, 1997 Revised Order Regarding Massachusetts Mortgages from the U.S. District Court for the Northern District of Illinois, Eastern Division, a marginal references attachment thereto, specifically makes reference to 19 Canton Street, in Worcester, Massachusetts by mortgagor name, property address and recording reference.)

16.    The two Superior Court Default Judgments were recorded by NHL on or about September 15, 1997 at Book 19167, Page 306, et seq, and October 21, 1997 at Book 19273, Page 243, et seq, at the Worcester County Registry of Deeds.

17.    On or about July 19, 2002, E. Perry King and Terry A. King transferred the property to Mansour Gaval and Nader Gaval, both of Worcester, Massachusetts (hereinafter, jointly the "Gavals").

18.    On or about July, 2002, Attorney Mason contacted the FDIC on behalf of the Gavals and/or the Kings, to request a discharge of the Canton Loan. Attorney Mason fraudulently signed an affidavit indicating that the Canton Loan had been paid off by the mortgagors, E. Perry King and Terry A. King.

19.    On or about July, 2002, E. Perry King and Terry A. King signed an affidavit similar to the Mason affidavit and caused the same to be forwarded to the FDIC fraudulently representing that the Canton Loan had previously been paid off.

20.    At all times relevant hereto Mason and the Kings knew that the Canton Loan had never been satisfied, and that it was due and owing to NHL.

21.    As of July, 2002, the Canton Loan was still outstanding.

22.    As of July, 2002, the Canton Loan was no longer held, serviced, nor otherwise

owned by the FDIC. Instead, the Canton Loan was owned by NHL.

23. On July 19, 2002, the FDIC, as Receiver, issued a Satisfaction of Mortgage for the Canton Street Mortgage "For value received, the sufficiency of which is hereby acknowledged, Holder of the Note and Mortgage acknowledges satisfaction of the said Note and Mortgage and surrenders the same as cancelled, and empowers, authorizes and directs the County Recorder to cancel same of record." (Exhibit G).

24. By issuing a satisfaction of mortgage on July 19, 2002, recorded on August 1, 2002, and granting a release of mortgage obligations to E. Perry King and Terry A. King after previously selling and otherwise transferring the mortgage asset to South Star, FDIC harmed NHL. FDIC did not own or otherwise control the 19 Canton Street Loan at the time the satisfaction of mortgage was granted, and had written documentation within its control evidencing that FDIC had previously transferred and sold the mortgage asset to another entity.

25. Upon information and belief, Sandra S. Katz obtained title to the property at 19 Canton Street on or about January 28, 2004.

26. On July 8, 2004, NHL, through its counsel, gave notice of default and intention to foreclose to the Kings and the current owner, Sandra S. Katz.

27. On July 23, 2004, E. Perry King, through his attorney, notified NHL's counsel that the note had been allegedly satisfied and discharged. (See Exhibit H).

## COUNT I - FRAUD, DECEIT AND MISREPRESENTATION
## AGAINST E. PERRY KING, ALAN MASON AND
## ALAN MASON LEGAL SERVICES, INC.

28.    NHL repeats and reavers each and every allegation of Paragraphs 1 through 27 as if the same were set forth herein.

29.    E. Perry King, Terry A. King, Alan Mason and the Mason Entities intentionally misrepresented facts and information to the FDIC in order to fraudulently obtain a discharge of mortgage for the Canton Loan.

30.    Those representations were false in fact and known to be false when made by E. Perry King, Terry A. King, Alan Mason and the Mason Entities at the time they were so made.

31.    By reason of the foregoing misrepresentations, NHL suffered damage and E. Perry King, Alan Mason, and the Mason Entities profited, and were unjustly enriched thereby.

## COUNT II - FRAUD, DECEIT AND MISREPRESENTATION
## AGAINST FDIC AND USA

32.    NHL repeats and reavers each and every allegation of Paragraphs 1 through 31 as if the same were set forth herein.

33.    FDIC/USA assigned the Canton Loan after acquiring the rights to the Loan through its status as a receiver of a failed banking institution effective in 1993.

34.    NHL relied upon the assignment in acquiring the Canton Loan as an asset.

35.    By issuing a satisfaction of mortgage for the Canton Loan in 2002, FDIC/USA deceived NHL.

36.    Those representations were false in fact and known to be false by FDIC/USA based

on information known by FDIC/USA.

37. By reason of the foregoing misrepresentations and deceit, NHL suffered damage and FDIC/USA profited, and was unjustly enriched thereby.

### COUNT III - VIOLATIONS OF G.L.c. 93A, 11
### AGAINST ALL THIRD PARTY DEFENDANTS

38. NHL repeats and reavers each and every allegation of Paragraphs 1 through 37 as if the same were set forth herein.

39. At all times relevant hereto, the third-party defendants were engaged in the conduct of trade and commerce within the Commonwealth of Massachusetts.

40. That the actions of the third-party defendants as alleged herein are unfair and deceptive acts or practices as those terms are defined under G.L. c.93A, §2, the "Consumer Protection Act".

41. That the unfair and deceptive acts or practices complained of herein were committed in a willful, wanton and knowing manner.

42. That NHL has been greatly harmed and injured by the actions and practices of the third-party defendants as alleged herein.

### COUNT IV - VIOLATIONS OF 28 U.S.C. CHAPTER 171
### FEDERAL TORT CLAIMS PROCEDURE
### AGAINST FDIC/USA

43. NHL repeats and reavers each and every allegation of Paragraphs 1 through 42 as if the same were set forth herein.

44. On or about July 29, 2004, NHL sent written notice pursuant to 28 U.S.C. §2675 to FDIC, presenting its claim for loss to the federal agency. Thereafter, in October,

8

2004, NHL was named a defendant in the present action, and service was accomplished for the Complaint against NHL in November, 2004.

45. FDIC/USA was negligent in issuing a satisfaction of mortgage for the Canton Loan.

46. FDIC/USA, as the receiver of a failed bank, and as an assignor of a loan asset, owed a duty to assignees of the Canton Loan, including NHL.

47. When negligently issuing the Satisfaction of Mortgage, the FDIC/USA knew or should have known and/or had in its possession documentation indicating that the Canton Loan was no longer owned by the FDIC/USA, as the Loan had been previously sold and assigned.

48. FDIC/USA breached its duty to NHL by issuing a satisfaction of mortgage when in fact the FDIC/USA had no right, title, or interest in the Canton Loan.

49. NHL suffered damage resulting from the issuing of the satisfaction of mortgage.

## COUNT V – NEGLIGENCE AGAINST
## ALAN MASON AND THE MASON ENTITIES

50. NHL repeats and reavers each and every allegation of Paragraphs 1 through 49 as if the same were set forth herein.

51. Alan Mason and the Mason Entities owed a duty to NHL to not interfere or terminate the legal property rights owned by NHL.

52. Alan Mason and the Mason Entities breached that duty by requesting a discharge of mortgage of the Canton Loan, without proper investigation as to the validity of E. Perry King and Terry A. King's claims that the Canton Loan in fact was paid off.

53. NHL, as the owner by assignment of the Canton Loan, was damaged by the negligence of Alan Mason and the Mason Entities and suffered great harm as a

9

result thereof.

## COUNT VI
### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
### AGAINST ALAN MASON AND ALAN MASON LEGAL SERVICES, INC.

54.  NHL repeats and reavers each and every allegation of Paragraphs 1 through 53 as if
the same were set forth herein.

55.  NHL had business relationships with assignees of the FDIC, which assignees

transferred certain property and ownership rights to NHL for the Canton Loan.

56.  Alan Mason and the Mason Entities interfered with the business relationship which
was to benefit NHL.

57.  NHL directly suffered financial loss and damages resulting from the conduct of Alan
Mason and the Mason Entities.

## COUNT VII
### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
### AGAINST FDIC/USA

58.  NHL repeats and reavers each and every allegation of Paragraphs 1 through 57 as if
the same were set forth herein.

59.  NHL had business relationships with assignees of the FDIC, and business relations
with the mortgagors, E. Perry King and Terry A. King, in connection with the
property and ownership rights for the Canton Loan.

60.  FDIC/USA interfered with the business relationship which was to benefit NHL.

61.  NHL directly suffered financial loss and damages resulting from the conduct of
FDIC/USA.

## COUNT VIII
### SLANDER OF TITLE AGAINST FDIC/USA

62. NHL repeats and reavers each and every allegation of Paragraphs 1 through 61 as if the same were set forth herein.

63. In issuing a satisfaction of mortgage for the Canton Loan, FDIC/USA published a false statement which was harmful to NHL's rights and interest.

64. FDIC/USA knew or should have known that the Canton Loan was sold by FDIC and that FDIC/USA held no right, title or interest in the Canton Loan at the time of the issuance of the Satisfaction of Mortgage.

65. FDIC/USA has or should have had documentation within its custody and control indicating that the Canton Loan was previously assigned to a different lender, the FDIC/USA should have recognized that it was harming NHL by knowingly issuing a false statement.

## COUNT IX
### SLANDER OF TITLE
### AGAINST E. PERRY KING, ALAN MASON AND THE MASON ENTITIES

66. NHL repeats and reavers each and every allegation of Paragraphs 1 through 65 as if the same were set forth herein.

67. In fraudulently requesting the issuance of a discharge of mortgage for the Canton Loan, E. Perry King, Terry A. King, Alan Mason and the Mason Entities assisted the FDIC/USA in publishing a false statement which was harmful to NHL's rights and interest.

68. E. Perry King, Alan Mason and the Mason Entities harmed NHL by knowingly issuing a false statement in the form of signed affidavits to obtain a discharge.

11

## COUNT X - TAKING WITHOUT JUST COMPENSATION
## 42 U.S.C. §1983 AGAINST FDIC/USA

69.    NHL repeats and reavers each and every allegation of Paragraphs 1 through 68 as if the same were set forth herein.

70.    The conduct of the FDIC/USA deprived NHL of rights and privileges of just compensation for the taking of private property for public use otherwise guaranteed by the United States Constitution, Fifth and Fourteenth Amendments.

71.    The conduct of FDIC/USA was committed while acting under the color of state law.

72.    NHL was injured by this action.

73.    Due to FDIC/USA's actions, the interest owned by NHL in the Canton Loan was compromised and harmed.

WHEREFORE, NHL prays of the Honorable Court as follows:

Pursuant to Count I:

1.    Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

2.    Assess interest thereon, plus costs, including reasonable attorney fees, and court costs; and,

Pursuant to Count II:

3.    Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

4.    Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

Pursuant to Count III:

5.      Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

6.      Grant relief and/or award damages to the Plaintiff with the form or amount to be determined at trial; and,

7.      Double or treble such amount as provided by G.L. c.93A; and,

8.      Award interest, costs, and attorney's fees to the Plaintiffs;  and,

Pursuant to Count IV:

9.      Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

10      Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

Pursuant to Count V:

11.     Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

12.     Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

Pursuant to Count VI:

13.     Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

14.     Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

13

Pursuant to Count VII:

15.    Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

16.    Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

Pursuant to Count VIII:

17.    Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

18.    Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

Pursuant to Count IX:

19.    Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

20.    Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

Pursuant to Count X:

21.    Enter judgment and award and assess actual damages in favor of the Plaintiff and against Defendants in an amount to be determined at trial; and,

22.    Assess interest thereon, plus costs including reasonable attorney fees, and court costs; and,

General Prayers:

23.    Otherwise assess and award the Plaintiff interest, costs, and reasonable attorney's fees as against Defendants; and,

24.  Such other and further relief as this court deems just and proper.

**PLAINTIFF CLAIMS THE RIGHT OF TRIAL BY JURY
ON ALL COUNTS AND CLAIMS SO TRIABLE OF RIGHT**

Respectfully submitted,
Donna Lee H. Williams,
Insurance Commissioner of
the State of Delaware As
Receiver of National Heritage
Life Insurance Company in

By her attorneys,

James F. Creed, Jr.
BBO#552138
Sara D. Trupe Cloherty
BBO#632528
CREED & FORMICA
1329 Highland Avenue
Needham, MA 02492
(781) 449-4600

Dated: 12/27/04

A true copy by photostatic process
Attest:
Asst. Clerk

15

EXHIBIT

PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, jointly and severally, promise to pay to THE HOME NATIONAL BANK OF MILFORD, a banking association duly established under the laws of the United States of America, or order, at said Bank, or such other place as the holder of the Note may designate, the principal sum of ONE HUNDRED TWELVE THOUSAND AND 00/100 ($112,000.00) DOLLARS, IN TWENTY (20) YEARS, with interest computed daily at a rate of TEN AND THREE QUARTERS (10.75%) PERCENT PER ANNUM on all unpaid balances of said principal sum, with monthly payments of principal and interest of ONE THOUSAND ONE HUNDRED THIRTY SEVEN AND 07/100 ($1,137.07) DOLLARS made on the _27th_ day of each month and continuing on the _27th_ day of each month thereafter until all principal and interest is paid in full. Notwithstanding the foregoing sentence, the holder of this Note shall have the right to adjust the rate of interest payable hereunder one (1) YEAR from the date of this Note and every one (1) YEAR thereafter. In the event that an adjustment is to be made in the interest rate, the holder shall give the maker at least 15 days written notice prior to the effective date of the adjustment and shall include an explanation of the adjustment and the notice. Failure by the Bank to notify the maker of this adjustment does not preclude the Bank from making this adjustment. The adjustment shall be made to a rate of TWO (2%) PERCENT above the then current base loan rate of The First National Bank of Boston. Any adjustment shall be effected by an increase or decrease, as the case may be, in the periodic payment amounts commencing with the first payment due after the effective date of the change. A fee of $187.00 shall be paid by the Borrower at the time of the loan closing.

Each payment shall be credited first to interest than due, and the remainder to principal. The mortgage given hereunder is also to secure any future advances, and it is agreed by the Borrower that any future advances are deemed to be given in contemplation of this loan.

If this note is prepaid within three (3) years from the date hereof, such prepayment shall be accompanied by a charge equal to a percentage of the then outstanding principal balance which percentage, to the extent permitted by law, shall be three (3%) percent for the period of one (1) year from the date hereof and shall decrease by one percent (1%) on each anniversary date of this Note to one (1%) percent in the third (3rd) year.

This Note is secured by a Mortgage and Security Agreement of the Borrower of even date herewith (the "Mortgage") covering certain real estate located at 19 Canton Street, Worcester, County of Worcester, Massachusetts, (the "Mortgaged Premises"), which, together with any other instrument securing this Note, being hereinafter collectively referred to as the

"Security Instruments". This Note is entitled to the benefits of the Security Instruments and specific reference is hereby made to such instruments for all purposes.

Upon occurrence of (which events shall be an Event of Default hereunder):

(i)    the failure of Borrower to make any payment hereunder within thirty (30) days after the same is due or

(ii)    an Event of Default as described and defined in any of the Security Instruments, or any other instrument evidencing any indebtedness of the Borrower to the Lender and the expiration of any period provided in such instrument to cure such default, then the holder hereof may declare the entire unpaid principal balance hereunder immediately due and payable without notice, demand or presentment and may exercise any of its rights under the Security Instruments. In the event that the Lender or any subsequent holder of this Note shall exercise or endeavor to exercise or endeavor to exercise any of its remedies hereunder or under the Security Instruments, the Borrower shall pay on demand all reasonable costs and expenses incurred in connection therewith, including, without limitation, reasonable attorney's fees and the Lender may take judgement for all such amounts in addition to all other sums due hereunder, Irrespective of the exercise or non-exercise of any of the aforesaid rights, if any payment of principal or interest hereunder is not paid in full within fifteen (15) days after the same is due, the Borrower shall pay to the Lender a late charge on such unpaid amount equal to five (5%) percent of such late payment.

The Borrower waives presentment for payment, protest and demand, and notice of protest, demand and/or dishonor and non-payment of this Note, notice of any Event of Default under the Security Instruments except as specifically provided therein, and all other notices or demands otherwise required by law that the Borrower may lawfully waive. The Borrower expressly agrees that this Note, or any payment hereunder, may be extended from time to time, without in any way affecting the liability of the Borrower. No unilateral consent or waiver by the Lender with respect to any action or failure to act which, without consent, would constitute a breach of any provision of this Note shall be valid and binding unless in writing and signed by the Lender.

The rights and obligations of the Borrower and all provisions hereof shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

All agreements between the Borrower and the Lender are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration of maturity of the indebtedness evidenced hereby or otherwise, shall the amount paid or agreed to be paid to the Lender for the use, forbearance or detention of the indebtedness evidenced hereby exceed the maximum

Pay to the order of National Housing Exchange, Inc.,
WITHOUT RECOURSE
SOUTH STAR MANAGEMENT COMPANY, INC.
also known as South Star Management Co., Inc.

By: _____   V.P.
    Jan R. Schneiderman, V.P.

permissible under applicable law. As used herein, the term
"applicable law" shall mean the law in effect as of the date
hereof, provided, however, that in the event there is a change in
the law which results in a higher permissible rate of interest,
then this Note shall be governed by such new law as of its
effective date. In this regard, it is the intent of Borrower and
Lender in the execution, delivery and acceptance of this Note to
contract in strict compliance with the laws of the Commonwealth
of Massachusetts from time to time in effect. If, from any
circumstances whatsoever, fulfillment of any provision hereof or
of any of the Security Instruments at the time performance of
such provision shall be due, shall involve transcending the limit
of validity prescribed by law, than the obligation to be
fulfilled shall automatically be reduced to the limit of such
validity, and if from any circumstances the Lender should ever
receive as interest an amount which would exceed the highest
lawful rate, such amount which would be excessive interest shall
be applied to the reduction of the principal balance evidenced
hereby and not to the payment of interest. This provision shall
control every other provision of all agreements between the
Borrower and the Lender.

The Borrower shall remain primarily liable on this Note and
the Security Instruments until full payment, unaffected by an
alienation of the Mortgaged Premises, by an agreement or
transaction between the Lender any subsequent owner or assignee
of the Mortgaged Premises as to payment of principal, interest or
other monies, by any forbearance or extension of time, guaranty
or assumption by others, or by any other matter, as to all of
which notice is hereby waived by the Borrower.

This instrument shall take effect as a sealed instrument on
this  27th  day of  Jan,  1988, and shall be governed by the
laws of the United States of America, and the Commonwealth of
Massachusetts.

SIGNED IN THE PRESENCE OF:

_____        _____
                                 E. Perry King

_____        _____
                                 Terry A. King

Pay to the order of South Star Management
Co., Inc.    Without Recourse.

FEDERAL DEPOSIT INSURANCE CORPORATION in its
corporate capacity as Assignee of the Receiver
of Home National Bank of Milford.
By: _____
    Kirby N. Schaefer
Title: Attorney-in-fact

Pay to the order of Continental Stock Transfer
& Trust Company,
WITHOUT RECOURSE
NATIONAL HOUSING EXCHANGE, INC.

By _____
   Albert J. Sonnenblik, V.P.



## MORTGAGE

E. PERRY KING AND TERRY A. KING (the "Mortgagor"), having a principal place of business at 188 Route 146 Sutton, Massachusetts, FOR CONSIDERATION PAID GRANT(S) TO THE HOME NATIONAL BANK OF MILFORD, a national banking association (the "Mortgagee"), whose address is 221 Main Street, Milford, Worcester County, Massachusetts 01757;

WITH MORTGAGE COVENANTS, to secure the payment of the indebtedness described in Paragraph 10 below (the "Obligation"), the property described in Exhibit A annexed hereto and by this reference made a part hereof (the "Property"):

Together with (a) insofar as the same are or can by agreement of the parties be made a part of the Property, all fixtures and appliances now or hereafter attached to, placed on, installed in or used in any way in connection with the Property and/or buildings and structures thereon, including without being limited to, portable or sectional buildings; screens, awnings, screen doors, storm and other detachable windows and doors; window shades and blinds; inlaid or attached floor coverings; boilers, tanks, furnaces, radiators, water heaters, elevators, fire and other alarm systems, cooling towers and compressors; heating, lighting, plumbing, gas, electric, ventilating, refrigerating, air conditioning, ice making, sprinkler and incinerating controls, apparatus and equipment; garbage and trash incinerators and receptacles, ovens, boilers, stoves, refrigerators, dishwashers, washing machines, driers, television antennas; fences and partitions; trees and hardy shrubs; all of which fixtures, including accessories and additions thereto and replacements thereof, are hereby declared and shall be deemed to be accessory to the freehold and a part of the Property as between the parties hereto, their successors and assigns and all persons claiming by, through, or under them, and shall constitute security for the Obligation and be subject to this Mortgage; (b) all improvements now or hereafter erected on the Property; and (c) all easements, rights, appurtenances, rents, water and water rights.

All of the foregoing being hereinafter sometimes referred to as the "mortgaged premises."

AND Mortgagor (a) herewith assigns to Mortgagee all future rents and profits from the mortgaged premises, provided, however, until default under the Obligation, this Mortgage, or the other instruments securing the Obligation or otherwise executed in connection therewith, Mortgagor may continue to collect and retain such rents and profits as they become due and payable; (b) shall perform and observe all the obligations imposed upon it under any lease of the mortgaged premises or any portion thereof, and shall not do, or permit to be done, anything to impair the security thereof; and, in addition to the obligations contained

elsewhere herein, if such leases shall include any residential units, Mortgagor shall conform to any law or regulation applicable thereto; and (c) agrees that if the Obligation shall become due and payable in accordance with the terms hereof, it will, upon demand of the Mortgagee, assign any and all leases of the mortgaged premises then existing to the Mortgagee, and agrees that after such assignments Mortgagee may modify and otherwise deal with such leases as if the owner of the mortgaged premises.

The Mortgagor, for the Mortgagor and the Mortgagor's successors and assigns, covenants and agrees in addition to the STATUTORY CONDITION:

1. To keep the buildings, structures, improvements and fixtures now or hereafter standing on the mortgaged premises insured against fire with extended coverage and/or such other perils as the Mortgagee shall reasonably request in such amounts and companies and in such forms as shall be satisfactory to the Mortgagee, all insurance to be for the benefit of and payable in case of loss to the Mortgagee and the Mortgagor as their interests may appear of record and to contain a provision that it shall not be cancelled or modified without at least ten (10) days prior written notice to the Mortgagee; to pay or cause to be paid when due all premiums for such insurance and, upon demand, to pay the same to the Mortgagee in the manner provided in Paragraph 2 with respect to taxes; that the Mortgagee is hereby authorized, at the expense of the Mortgagor, to obtain and/or renew any such insurance, and to do all necessary acts therefor in the name of the Mortgagor; to do no act, nor suffer any to be done, that shall cause, directly or indirectly, any such insurance to be void or vacated in whole or in part; and to deliver to the Mortgagee, at any time upon the Mortgagee's request, all insurance policies or memoranda thereof and to deliver to the Mortgagee new policies or memoranda thereof for any insurance about to expire at least ten (10) days prior to such expiration (hereby granting to the Mortgagee in the event of foreclosure, full authority, as attorney irrevocable of the Mortgagor, to cancel such insurance and retain the return premiums thereof and apply the same to the satisfaction of the Obligation or to transfer such insurance to any person claiming title to the mortgaged premises or any part thereof by virtue of foreclosure proceedings).

2. To pay or cause to be paid when due all taxes, charges, assessments and rates with respect to the mortgaged premises to whomsoever laid or assessed; and, upon demand, to deposit with Mortgagee on each day that periodic payments are required by the terms of the Obligation, in addition to the payments of principal and interest provided therein, a sum equal to such fraction of the real estate taxes and betterment assessments for each year as shall be estimated by Mortgagee to be sufficient to provide in the aggregate, a sum adequate to pay said taxes and betterment assessments as and when they become due and payable, and, in addition, to deposit with Mortgagee any balance necessary to pay

BOOK 11097 PAGE 124

in full said taxes and betterment assessments prior to the date when such taxes or betterment assessments become due and payable; and to forward to the Mortgagee real estate tax bills as soon as the same have been received by Mortgagor.

3. That the Mortgagor will not further encumber the mortgaged premises; and that, in the event the ownership of or title to the mortgaged premises or any part thereof shall become vested in any person other than the Mortgagor without the prior written consent of the Mortgagee, then at any time thereafter, at the option of the Mortgagee, the Obligation shall become due and payable on demand, and the Mortgagee may, without notice to the Mortgagor, deal with any successor in interest with reference to the Mortgage and the Obligation in the same manner as with the Mortgagor without in any way vitiating or discharging the Mortgagor's liability hereunder or upon the Obligation. No sale of the mortgaged premises, no forbearance on the part of the Mortgagee, no extension (whether oral or in writing) of the time for the payment and satisfaction of the whole or any part of the Obligation, and no other indulgence given by the Mortgagee to any person other than the Mortgagor, shall operate to release or in any manner affect the original liability of the Mortgagor, notice of any thereof being waived. The proceeds of any award for damages in connection with any condemnation or other taking of the mortgaged premises or any part thereof, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to the Mortgagee. If the mortgaged premises are abandoned by the Mortgagor or if the Mortgagor fails, after thirty (30) days written notice from the Mortgagee to negotiate a reasonable settlement with the condemnor of an offer to make an award, the Mortgagee is authorized to collect and apply the proceeds of such an award at Mortgagee's option either to the restoration or repair of the mortgaged premises or to the Obligation.

4. That Mortgagee is hereby authorized at its option to pay all costs and expenses which it in good faith determines to be required or desirable to effect compliance with the agreements of the Mortgagor set forth herein or in the Obligation or to protect or maintain the mortgaged premises or Mortgagee's interest therein, such authorization to be in addition to and not in limitation of the rights of Mortgagee under law and under other applicable provisions hereof; and any sum so expended shall be deemed to be a principal advance and shall be equally secured with and be a part of the Obligation.

5. That the Mortgagor is now in a solvent condition and no bankruptcy or insolvency proceedings are pending or contemplated by or against the Mortgagor; and that the Obligation, this Mortgage and the other instruments securing the Obligation or otherwise executed in connection therewith are valid and binding obligations enforceable in accordance with their respective terms and the execution and delivery thereof do not contravene any contact or agreement to which the Mortgagor is a party or by which the Mortgagor or any of the Mortgagor's properties may be

BOOK11097 PAGE125

bound or any law, order, decree or regulation to which the Mortgagor is subject.

6. To keep the mortgaged premises in the same repair, order and condition as the same now are or may hereafter be put, reasonable wear and tear only excepted; not to permit or suffer any strip or waste of the mortgaged premises, nor any material change therein, nor any violation of any law or ordinance affecting the same or the use thereof; not to allow to lapse or be revoked any licenses or other governmental authorizations issued to Mortgagor or to any affiliate for the operation of any business on the mortgaged premises; to permit Mortgagee, upon reasonable notice to Mortgagor, to make entry upon and inspect the mortgaged premises; and Mortgagor shall, at Mortgagee's request at reasonable intervals, demonstrate compliance with this and other covenants of this Mortgage.

7. At the option of the Mortgagee, the Obligation shall become immediately due and payable, without notice or demand (a) upon the sale or transfer of any substantial portion of the mortgaged premises (and for purposes of the foregoing, both a transfer of a substantial portion of the beneficial ownership of the Mortgagor and a lease of any substantial portion of the mortgaged premises to or for the benefit of a single lessee for a term (including renewal or option periods) in excess of one (1) year, shall constitute such a sale or transfer giving the Mortgagee the right to accelerate hereunder); (b) in the event of a default in the performance or observance of the terms and provisions of the Obligation, this Mortgage and the other instruments securing the Obligation or otherwise executed in connection therewith; (c) in the event of a default under any other agreement of the Mortgagor in favor of the Mortgagee, whether now existing or hereafter arising;or (d) in the event of a default in the payment of the principal of or the interest on any other indebtedness of the Mortgagor continued for a period sufficient to permit the acceleration of the maturity of such indebtedness. Any forbearance by the Mortgagee in exercising any right or remedy hereunder or otherwise afforded by applicable law shall not be a waiver of or preclude the exercise of any such right or remedy. All remedies provided herein, in the Obligation and other instruments securing the Obligation shall be deemed to be cumulative remedies and may be exercised in any manner the Mortgagee elects.

8. That if any legal proceedings of any nature shall involve the Mortgagee's interest under this Mortgage, however such proceedings shall be commenced and whether or not such proceedings shall be completed, or if the Mortgagee shall enter into possession of the mortgaged premises, then the Mortgagee shall be entitled to collect (and the Mortgagor agrees to reimburse the Mortgagee on demand for) all costs and expenses, including attorneys' fees, incurred by the Mortgagee in any such proceeding or in the protection, care or management of the mortgaged premises; the Mortgagee shall be entitled to purchase the mortgaged premises at

any foreclosure sale; and that if surplus proceeds are realized from a foreclosure sale, the Mortgagee shall not be liable for any interest thereon pending distribution of such proceeds by the Mortgagee.

9. That, if the Mortgagee exercises the POWER OF SALE herein contained, then: the Mortgagee may sell the mortgaged premises in parcels; such sales may be held from time to time and said Power of Sale shall not be exhausted until all of the mortgaged premises shall have been sold, notwithstanding the Mortgagee's releasing, from time to time, certain such parcels which are a part or parts of the mortgaged premises; the Mortgagee may do all things and take any action, all in the name of the Mortgagor, which may be necessary to subdivide the mortgaged premises or any parcel included therein; and the Mortgagee may sell any or all of such parcels then subject to this Mortgage, notwithstanding that the proceeds of such sales may exceed the obligations secured by this Mortgage.

10. That this Mortgage is to secure the payment of the sum of $ 112,000.00, together with interest thereon and all other charges, all as provided in a promissory note and/or guarantee of even date herewith given by Mortgagor to Mortgagee and also to secure the performance of all agreements and conditions herein contained and all other obligations now existing or hereafter arising of Mortgagor to Mortgagee, direct or indirect, absolute or contingent, as well as all other sums (with interest at the rate provided in said promissory note) advanced to or on behalf of Mortgagor by Mortgagee for any purpose, whether dependent or independent of this transaction, all of which shall be equally secured with and have the same priority as the original advance hereunder.

11. Other:

BOOK 11097 PAGE 127

This Mortgage is upon the STATUTORY CONDITION, and upon the further condition that all agreements and covenants of the Mortgagor contained in the Obligation, in this Mortgage and in the other instruments securing the Obligation or otherwise executed in connection therewith, shall be kept and fully performed as therein provided, for any breach of which the Mortgagee shall have the STATUTORY POWER OF SALE.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage under seal this ___27th___ day of ___Jun___, 19 88

_____
E. PERRY KING                    (Borrower)

_____
TERRY A. KING                    (Borrower)

Commonwealth of Massachusetts          Jun 27 ,19 88

_WORCESTER, SS._

Then personally appeared the above-named _E. PERRY KING AND TERRY A. KING_ and acknowledged the foregoing instrument to be their free act and deed, before me.

_____
Notary Public

My Commission Expires____6/10/88

SCHEDULE A


Worcester, Worcester County, Massachusetts, in the southerly part thereof, in the section known as Irvington, on the southerly side of Canton Street, shown as Lot 17 on a plan of lots drawn for the Ballard Land Company by Buttrick & Pratt, recorded  in Book 1537, Page 653 and bounded and described as follows:

    BEGINNING  at  a  stone  monument  set  at  the northwesterly corner of the herein described premises on the  southerly side of Canton Street, formerly known as Albion Avenue;
    THENCE  southerly  by  Lot  18,  a distance of 100 feet to a stone monument;
    THENCE easterly by Lot 35 and Lot 36, a distance  of 50 feet to a stone monument;
    THENCE  northerly  by  Lot  16,  a distance of 100 feet to a stone monument on  the  southerly  side  of  said  Canton Street, formerly Albion Avenue;
    THENCE westerly  by said  Canton Street 50 feet to the point of beginning.

For our Title see Book *8344*   Page *333*   .


ATTEST: WORC., Anthony J. Vigliotti, Register

SCHEDULE A


Worcester, Worcester County, Massachusetts, in the southerly part
thereof, in the section known as Irvington, on the southerly side
of Canton Street, shown as Lot 17 on a plan of lots drawn for the
Ballard Land Company by Buttrick & Pratt, recorded  in Book 1537,
Page 653 and bounded and described as follows:

BEGINNING  at  a  stone  monument  set  at  the northwesterly
corner of the herein described premises on the  southerly side of
Canton Street, formerly known as Albion Avenue;
THENCE  southerly  by  Lot  18,  a distance of 100 feet to a
stone monument;
THENCE easterly by Lot 35 and Lot 36, a distance  of 50 feet
to a stone monument;
THENCE  northerly  by  Lot  16,  a distance of 100 feet to a
stone monument on  the  southerly  side  of  said  Canton Street,
formerly Albion Avenue;
THENCE westerly  by said  Canton Street 50 feet to the point
of beginning.

For our Title see Book *8344*  Page *333*    .

ATTEST: WORC., Anthony J. Vigliotti, Register

**ASSIGNMENT OF MORTGAGE**

Blutrich, Herman & Miller
Two Park Avenue
New York, NY 10016
Attn: Michael Blutrich, Esq.

**FEDERAL DEPOSIT INSURANCE CORPORATION**, in its corporate capacity as Assignee of the Receiver of The Home National Bank of Milford, Milford, Massachusetts, holder of a mortgage from E. Perry King and Terry A. King to The Home National Bank of Milford dated January 27, 1988 and recorded on January 28, 1988 in the Worcester District Registry of Deeds as Instrument No. 7662 in Book 11097 at Page 122, hereby assigns said mortgage and the Note and claim secured thereby to **SOUTH STAR MANAGEMENT COMPANY, INC.**, a Florida corporation also known as South Star Management Co., Inc., having a mailing address at 5005 Collins Avenue, Suite 1507, Miami, Florida 33140.

FEDERAL DEPOSIT INSURANCE CORPORATION was appointed in its corporate capacity as Receiver of The Home National Bank of Milford on June 1, 1990. See documents recorded in said Registry of Deeds in Book 12950 at Page 364 .

For authority for the execution of this Assignment, see Power of Attorney recorded in said Registry of Deeds in Book 15369 at Page 54 .

IN WITNESS WHEREOF, the FEDERAL DEPOSIT INSURANCE CORPORATION has caused these presents to be signed, acknowledged and delivered in its name and behalf by Kirby N. Schaefer, its duly appointed Attorney-in-Fact, this 29 of March, 1994, but effective as of December 17, 1993.

FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity as Receiver of The Home National Bank of Milford

By: _____
               Attorney-in-Fact

**COMMONWEALTH OF MASSACHUSETTS**

NORFOLK, SS

Then personally appeared the above named Kirby N. Schaefer, Attorney-in-Fact, and acknowledged the foregoing instrument to the free act and deed of the FEDERAL DEPOSIT INSURANCE CORPORATION.

_____
Notary Public

My commission expires:

7-1-99

Record and Return to:
Blutrich, Herman & Miller
Two Park Avenue
New York, NY  10016
Attn: Michael Blutrich, Esq.

## ASSIGNMENT OF MORTGAGE

**SOUTH STAR MANAGEMENT COMPANY, INC.**, a Florida corporation also known as South Star Management Co., Inc. ("Assignor"), having a mailing address at 5005 Collins Avenue, Suite 1507, Miami, Florida 33140, holder of a mortgage from E. Perry King and Terry A. King to The Home National Bank of Milford dated January 27, 1988 and recorded on January 28, 1988 in the Worcester District Registry of Deeds as Instrument No. 7662 in Book 11097 at Page 122, hereby assigns said mortgage and the Note and claim secured thereby to NATIONAL HOUSING EXCHANGE, INC., a North Carolina corporation, having a mailing address at 620 South Elm Street, Suite 363, Greensboro, North Carolina 27606.

This Assignment is made without recourse to Assignor and without representation or warranty by Assignor, express or implied.

IN WITNESS WHEREOF, Assignor has caused these presents to be signed by its duly authorized officer on this |8th day of March, 1994, but effective as of December 28, 1993.

SOUTH STAR MANAGEMENT COMPANY, INC.
a/k/a South Star Management Co., Inc.

By: _____
Jan R. Schneiderman, Vice President

STATE OF NEW YORK    )
                     ) SS.
COUNTY OF NEW YORK )

The undersigned, a notary public in and for the aforesaid County, does hereby acknowledge that on the day and year set forth below, personally appeared Jan R. Schneiderman, as Vice President of South Star Management Company, Inc., as specified above, and being duly sworn by and personally known to the undersigned to be the person who executed the foregoing instrument on behalf of said corporation, acknowledged to the undersigned that he voluntarily executed the same for the purposes therein stated as the free act and deed of said corporation.

WITNESS my hand and official seal, this ___ day of March, 1994.

_____
Notary Public for the State of New York

[SEAL]                          My Commission Expires: _____

NILDA E. HILL
Notary Public, State of New York
No. 60-4798680  Bronx County
Cert. filed with New York County Clk.
Commission Expires November 30, 199_

BOOK 19167 PAGE 306

PLEASE RETURN TO: CREED + FORMICA, ATTYS.
1254 CHESTNUT STREET
Newton UPPER FALLS, MA 02164

INST #        **98905**

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss.            SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 97-02013 B

3248

DONNA LEE H. WILLIAMS, INSURANCE )
COMMISSIONER OF THE STATE OF DELAWARE, )
AS RECEIVER OF NATIONAL HERITAGE LIFE )
INSURANCE COMPANY IN LIQUIDATION, )
            Plaintiff,            )
                                  )
                                  )
        v.                        )
                                  )
                                  )
NATIONAL HOUSING EXCHANGE, INC.,  )
APX MORTGAGE SERVICES, INC.,      )
RESOURCE ASSET MANAGEMENT, INC. and )
SOUTH STAR MANAGEMENT CORPORATION, )
            Defendants.           )

97 SEP 15 PH 1:45

### JUDGMENT BY DEFAULT

This action came on for hearing before the Court, _____ J., presiding, upon the marking of Plaintiff, Donna Lee H. Williams, Insurance Commissioner of the State of Delaware as Receiver of National Heritage Life Insurance Company in Liquidation (hereinafter, "NHL") in the above entitled action, for a default judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ. P., and it appearing to the court that the Complaint in said action was filed on the 17'th day of April, 1997, and that no answer or other defense has been filed by the said defendants, National Housing Exchange, Inc. and Resource Asset Management, Inc., and that default was entered on the 16 4L day of JUNE 1997, in the office of the clerk of this court, and that no proceedings have been taken by the said defendant since said default was entered, it is ordered and adjudged, that judgment by default enter as against the Defendants, National Housing Exchange, Inc. and Resource Asset Management, Inc. on Counts I, II and III of NHL's Complaint, in accordance with the Prayers of that Complaint, thereby recognizing and giving effect to the following judgments in Massachusetts:

RETURN TO: CREED FORMICA STREET 1254 CHESTNUT
Newton UPPER FALLS MA

JUDGMENT ENTERED ON DOCKET: 9/10/20 10 1997
PURSUANT TO THE PROVISIONS OF MASS.R.CIV.P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:
A TRUE COPY OF JUDGMENT DULY ENTERED IN 6/16/10

BOOK 19167 PAGE 307



BOOK19167PAGE308

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss.                     SUPERIOR COURT DEPARTMENT
                                 CIVIL ACTION NO. 97-02013 3

DONNA LEE H. WILLIAMS, INSURANCE        )
COMMISSIONER OF THE STATE OF DELAWARE,  )
AS RECEIVER OF NATIONAL HERITAGE LIFE   )
INSURANCE COMPANY IN LIQUIDATION,       )
          Plaintiff,                    )
                                        )
                                        )
          v.                            )
                                        )
                                        )
NATIONAL HOUSING EXCHANGE, INC.,        )
APX MORTGAGE SERVICES, INC.,            )
RESOURCE ASSET MANAGEMENT, INC. and     )
SOUTH STAR MANAGEMENT CORPORATION,      )
          Defendants.                   )

JUDGMENT BY DEFAULT

This action came on for hearing before the Court, _____ J.,
presiding, upon the marking of Plaintiff, Donna Lee H. Williams,
Insurance Commissioner cf the State of Delaware as Receiver of
National Heritage Life Insurance Company in Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Complaint in said action
was filed on the 17'th day of April, 1997, and that no answer or
other defense has been filed by the said defendants, National
Housing Exchange, Inc. and Resource Asset Management, Inc., and
that default was entered on the it 4 day of JYNE 1997,
in the office of the clerk of this court, and that no proceedings
have been taken by the said defendant since said default was
entered, it is ordered and adjudged, that judgment by default enter
as against the Defendants, National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts I, II and III of NHL's
Complaint, in accordance with the Prayers of that Complaint,
thereby recognizing and giving effect to the following judgments in
Massachusetts:

RETURN TO: CREED HARMICL
1254 CHESTNUT STREET
NEWTON UPPER FALLS, MA 02464

JUDGMENT ENTERED ON DOCKET June 16 19...
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PRO-
VISIONS OF MASS.R.CIV.P. 77(d) AS FOLLOWS:
A TRUE COPY OF JUDGMENT DULY ENTERED ON 6/16/10

BOOK 19167 PAGE 309

Prayer 1: The Chancery Court of the State of Delaware in and for New Castle County's Liquidation and Injunction Order in Civil Action No. 13530, dated November 21, 1995, a copy of which is attached hereto as Exhibit "A";  and,

Prayer 2: The United States District Court, Northern District of Illinois, Eastern Division's Amended Declaratory Judgment Order in No. 95 C 4243, dated April 12, 1996, *nunc pro tunc*, April 3, 1996, a copy of which is attached hereto as Exhibit "B";  and,

Prayer 3: The United States District Court, Northern District of Illinois, Eastern Division's Revised Order Regarding Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997, a copy of which is attached hereto as Exhibit "C".

SO ORDERED:

_____ , J.

Superior Court Department

Dated: _____

I HEREBY ATTEST AND CERTIFY ON
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
    MICHAEL JOSEPH DONOVAN
    CLERK/MAGISTRATE
    SUFFOLK/SUPERIOR CIVIL COURT
    DEPARTMENT OF THE TRIAL COURT
BY:_____

BOOK19167 PAGE 310

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF THE )
REHABILITATION OF NATIONAL ) C.A. No. 13530
HERITAGE LIFE INSURANCE COMPANY )

### LIQUIDATION AND INJUNCTION ORDER

WHEREAS, the Honorable Donna Lee H. Williams, the Insurance Commissioner for the State of Delaware, heretofore appointed as the Receiver of the National Heritage Life Insurance Company in Rehabilitation by Order dated May 25, 1994 (the "Receiver"), has filed with the Court a petition seeking a Liquidation and Injunction Order concerning National Heritage Life Insurance Company ("National Heritage") pursuant to Title 18 Del. C. §5901, et seq.;

WHEREAS, a hearing on the financial status of National Heritage and for interested parties to show cause why National Heritage should not be declared insolvent and ordered liquidated was held by the Court on 11/2/95        ; and

WHEREAS, the Receiver has submitted evidence that National Heritage is insolvent, in that as of September 30, 1995, National Heritage's liabilities exceeded its assets by approximately $214 million and that as of the hearing date, the negative surplus was approximately $21 million.

NOW THEREFORE, the Court finds and IT IS HEREBY ORDERED as follows:

1. National Heritage is insolvent as that term is defined in 18 Del. C. §5901.

2. Sufficient cause exists for the liquidation of the respondent, National Heritage, pursuant to 18 Del. C. §§ 5906 and 5910 and a Liquidation and Injunction Order is hereby entered against National Heritage.

3.  The May 25, 1994 Rehabilitation and Injunction Order and the June 27, 1994 Supplemental Rehabilitation Order entered by this Court in this matter are hereby superseded, upon entry of this Order, and the Commissioner shall continue to serve as Receiver of National Heritage for the purpose of liquidation as set forth below.

4.  The appointment of the Honorable Donna Lee H. Williams, Commissioner of Insurance of the State of Delaware, and her successors in office, as the Receiver of National Heritage is hereby continued and the Receiver is hereby directed to immediately take or maintain her exclusive possession and control of and to continue or be vested with all right, title and interest in, of or to the property of National Heritage, including, without limitation, all of National Heritage's assets, contracts, rights of action, funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer, books, records, bank accounts, certificates of deposit, collateral securing obligations to, or for the benefit of, National Heritage or any trustee, bailee or any agent acting for, or on behalf of, National Heritage (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of National Heritage including, without limitation, furniture, fixtures and office supplies, wherever located, and including such property of National Heritage or collateral securing obligations to, or for the benefit of, National Heritage or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions to any of the foregoing, wherever located, in the possession, custody or control of National Heritage or any Trustee therefore (collectively, the "Assets"), and to liquidate the same pursuant to the provisions of Chapter 59 of the Delaware Insurance Code, and the Receiver is further authorized

2

BOOK 19167 PAGE 312

to take such actions as the nature of this cause and interests of the policyholders, creditors and stockholders of National Heritage and the public may require.

5. The Receiver is hereby authorized to continue to deal with the Assets, business and affairs of National Heritage, including, without limitation, the right to sue for, defend for or continue suits already commenced by the Receiver for National Heritage, or for the benefit of National Heritage's policyholders, stockholders and creditors, in the courts and tribunals, agencies or arbitration panels in this State and other states in her name as the Commissioner of Insurance of the State of Delaware, or in the name of National Heritage.

6. The filing or recording of this Order or a certified copy hereof with the Clerk of this Court and with the recorder of deeds of the jurisdiction in which National Heritage's corporate and administration offices are located, or, in the case of real estate, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Clerk of this Court also constitutes notice to all sureties and fidelity bondholders of National Heritage of all potential claims against National Heritage under such policies and shall constitute the perfection of a lien in favor of National Heritage under the Uniform Commercial Code or any like Federal or state law, regulation or order dealing with the priority of claims.

7. Except as otherwise indicated elsewhere in this Order, and upon notice provided by the Receiver, all agents and brokers, former officers, former directors, stockholders and all other persons or entities now or prospectively holding Assets of, or on behalf of, National

3

Heritage shall forthwith file an accounting of these Assets with the Receiver and shall within ten (10) days of the entry of this Order, turn those Assets over to the Receiver.

8. The Receiver may, in her discretion, appoint or continue the appointment of a consultant or other person or persons to serve as Special Deputy Receiver(s) to assist the Receiver in accomplishing the directive of this Order. The Special Deputy Receivers shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

9. The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Special Deputy Receiver(s) and the Designees and of taking possession of National Heritage and conducting this proceeding shall be paid out of the funds and assets of National Heritage as administrative expenses under Title 18 Del. C. §5913(f). Each and every Designee shall be deemed to have submitted to the jurisdiction of this Court for the resolution of any disputes between the Receiver and such Designee concerning such Designee's rights, obligations and compensation.

10. The Receiver, the Special Deputy Receivers and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties during the rehabilitation and liquidation periods, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence or criminal intent. All expenses, costs and attorney's fees incurred by the Indemnitees in

4

BOOK 19167 PAGE 314

connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver and shall be exclusively paid out of the funds and assets of National Heritage. The Indemnitees shall not be deemed to be employees of the State of Delaware.

11. The Receiver's right, title and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer shall continue, and all reinsurance companies involved with National Heritage are enjoined and restrained from making any settlements with any claimant or policyholder of National Heritage other than the Commissioner as Receiver. The amounts recoverable by the Receiver from any reinsurer of National Heritage shall not be reduced as a result of this liquidation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of National Heritage is hereby enjoined and restrained from terminating, cancelling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with National Heritage, except for non-payment of premium. The Receiver may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in liquidation.

12. The Receiver is hereby authorized to transfer National Heritage's assets and liabilities, to the extent such liabilities are not covered by a state guaranty association, to an affiliate, subsidiary or trust for the overall benefit of National Heritage's policyholders, other creditors, and stockholder, subject to approval by this Court.

5

13. The Receiver may change to her own name the name of any of National Heritage's accounts, funds or other property or assets held with any bank, savings and loan association or other financial institution, and may withdraw such funds, accounts and other property or assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

14. The Receiver may reject any executory contract to which National Heritage is a party that the Receiver may in her discretion determine is . . . . . . . . National heritage or is otherwise not in its best interest. Any party to a rejected contract may file a claim only for damages arising from such rejection in accordance with paragraph 18, below. All claims of policyholders enumerated in 18 Del. C. §5918(e) shall have priority over all non-policyholder claims arising from the rejection of executory contracts.

15. National Heritage, its former officers, former directors, stockholders, agents, servants and employees and all other persons having notice of these proceedings or of this Order are hereby prohibited from transacting any business of, or on behalf of, National Heritage or selling, transferring, destroying, wasting, encumbering or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court.

16. All banks, brokerage houses, agents, reinsurers, or other companies or persons, either having in their possession Assets or possible Assets (including, without limitation, books or records of National Heritage), or having notice of these proceedings or of this Order, are hereby enjoined and restrained from disposing of, selling, wasting, encumbering, transferring or destroying any such Assets or possible Assets (including, without limitation, books or records of National Heritage). This prohibition includes, without limitation, Assets, possible Assets,

6

BOOK 19167 PAGE 316

books or records pertaining to any business transaction between National Heritage and any of said parties. No actions concerning, involving. or relating to such Assets, possible Assets, books or records may be taken by any of the aforesaid persons or entities enumerated herein, without the prior written consent of the Receiver, or until further Order of this Court.

17. All former officers, former directors, stockholders, agents, servants and employees of National Heritage, and all other persons and companies having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity or in other proceedings against National Heritage, the Commissioner as Receiver, the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments or other like liens or encumbrances, or foreclosing upon or making of any levy against National Heritage or the Assets, or exercising any right adverse to the right of National Heritage to or in the Assets, or in any way interfering with the Receiver, the Special Deputy Receiver(s) or the Designees either in their possession and control of the Assets, books, and records of National Heritage or in the discharge of their duties hereunder.

18. All persons and companies are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of National Heritage, or against the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of National Heritage.

7

19. The Court hereby imposes a temporary moratorium on payment of cash values, surrenders, policy loans or any other right to withdraw funds held in conjunction with the policies or contracts of National Heritage, in addition to the Receiver's and the state guaranty associations' right to implement any contractual provision for deferral of cash payment or policy loans, for a period of 120 days from the date of this Order, provided that any state guaranty association may voluntarily choose to permit a full or partial payment of cash values, surrenders, policy loans or any other right to withdraw funds for claims covered by the applicable state guaranty association law.

20. Within a reasonable time after receipt of a claim in the liquidation proceedings of National Heritage, the Receiver shall give notice by mail to any and all persons interested in such claim of the Receiver's proposed report and recommendation to the Court regarding the allowance or denial (in whole or in part) of such claim.

21. Within sixty (60) days of the mailing of the proposed report and recommendation, the interested person being given notice of such proposed report and recommendation may file a written objection thereto with the New Castle County Register in Chancery, 1000 King Street, Wilmington, Delaware, 19801, and the Receiver.

22. Within a reasonable time after such sixty (60) days, there being no objection to the proposed report and recommendation, the Receiver shall file with the Court such report and recommendation.

23. No hearing will be held regarding the proposed report and recommendation in the absence of a written objection thereto by a person interested therein.

8

BOOK 19167 PAGE 318

24. The Receiver shall provide semiannual reports on the financial condition of National Heritage and on the actions of the Receiver pursuant to this Order.

25. Hereafter the caption of this cause and all pleadings in this matter shall read as:

### "IN THE MATTER OF THE LIQUIDATION OF NATIONAL HERITAGE LIFE INSURANCE COMPANY"

26. This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholders of National Heritage and the public may require. The Receiver, or any interested party, upon reasonable notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

27. On or before June 30, 1996, the Receiver shall mail a Notice of Liquidation and Bar Date and a proof of claim form to all known claimants and creditors or persons or entities reasonably believed to be claimants or creditors of National Heritage, by first class mail, postage prepaid, and obtain proof of such mailing on United States Postal Form 3606.

28. ANY AND ALL CLAIMS AGAINST THE NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION NOT PRESENTED TO THE RECEIVER ON OR BEFORE JUNE 30, 1997 SHALL BE FOREVER BARRED FROM SHARING IN DISTRIBUTIONS OF THE ASSETS OF NATIONAL HERITAGE UNLESS THERE IS A SURPLUS AND NATIONAL HERITAGE IS DEEMED SOLVENT PURSUANT TO 18 DEL. C. §5928(a)(2).

SO ORDERED this $\underline{21}$ day of $\underline{JVV}$ , 1995.

_____
Chancellor

CERTIFIED
AS A TRUE COPY:
ATTEST:
FREDERICA B. TIMESTRAW
REGISTER IN CHANCERY
By _____
Deputy I

9

BOOK 19157 PAGE 319

*EXHIBIT "A"*

Minute Order Form   (rev. 12/90)

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 15, 1996 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

(In the following box (a) indicate the party filing the motion, e.g. plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.)

**MOTION:**

**DOCKET ENTRY:**

| | |
|---|---|
| (1) | Filed motion of [use listing in "MOTION" box above]     Sent for Microfilming |
| (2) | Brief in support of motion due     APR 1 9 1996 |
| (3) | Answer brief to motion due     Reply to answer brief due |
| (4) | ☐ Ruling on ☐ Hearing     set for     Filmed on     at |
| (5) | Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for     at |
| (6) | Pretrial conf ☐ held ☐ continued to ☐ set for ☐ re-set for     at |
| (7) | Trial ☐ Set for ☐ re-set for     at |
| (8) | ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to     at |
| (9) | This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to |
| | ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2) |
| (10) ☒ [Other docket entry] | Receiver's motion for an order confirming his authority to convey certain REO property to purchaser and his motion for an order confirming his authority with respect to Arapaho Car wash Loans are granted. Nominal defendants' motion to enlarge time until May 3, 1996 to respond to the counterclaim of RAM is granted. Accordingly, reply is extended to May 24, 1996. Commissioner shall set aside escrow to provide for Continental fees, if ordered by it. Enter Amended Declaratory judgment order nunc pro tunc April 3, 1996 on plaintiff's motion for summary judgment on Count I. RAM has until May 13, 1996 to respond to motions to dismiss count I of RAM's counterclaim by Commissioner and Continental. Ruling set for July 11, 1996 at 8:45. |
| (11) ☐ [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.] | |

No notices required, advised in open court.

No notices required

| Notices mailed by judge's staff | | | APR 1 6, 1996 | date docketed | Document # |
|---|---|---|---|---|---|
| Notified counsel by telephone. | | | | | |
| ✓ Docketing to mail notices | | | | docketing dpty initials | |
| Mail AO 450 form | | | | | |
| Copy to judge/magistrate Judge | | | APR 1 6, 1996 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central clerk's Office | | mailing dpty initials | |

BOOK19167PAGE 320

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE          )
COMMISSIONER OF THE STATE OF DELAWARE,    )
AS RECEIVER OF NATIONAL HERITAGE LIFE     )
INSURANCE COMPANY IN REHABILITATION,      )
CONTINENTAL STOCK TRANSFER & TRUST        )
COMPANY, MIDWEST INDEPENDENT BANK,        )
and MIDWEST MORTGAGE SERVICING, L.L.C.,   )
                                          )
                    Plaintiffs,           )     Civil Action 95 C 4243
                                          )     Hon. Elaine E. Bucklo
        v.                                )     Magistrate Judge
                                          )     Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX       )
MORTGAGE SERVICES, INC., and              )
MIDWEST MODEL MANAGEMENT, INC.            )
                                          )
                    Defendants.           )

## AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary
Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,
Insurance Commissioner of the State of Delaware, as Receiver of
National Heritage Life Insurance Company in Liquidation (the
"Commissioner"), due notice having been given and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1. The Commissioner's Motion for Summary Judgment on
   Count I is granted;

2. All the rights of National Housing Exchange, Inc.
   under the Indenture and Servicing Agreement dated
   December 28, 1993 were terminated on November 7,
   1994;

3.  All the rights of APX Mortgage Services, Inc. under
    the Indenture and Servicing Agreement dated
    December 28, 1993 were terminated on November 7,
    1994;

4.  The rights of both National Housing Exchange, Inc.
    and APX Mortgage Services, Inc. with respect to the
    Mortgages, Mortgage Files, Mortgage Loans, Mortgage
    Impairment Insurance Policy, Mortgage Notes,
    Mortgaged Property, Pool of Mortgages, Related
    Security Documents and any and all proceeds
    thereof, as those terms are defined in the
    Indenture and Servicing Agreement dated December
    28, 1993, are hereby terminated;

5.  No approvals, agreements, consents, signatures or
    other action of any nature whatsoever of either or
    both of National Housing Exchange, Inc. and APX
    Mortgage Services, Inc. is required in connection
    with any action pursuant to the Indenture and
    Servicing Agreement dated December 28, 1993;
    provided however that nothing herein shall be
    deemed to relieve either or both of National
    Housing Exchange, Inc. and APX Mortgage Services,
    Inc. of their respective obligations under the
    Indenture and Servicing Agreement dated December
    28, 1993;

2

6.   The Commissioner is entitled to unencumbered
     ownership of the Mortgages, Mortgage Files,
     Mortgage Loans, Mortgage Impairment Insurance
     Policy, Mortgage Notes, Mortgaged Property, Pool of
     Mortgages, Related Security Documents and any and
     all proceeds thereof, as those terms are defined in
     the Indenture and Servicing Agreement dated
     December 28, 1993; and,

7.   All right, title and interest in and to the
     Mortgages, Mortgage Files, Mortgage Loans, Mortgage
     Impairment Insurance Policy, Mortgage Notes,
     Mortgaged Property, Pools of Mortgage, Related
     Security Documents and any and all proceeds
     thereof, as those terms are defined in the
     Indenture and Servicing Agreement dated December
     28, 1993 is vested in the National Heritage Life
     Insurance Company in Liquidation (or any affiliate
     designated by National Heritage Life Insurance
     Company in Liquidation with respect to any
     environmentally impaired Mortgaged Property).

                    ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

                    Elaine E. Bucklo
                    United States District Court
                    Judge

3

BOOK 19167 PAGE 323

*Exhibit "B"*

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 20, 1997 |
| Case Title | Williams, et al. VS. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**                                                    Sent for Microfilming

| | | |
|---|---|---|
| (1) | Filed motion of [use listing in "MOTION" box above] | |
| (2) | Brief in support of motion due _____ | FEB 21 1997 |
| (3) | Answer brief to motion due _____ Reply to answer brief due _____ Entered on FEB 24 1997 |
| (4) | ☐ Ruling ☐ Hearing  on _____ set for _____ at _____ |
| (5) | Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____ |
| (6) | Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____ |
| (7) | Trial ☐ Set for ☐ re-set for _____ at _____ |
| (8) | ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____ |
| (9) | This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to |
| | ☐ FRCP 4(f) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2) |

(10) ☐ [Other docket entry] The Commissioner's motion for the entry of a revised order regarding Massachusetts Mortgage is granted. Enter Revised Order. Plaintiff's motion for reassignment of case number 96 C 8477 based on relatedness is also granted.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | | number of notices |
| ☐ No notices required. | | | |
| ☐ Notices mailed by judge's staff. | | | FEB 21 1997 date docketed |
| ☐ Notified counsel by telephone. | | | |
| ☑ Docketing to mail notices. | RECEIVED FOR DOCKETING | | docketing dpty. initials |
| ☐ Mail AO 450 form. | 97 FEB 20 PM 5:35 | FEB 21 1997 | date mailed notice |
| ☐ Copy to judge/magistrate judge. | | | |
| ☐ courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

Document # 325

BOOK 19167 PAGE 324

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, ET AL.          )
                                       )
                    Plaintiffs,        )     Civil Action 95 C 4243
                                       )     Hon. Elaine E. Bucklo
          v.                           )     Magistrate Judge
                                       )     Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX    )
MORTGAGE SERVICES, INC., and           )
RESOURCE ASSET MANAGEMENT, INC.        )
                                       )
                    Defendants.        )

### REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES

This matter having come to be heard on the
Commissioner's Motion for the Entry of a Revised Order Regarding
Massachusetts Mortgages subject to the Amended Declaratory
Judgment Order entered April 12, 1996, nunc pro tunc April 3,
1996, a copy of which is attached hereto as Exhibit 1, the Court
hereby orders that National Heritage Life Insurance Company, in
Liquidation ("NHL"), as to any claim of title and possession by
or through National Housing Exchange Inc., APX Mortgage Services,
Inc., Resource Asset Management, Inc., and South Star Management
Corp. (collectively "the Parties"), has good, valid, and
indefeasible ownership of any and all interests, free and clear,
and free of any adverse equities and any other claims in and to
the mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments, whether or
not of record, with respect to the real property located in the
Commonwealth of Massachusetts and listed in Exhibit 2, which is
attached to this Order and incorporated herein (hereinafter such
mortgages, deeds of trust, trust deeds, deeds to secure debt,
security devises or other title retention instruments shall be
referenced as the "Mortgages"), together with:

    (1)  any and all notes, loan agreements, credit agreements,
         guaranties, and any other evidence of indebtedness
         secured by the Mortgages;

    (2)  any and all other security interests or claims
         pertaining to any indebtedness secured by the
         Mortgages, including but not limited to any and all (a)
         security agreements or chattel mortgages, (b)
         assignments or collateral assignments of rents, leases,
         and profits, (c) assignments or collateral assignments
         of accounts receivable, (d) assignments, collateral
         assignments, or pledges of stock, (e) assignments or
         collateral assignments of business licenses, permits,
         service contracts and equipment leases, (f) interests
         in any insurance proceeds or condemnation awards, (g)

BOOK19167PAGE 325

interests in any indemnification agreements, whether
with respect to environmental matters or otherwise, (h)
interests in any leases, ground leases, proprietary
leases, or occupancy agreements, (i) interests in any
UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver;  and

(3)    any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed or repossessed, or title has
otherwise reverted to Defendant prior to this Order, that, as
between the Parties and NHL, NHL has good, valid and indefeasible
fee simple title, free and clear, and free and clear of any
claims in and to the real property that is encumbered by said
mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated: 2/20/97      ENTER: _____

                             Hon. Elaine E. Bucklo
                             United States District Court Judge

BOOK19167PAGE326

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE )
COMMISSIONER OF THE STATE OF DELAWARE, )
AS RECEIVER OF NATIONAL HERITAGE LIFE )
INSURANCE COMPANY IN REHABILITATION, )
CONTINENTAL STOCK TRANSFER & TRUST )
COMPANY, MIDWEST INDEPENDENT BANK, )
and MIDWEST MORTGAGE SERVICING, L.L.C., )
)
           Plaintiffs, )  Civil Action 95 C 4243
)  Hon. Elaine E. Bucklo
     v. )  Magistrate Judge
)  Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., ... )
........., ...., and )
RESOURCE ASSET MANAGEMENT, INC. )
)
         Defendants. )

## AMENDED DECLARATORY JUDGMENT ORDER

This cause coming to be heard on the Motion for Summary Judgment on Count I, filed by the plaintiff Donna H. Lee Williams, Insurance Commissioner of the State of Delaware, as Receiver of National Heritage Life Insurance Company in Liquidation (the "Commissioner"), due notice having been given and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

1. The Commissioner's Motion for Summary Judgment on Count I is granted;

2. All the rights of National Housing Exchange, Inc. under the Indenture and Servicing Agreement dated December 28, 1993 were terminated on November 7, 1994;

BOOK 19167 PAGE 327

6.  The Commissioner is entitled to unencumbered
    ownership of the Mortgages, Mortgage Files,
    Mortgage Loans, Mortgage Impairment Insurance
    Policy, Mortgage Notes, Mortgaged Property, Pool of
    Mortgages, Related Security Documents and any and
    all proceeds thereof, as those terms are defined in
    the Indenture and Servicing Agreement dated
    December 28, 1993; and,

7.  All right, title and interest in and to the
    ~~Pool of Mortgages, Mortgage Files, Mortgage Loans, Mortgage~~
    Impairment Insurance Policy, Mortgage Notes,
    Mortgaged Property, Pools of Mortgage, Related
    Security Documents and any and all proceeds
    thereof, as those terms are defined in the
    Indenture and Servicing Agreement dated December
    28, 1993 is vested in the National Heritage Life
    Insurance Company in Liquidation (or any affiliate
    designated by National Heritage Life Insurance
    Company in Liquidation with respect to any
    environmentally impaired Mortgaged Property).

                    ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

                    Elaine E. Bucklo
                    United States District Court
                    Judge

                    3

BOOK 13167 PAGE 328

EXHIBIT 2
Schedule of HEX Bond Loans Secured by Real Estate

November 6, 1996

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|---|---|---|---|---|---|---|---|---|
| a | | 15 | Duprey | 81 Sterling Lane | Bradford | 800162 | 9479 | 526 |
| | | 16 | Gilet | 71 Princeton, Unit 108 | North Chelmsford | 33553 | 3536 | 179 |
| | Barnstable | 16 | Most | 108 Rowland Circle, #102 | Brewster | 32768 | 6308 | 112 |
| | Bristol | 14 | Drumhelser | 14 Spruce Street | New Bedford | 22979 | 2228 | 90 |
| | Essex | 15 | Daigle | 200 Wilson Street, Units 2 & 4 | Haverhill | 364 | 10392 | 472 |
| | | | Roberts | 4 Central Avenue | Methuen | 42312 | 67 | 333 |
| | | 16 | Gauthier/Roderick | 407 Forest Hill Road | Dunstable | 79019 | 3841 | 233 |
| | | | Moran | 415 Lafayette St. | Salem | 53 | 9067 | 169 |
| | Hampshire | 15 | Duquette | 72 Barrett Street, Unit 11G | Northampton | 13144 | (none) | (none) |
| | Hillsborough | 16 | Driscoll/Baker | 143 Baboosic Lake Rd. | Merrimack | 802728 | 4591 | 115 |
| | Middlesex | 13 | Elliot Group Inc. | 38-40 Sarah Ave./771 Broadway/285-287 Dutton St. | Lowell | 11569 | 805490 | 276 |
| | | 14 | Gavriel | 26-28 Alma | Lowell | 20595 | 4507 | 61 |
| | | 15 | Babcock | 54 Glenside Avenue | Billerica | 12834 | 804452 | 21 |
| | | | Dahilis | 861-871 Middlesex Road | Lowell | 78706 | 3839 | 255 |
| | | | Dahilis/Gavriel | 42 Marshall St. | Lowell | 13934 | 3956 | 336 |
| | | | Duffy | 97 Daniels Street | Malden | 662632 | 998 | 129 |
| | | | Grant | 810B Lawrence Street | Lowell | 36079 | 3556 | 12 |
| | | | Oakley | 11 Pike Street | Hopkinton | (none) | 15414 | 174 |
| | | | Torres/Ramos | 29-31 Queen St. | Lowell | 35435 | 5005 | 150 |
| | | 16 | Arbetter | 76 Captian Eames Circle, #07B | Ashland | (none) | 18215 | 80 |
| | | | Hague | 40 Aberdeen Street | Lowell | 18871 | 3436 | 109 |
| | | | Kipp | 65 Indian Brook Road | Ashland | 471 | 20144 | 600 |
| | | | Landry | 361 Aiken Avenue, No. 4 | Lowell | 44158 | 805373 | 195 |
| | | | McInnis | 369 Aiken Avenue, Unit 16 | Lowell | 34328 | 804998 | 114 |
| | | 17 | Eames | 6 Ledgewood Way, Unit 16 | Peabody | 91 | 9605 | 576 |
| | | | Keomouangchanh | 204 Ludlam St. | Lowell | 24133 | 804533 | 29 |
| | New Haven | 16 | O'Malley | 204 West St., Unit 4A | Milford | (none) | 11971 | 296 |

**EXHIBIT 3**

...le of MEX Bond Loans Secured by Real ...   :e

November 4, 1994

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| MA | Norfolk | 15 | Giordano | 660 Franklin Street | Wrentham | 3654 | 7474 | 5:8 |
| | | | Magri | 7-9 Pierce Street | Milton | 44301 | 7047 | 487 |
| | | | Padula | 131, 133, & 135 Creek St. | Wrentham | 492121 | 619 | 119 |
| | | | Reed | 691 Washington Street | Braintree | 35552 | 889 | 695 |
| | | 16 | Brustin | 133 Commander Shea Blvd., Unit 116 | Quincy | 13421 | 7436 | 151 |
| | Plymouth | 15 | Feingold/Connolly | 45 Manomet Rd. | Plymouth | 9742 | 10726 | 95 |
| | | 16 | McCann | 50 Pinewood Lane | Duxbury | (none) | 7044 | 85 |
| | | 17 | Melone | 131 Chapel Street | Pembroke | 76654 | 10509 | 343 |
| | | | Pasquariello | 3-12 School Street | Marshfield | 65134 | 6922 | 146 |
| | | | | 3-7 School Street | Marshfield | 65137 | 6922 | 162 |
| | Suffolk | 14 | Pal | 461 Washington Street, Unit 406 | Boston | 143 | 13522 | 64 |
| | | 15 | Deo | 56 Round Hill Street | Jamaica Plain | 290 | 15403 | 124 |
| | | | Glades Realty Trust | 36-38 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Levis | 135-137 Sydney Street | Boston | (none) | 13669 | 175 |
| | | | Mannix | 29 Vinton Street | South Boston | (none) | 16204 | 136 |
| | | 16 | Cheletsky | 8 Kittredge Street, No. 5K | Rosendale | 239 | 16232 | 60 |
| | | | Glades Realty Trust | 30-34 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Grubbe | 20 American Legion Highway | Boston | 33106 | 14939 | 1 |
| | | | Krell | 1407 Commonwealth, Unit 30 | Boston | 41645-C114-62 | (none) | (none) |
| | | | Mullings | 40 Kingsdale Street | Dorchester | 457044 | (none) | (none) |
| | | 17 | Brown | 18 Burnett Road, #18 | Revere | 173 | 14918 | 220 |
| | Worcester | 14 | Reinold/Firell | 135 East Main St., Unit C-8 | Westborough | 42917 | 6276 | 321 |
| | | 15 | Choquette | 257 E. Main St. | East Douglas | 8559 | 11900 | 127 |
| | | | Griffin | 5 Griswold Court | Oxbridge | 112513 | 10821 | 365 |
| | | 16 | Humphrey's LTD | 208 West Street, Unit 4A | Hopedale | (none) | 10285 | 188 |
| | | | King | 6 Beckman St | Worcester | 121706 | 10883 | 243 |

BOOK 19167 PAGE 330

EXHIBIT 3

Schedule of BNX Bond Loans Secured by Real Estate

November 1, 1996

| R. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|----|--------|--------|-----------|---------|------|-----------|--------|--------|
| A | worcester | 16 | King | 19 Canton Street | Worcester | 7662 | 11097 | 122 |
| | | 17 | Alex | 61A Fox Meadow Road, Unit 61A | Leominster | 7466 | 1561 | 44 |
| | | | Pasquariello | 4 Oak St., #12/12 Williamsburg Ct., #26/3 & 12 Castle Green, #3 | Shrewsbury | 5730 | 9192 | 141 |
| | | | | 12-4 Oak Street | Shrewsbury | 5733 | 9192 | 171 |

BOOK 19167 PAGE 331

## CERTIFICATE OF SERVICE

I, William P. Ziegelmueller, an attorney, certify that

on February 14, 1997, I caused a copy of the foregoing **MOTION FOR**

**A REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES** to be served by

U.S. Mail, postage prepaid:

Richard Waris
Pretzel & Stouffer Chartered
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606

James Rolfes
Sachnoff & Weaver, Ltd.
30 S. Wacker Drive
Suite 2900
Chicago, Illinois 60606

David J. Katz
Miller, Shakman, Hamilton,
 Kurtzon & Schlifke
208 South LaSalle Street
Suite 1100
Chicago, Illinois 60604

Robert L. Davy, Jr.
180 N. LaSalle, Suite 2315
Chicago, Illinois 60611

APX Mortgage Services, Inc.
c/o Robert Gorski
P.O. Box 909
Lake Zurich, Illinois  60047-0909

William P. Ziegelmueller

\42272\010\50COURT.030

**ATTEST: WORC. Anthony J. Vigliotti, Register**

BOOK 19273 PAGE 342          **115416**                    12

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    SUPERIOR COURT DEPARTMENT
                                CIVIL ACTION NO. 97-02013 B

DONNA LEE H. WILLIAMS, INSURANCE          )
COMMISSIONER OF THE STATE OF DELAWARE,    )
AS RECEIVER OF NATIONAL HERITAGE LIFE     )
INSURANCE COMPANY IN LIQUIDATION,         )
          Plaintiff,                      )
                                          )
                                          )
          v.                              )
                                          )
                                          )
NATIONAL HOUSING EXCHANGE, INC.,          )
APX MORTGAGE SERVICES, INC.,              )
RESOURCE ASSET MANAGEMENT, INC. and       )
SOUTH STAR MANAGEMENT CORPORATION,        )
          Defendants.                     )

### JUDGMENT BY DEFAULT

     This action came on for hearing before the Court, $KING$, J.,
presiding, upon the marking of Plaintiff, Donna Lee H. Williams,
Insurance Commissioner of the State of Delaware as Receiver of
National Heritage Life Insurance Company in Liquidation
(hereinafter, "NHL") in the above entitled action, for a default
judgment by the court, pursuant to Rule 55(b)(2) of Mass. R. Civ.
P., and it appearing to the court that the Amended Complaint in
said action was filed on the 14'th day of July, 1997, and that no
answer or other defense has been filed by the said Defendants,
National Housing Exchange, Inc., Resource Asset Management, Inc.,
APX MOrtgage Services, Inc., and/or South Star Management Co.,
Inc., and that default on those Counts of the Amended Complaint
wherein default had not previously been entered, was entered on the
___2d___ day of _OCTOBER_ 1997, in the office of the clerk of
this court, and that no proceedings have been taken by the said
Defendants since said default was entered, it is ordered and
adjudged, that judgment by default enter as against the Defendants,
as follows:    as against National Housing Exchange, Inc. and
Resource Asset Management, Inc. on Counts IV and V of the Amended
Complaint;  and, as against APX Mortgage Services, Inc. and South
Star Management Co., Inc. on Counts I, II, III, IV and V of the
Amended Complaint, all in accordance with the Prayers of that
Amended Complaint, thereby recognizing and giving effect to the
following judgments in Massachusetts:

NOTICE
SENT
10/5/97
J.F.C. JT.

BOOK19273PAGE343

AS TO APX AND SOUTH STAR:

Prayer 1:  The Chancery Court of the State of Delaware in and
for New Castle County's Liquidation and Injunction Order in Civil
Action No. 13530, dated November 21, 1995, a copy of which is
attached hereto as Exhibit "A";  and,

Prayer 2:  The United States District Court, Northern District
of Illinois, Eastern Division's Amended Declaratory Judgment Order
in No. 95 C 4243, dated April 12, 1996, *nunc pro tunc*, April 3,
1996, a copy of which is attached hereto as Exhibit "B";  and,

Prayer 3:  The United States District Court, Northern District
of  Illinois,  Eastern  Division's  Revised  Order  Regarding
Massachusetts Mortgages No. 95 C 4243, dated February 20, 1997, a
copy of which is attached hereto as Exhibit "C".

AS TO ALL DEFENDANTS:

Prayer 4:  The United States District Court, Northern District
of Illinois, Eastern Division's Order Particularly Identifying the
I-250 Assets No. 95 C 4243 dated February 7, 1997, a copy of which
is attached hereto as Exhibit "D".

Prayer 5:  The United States District Court, Northern District
of Illinois, Eastern Division's Revised Order Regarding Additional
Massachusetts Mortgages No. 95 C 4243, dated April 15, 1997, a copy
of which is attached hereto as Exhibit "E".


SO ORDERED:


_____
                          , J.
Superior Court Department


Dated: October 6, 1997

PLEASE ATTEST AND CERTIFY ON
............ 199 ..... THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BOOK 19273 PAGE 344

Bk +10016 

ORIGINAL

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF THE            )
REHABILITATION OF NATIONAL      ) C.A. No. 13530
HERITAGE LIFE INSURANCE COMPANY )

## LIQUIDATION AND INJUNCTION ORDER

WHEREAS, the Honorable Donna Lee H. Williams, the Insurance Commissioner for the State of Delaware, heretofore appointed as the Receiver of the National Heritage Life Insurance Company in Rehabilitation by Order dated May 25, 1994 (the "Receiver"), has filed with the Court a petition seeking a Liquidation and Injunction Order concerning National Heritage Life Insurance Company ("National Heritage") pursuant to Title 18 Del. C. §5901, et seq.;

WHEREAS, a hearing on the financial status of National Heritage and for interested parties to show cause why National Heritage should not be declared insolvent and ordered liquidated was held by the Court on 11/2/95 ; and

WHEREAS, the Receiver has submitted evidence that National Heritage is insolvent, in that as of September 30, 1995, National Heritage's liabilities exceeded its assets by approximately $214 million and that as of the hearing date, the negative surplus was approximately $21¼ million.

NOW THEREFORE, the Court finds and IT IS HEREBY ORDERED as follows:

1. National Heritage is insolvent as that term is defined in 18 Del. C. §5901.

2. Sufficient cause exists for the liquidation of the respondent, National Heritage, pursuant to 18 Del. C. §§ 5906 and 5910 and a Liquidation and Injunction Order is hereby entered against National Heritage.

BOOK 19273 PAGE 345

Bk : 10015  102   34043

3. The May 25, 1994 Rehabilitation and Injunction Order and the June 27, 1994 Supplemental Rehabilitation Order entered by this Court in this matter are hereby superseded, upon entry of this Order, and the Commissioner shall continue to serve as Receiver of National Heritage for the purpose of liquidation as set forth below.

4. The appointment of the Honorable Donna Lee H. Williams, Commissioner of Insurance of the State of Delaware, and her successors in office, as the Receiver of National Heritage is hereby continued and the Receiver is hereby directed to immediately take or maintain her exclusive possession and control of and to continue or be vested with all right, title and interest in, of, or to the property of National Heritage, including, without limitation, all of National Heritage's assets, contracts, rights of action, funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer, books, records, bank accounts, certificates of deposit, collateral securing obligations to, or for the benefit of, National Heritage or any trustee, bailee or any agent acting for, or on behalf of, National Heritage (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of National Heritage including, without limitation, furniture, fixtures and office supplies, wherever located, and including such property of National Heritage or collateral securing obligations to, or for the benefit of, National Heritage or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions to any of the foregoing, wherever located, in the possession, custody or control of National Heritage or any Trustee therefore (collectively, the "Assets"), and to liquidate the same pursuant to the provisions of Chapter 59 of the Delaware Insurance Code, and the Receiver is further authorized

2

BOOK19273 PAGE 346

Bk 10815 103   34843

to take such actions as the nature of this cause and interests of the policyholders, creditors and stockholders of National Heritage and the public may require.

5. The Receiver is hereby authorized to continue to deal with the Assets, business and affairs of National Heritage, including, without limitation, the right to sue for, defend for or continue suits already commenced by the Receiver for National Heritage, or for the benefit of National Heritage's policyholders, stockholders and creditors, in the courts and tribunals, agencies or arbitration panels in this State and other states in her name as the Commissioner of Insurance of the State of Delaware, or in the name of National Heritage.

6. The filing or recording of this Order or a certified copy hereof with the Clerk of this Court and with the recorder of deeds of the jurisdiction in which National Heritage's corporate and administration offices are located, or, in the case of real estate, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Clerk of this Court also constitutes notice to all sureties and fidelity bondholders of National Heritage of all potential claims against National Heritage under such policies and shall constitute the perfection of a lien in favor of National Heritage under the Uniform Commercial Code or any like Federal or state law, regulation or order dealing with the priority of claims.

7. Except as otherwise indicated elsewhere in this Order, and upon notice provided by the Receiver, all agents and brokers, former officers, former directors, stockholders and all other persons or entities now or prospectively holding Assets of, or on behalf of, National

3

BOOK19273PAGE347

Bk•10016  104   34843

Heritage shall forthwith file an accounting of these Assets with the Receiver and shall within ten (10) days of the entry of this Order, turn these Assets over to the Receiver.

8    The Receiver may, in her discretion, appoint or continue the appointment of a consultant or other person or persons to serve as Special Deputy Receiver(s) to assist the Receiver in accomplishing the directive of this Order. The Special Deputy Receivers shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

9.  The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Special Deputy Receiver(s) and the Designees and of taking possession of National Heritage and conducting this proceeding shall be paid out of the funds and assets of National Heritage as administrative expenses under Title 18 Del. C. §5913(f). Each and every Designee shall be deemed to have submitted to the jurisdiction of this Court for the resolution of any disputes between the Receiver and such Designee concerning such Designee's rights, obligations and compensation.

10.  The Receiver, the Special Deputy Receivers and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties during the rehabilitation and liquidation periods, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence or criminal intent.  All expenses, costs and attorney's fees incurred by the Indemnitees in

4

BOOK 19273 PAGE 348

BK 10816 105 34343

connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver and shall be exclusively paid out of the funds and assets of National Heritage.  The Indemnitees shall not be deemed to be employees of the State of Delaware.

11.  The Receiver's right, title and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by National Heritage as the ceding insurer shall continue, and all reinsurance companies involved with National Heritage are enjoined and restrained from making any settlements with any claimant or policyholder of National Heritage other than the Commissioner as Receiver. The amounts recoverable by the Receiver from any reinsurer of National Heritage shall not be reduced as a result of this liquidation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of National Heritage is hereby enjoined and restrained from terminating, cancelling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with National Heritage, except for non-payment of premium.  The Receiver may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in liquidation.

12.  The Receiver is hereby authorized to transfer National Heritage's assets and liabilities, to the extent such liabilities are not covered by a state guaranty association, to an affiliate, subsidiary or trust for the overall benefit of National Heritage's policyholders, other creditors, and stockholder, subject to approval by this Court.

5

BK 10818 10E    34849

13. The Receiver may change to her own name the name of any of National Heritage's accounts, funds or other property or assets held with any bank, savings and loan association or other financial institution, and may withdraw such funds, accounts and other property or assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

14. The Receiver may reject any executory contract to which National Heritage is a party that the Receiver may in her discretion determine is burdensome to National Heritage or is otherwise not in its best interest. Any party to a rejected contract may file a claim only for damages arising from such rejection in accordance with paragraph 18, below. All claims of policyholders enumerated in 18 Del. C. §5918(e) shall have priority over all non-policyholder claims arising from the rejection of executory contracts.

15. National Heritage, its former officers, former directors, stockholders, agents, servants and employees and all other persons having notice of these proceedings or of this Order are hereby prohibited from transacting any business of, or on behalf of, National Heritage or selling, transferring, destroying, wasting, encumbering or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court.

16. All banks, brokerage houses, agents, reinsurers, or other companies or persons, either having in their possession Assets or possible Assets (including, without limitation, books or records of National Heritage), or having notice of these proceedings or of this Order, are hereby enjoined and restrained from disposing of, selling, wasting, encumbering, transferring or destroying any such Assets or possible Assets (including, without limitation, books or records of National Heritage). This prohibition includes, without limitation, Assets, possible Assets,

6

Bk + 10816 - 107   34343

books or records pertaining to any business transaction between National Heritage and any of said parties. No actions concerning, involving or relating to such Assets, possible Assets, books or records may be taken by any of the aforesaid persons or entities enumerated herein, without the prior written consent of the Receiver, or until further Order of this Court.

17. All former officers, former directors, stockholders, agents, servants and employees of National Heritage, and all other persons and companies having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity or in other proceedings against National Heritage, the Commissioner as Receiver, the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments or other like liens or encumbrances, or foreclosing upon or making of any levy against National Heritage or the Assets, or exercising any right adverse to the right of National Heritage to or in the Assets, or in any way interfering with the Receiver, the Special Deputy Receiver(s) or the Designees either in their possession and control of the Assets, books, and records of National Heritage or in the discharge of their duties hereunder.

18. All persons and companies are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of National Heritage, or against the Special Deputy Receiver(s) or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of National Heritage.

7

Bk: 110816-108    84843

19.  The Court hereby imposes a temporary moratorium on payment of cash values, surrenders, policy loans or any other right to withdraw funds held in conjunction with the policies or contracts of National Heritage, in addition to the Receiver's and the state guaranty associations' right to implement any contractual provision for deferral of cash payment or policy loans, for a period of 120 days from the date of this Order, provided that any state guaranty association may voluntarily choose to permit a full or partial payment of cash values, surrenders, policy loans or any other right to withdraw funds for claims covered by the applicable state guaranty association law.

20.  Within a reasonable time after receipt of a claim in the liquidation proceedings of National Heritage, the Receiver shall give notice by mail to any and all persons interested in such claim of the Receiver's proposed report and recommendation to the Court regarding the allowance or denial (in whole or in part) of such claim.

21.  Within sixty (60) days of the mailing of the proposed report and recommendation, the interested person being given notice of such proposed report and recommendation may file a written objection thereto with the New Castle County Register in Chancery, 1000 King Street, Wilmington, Delaware, 19801, and the Receiver.

22.  Within a reasonable time after such sixty (60) days, there being no objection to the proposed report and recommendation, the Receiver shall file with the Court such report and recommendation.

23.  No hearing will be held regarding the proposed report and recommendation in the absence of a written objection thereto by a person interested therein.

8

BOOK 1927 3 PAGE 352

Bk-10818-109   34843

24. The Receiver shall provide semiannual reports on the financial condition of National Heritage and on the actions of the Receiver pursuant to this Order.

25. Hereafter the caption of this cause and all pleadings in this matter shall read as:

### "IN THE MATTER OF THE LIQUIDATION OF NATIONAL HERITAGE LIFE INSURANCE COMPANY"

26. This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholders of National Heritage and the public may require. The Receiver, or any interested party upon reasonable notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

27. On or before June 30, 1996, the Receiver shall mail a Notice of Liquidation and Bar Date and a proof of claim form to all known claimants and creditors or persons or entities reasonably believed to be claimants or creditors of National Heritage, by first class mail, postage prepaid, and obtain proof of such mailing on United States Postal Form 3606.

28. ANY AND ALL CLAIMS AGAINST THE NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION NOT PRESENTED TO THE RECEIVER ON OR BEFORE JUNE 30, 1997 SHALL BE FOREVER BARRED FROM SHARING IN DISTRIBUTIONS OF THE ASSETS OF NATIONAL HERITAGE UNLESS THERE IS A SURPLUS AND NATIONAL HERITAGE IS DEEMED SOLVENT PURSUANT TO 18 DEL. C. §5928(a)(2).

SO ORDERED this 21 day of MAY, 1995.

CERTIFIED
AS A TRUE COPY:
ATTEST:
FREDERICK B. McGREGRAW
REGISTER IN CHANCERY
By: _____

Chancellor

9

BOOK19273 PAGE 353

Bk: 10810  110

Minute Order Form   (rev 12/90)

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge / Magistrate Judge | Elaine E. Buckle | Sitting Judge / Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4242 | Date | April 15, 1996 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

MOTION:

DOCKET ENTRY:

(10) [X] [Other docket] Receiver's motion for an order confirming his authority to convey certain REO property to purchaser and his motion for an order confirming his authority with respect to Arapaho Car wash Loans are granted. Nominal defendants' motion to enlarge time until May 3, 1996 to respond to the counterclaim of RAM is granted. Accordingly, reply is extended to May 24, 1996. Commissioner shall set aside escrow to provide for Continental fees, if ordered by it. Enter Amended Declaratory judgment order nunc pro tunc April 3, 1996 on plaintiff's motion for summary judgment on Count I. RAM has until May 13, 1996 to respond to motions to dismiss count I of RAM's counterclaim by Commissioner and Continental. Ruling set for July 11, 1996 at 9:45 A.M.

No notices required, advised in open court

No notices required.

Notices mailed by judge's staff

Notified counsel by telephone

[✓] Docketing to mail notices

Mail AO 450 form

Copy to judge/magistrate Judge

APR 16, 1996

APR 16, 1996

number of notices

date docketed

docketing dpty initials

date mailed notice

Document #

BOOK 19273 PAGE 354

BK 110816 117    34842

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, INSURANCE          )
COMMISSIONER OF THE STATE OF DELAWARE,    )
AS RECEIVER OF NATIONAL HERITAGE LIFE     )
INSURANCE COMPANY IN REHABILITATION,      )
CONTINENTAL STOCK TRANSFER & TRUST        )
COMPANY, MIDWEST INDEPENDENT BANK,        )
and MIDWEST MORTGAGE SERVICING, L.L.C.,   )
                                          )
            Plaintiffs,                   )   Civil Action 95 C 4243
                                          )   Hon. Elaine E. Bucklo
        v.                                )   Magistrate Judge
                                          )   Rebecca P. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., ....      )
MORTGAGE SERVICES, INC., and              )
RESOURCE ASSET MANAGEMENT, INC.           )
                                          )
            Defendants.                   )

## AMENDED DECLARATORY JUDGMENT ORDER

        This cause coming to be heard on the Motion for Summary

Judgment on Count I, filed by the plaintiff Donna H. Lee Williams,

Insurance Commissioner of the State of Delaware, as Receiver of

National Heritage Life Insurance Company in Liquidation (the

"Commissioner"), due notice having been given and the Court being

fully advised in the premises,

        IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED:

        1.  The Commissioner's Motion for Summary Judgment on

            Count I is granted;

        2.  All the rights of National Housing Exchange, Inc.

            under the Indenture and Servicing Agreement dated

            December 28, 1993 were terminated on November 7,

            1994;

BOOK 19273 PAGE 355

Bk: 10816-118    34843

6. The Commissioner is entitled to unencumbered ownership of the Mortgages, Mortgage Files, Mortgage Loans, Mortgage Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pool of Mortgages, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993; and,

7. All right, title and interest in and to the mortgages, mortgage files, .... .. ...., .. .... Impairment Insurance Policy, Mortgage Notes, Mortgaged Property, Pools of Mortgage, Related Security Documents and any and all proceeds thereof, as those terms are defined in the Indenture and Servicing Agreement dated December 28, 1993 is vested in the National Heritage Life Insurance Company in Liquidation (or any affiliate designated by National Heritage Life Insurance Company in Liquidation with respect to any environmentally impaired Mortgaged Property).

ENTER ORDER:

DATED: APRIL 12, 1996,
nunc pro tunc APRIL 3, 1996

*Eln Buckle*

Elaine E. Bucklo
United States District Court
Judge

3

BOOK 19273 PAGE 356

BK 18818 119 34849

**EXHIBIT 3**
Sch... ...e of XXX Bond Loans Secured by Real Est...

Borrower 1, 199...

| It. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| 4 | | 15 | Duprey | 81 Sterling Lane | Bradford | 800142 | ...... | 42.. |
| | | 16 | Gilet | 71 Princeton, Unit 108 | North Chelmsford | 33553 | 3534 | ... |
| | Barnstable | 16 | Most | 108 Rowland Circle, #102 | Brewster | 32748 | 4308 | ... |
| | Bristol | 14 | Drumheiser | 14 Spruce Street | New Bedford | 22979 | 2228 | 9c |
| | Essex | 15 | Daigle | 200 Wilson Street, Units 2 & 4 | Haverhill | 366 | 10392 | 4.. |
| | | | Roberts | 4 Central Avenue | Methuen | 42313 | 47 | 333 |
| | | 16 | Gauthier/Roderick | 407 Forest Hill Road | Dunstable | 79019 | 3841 | 233 |
| | | | Moran | 415 Lafayette St. | Salem | 53 | 9067 | 149 |
| | Hampshire | 15 | Duquette | 72 Barrett Street, Unit 11G | Northampton | 13344 | (none) | (none) |
| | Hillsborough | 16 | Driscoll/Buker | 143 Baboosic Lake Rd. | Merrimack | 802738 | 4591 | 115 |
| | Middlesex | 13 | Elliot Group Inc. | 36-40 Sarah Ave./771 Broadway/285-287 Dutton St. | Lowell | 11569 | 805490 | 276 |
| | | 14 | Gavriel | 26-28 Alma | Lowell | 20595 | 4507 | 61 |
| | | 15 | Babcock | 54 Glenside Avenue | Billerica | 12834 | 804452 | 21 |
| | | | Dabilis | 661-671 Middlesex Road | Lowell | 78706 | 3839 | 259 |
| | | | Dabilis/Gavriel | 42 Marshall St. | Lowell | 13924 | 3956 | 338 |
| | | | Duffy | 97 Daniels Street | Malden | 882632 | 998 | 129 |
| | | | Grant | 6108 Lawrence Street | Lowell | 36079 | 3556 | 12 |
| | | | Oakley | 11 Pike Street | Hopkinton | (none) | 15414 | 174 |
| | | | Torres/Ramos | 29-31 Queen St. | Lowell | 35435 | 5005 | 150 |
| | | 16 | Arbetter | 78 Captian Eames Circle, #U78 | Ashland | (none) | 16215 | 80 |
| | | | Eague | 40 Aberdeen Street | Lowell | 16871 | 3434 | 159 |
| | | | Kipp | 65 Indian Brook Road | Ashland | 471 | 20144 | 600 |
| | | | Landry | 361 Aiken Avenue, No. 4 | Lowell | 44158 | 805371 | 195 |
| | | | McInnis | 369 Aiken Avenue, Unit 16 | Lowell | 34358 | 804998 | 114 |
| | | 17 | Games | 6 Ledgewood Way, Unit 14 | Peabody | 91 | 9405 | 574 |
| | | | Keomouangchanh | 204 Ludlam St. | Lowell | 34133 | 804533 | 29 |
| | New Haven | 16 | O'Malley | 208 West St., Unit 4A | Milford | (none) | 11971 | 299 |

EXHIBIT 2

3. ile of MHX Bond Loans Secured by Real Estate

| St. | County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|-----|--------|--------|-----------|---------|------|-----------|--------|--------|
| MA | Norfolk | 15 | Giordano | 660 Franklin Street | Wrentham | 3454 | 7474 | 3,6 |
| | | | Negri | 7-9 Pierce Street, | Milton | 44301 | 7247 | 447 |
| | | | Padula | 131, 133, & 135 Green St | Wrentham | 492121 | 635 | 114 |
| | | | Reed | 671 Washington Street | Braintree | 25552 | 865 | 655 |
| | | 16 | Brustin | 133 Commander Shea Blvd., Unit 116 | Quincy | 13421 | 7434 | 151 |
| | Plymouth | 15 | Feingold/Condo 45 Manomet Rd. lly | | Plymouth | 3742 | 10728 | 95 |
| | | 16 | McCann | 50 Pinewood Lane | Duxbury | (none) | 7044 | 55 |
| | | 17 | Malone | 131 Chapel Street | Pembroke | 76454 | 10529 | 343 |
| | | | Pasquariello | 3-12 School Street | Marshfield | 65134 | 6922 | 144 |
| | | | | 3-7 School Street | Marshfield | 65137 | 6922 | 142 |
| | Suffolk | 14 | Pal | 461 Washington Street, Unit 406 | Boston | 143 | 13522 | 64 |
| | | 15 | Deo | 56 Round Hill Street | Jamaica Plain | 290 | 15403 | 128 |
| | | | Glades Realty Trust | 36-38 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Levis | 135-137 Sydney Street | Boston | (none) | 13669 | 175 |
| | | | Mannix | 29 Vinton Street | South Boston | (none) | 16204 | 136 |
| | | 16 | Cheletsky | 8 Kittredge Street, No. 5K | Rosendale | 239 | 16232 | 60 |
| | | | Glades Realty Trust | 30-34 Grove St. | Chelsea | 213 | 13630 | 336 |
| | | | Grubbs | 20 American Legion Highway | Boston | 33106 | 14939 | 1 |
| | | | Krell | 1607 Commonwealth, Unit 30 | Boston | 41645 - C114-43 | (none) | (none) |
| | | | Mullings | 40 Kingsdale Street | Dorchester | 457044 | (none) | (none) |
| | | 17 | Brown | 18 Burnett Road, #14 | Revere | 173 | 14914 | 220 |
| | Worcester | 14 | Reinold/Firell 135 East Main St., Unit C-4 l | | Westborough | 42917 | 6274 | 321 |
| | | 15 | Choquette | 357 S. Main St. | East Douglas | 4559 | 11900 | 127 |
| | | | Griffin | 5 Griswold Court | Oxbridge | 112513 | 13421 | 265 |
| | | 16 | Humphrey's LTD 202 West Street, Unit 4A | | Hopedale | (none) | 15285 | 188 |
| | | | King | 6 Beckman St | Worcester | 121706 | 12887 | 243 |

二心

BOOK 19273 PAGE 358

BK+10816-121    34843

Reviewer 1, 1976

**EXHIBIT 3**
Schedule of MCB Bond Loans Secured by Real Estate

| County | Series | Mortgagor | Address | City | Document # | Book # | Page # |
|--------|--------|-----------|---------|------|-----------|--------|--------|
| Worcester | 16 | King | 19 Canton Street | Worcester | 7662 | 11097 | 111 |
| | 17 | Alex | 61A Fox Meadow Road, Unit 61A | Leominster | 7666 | 1562 | 44 |
| | | Pasquariello | 4 Oak St., #12/12 Williamsburg Ct., #28/3 & 13 Castle Green, #1 | Shrewsbury | 5711 | 3152 | 1A, |
| | | | 12-4 Oak Street | Shrewsbury | 5711 | 9112 | 17 |

BOOK19273PAGE359

Bk 10816 122 34849

## CERTIFICATE OF SERVICE

I, William P. Ziegelmueller, an attorney, certify that on February 14, 1997, I caused a copy of the foregoing MOTION FOR A REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES to be served by U.S. Mail, postage prepaid:

Richard Waris  
Pretzel & Stouffer Chartered  
One South Wacker Drive  
Suite 2500  
Chicago, Illinois 60606

James Rolfes  
Sachnoff & Weaver, Ltd.  
30 S. Wacker Drive  
Suite 2900  
Chicago, Illinois 60606

David J. Krupp  
Miller, Shakman, Hamilton,  
Kurtzon & Schlifke  
208 South LaSalle Street  
Suite 1100  
Chicago, Illinois 60604

Robert E. Davy, Jr.  
180 N. LaSalle, Suite 2315  
Chicago, Illinois 60611

APX Mortgage Services, Inc.  
c/o Robert Gorski  
P.O. Box 909  
Lake Zurich, Illinois  60047-0909

William P. Ziegelmueller

**BARNSTABLE REGISTRY OF DEEDS**

BOOK 19273 PAGE 360

Bk 10916



## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 20, 1997 |
| Case Title | Williams, et al. VS. National Housing, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:                                             Sent for Microfilming

(1)  Filed motion of [use listing in "MOTION" box above]

(2)  Brief in support of motion due _____  FEB 21 1997   FEB 24 1997

(3)  Answer brief to motion due _____ Reply to answer brief Docketed on _____

(4)  ☐ Ruling  on _____ set for _____ at _____
     ☐ Hearing

(5)  Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6)  Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7)  Trial ☐ Set for ☐ re-set for _____ at _____

(8)  ☐ Bench Trial ☐ Jury Trial ☐ Hearing  held and continued to _____ at _____

(9)  This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
     ☐ FRCP 4(i) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☐ [Other docket entry] The Commissioner's motion for the entry of a revised order regarding Massachusetts Mortgage is granted. Enter Revised Order. Plaintiff's motion for reassignment of case number 96 C 8477 based on relatedness is also granted.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | |
|---|---|---|
| No notices required, advised in open court. | | number of notices |
| No notices required | | |
| Notices mailed by judge's staff | | |
| Notified counsel by telephone | FEB 21 1997 | date docketed |
| ☑ Docketing to mail notices | | |
| Mail AO 450 form. | | docketing dpty. initials |
| Copy to judge/magistrate judge. | | date mailed notice |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing dpty. initials |

SE:S Wd 02 83J 76
97 FEB 20 PM 5: 35
RECEIVED FOR DOCKETING

FEB 21 1997

Document # 325

Bk. 19816-115  34849

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, ET AL.

           Plaintiffs,

      v.

NATIONAL HOUSING EXCHANGE INC., APX
MORTGAGE SERVICES, INC., and
RESOURCE ASSET MANAGEMENT, INC.

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action 95 C 4343
Hon. Elaine E. Bucklo
Magistrate Judge
Rebecca R. Pallmeyer

FEB 2 1 1997

## REVISED ORDER REGARDING MASSACHUSETTS MORTGAGES

This matter having come on to be heard on the Commissioner's Motion for the Entry of a Revised Order Regarding Massachusetts Mortgages subject to the Amended Declaratory Judgment Order entered April 12, 1996, nunc pro tunc April 3, 1996, a copy of which is attached hereto as Exhibit 1, the Court hereby orders that National Heritage Life Insurance Company, in Liquidation ("NHL"), as to any claim of title and possession by or through National Housing Exchange Inc., APX Mortgage Services, Inc., Resource Asset Management, Inc., and South Star Management Corp. (collectively "the Parties"), has good, valid, and indefeasible ownership of any and all interests, free and clear, and free of any adverse equities and any other claims in and to the mortgages, deeds of trust, trust deeds, deeds to secure debt, security devises or other title retention instruments, whether or not of record, with respect to the real property located in the Commonwealth of Massachusetts and listed in Exhibit 2, which is attached to this Order and incorporated herein (hereinafter such mortgages, deeds of trust, trust deeds, deeds to secure debt, security devises or other title retention instruments shall be referenced as the "Mortgages"), together with:

    (1)   any and all notes, loan agreements, credit agreements, guaranties, and any other evidence of indebtedness secured by the Mortgages;

    (2)   any and all other security interests or claims pertaining to any indebtedness secured by the Mortgages, including but not limited to any and all (a) security agreements or chattel mortgages, (b) assignments or collateral assignments of rents, leases, and profits, (c) assignments or collateral assignments of accounts receivable, (d) assignments, collateral assignments, or pledges of stock, (e) assignments or collateral assignments of business licenses, permits, service contracts and equipment leases, (f) interests in any insurance proceeds or condemnation awards, (g)

BOOK 1927 3 PAGE 363



## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | February 7, 1997 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

### DOCKET ENTRY:

(1)  Filed motion of [ use listing in "MOTION" box above ]                                    Sent for Microfilming

(2)  Brief in support of motion due _____

(3)  Answer brief to motion due _____ Reply to answer brief due _____ FEB 1 0 1997

(4)  ☐ Ruling ☐ Hearing on _____ set for _____ Filed on _____

(5)  Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6)  Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7)  Trial ☐ Set for ☐ re-set for _____ at _____

(8)  ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9)  This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Commissioner's motion for the entry of an order particularly identifying the I-250 assets is granted. Enter Order.

(11) ✓ [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 1 0 1997 | date docketed | Document # |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | Docketing dply. initials |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate Judge. | | | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dply. initials |

320

BOOK19273PAGE364

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA LEE H. WILLIAMS, ET AL.

        Plaintiffs,

        v.

NATIONAL HOUSING EXCHANGE INC., APX
MORTGAGE SERVICES, INC., and
RESOURCE ASSET MANAGEMENT, INC.

        Defendants.

Civil Action 95 C 4243
Hon. Elaine E. Bucklo
Magistrate Judge
Rebecca R. Pallmeyer

DOCKETED
FEB 10 1997

## ORDER PARTICULARLY IDENTIFYING THE I-250 ASSETS

This matter having come to be heard on the
Commissioner's Motion for the Entry of an Order Particularly
Identifying the I-250 Assets, the Court hereby orders that
National Heritage Life Insurance Company, in Liquidation ("NHL")
has good, valid, and indefeasible ownership of any and all
interests, all free and clear of any defects of title and free
and clear of any leases, liens, security interests, encumbrances,
adverse equities and any other claims of any other person or
entity, in and to the mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments, whether or not of record, with respect to the real
property listed in Exhibit A, which is attached to this Order and
incorporated herein (hereinafter such mortgages, deeds of trust,
trust deeds, deeds to secure debt, security devises or other
title retention instruments shall be referenced as the
"Mortgages"), together with:

    (1)  any and all notes, loan agreements, credit agreements,
        guaranties, and any other evidence of indebtedness
        secured by the Mortgages;

    (2)  any and all other security interests or claims
        pertaining to any indebtedness secured by the
        Mortgages, including but not limited to any and all (a)
        security agreements or chattel mortgages, (b)
        assignments or collateral assignments of rents, leases,
        and profits, (c) assignments or collateral assignments
        of accounts receivable, (d) assignments, collateral
        assignments, or pledges of stock, (e) assignments or
        collateral assignments of business licenses, permits,
        service contracts and equipment leases, (f) interests
        in any insurance proceeds or condemnation awards, (g)
        interests in any indemnification agreements, whether
        with respect to environmental matters or otherwise, (h)
        interests in any leases, ground leases, proprietary
        leases, or occupancy agreements, (i) interests in any

BOOK19273PAGE365

UCC financing statements, (j) creditor's claims, and
(k) if the subject Mortgage is in the process of being
foreclosed, any proceeds being held in the registry of
the court of competent jurisdiction or held by the
court-appointed receiver;  and

(3)   any proceeds thereof.

It is further ordered that to the extent that any
Mortgages have been foreclosed, NHL has good, valid and
indefeasible fee simple title, free and clear of any defects of
title and free and clear of any claims of any other person or
entity, in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court where such foreclosure action was pending, (2) by any
court-appointed receiver for such real property, and (4) by any other
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated: 2/7/97     ENTER: *Elaine Bucklo*

Hon. Elaine E. Bucklo
United States District Court Judge

\42272\010\50COUBAZ.02#

BOOK 19273 PAGE 366

MRCH PHRASE:  CLASSIF CONTAINS 1-250 AND NOT CLASSIF CONTAINS bond AND NOT CURSTAT    CONTAINS "paid off"

| ATE COUNTY | MORTGAGR | ADDR | CITY | DOCNO. | BK# | PAGENO. | SHARES | UCC# | COOP |
|---|---|---|---|---|---|---|---|---|---|
| San Bernadino | Hobbs | 1358 N. Idyllwild | Rialto | 84-304157 | (none) | (none) | | | |
| Fairfield | Bacon | 120 Huntington Tpk., Unit 303 | Bridgeport | 16789 | 2355 | 211 | | | |
| Lucas | Lenci | 248 Willow St. | Waterbury | 2145 | 2586 | 106 | | | |
| New Haven | Lenci | 242-244 Willow St. | Waterbury | 2143 | 2586 | 94 | | | |
| New Haven | Batam Associates | 1070 New Haven, Unit 53 | Milford | 10648 | 1607 | 125 | | | |
| Orleans Parish | Davis | 1771-1773 St. Bernard Avenue | New Orleans | 630017 | 103011 | 134 | | | |
| St. Bernard Parish | Aries Enterprise | 201, 203 & 205 South Pl. | Chalmette | (none) | 142 | 196 | | | |
| Essex | Chimenti | F-1 Colonial Dr., Unit 6 | Andover | (none) | 2522 | 105 | | | |
| Gloucester | Afotey | 520 Cascade Ct., Unit 520 | Sewell | 11348 | MB 1528 | 87 | | | |
| New York | Eisenberg | 66-33 98th Pl., Unit 3J | Rego Park | Stock #154 | | | 204 | (none) | 98th Place Owners |
| New York | Poupon | 5 Tudor City Pl., Unit 308 | New York | Stock #A602 | | | 156 | 95PN18564 | Windsor Owners |
| New York | Verigan | 5 Tudor City Pl., Unit 237 | New York | Stock #A610 | | | 145 | 95PN18563 | Windsor Owners |
| New York | Jenkins | 5 Tudor City Pl., Unit 437 | New York | Stock #A580 | | | 149 | 95PN34567 | Windsor Owners |
| New York | Suh | 5 Tudor City Pl., Unit B-17 | New York | Stock #A582 | | | 264 | 95PN18119 | Windsor Owners |
| New York | McKennan | 5 Tudor City Pl., Unit 715 | New York | Stock #B364 | | | 189 | 38PN67159 | Tudor Owners |
| Queens | Brodigan | 5 Bedford Ave. | Rockaway Park | Stock #9471 | | | 175 | 151741 | Breezy Point Cooperative, Inc. |
| Suffolk | Gill | 365 County Rd., Unit 39 | Shinnecock Hills | CO 53814 | 12307 | 391 | | | |

BOOK 19273 PAGE 367

.age 2 ,

| EARCH PHRASE: | CLASSIF CONTAINS 1-250 AND NOT C | | IF CONTAINS bond AND NOT CURSTAT | | | | ONTAINS "paid off" | | |
|---|---|---|---|---|---|---|---|---|---|
| TATE COUNTY | MORTGAGR | ADDR | CITY | DOCNO. | BK# | PAGENO. | SHARES  UCC# | | COOP |
| N  Franklin | Messenger | 6798 Lehman Rd. | Canal Winchester | (none) | 3469 | 633 | | | |
| N  Franklin | Singer | 809-811 E. 2nd Ave. | Columbus | 23694 | 11293 | 803 | | | |
| N  Franklin | Mullen | 333 S. Sylvan Ave. | Columbus | 5710 | 11073 | 820 | | | |
| N  Lucas | Hudson | 2741 Stickney Ave. | Toledo | 20062 | 83 | 912C09 | | | |
| N  Warren | Green | 395 Morrow Rd. | South Lebanon | 12684 | 037 | 89 | | | |
| A  Philadelphia | Laren | 213 S. 46th St. | Philadelphia | (none) | M0922 | 316 | | | |
| X  Collin | Malone, 11 | Lot 1 in Block 6 Bent Trail Addition 3 | Dallas | 43529 | 290/ | 39/ | | | |
| X  Lubbock | Patton | 1205-1207 34th St. | Lubbock | 11558 | 2794 | 32 | | | |
| X  Nueces | Loas Tire & Auto Supply | 4015 Ayers | Corpus Christi | 596050 | Roll 195 | 1705 | | | |
| A  Loudoun | Ritenour | South-West corner of Church & State Sts. | Leesburg | 11314 | 1043 | 1333 | | | |
| A  Washington | Kassir/KHS Associates | 920-924 Business Pk. | Chesapeake | 22634 | 2324 | 697 | | | |

---

BOOK 1927 3 PAGE 368



**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS**

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 95 C 4243 | Date | April 16, 1997 |
| Case Title | Williams, et al. Vs. National Housing, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]

Sent for Microfilming

(2) Brief in support of motion due _____

(3) Answer brief to motion due _____ Reply to answer brief due **APR 17 1997**

(4) ☐ Ruling / Hearing on _____ set for _____ Filmed on **APR 21 1997**

(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to

☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☒ [Other docket entry] Enter order regarding additional Massachusetts mortgages.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | number of notices |
| ☐ No notices required. | |
| ☐ Notices mailed by judge's staff. | **APR 17 1997** date docketed |
| ☐ Notified counsel by telephone. | Document # |
| ☑ Docketing to mail notices. | docketing dpty. initials |
| ☐ Mail AO 450 form. | 351 |
| ☐ Copy to judge/magistrate Judge. | **APR 17 1997** data mailed notice |
| courtroom deputy's initials | Date/time received in central Clerk's Office — mailing dpty. initials |

BOOK 19273 PAGE 369

```
              IN THE UNITED STATES DISTRICT COURT    DOCKETED
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
                                                       APR 17 1997
DONNA LEE H. WILLIAMS, ET AL.          )

                 Plaintiffs,           )   Civil Action 95 C 4243
                                       )   Hon. Elaine E. Bucklo
      v.                               )   Magistrate Judge
                                       )   Rebecca R. Pallmeyer
NATIONAL HOUSING EXCHANGE INC., APX    )
MORTGAGE SERVICES, INC., and           )
RESOURCE ASSET MANAGEMENT, INC.        )
                                       )
                 Defendants.           )
```

## ORDER REGARDING ADDITIONAL MASSACHUSETTS MORTGAGES

This matter having come to be heard on the
Commissioner's Emergency Motion for an Order Confirming Title to
Additional Massachusetts Mortgages, the Court hereby orders that
National Heritage Life Insurance Company, in Liquidation ("NHL")
has good, valid, and indefeasible ownership of any and all
interests, all free and clear of any defects of title and free
and clear of any leases, liens, security interests, encumbrances,
adverse equities and any other claims of any other person or
entity, in and to the mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments, whether or not of record, with respect to the real
property located in the State of Massachusetts and listed in
Exhibit A, which is attached to this Order and incorporated
herein (hereinafter such mortgages, deeds of trust, trust deeds,
deeds to secure debt, security devises or other title retention
instruments shall be referenced as the "Mortgages"), together
with:

   (1)  any and all notes, loan agreements, credit agreements,
        guaranties, and any other evidence of indebtedness
        secured by the Mortgages;

   (2)  any and all other security interests or claims
        pertaining to any indebtedness secured by the
        Mortgages, including but not limited to any and all (a)
        security agreements or chattel mortgages, (b)
        assignments or collateral assignments of rents, leases,
        and profits, (c) assignments or collateral assignments
        of accounts receivable, (d) assignments, collateral
        assignments, or pledges of stock, (e) assignments or
        collateral assignments of business licenses, permits,
        service contracts and equipment leases, (f) interests
        in any insurance proceeds or condemnation awards, (g)
        interests in any indemnification agreements, whether
        with respect to environmental matters or otherwise, (h)
        interests in any leases, ground leases, proprietary

BOOK 19273 PAGE 370

       leases, or occupancy agreements. (i) interests in any
       UCC financing statements, (j) creditor's claims, and
       (k) if the subject Mortgage is in the process of being
       foreclosed, any proceeds being held in the registry of
       the court of competent jurisdiction or held by the
       court-appointed receiver;  and

   (3)  any proceeds thereof.

       It is further ordered that to the extent that any
Mortgages have been foreclosed, NHL has good, valid and
indefeasible fee simple title, free and clear of any defects of
title and free and clear of any claims of any other person or
entity, in and to the real property that is encumbered by said
Mortgages, together with all improvements thereon and easements
and appurtenances thereto, and together with any and all proceeds
concerning such real property held (1) in the registry of any
court-appointed receiver for such real property, (3) by any
property manager for such real property, and (4) by any other
third party.  (Hereinafter all Mortgages and related assets and
real property and related assets shall be referenced as the
"Assets".)

       It is further ordered that, if necessary, in order to
fulfill the terms and intent of this Order, NHL shall have the
right (1) to unilaterally record any documents transferring or
conveying any rights relating to the Assets and encompassed by
this Order into the name of NHL, including but not limited to any
assignment of any of the Mortgages or any UCC-3 financing
statements, and (2) to unilaterally record any new financing
statements to perfect NHL's security interests in the Assets.

       It is further ordered that the Commissioner and NHL are
not bound by the terms of any oral agreements affecting the
Assets made by any predecessor in interest or former servicer of
the Assets.

       The recording of a certified copy of this Order in any
jurisdiction where any Assets are located shall (1) convey title
to such Assets to NHL, pursuant to the terms of this Order, and
(2) re-establish any lost original instruments or documents
pertaining to such Assets.

Dated:              ENTER:

                            Hon. Elaine E. Bucklo
                            United States District Court Judge

\42272\010\50COUBAZ.042

age 1
EARCH PHRASE:  CURSTAT CONTAINS nf AND CLASSIF CONTAINS bond AND BK# EXISTS AND STATE          CONTAINS ma
TATE COUNTY    MORTGAGR       ADDR              CITY       DOCNO.     BK#      PAGENO.
... ......     .......    .... ................ ...........  ..........  ......  ... ..........

| A | Bristol | Briarcliff 90 Realty Trust | 152 N. Main St., Units 1-8 172 N. Main St., Units 1-8 110 Briarcliff Rd., Units 1-8 100 Briarclif Rd., Units 1-8 90 Briarcliff Rd., Units 1-8 | Raynham | | 4650 | 137 |
| A | Middlesex | Tiger Realty Trust | 225 Steadman St., Units 29 & 30 | Lowell | 34116 | 4602 | 181 |
| A | Middlesex | Adams | 223 Courtland Street | Holliston | | 21050 | 88 |
| A | Plymouth | Clamps | 40 Matakeesett St., Unit 24 | Pembroke | 14473 | 10170 | 112 |
| A | Suffolk | Thomas | 151 Tremont Street, No. 23P | Boston | 464 | 14983 | 325 |
| A | Suffolk | Watkins/Williams | 158 Glenway St. | Dorchester | 283 | 14751 | 151 |

ATTEST: WORC. Anthony J. Vigliottl, Register

**#27135PG365**

147351

AFTER RECORDING RETURN TO:
Name:
Address:

THIS INSTRUMENT PREPARED BY:
Name: Glenda Wing
Title:  Customer Service Technician
FEDERAL DEPOSIT INSURANCE CORP.
1910 Pacific Ave., Dallas, Texas 75201

## SATISFACTION OF MORTGAGE

**DATE:** July 19, 2002

ORIGINAL NOTE AMOUNT ("Note"): $112,000.00

**MORTGAGE:**

    **Mortgagor:** E. Perry King and Terry A. King

    **Mortgagee:**  Home National Bank of Milford

    **Date of Mortgage:** January 27, 1988

    **Mortgage Securing the Note ("Mortgage") is described in the following document(s), recorded in:**

        Book 11097, Page 122, January 28, 1988, in the Registry of Deeds of Worcester County, Massachusetts.

    **Street Address for Improved Property:**

        19 Canton Street, Worcester, Massachusetts

**OWNER AND HOLDER OF THE NOTE AND MORTGAGE ("FDIC"):**

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for The Home National Bank of Milford, Milford, Masschusetts ("FDIC").

**OWNER AND HOLDER'S MAILING ADDRESS:** 1910 Pacific Avenue
                                     Dallas, Texas 75201

For value received, the sufficiency of which is hereby acknowledged, Holder of the Note and Mortgage acknowledges satisfaction of said Note and Mortgage and surrenders the same as cancelled, and empowers, authorizes and directs the County Recorder to cancel same of record.

02 AUG -1  PM 12: 40



BK27135PG366

This Satisfaction of Mortgage is made without recourse, representation or warranty, express or implied upon or by the FDIC.

Where context requires, singular nouns and pronouns include the plural.

Federal Deposit Insurance Corporation,
in the capacity stated above

James L. Faison, Attorney-in-fact
Power of Attorney dated 09/01/01, recorded
In Book 25347, Page 226, in Worcester County,
Registry of Deeds

STATE OF TEXAS            §
                         §
COUNTY OF DALLAS          §

On July 19, 2002, before me, a Notary Public for the State of Texas, personally appeared James L. Faison, Attorney-in-fact, known to me to be the person whose name is subscribed to the within instrument as the Attorney-in-fact of the Federal Deposit Insurance Corporation, who acknowledged to me that he subscribed the name of Federal Deposit Insurance Corporation, as principal, and his own name as Attorney-in-fact; that the instrument was signed for the purposes contained therein on behalf of the said Federal Deposit Insurance Corporation by authority of the said Federal Deposit Insurance Corporation; and that the instrument is the free act and deed of Federal Deposit Insurance Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal on the date above written.

Name: Glenda Wing
Notary Public in and for the State of Texas

GLENDA WING
Notary Public, State of Texas
Commission Expires 03-24-04

Revised by RMJ 8/9/00 (Massachusetts) Satisfaction of Mortgage

ATTEST: WORC. Anthony J. Vigliotti, Register

TASHJIAN, SIMSARIAN & WICKSTROM, LLP

COUNSELORS AT LAW

370 MAIN STREET

WORCESTER, MASSACHUSETTS 01608-1763

TELEPHONE (508) 756-1578
FACSIMILE (508) 756-1153

EDWARD D. SIMSARIAN
JOHN A. WICKSTROM
JAMES E. TASHJIAN
TIMOTHY P. WICKSTROM
ELIZABETH W. MORSE
THOMAS J. WICKSTROM
MARK P. WICKSTROM

BERGE C. TASHJIAN
(1937-1995)

WHITINSVILLE OFFICE:
60 CHURCH STREET
WHITINSVILLE, MA 01588-1416
TEL. (508) 234-4551
FAX (508) 234-8811

PLEASE RESPOND TO
WORCESTER OFFICE

July 23, 2004

James F. Creed, Jr.
Creed & Formica
1329 Highland Avenue
Needham, MA 02492

RE:    19 Canton Street
Worcester, MA

Dear Attorney Creed:

Please be advised that our office represents E. Perry King with regard to matters set forth in your letter of July 8, 2004.

Based upon information and belief, the note has been satisfied and discharge of the note and mortgage has been recorded at the Worcester District Registry of Deeds. See attached copy marked Exhibit A.

Very truly yours,

Timothy P. Wickstrom

TPW/hy
Enclosure

letter to Creed.doc

# EXHIBIT "A"

BK27135PG366

This Satisfaction of Mortgage is made without recourse, representation or warranty, express or implied upon or by the FDIC.

Where context requires, singular nouns and pronouns include the plural.

Federal Deposit Insurance Corporation,
in the capacity stated above

By: [signature]
James L. Faison, Attorney-in-fact
Power of Attorney dated 09/01/01, recorded
in Book 25347, Page 226, in Worcester County,
[illegible]

STATE OF TEXAS §
§
COUNTY OF DALLAS §

On July 19, 2002, before me, a Notary Public for the State of Texas, personally appeared James L. Faison, Attorney-in-fact, known to me to be the person whose name is subscribed to the within instrument as the Attorney-in-fact of the Federal Deposit Insurance Corporation, who acknowledged to me that he subscribed the name of Federal Deposit Insurance Corporation, as principal, and his own name as Attorney-in-fact; that the instrument was signed for the purposes contained therein on behalf of the said Federal Deposit Insurance Corporation by authority of the said Federal Deposit Insurance Corporation; and that the instrument is the free act and deed of Federal Deposit Insurance Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal on the date above written.

[signature]
Name: Glenda Wing
Notary Public in and for the State of Texas

GLENDA WING
Notary Public, State of Texas
My Commission Expires 03-24-04

Revised by RMO [illegible] (4 signed sections) Satisfaction of Mortgage

ATTEST: WORC. Anthony J. Vigliotti, Register

**BK 27135 PG 366**

This Satisfaction of Mortgage is made without recourse, representation or warranty, express or implied upon or by the FDIC.

Where context requires, singular nouns and pronouns include the plural.

Federal Deposit Insurance Corporation,
in the capacity stated above

By: _____
James L. Faison, Attorney-in-fact
Power of Attorney dated 09/01/01, recorded
in Book 25347, Page 226, in Worcester County,
Registry of Deeds

STATE OF TEXAS
COUNTY OF DALLAS

On July 19, 2002, before me, a Notary Public for the State of Texas, personally appeared James L. Faison, Attorney-in-fact, known to me to be the person whose name is subscribed to the within instrument as the Attorney-in-fact of the Federal Deposit Insurance Corporation, who acknowledged to me that he subscribed the name of Federal Deposit Insurance Corporation, as principal, and his own name as Attorney-in-fact; that the instrument was signed for the purposes contained therein on behalf of the said Federal Deposit Insurance Corporation by authority of the said Federal Deposit Insurance Corporation; and that the instrument is the free act and deed of Federal Deposit Insurance Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal on the date above written.

_____
Name: Glenda Wing
Notary Public in and for the State of Texas

Prepared by: RMO 57999 and return to: Satisfaction of Mortgage

ATTEST: WORC. Anthony J. Vigliotti, Register

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true copy of the within document to be served by first class mail, postage pre-paid, and a copy of the pleading without exhibits to be sent by facsimile, to, as follows:

Robert B. Gibbons, Esq.
Kristin D. Thompson, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608

Deborah Rizzotto

Dated:   12/27/04

16

1-3

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

SANDRA S. KATZ,
Plaintiff,

JAN 0 3 2004

**Superior Court**
ent of the Trial Court
mmonwealth
on

v.

ATTEST:

2116A

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

**RTY**
**NS**

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN
MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL
SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL
SERVICES, INC.,
Third Party Defendants.

To the above-named Defendant:    E. Perry King

You are hereby summoned and required to serve upon  Robert B. Gibbons,
Mirick, O'Connell, DeMallie & Lougee, LLP , Plaintiff's attorney, whose address
is 100 Front Street, Worcester, MA  01608-1477
and upon  James F. Creed, Jr., Creed & Formica
who is attorney for,  National Heritage Life Insurance Company in Liquidation
defendant and third-party plaintiff, and whose address is  1329 Highland Ave.,
Needham, MA 02492
an answer to the third-party complaint which is herewith served upon you, within 20 days
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the third-
party complaint.  You are also required to file your answer to the third-party complaint
in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before
service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the third-party plaintiff which arises out of the
transaction or occurrence that is the subject matter of the third-party plaintiff's claim or
you will thereafter be barred from making such claim in any other action. There is also
served upon you herewith a copy of the complaint of the plaintiff which you may but are
not required to answer.    Barbara J. Rouse

Witness, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮squire, at Worcester, the
day of                                      in the year of our Lord two thousand and



Clerk

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil
Procedure.
2.  When more than one third-party defendant is involved, the names of all such defendants should
appear in the caption.  If a separate summons is used for each such defendant, each should be
addressed to the particular defendant.

NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to
answer the third-party complaint, but if you claim to have a defense, either you or your
attorney must serve a copy of your written answer within 20 days as specified herein
and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

12/30/2004

I hereby certify and return that on 12/29/2004 at 01:28pm I served a true
and attested copy of the Third-Party Summons & Complaint, Exhibits
A,B,C,D,E,F,G,& H in this action in the following manner:  To wit, by
leaving at the last and usual place of abode of E. PERRY KING  at 10-A
DODGE HILL RD, SUTTON, MA.  Fees:  Service 20.00, Travel 6.40, Conveyance
4.50, Attest 5.00 & Postage and Handling 1.00, Total fees: $36.90

Deputy Sheriff Ronald E Richard

*Ronald E Richard*

**Deputy Sheriff**

**N.B. TO PROCESS SERVER**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

December 29, 2004.

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

Plaintiff

v.

Defendant

THIRD-PARTY

SUMMONS

(Mass. R. Civ. P. 4 and 14)

A true copy by photostatic process

Attest
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

SANDRA S. KATZ,
Plaintiff,

v.

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA, E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC., AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL SERVICES, INC.,
Third Party Defendants.

**Superior Court**

~~Department of the Trial Court~~
Commonwealth
~~Action~~

04-2116A

~~PARTY~~
~~ONS~~

JAN 6 9 2004

ATTEST:

To the above-named Defendant:    Alan Mason

You are hereby summoned and required to serve upon Robert B. Gibbons, Mirick, O'Connell, DeMallie & Lougee, LLP, Plaintiff's attorney, whose address is 100 Front Street, Worcester, MA  01608-1477 and upon James F. Creed, Jr., Creed & Formica who is attorney for, National Life Insurance Company in Liquidation defendant and third-party plaintiff, and whose address is 1329 Highland Ave., Needham, MA  02492 an answer to the third-party complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint.  You are also required to file your answer to the third-party complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the third-party plaintiff which arises out of the transaction or occurrence that is the subject matter of the third-party plaintiff's claim or you will thereafter be barred from making such claim in any other action. There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

Barbara J. Rouse

Witness, ███████████████████████, Esquire, at Worcester, the

day of                                  in the year of our Lord two thousand and



Clerk

NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil Procedure.
2.  When more than one third-party defendant is involved, the names of all such defendants should appear in the caption.  If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

12/30/2004

I hereby certify and return that on 12/29/2004 at 02:00pm I served a true and attested copy of the Third-Party Summons &Complaint, Exhibits A-H in this action in the following manner: To wit, by delivering in hand to ALAN MASON ALAN MASON LEGAL SERVICES, P.C. (D/B/A) at 428 SHREWSBURY ST, WORCESTER, MA. Fees: Service 20.00, Travel 3.84, Conveyance 2.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $31.84

Deputy Sheriff Michael J Ahearn

*Deputy Sheriff*

**N.B. TO PROCESS SERVER**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 20 .

**COMMONWEALTH OF MASSACHUSETTS**

**Worcester, ss.**

**Superior Court**
**Civil Action**

**No.**

............................................ **Plaintiff**

v.

............................................ **Defendant**

**THIRD-PARTY**
**SUMMONS**

**(Mass. R. Clv. P. 4 and 14)**

A true copy by photostatic process
Attest ............................ Dempsey
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**



SANDRA S. KATZ,
Plaintiff,

v.

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN
MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL
SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL
SERVICES, INC.,
Third Party Defendants.

**Superior Court**
Department of the Trial Court
Commonwealth

116A

To the above-named Defendant:  Alan Mason Legal Services, P.C.

You are hereby summoned and required to serve upon  Robert B. Gibbons,
Mirick, O'Connell, DeMallie & Lougee, LLP....., Plaintiff's attorney, whose address
is  100 Front Street, Worcester, MA  01608-1477
and upon  James F. Creed, Jr., Creed & Formica
who is attorney for,  National Heritage Life Insurance Company in Liquidation
defendant and third-party plaintiff, and whose address is  1329 Highland Ave.,
Needham, MA  02492

an answer to the third-party complaint which is herewith served upon you, within 20 days
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the third-
party complaint.   You are also required to file your answer to the third-party complaint
in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before
service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the third-party plaintiff which arises out of the
transaction or occurrence that is the subject matter of the third-party plaintiff's claim or
you will thereafter be barred from making such claim in any other action. There is also
served upon you herewith a copy of the complaint of the plaintiff which you may but are
not required to answer.    Barbara J. Rouse

Witness, ███████████████████████Esquire, at Worcester, the
day of                                    in the year of our Lord two thousand and



**Clerk**

NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil
Procedure.
2.  When more than one third-party defendant is involved, the names of all such defendants should
appear in the caption.  If a separate summons is used for each such defendant, each should be
addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

12/30/2004

I hereby certify and return that on 12/29/2004 at 02:00pm I served a true
and attested copy of the Third-Party Summons &Complaint, Exhibits A-H in
this action in the following manner:  To wit, by delivering in hand to ALAN
MASON ALAN MASON LEGAL SERVICES, INC. (D/B/A) at 428 SHREWSBURY ST,
WORCESTER, MA.  Fees:  Service 20.00, Travel 3.84, Conveyance 0.00, Attest
5.00 & Postage and Handling 1.00, Total fees: $29.84

Deputy Sheriff Michael J Ahearn

*Deputy Sheriff*

### N.B. TO PROCESS SERVER

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20 .

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

Plaintiff

v.

Defendant

THIRD-PARTY
SUMMONS

(Mass. R. Civ. P. 4 and 14)

A true copy by photostatic process
Attest
Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**



**Superior Court**
**Department of the Trial Court**
honwealth

SANDRA S. KATZ,
Plaintiff,

ATTEST:

v.

|116A

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA, E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC., AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL SERVICES, INC.,
Third Party Defendants.

To the above-named Defendant:  Alan Mason Legal Services, Inc.

You are hereby summoned and required to serve upon  Robert B. Gibbons, Mirick, O'Connell, DeMallie & Lougee, LLP , Plaintiff's attorney, whose address is 100 Front Street, Worcester, MA 01608-1477 and upon James F. Creed, Jr., Creed & Formica who is attorney for, National Heritage Life Insurance Company in Liquidation defendant and third-party plaintiff, and whose address is 1329 Highland Ave., Needham, MA 02492

an answer to the third-party complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint.  You are also required to file your answer to the third-party complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the third-party plaintiff which arises out of the transaction or occurrence that is the subject matter of the third-party plaintiff's claim or you will thereafter be barred from making such claim in any other action. There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.  *Barbara J. Rouse*

Witness, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Esquire, at Worcester, the

day of                                    in the year of our Lord two thousand and



**Clerk**

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil Procedure.
2.  When more than one third-party defendant is involved, the names of all such defendants should appear in the caption.  If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS



**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100
*Worcester, ss*

12/30/2004

I hereby certify and return that on 12/29/2004 at 02:00pm I served a true and attested copy of the Third-Party Summons and Complaint, Exhibits A-H in this action in the following manner:  To wit, by delivering in hand to ALAN MASON LEGAL SERVICES, INC.  at 428 SHREWSBURY ST, WORCESTER, MA.  Fees: Service 30.00, Travel 3.84, Conveyance 0.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $39.84

Deputy Sheriff Michael J Ahearn

*Deputy Sheriff*

**N.B. TO PROCESS SERVER**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20 .

**COMMONWEALTH OF MASSACHUSETTS**

**Worcester, ss.**

**Superior Court Civil Action**

**No.**

Plaintiff

v.

Defendant

**THIRD-PARTY SUMMONS**

**(Mass. R. Civ. P. 4 and 14)**

A true copy by photostatic process
Attest:
Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

**Superior Court**
**Department of the Trial Court**
**monwealth**

SANDRA S. KATZ,
Plaintiff,

v.

ATTEST:

116A

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

TY

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN
MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL
SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL
SERVICES, INC.,
Third Party Defendants.

To the above-named Defendant: Alan Mason d/b/a Alan Mason Legal Services, P.C.

You are hereby summoned and required to serve upon   Robert B. Gibbons,
Mirick, O'Connell, DeMallie & Lougee, LLP., Plaintiff's attorney, whose address
is    100 Front Street, Worcester, MA   01608-1477
and upon   James F. Creed, Jr., Creed & Formica
who is attorney for, National Heritage Life Insurance Company in Liquidation
defendant and third-party plaintiff, and whose address is   1329 Highland Ave.,
Needham, MA   02492
an answer to the third-party complaint which is herewith served upon you, within 20 days
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the third-
party complaint.  You are also required to file your answer to the third-party complaint
in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before
service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the third-party plaintiff which arises out of the
transaction or occurrence that is the subject matter of the third-party plaintiff's claim or
you will thereafter be barred from making such claim in any other action. There is also
served upon you herewith a copy of the complaint of the plaintiff which you may but are
not required to answer.

Witness, Barbara J. Rousa ~~~~~~~~~~~~~~~~~~~ uire, at Worcester, the
day of                                    in the year of our Lord two thousand and



**Clerk**

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil
Procedure.
2.  When more than one third-party defendant is involved, the names of all such defendants should
appear in the caption.  If a separate summons is used for each such defendant, each should be
addressed to the particular defendant.

<div style="writing-mode: vertical">NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.</div>

## PROOF OF SERVICE OF PROCESS



**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

12/30/2004

I hereby certify and return that on 12/29/2004 at 02:00pm I served a true and attested copy of the Third-Party Summons and Complaint, Exhibits A-H in this action in the following manner:  To wit, by delivering in hand to ALAN MASON  at 428 SHREWSBURY ST, WORCESTER, MA.  Fees:  Service 30.00, Travel 3.84, Conveyance 0.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $39.84

Deputy Sheriff Michael J Ahearn

*Deputy Sheriff*

### N.B. TO PROCESS SERVER

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
| --- |

**COMMONWEALTH OF MASSACHUSETTS**

**Worcester, ss.**

**Superior Court Civil Action**

**No.**

Plaintiff

v.

Defendant

**THIRD-PARTY SUMMONS**

(Mass. R. Civ. P. 4 and 14)

A true copy by photostatic process
Attest
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

**Superior Court**
**Department of the Trial Court**
**nonwealth**

SANDRA S. KATZ,
Plaintiff,

ATTEST:

v.

116A

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

**TY**
**5**

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA, E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC., AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL SERVICES, INC.,
Third Party Defendants.

To the above-named Defendant: Alan Mason d/b/a Alan Mason Legal Services, Inc.

You are hereby summoned and required to serve upon Robert B. Gibbons, Mirick, O'Connell,DeMallie & Lougee, LLP, Plaintiff's attorney, whose address is 100 Front Street, Worcester, MA 01608-1477
and upon James F. Creed, Jr., Creed & Formica
who is attorney for, National Heritage Life Insurance Company in Liquidation defendant and third-party plaintiff, and whose address is 1329 Highland Ave., Needham, MA 02492
an answer to the third-party complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. You are also required to file your answer to the third-party complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the third-party plaintiff which arises out of the transaction or occurrence that is the subject matter of the third-party plaintiff's claim or you will thereafter be barred from making such claim in any other action. There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

Witness, Barbara J. Rouse ▮▮▮▮▮▮▮ Esquire, at Worcester, the
day of ▮▮▮▮▮▮▮ in the year of our Lord two thousand and

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Clerk



NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES: 1. This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil Procedure.
2. When more than one third-party defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certif...

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*                                    12/30/2004

I hereby certify and return that on 12/29/2004 at 02:00pm I served a true
and attested copy of the Third-Party Summons and Complaint, Exhibits A-H in
this action in the following manner:  To wit, by delivering in hand to ALAN
MASON LEGAL SERVICES, P.C at 428 SHREWSBURY ST, WORCESTER, MA.  Fees:
Service 30.00, Travel 3.84, Conveyance 0.00, Attest 5.00 & Postage and
Handling 1.00, Total fees: $39.84

Deputy Sheriff Michael J Ahearn

**N.B. TO PROCESS SERVER**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 20 .

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

Plaintiff

v.

Defendant

THIRD-PARTY
SUMMONS

(Mass. R. Civ. P. 4 and 14)

A true copy by photostatic process
Att. _____ Dempsey
Asst. Clerk

1-3

# COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**
                                                **Superior Court**
                                                nt of the Trial Court

SANDRA S. KATZ,
    Plaintiff,
                                                     monwealth

                v.
                                                2116A

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
    Defendant and Third Party Plaintiff

                v.
                                              TY
                                              S

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN
MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL
SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL
SERVICES, INC.,
    Third Party Defendants.

To the above-named Defendant:  Alan Mason Legal Services, P.C. d/b/a Alan Mason
                                                   Legal Services, Inc.

    You are hereby summoned and required to serve upon  Robert B. Gibbons,
Mirick, O'Connell, DeMallie & Lougee, LLP,  Plaintiff's attorney, whose address
is  100 Front Street, Worcester, MA  01608-1477
and upon  James F. Creed, Jr., Creed & Formica
who is attorney for, National Heritage Life Insurance Company in Liquidation
defendant and third-party plaintiff, and whose address is  1329 Highland Ave.,
Needham, MA  02492
an answer to the third-party complaint which is herewith served upon you, within 20 days
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the third-
party complaint.  You are also required to file your answer to the third-party complaint
in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before
service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a
reasonable time thereafter.

        Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the third-party plaintiff which arises out of the
transaction or occurrence that is the subject matter of the third-party plaintiff's claim or
you will thereafter be barred from making such claim in any other action. There is also
served upon you herewith a copy of the complaint of the plaintiff which you may but are
not required to answer.

Barbara J. Rouse

    Witness, ████████████████████Esquire, at Worcester, the
day of                 in the year of our Lord two thousand and



                                         Clerk

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil
           Procedure.
        2.  When more than one third-party defendant is involved, the names of all such defendants should
           appear in the caption. If a separate summons is used for each such defendant, each should be
           addressed to the particular defendant.

NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

12/30/2004

I hereby certify and return that on 12/29/2004 at 02:00pm I served a true and attested copy of the Third-Party Summons and Complaint, Exhibits A-H in this action in the following manner:  To wit, by delivering in hand to ALAN MASON LEGAL SERVICES, PC D/B/A ALAN MASO  at 428 SHREWSBURY ST, WORCESTER, MA.  Fees:  Service 30.00, Travel 3.84, Conveyance 0.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $39.84

Deputy Sheriff Michael J Ahearn

_____
**Deputy Sheriff**

**N.B. TO PROCESS SERVER**

    PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

    **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| , 20 . |

**COMMONWEALTH OF MASSACHUSETTS**

**Worcester, ss.**

**Superior Court
Civil Action**

No.

..................... Plaintiff

v.

..................... Defendant

**THIRD-PARTY
SUMMONS**

**(Mass. R. Civ. P. 4 and 14)**

a true copy by photostatic process

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                                    Superior Court

SANDRA S. KATZ,                                         ~~~~~~ent of the Trial Court
Plaintiff,                                                         mmonwealth
                                                                        ion
v.
                                                                        04-2116A

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.                                                              ARTY
                                                                        NS

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN
MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL
SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL
SERVICES, INC.,
Third Party Defendants.

To the above-named Defendant:     United States of America

<div style="float:left; writing-mode:vertical">NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.</div>

You are hereby summoned and required to serve upon Robert B. Gibbons,
Mirick, O'Connell, DeMallie & Lougee, LLP, Plaintiff's attorney, whose address
is 100 Front Street, Worcester, MA 01608-1477
and upon James F. Creed, Jr., Creed & Formica
who is attorney for, National Heritage Life Insurance Company in Liquidation
defendant and third-party plaintiff, and whose address is 1329 Highland Avenue,
Needham, MA 02492

an answer to the third-party complaint which is herewith served upon you, within 20 days
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the third-
party complaint.  You are also required to file your answer to the third-party complaint
in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before
service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the third-party plaintiff which arises out of the
transaction or occurrence that is the subject matter of the third-party plaintiff's claim or
you will thereafter be barred from making such claim in any other action. There is also
served upon you herewith a copy of the complaint of the plaintiff which you may but are
not required to answer.     Barbara J. Rouse

Witness, ████████████████████squire, at Worcester, the
day of                                in the year of our Lord two thousand and

                                                                        Clerk

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil
            Procedure.
        2.  When more than one third-party defendant is involved, the names of all such defendants should
            appear in the caption.  If a separate summons is used for each such defendant, each should be
            addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

........................................ Plaintiff

v.

........................................ Defendant

THIRD-PARTY
SUMMONS

(Mass. R. Civ. P. 4 and 14)



N.B. TO PROCESS SERVER

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

[ .  , 20 . ]

Dated: ........................................ 20

Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

January 3, 2005
I hereby certify and return that on 12/30/2004 at  9:25AM I served a true and
attested copy of the 3rd Party Summons, 3rd Party Complaint and ComplaintCover
Sheet in this action in the following manner: To wit, by delivering in hand to
Ilona Ferria,agent in charge at time of service,  for United States of America, at
,  1 Courthouse Way, US Attorney's Office,,  , Suite 9200 Boston, MA. Basic Service
fee (IH) ($30.00), Travel ($20.80), Postage and Handling ($1.00), Attest/Copies
($5.00) Total Charges $56.80

Deputy Sheriff George Slyva
Deputy Sheriff   George Slyva

*Deputy Sheriff*

## COMMONWEALTH OF MASSACHUSETTS

**Worcester, ss.**

SANDRA S. KATZ,
Plaintiff,

v.

DONNA LEE H. WILLIAMS, INSURANCE COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL HERITAGE LIFE INSURANCE
COMPANY IN LIQUIDATION,
Defendant and Third Party Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON LEGAL SERVICES, P.C., ALAN
MASON LEGAL SERVICES, INC., ALAN MASON D/B/A ALAN MASON LEGAL
SERVICES, P.C., ALAN MASON D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C. D/B/A ALAN MASON LEGAL
SERVICES, INC.,
Third Party Defendants.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action
No. 1-2116A

To the above-named Defendant: Federal Deposit Insurance Corporation

You are hereby summoned and required to serve upon  Robert B. Gibbons,
Mirick, O'Connell, DeMallie & Lougee, LLP......., Plaintiff's attorney, whose address
is ....100 Front Street, Worcester, MA  01608-1477 ........................................
and upon ...James F. Creed, Jr., Creed & Formica......................................................
who is attorney for, ..National Heritage Life Insurance Company in Liquidation
defendant and third-party plaintiff, and whose address is  1329 Highland Avenue,
.Needham, MA  02492...........................................................................................
an answer to the third-party complaint which is herewith served upon you, within 20 days
after service of this summons upon you. exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the third-
party complaint.  You are also required to file your answer to the third-party complaint
in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before
service upon the plaintiff's attorney and the third-party plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the third-party plaintiff which arises out of the
transaction or occurrence that is the subject matter of the third-party plaintiff's claim or
you will thereafter be barred from making such claim in any other action. There is also
served upon you herewith a copy of the complaint of the plaintiff which you may but are
not required to answer.

Barbara J. Rouse

Witness, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Esquire, at Worcester, the
day of                                    in the year of our Lord two thousand and

                                                                    Clerk

NOTICE TO THIRD-PARTY DEFENDANT: You need not appear personally in court to answer the third-party complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:  1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil
Procedure.
2.  When more than one third-party defendant is involved, the names of all such defendants should
appear in the caption.  If a separate summons is used for each such defendant, each should be
addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................ _January  3ᴿᴰ_ ................, 20_05_,

I served a copy of the within third-party summons, together with a copy of the third-party complaint and

the original complaint, in this action, upon the within named third-party defendant, in the following

manner (See Mass. R. Civ. P. 4 (d) (1-5):

_By delivering to Federal Deposit Insurance Corporation located at
1910 Pacific Ave. Dallas, Texas 75201. I personally handed to Denise
Spence, Secretary to (Regional) Regional Council., Dan McKedlevr, a copy of the original third party complaint_

Dated: _January 3ᴿᴰ_ , 20 _04_  .....................................................

## N.B. TO PROCESS SERVER

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

_Jan / 3ᴿᴰ_ , 20_05_.

DWIGHT MULLEN
Notary Public, State of Texas
My Commission Exp. 08-20-2005

Signed And Sworn To By _Robin D Berry_
Before Me This _4th_ Day Of _January_ 200_5_
_Dwight Mullen_
Notary Public, _Dallas_ County, State of _Texas_

**COMMONWEALTH OF MASSACHUSETTS**

Worcester, ss.

Superior Court Civil Action

No.

Plaintiff

v.

Defendant

THIRD-PARTY SUMMONS

(Mass. R. Civ. P. 4 and 14)

//ə/

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C. A. NO. 04-2116A

------------------------------------------------------------X

SANDRA S. KATZ,

       Plaintiff,

               v.

DONNA LEE H. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL
HERITAGE LIFE INSURANCE COMPANY
IN LIQUIDATION,

       Defendant and Third Party Plaintiff
               v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON
LEGAL SERVICES, P.C., ALAN MASON LEGAL
SERVICES, INC., ALAN MASON D/B/A ALAN
MASON LEGAL SERVICES, P.C., ALAN MASON
D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C.
D/B/A ALAN MASON LEGAL SERVICES, INC.,

       Third Party Defendants.

------------------------------------------------------------X

# FILED

**JAN 2 1 2005**

ATTEST:

*Frances A. Ford*

             CLERK

⑤

### NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk
       Worcester Superior Court
       2 Main Street
       Worcester, MA

Notice is hereby given that this case was removed to the United States District Court for the District of Massachusetts at Worcester, Massachusetts on the 21st day of January, 2005.

You will find herewith a certified copy of the Notice of Removal which has been filed in the United States District Court

Dated: New York, New York
      January *10*, 2005

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE
CORPORATION

By its attorneys:

Paul D. Maggioni
Federal Deposit Insurance Corporation
New York Legal Services Office
20 Exchange Place, 6th Floor
New York, New York 10005
(917) 320-2864

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C. A. NO. 04-2116A

-------------------------------------------------------------X

SANDRA S. KATZ,

     Plaintiff,

          v.

DONNA LEE H. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL
HERITAGE LIFE INSURANCE COMPANY
IN LIQUIDATION,

     Defendant and Third Party Plaintiff

          v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON
LEGAL SERVICES, P.C., ALAN MASON LEGAL
SERVICES, INC., ALAN MASON D/B/A ALAN
MASON LEGAL SERVICES, P.C., ALAN MASON
D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C.
D/B/A ALAN MASON LEGAL SERVICES, INC.,

     Third Party Defendants.

-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      I, Paul D. Maggioni, hereby certify that all known parties required to be notified of

removal pursuant to 28 U.S.C. Section 1446 have been so notified by placing true and exact

copies of the foregoing Notice of Removal and Notice to State Court of Filing of Notice of

Removal with the U.S. Postal Service, postage pre-paid, as follows:

This _21_ day of January, 2005.

Dated:  New York, New York
          January _21_, 2005

By: _____
      Paul D. Maggiotti
      Federal Deposit Insurance Corporation
      New York Legal Services Office
      20 Exchange Place, 6th Floor
      New York, New York  10005
      (917) 320-2864

**PARTY LIST**

Robert B. Gibbons, Esq.
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester, MA 01608-1477

James F. Creed, Esq.
Creed & Formica
1329 Highland Avenue
Needham, MA 02492

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------------X

SANDRA S. KATZ,

        Plaintiff,

                v.

DONNA LEE H. WILLIAMS, INSURANCE
COMMISSIONER OF THE STATE OF
DELAWARE AS RECEIVER OF NATIONAL
HERITAGE LIFE INSURANCE COMPANY
IN LIQUIDATION,

        Defendant and Third Party Plaintiff

                v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, UNITED STATES OF AMERICA,
E. PERRY KING, ALAN MASON, ALAN MASON
LEGAL SERVICES, P.C., ALAN MASON LEGAL
SERVICES, INC., ALAN MASON D/B/A ALAN
MASON LEGAL SERVICES, P.C., ALAN MASON
D/B/A ALAN MASON LEGAL SERVICES, INC.,
AND ALAN MASON LEGAL SERVICES, P.C.
D/B/A ALAN MASON LEGAL SERVICES, INC.,

        Third Party Defendants.

-----------------------------------------------------------------X

FILED
IN CLERKS OFFICE

2005 JAN 21  A II: II

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.

Removed From the Superior
Court Department of the Trial
Court, Worcester County
Civil Action No. 04-2116A

# 05-40014. FDS

## NOTICE OF REMOVAL FROM STATE COURT

        Now comes the Federal Deposit Insurance Corporation in its corporate capacity

("FDIC"),  and respectfully notifies the Court as follows:

        1.     The FDIC is the third-party defendant in a civil action now pending in the

Superior Court Department of the Trial Court of Massachusetts, Worcester County,

Massachusetts, Civil Action No. 04-2116A.

2.    A trial has not yet been had in the aforesaid case.

3.    A Certified copy of the Superior Court Docket is attached hereto as

Exhibit "A".

4.    Certified or attested copies of all records and proceedings in the Superior

Court shall be filed with this court within thirty (30) days from the date hereof.

5.    This Petition for Removal is brought pursuant to 12 U.S.C. Section 1819

(Fourth), and 28 U.S.C. Section 1446. No bond is required under the preceding statutory

provisions.

WHEREFORE, the action now pending in the Superior Court Department of the Trial

Court of Massachusetts, Worcester County, Massachusetts is properly removed therefrom to this

Court.

Dated: New York, New York
       January  *10* , 2005

                                        Respectfully submitted,

                                        FEDERAL DEPOSIT INSURANCE
                                        CORPORATION

                                        By its attorneys:

                                        Paul D. Maggioni
                                        Federal Deposit Insurance Corporation
                                        New York Legal Services Office
                                        20 Exchange Place, 6th Floor
                                        New York, New York 10005
                                        (917) 320-2864

A true copy by photostatic process
Attest:
Asst. Clerk