# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| SANDRA S. KATZ, | ) |
|  | ) |
|       **Plaintiff and Counterclaim-** | ) |
|       **Defendant,** | )   **Civil Action No.** |
|  | )   **05-40014-FDS** |
|       v. | ) |
|  | ) |
| **MATTHEW DENN, Insurance** | ) |
| **Commissioner of the State of Delaware, as** | ) |
| **Receiver of National Heritage Life Insurance** | ) |
| **Company in Liquidation,** | ) |
|  | ) |
|       **Defendant, Counterclaim-** | ) |
|       **Plaintiff, and Third-Party** | ) |
|       **Plaintiff,** | ) |
|  | ) |
|       v. | ) |
|  | ) |
| **FEDERAL DEPOSIT INSURANCE** | ) |
| **CORPORATION, UNITED STATES OF** | ) |
| **AMERICA, ALAN MASON, ALAN** | ) |
| **MASON LEGAL SERVICES, P.C., ALAN** | ) |
| **MASON LEGAL SERVICES, INC., ALAN** | ) |
| **MASON d/b/a ALAN MASON LEGAL** | ) |
| **SERVICES, P.C., ALAN MASON d/b/a** | ) |
| **ALAN MASON LEGAL SERVICES, INC.,** | ) |
| **and ALAN MASON LEGAL SERVICES,** | ) |
| **P.C. d/b/a ALAN MASON LEGAL** | ) |
| **SERVICES, INC.,** | ) |
|  | ) |
|       **Third-Party Defendants,** | ) |
|  | ) |
|       v. | ) |
|  | ) |
| **E. PERRY KING,** | ) |
|  | ) |
|       **Third-Party Defendant and** | ) |
|       **Fourth-Party Plaintiff,** | ) |
|  | ) |
|       v. | ) |
|  | ) |

| | )|
|---|---|
|**MANSOUR GAVAL,** | )|
| | )|
|        **Fourth-Party Defendant.** | )|
|_____| )|

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This case involves a dispute over a mortgage on a property located in Worcester, Massachusetts. Both the facts and the legal principles involved are somewhat tangled.

In 1988, two individuals borrowed $112,000 from a Massachusetts bank. They executed a promissory note and granted a mortgage to the bank on a property in Worcester. The bank failed soon thereafter, and in 1990 the note and mortgage were acquired by the Federal Deposit Insurance Corporation ("FDIC"). The FDIC transferred the note and mortgage in 1993 or 1994 to a private company. By 1997, after multiple intervening transfers, the note and mortgage were held by the Insurance Commissioner of Delaware as receiver of a life insurance company in liquidation.

The borrowers defaulted on the loan in approximately 1998. For unknown reasons, however, the Insurance Commissioner did not institute foreclosure proceedings. In 2002, the borrowers decided to sell the property. They asked the FDIC for a satisfaction of mortgage. Notwithstanding the facts that the FDIC did not own the note or the mortgage, and that the loan was in default, it issued the satisfaction. The satisfaction was recorded and the property was sold.

A subsequent owner, plaintiff Sandra S. Katz, has filed suit against the Insurance Commissioner, seeking a declaration that she took title to the property free and clear of any

2

mortgage interest claimed by the Insurance Commissioner.  The Insurance Commissioner has filed

a counterclaim against Katz, seeking a declaration that the property remains subject to the

mortgage, as well as a third-party complaint against the FDIC; the United States; E. Perry King,

one of the original borrowers; and Alan Mason, King's attorney.[1]  The third-party complaint

alleges various tort claims, and seeks, as relief, damages from the third-party defendants.   Katz

then sold the property to another individual who is not a party to this proceeding.

Pending before the Court is plaintiff Katz's motion for summary judgment and the

renewed motion of third-party defendants the FDIC and the United States of America to dismiss

certain counts of the third-party complaint.   For the reasons set forth below, (1) Katz's complaint

will be dismissed as moot, as she has sold the property; (2) the Commissioner will be given 45

days to rectify or otherwise address his counterclaim's apparent failure to join a necessary party

(the current owner) under Rule 19(a); and (3) the third-party complaint will be dismissed as

improper under Rule 14(a).  Both the motion for summary judgment and the motion to dismiss

will be denied as moot.

I.   **Factual Background**

On January 27, 1988, Perry and Terry King executed a promissory note to the Home

National Bank of Milford, Massachusetts, in the sum of $112,000.  The promissory note (the

"Note") was secured by a mortgage on property located at 19 Canton Street, Worcester,

Massachusetts (the "Mortgage").  The Mortgage was recorded in the Worcester District Registry

---

[1] The third-party complaint actually names Alan Mason; Alan Mason Legal Services, P.C.; Alan Mason Legal Services, Inc.; Alan Mason d/b/a Alan Mason Legal Services, P.C.; Alan Mason d/b/a Alan Mason Legal Services, Inc.; and Alan Mason Legal Services, P.C. d/b/a Alan Mason Legal Services, Inc.  For the sake of convenience, the Court will refer to all such defendants collectively as "Alan Mason."

of Deeds.[2]

The Home National Bank became insolvent on June 1, 1990. The FDIC then acquired the Note and Mortgage. On March 29, 1994, the FDIC assigned the Note and Mortgage to South Star Management Company, Inc., with a notation that the assignment was to be effective "as of" December 17, 1993. South Star transferred the Note and Mortgage to the National Housing Exchange, Inc ("NHE").[3] That transfer, curiously, was dated March 18, 1994.

Thereafter, NHE became involved in litigation concerning the National Heritage Life Insurance Company ("NHL"), a Delaware-domiciled life insurance company. That litigation resulted in five separate orders entered by the United States District Court for the Northern District of Illinois and by the Chancery Court of the State of Delaware. Those orders declared that unencumbered ownership of the Note and Mortgage and various other assets was vested in the Insurance Commissioner of the State of Delaware as receiver of NHL in liquidation.

The Commissioner's ownership of the Note and Mortgage (as well as other assets) was recognized in the Commonwealth of Massachusetts by two orders of the Suffolk County Superior Court in Civil Action No. 97-02013B, which entered a default judgment and gave effect to the five orders in foreign jurisdictions. Those Massachusetts judgments were recorded in the Worcester County Registry of Deeds on September 15, 1997, and October 21, 1997.

The Massachusetts judgments make no explicit reference to the Note, the Mortgage, or the 19 Canton Street property. According to the Commissioner, attached to the judgments are

---

[2] Terry King is not a party to this action; according to the Commissioner, at some point he filed for bankruptcy and was subsequently discharged.

[3] Katz's original complaint alleged that neither of these assignments were ever recorded in the Registry of Deeds. That allegation has not been contested by the defendant/third-party plaintiff.

4

indexes listing all real estate mortgages in Massachusetts determined to be owned by the Commissioner as the receiver of NHL. According to Katz, the recorded judgments cannot be located by property title searches conducted with regard to the Kings, the subsequent owners of the property, the property itself, or Home National Bank.

At some unknown point, the Kings stopped making payments on the loan. In 1998, NHL filed suit against the Kings in the Superior Court in Worcester County.[4] The complaint alleged that the Kings were in default on the Note and the Mortgage. The complaint also contained factual allegations concerning the assignment of the Note and Mortgage from FDIC to South Star, from South Star to NHE, and from NHE to NHL. In addition, copies of the assignments were attached to the complaint.

The Kings did not appear and defend the suit. On October 15, 1998, the Superior Court entered default judgment against the Kings.

For reasons that are not clear from the record, NHL nonetheless never foreclosed on the property, and apparently never even attempted to do so. Indeed, nothing appears to have happened for nearly four years.

In July 2002, the Kings prepared to sell the property at 19 Canton Street. Through their attorney, Alan Mason, they contacted the FDIC to request a discharge of the Mortgage. The Commissioner alleges that Attorney Mason and the Kings provided signed affidavits to the FDIC in which they fraudulently represented that the Note had been paid in full. At the time, the loan was in fact still outstanding (indeed, in default), and the Note and Mortgage were no longer

---

[4] The 1998 lawsuit was brought by Fred A. Buck, Emile L. Leland, Jr., and Stephen J. Thompson as trustees of the NHL Trust. The NHL Trust was a Delaware trust, established by the Commissioner after NHL was placed in liquidation.

owned by the FDIC, having been transferred in 1993 or 1994. Nevertheless, on July 19, 2002, the FDIC issued a Satisfaction of Mortgage to the Kings. The Kings then transferred the property to Mansour and Nader Gaval. The Satisfaction of Mortgage was recorded on August 1, 2002.

On January 28, 2004, the property was transferred by the Gavals to plaintiff Sandra S. Katz.[5] On July 8, 2004, the Commissioner gave notice of default on the Note and Mortgage and of his intention to foreclose on the property. Notice was provided to both the Kings and Katz. On July 23, 2004, counsel for Perry King notified the Commissioner that the Note and Mortgage had been satisfied and discharged.

On March 18, 2005, Katz transferred the property by quitclaim deed to Fatu Miller. Miller is not a party to the present action.

## II.    Procedural History

Katz filed a one-count complaint for declaratory judgment against the Commissioner in the Worcester Superior Court on October 25, 2004. Her complaint seeks a declaration that she took title to the property free and clear of any mortgage interest claimed by the Commissioner.

The Commissioner filed a two-count counterclaim against Katz on December 6, 2004. Count I of the counterclaim seeks a declaration that the property at 19 Canton Street remains subject to the Note and the Mortgage. In Count II, the Commissioner seeks a declaration that Katz had actual notice of the loan prior to purchasing the property at 19 Canton Street, and that therefore the property remains subject to the loan.

The Commissioner also filed a third-party complaint against the FDIC, the United States,

---

[5] The Commissioner contends that Katz had actual notice of the outstanding mortgage prior to her purchase of the property. The Commissioner does not, however, allege any wrongdoing on the part of Katz.

Perry King, and Alan Mason on December 27, 2004.  Six of the ten counts of the third-party complaint were aimed specifically against the FDIC, alleging fraud, deceit, and misrepresentation (Count II); violation of Mass. Gen. Laws ch. 93A (Count III); violation of Federal Tort Claims procedure [*sic*] (Count IV); interference with advantageous business relations (Count VII); slander of title (Count VIII); and taking without just compensation (Count X).  None of the claims in the third-party complaint allege that any of the third-party defendants were or might be liable to the Commissioner for all or part of plaintiff's claim.

The FDIC removed the case to this Court on January 21, 2005.  Mansour Gaval was joined as a fourth-party defendant by third-party defendant (and fourth-party plaintiff) Perry King on July 25, 2005.

On December 27, 2005, Katz filed a motion for summary judgment.[6]  On April 12, 2006, the FDIC renewed a motion to dismiss that had been earlier denied without prejudice.[7]

## III.  <u>Analysis</u>

### A.    <u>Katz's Motion for Summary Judgment</u>

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Mesnick v. General Elec. Co.*, 950 F.2d 816,

---

[6] In his opposition, the Commissioner asks the Court to deny Katz's motion for summary judgment, and to instead enter a declaratory judgment in his favor.  However, because the Commissioner has not filed a motion, as required by Fed. R. Civ. P. 56, the Court will not treat this request as a cross-motion for summary judgment.

[7] The FDIC originally filed a motion to dismiss on April 4, 2005.  On May 6, 2005, the Commissioner filed an opposition and a motion to strike the attachments to the FDIC's motion to dismiss.  The procedural requirement of the removal statute—28 U.S.C. §§ 1441 *et seq.*—had not been satisfied, inhibiting the Court's analysis of the motion.  On March 23, 2006, the Court denied the FDIC's motion to dismiss without prejudice and denied as moot the Commissioner's motion to strike.  The procedural deficiency was rectified on March 31, 2006, and on April 5, the Court granted the FDIC's assented-to motion for an extension of time to renew its motion to dismiss or otherwise respond to the third-party complaint.  The FDIC renewed its motion to dismiss on April 12, 2006, and the Commissioner renewed his opposition on May 9.  The Commissioner did not renew his motion to strike the attachments to the FDIC's motion to dismiss.

822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)).  The

burden is upon the moving party to show, based upon the pleadings, discovery, and affidavits,

"that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party

to set forth specific facts showing that there is a genuine, triable issue.  *Celotex Corp. v. Catrett*,

477 U.S. 317, 324 (1986).  A genuine issue is one "that a reasonable jury could resolve . . . in

favor of the nonmoving party."  *United States v. One Parcel of Real Prop.*, 960 F.2d 200, 204

(1st Cir. 1992).  A fact is material "when [it] has the potential to change the outcome of the suit

under the governing law if found favorably to the nonmovant."  *Parrilla-Burgos v. Hernandez-

Rivera*, 108 F.3d 445, 448 (1st Cir. 1997) (quoting *Martinez v. Colon*, 54 F.3d 980, 984 (1st Cir.

1995)).  The court must view the entire record in the light most hospitable to the non-moving

party and indulge all reasonable inferences in that party's favor.  *O'Connor v. Steeves*, 994 F.2d

905, 907 (1st Cir. 1993).

Here, Katz asks the Court to grant summary judgment on the grounds that (1) the

assignments of the Note and Mortgage from the FDIC to the subsequent holders were never

recorded; (2) the FDIC's Satisfaction of Mortgage was recorded; and (3) she was a bona fide

purchaser who took title to the property free of the Commissioner's claimed mortgage interest.

The Commissioner responds that plaintiff is not entitled to summary judgment, as she has

transferred the subject property to a third-party, and therefore no longer has an interest in this

action.  The Court agrees, and goes a step further, concluding that Katz's one-count complaint

should be dismissed as moot.

### 1.     Whether Katz's Claim for Declaratory Relief Is Moot

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy." *Boston & Maine Corp. v. Brotherhood of Maint. of Way Employees*, 94 F.3d 15, 20 (1st Cir. 1996) (quotation and internal citation omitted).  Where declaratory relief is sought, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (quotation and internal citation omitted).

At the time that Katz initiated this civil action in October 2004, an actual controversy existed between (1) Katz, as owner of the 19 Canton Street property, and (2) the Commissioner, who claimed a mortgage interest in that property.  In the interim, however, that controversy (at least as to those parties) has been extinguished by a change in circumstances.

In support of his opposition, the Commissioner has submitted unrebutted evidence that on March 18, 2005, Katz transferred the property by quitclaim deed, for consideration of $300,000, to Fatu Miller.  It thus appears that Katz no longer owns, or has any interest in, the property, and therefore lacks a cognizable interest in the outcome of this case.  Accordingly, Katz's motion for summary judgment will be denied and the Court will dismiss her complaint as moot.

### 2.     Whether the Commissioner's Counterclaim Survives

Having concluded that Katz's complaint and claim for declaratory relief should be dismissed, the Court must next determine whether the Commissioner's counterclaim survives.

9

Unlike Katz, the Commissioner has a continuing stake in this litigation, due to his claimed ownership of the Note and the Mortgage.  Accordingly, it does not appear that his claim for declaratory relief is moot.

The Commissioner, however, faces a separate obstacle.  At present, defendant's counterclaim is asserted solely against Katz, who (as defendant has himself established) no longer owns or has an interest in the subject property.  Neither Katz nor the Commissioner, however, has sought to join the new owner of the property as a party to this action.  Because the new property owner is almost certainly a "necessary" and "indispensable" party under Fed. R. Civ. P. 19, the Court is likely precluded from granting the requested relief in his or her absence.

Rule 19 sets forth a test for determining whether an action should be dismissed for failure to join a necessary party.  First, the Court must determine whether an absent party is "necessary." Fed. R. Civ. P. 19(a); *see Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).  A party is "necessary" under Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest . . . .

Should the Court conclude that the absent party is "necessary," it must then determine whether joinder of the absent party is "feasible"—that is, whether the party is subject to service of process and can be joined without depriving the Court of subject matter jurisdiction over the action.  *See* Fed. R. Civ. P. 19(a).  If joinder if feasible, the absent party must be made a party to the action.  *Id.*  However, if it is not feasible, the Court must next determine whether that party is "indispensable" under Rule 19(b); that is, whether "in equity and good conscience the action

10

should proceed among the parties before it, or [alternatively, whether the action] should be

dismissed." Fed. R. Civ. P. 19(b).  In determining whether a party is "indispensable," the Court

must consider the following factors:

> first, to what extent a judgment rendered in the person's absence might be
> prejudicial to the person or those already parties; second, the extent to which, by
> protective provisions in the judgment, by the shaping of relief, or other measures,
> the prejudice can be lessened or avoided; third, whether a judgment rendered in the
> person's absence will be adequate; fourth, whether the plaintiff will have an
> adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

In the present case, the new owner of the property clearly meets Rule 19's definition of

"necessary."  There can be no doubt that the current titleholder has an interest in the subject of

this action—that is, whether the property is subject to the Commissioner's claimed mortgage

interest—and disposition of this case in the owner's absence threatens to impair his or her ability

to protect that interest.  Moreover, the factors set forth in Rule 19(b) suggest that the new owner

is also "indispensable" to this action.  If the Court renders a judgment in defendant's favor,

declaring that the property is subject to the mortgage, it would obviously be prejudicial to the new

property owner, with no apparent means of lessening or avoiding that prejudice.  And if the action

is dismissed, the Commissioner will have an adequate remedy available to him—that is, he can

simply attempt to foreclose on the property.

The Court cannot determine on the present record, however, whether joinder of the new

owner would be feasible.  The identity of the current titleholder is not even entirely clear.  While

the quitclaim deed indicates that the property was transferred on March 18, 2005, to an individual

named Fatu Miller, it is certainly possible that ownership has again changed hands since that date.

Furthermore, whoever the current owner may be, nothing in the record currently before the Court establishes whether (1) he or she is subject to service of process or (2) joinder would deprive this Court of subject matter jurisdiction.[8]

Feasibility of joinder is not the only unresolved issue in this case. This action was removed to federal court by a third-party defendant, the FDIC. However, as explained below, the third-party complaint was improperly filed. It is therefore unclear whether the Commissioner's counterclaim should remain in this Court, or alternatively, whether it should be remanded to the state court.

Because these issues cannot be resolved on the record presently before the Court, the Commissioner will be given 45 days to seek to join the new property owner as a party or to take other appropriate action. If no action is taken within that time period, defendant's counterclaim will be dismissed for failure to join a necessary party.

**B.     FDIC's Motion to Dismiss**

Third-party defendant the FDIC has moved to dismiss various counts of the third-party complaint. The Court need not reach the merits of the motion to dismiss, however, as it concludes that the filing of the third-party complaint was improper in this case and that the third-party complaint should therefore be dismissed.

Under Fed. R. Civ. P. 14(a),

a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim* against the third-party plaintiff.

---

[8] At present, federal jurisdiction in this case is premised on the fact that the United States is a third-party defendant. As discussed below, however, the third-party complaint was improperly brought under Rule 14(a).

(emphasis added). A third-party claim is only proper under Rule 14(a) when "the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting 6 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 1446, at 355-58, (1990)). "If the claim is separate or independent from the main action, impleader will be denied." *Id. See also Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 393 (1st Cir. 1999); *Resolution Trust Corp. v. Farmer*, 836 F. Supp. 1123, 1129 (E.D. Pa. 1993).

In the present case, plaintiff's original claim sought a declaration that she took title to the property free of the defendant's claimed mortgage interest. The Commissioner's third-party complaint in no way alleges, or even suggests, that the third-party defendants are secondarily or derivatively liable for plaintiff's claim against him. Rather, the third-party complaint seeks redress from the third-party defendants for a variety of legal theories. In the Court's view, these tort claims are separate and independent from the main action between Katz and the Commissioner, and cannot properly support a third-party complaint under Rule 14(a).

Accordingly, impleader was improper in this case and the third-party complaint will be dismissed. *See Damar Inc. v. Advanced Global Design, Inc.*, No. 98-CV-3435, 1998 WL 967549, at * 1-2 (E.D. Pa. Nov. 19, 1998) (dismissing third-party complaint for failure to allege derivative or secondary liability).[9] In light of this dismissal, the FDIC's motion to dismiss will be denied as moot.

The Court is not without some reservations in dismissing the third-party complaint.

---

[9] Because the third-party complaint was improperly filed in this case, the resulting fourth-party complaint was similarly improper and will therefore be dismissed.

13

Among other things, Rule 14(a) expressly provides that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." It is unclear whether the Court may take such action of its own accord. *Cf. United States v. Houff*, 202 F. Supp. 471, 480 (W.D. Va. 1962) (dismissing the main action and expressing doubt as to whether the court had the power to act to vacate the third-party complaint sua sponte). In order to permit the Court to at least consider the possibility of severance or other remedy, the Commissioner will be given 45 days to seek reconsideration of this dismissal or other appropriate relief.

IV.    **Conclusion**

For the foregoing reasons:

1.      The complaint of plaintiff Sandra S. Katz is DISMISSED;

2.      The third-party complaint of defendant, counterclaim-plaintiff, and third-party plaintiff Matthew Denn, Insurance Commissioner of the State of Delaware, is DISMISSED;

3.      The fourth-party complaint of third-party defendant and fourth-party plaintiff E. Perry King is DISMISSED;

4.      The motion for summary judgment by plaintiff Sandra S. Katz is DENIED as moot;

5.      The motion to dismiss by third-party defendant the Federal Deposit Insurance Corporation is DENIED as moot;

6.      Defendant, counterclaim-plaintiff, and third-party plaintiff Matthew Denn, Insurance Commissioner of the State of Delaware, shall have 45 days from the date of this order to show cause why the counterclaim should not be dismissed for

14

failure to join a necessary party under Rule 19(a) of the Federal Rules of Civil

Procedure;

7.    Defendant counterclaim-plaintiff, and third-party plaintiff Matthew Denn,

Insurance Commissioner of the State of Delaware, shall have 45 days from the

date of this order to seek reconsideration of that portion of this order dismissing

the third-party complaint under Rule 14(a) of the Federal Rules of Civil Procedure

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 12, 2007                            United States District Judge

15