UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SANDRA S. KATZ,                     )
         Plaintiff                  )
v.                                  )
                                    )
DONNA LEE H. WILLIAMS, INSURANCE    )
COMMISSIONER OF THE STATE OF        )
DELAWARE AS RECEIVER OF NATIONAL    )
HERITAGE LIFE INSURANCE COMPANY     )   CIVIL ACTION
IN LIQUIDATION,                     )   NO. 05-40014-FDS
         Defendant and Third Party Plaintiff )
v.                                  )
                                    )
FEDERAL DEPOSIT INSURANCE CORP.;    )
UNITED STATES OF AMERICA;           )
E. PERRY KING;                      )
ALAN MASON;                         )
ALAN MASON LEGAL SERVICES, P.C.;    )
ALAN MASON LEGAL SERVICES, INC.,    )
ALAN MASON d/b/a                    )
ALAN MASON LEGAL SERVICES, P.C.;    )
ALAN MASON d/b/a                    )
ALAN MASON LEGAL SERVICES, INC.;    )
and                                 )
ALAN MASON LEGAL SERVICES, P.C. d/b/a )
ALAN MASON LEGAL SERVICES, INC.,    )
                                    )
         Third Party Defendants.    )
_____)

**FEDERAL DEFENDANTS' OPPOSITION TO COMISSIONER DENN'S
MOTION FOR RECONSIDERATION**

On March 12, 2007, this Court dismissed the federal defendants -- and the other

third party defendants -- from this action sua sponte, on the basis that the third party

1

complaint did not allege derivative liability and alleged claims that were separate and independent of Sandra Katz' initial complaint. The dismissal was proper, and Denn's Motion for Reconsideration should be denied, for the following reasons:

### I. The Court Has the Authority to Dismiss Sua Sponte

The Court has inherent power to dismiss a complaint sua sponte. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996). The exercise of this authority rests largely in the Court's sound discretion. Taub v. Hale, 355 F.2d 201, 202 (2d Cir. 1966). Indeed, a court should dismiss a Complaint when it discerns that the allegations in the pleadings are insufficient to sustain its jurisdiction. KVOS, Inc. V. Ass'd Press, 299 U.S. 269, 277 (1936).

### II. The Court Has Broad Authority to Dismiss Third Party Claims

A District Court has broad authority to permit or deny third party claims, and its authority is limited only by abuse of discretion. Lehman v. Revolution Portfolio, L.L.C., 166 F.3d 389, 393 (1st Cir. 1999) ("whether a third-party defendant may be impleaded under Rule 14 continues to be a question addressed to the sound discretion of the trial court"); United States v. One Mercedes Benz, 708 F.2d 444, 452 (1983) (Court of Appeals will review dismissal of third-party defendant only for abuse of discretion); M.O.C.H.A. v. City of Buffalo, 272 F. Supp.2d 217, 220 (W.D.N.Y. 2003) (right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court").

### III. Court Has Reasonable Basis for Dismissal of Third-Party Claims

A third-party claim is proper under Rule 14(a), Federal Rules of Civil Procedure, when "the third party's liability is in some way dependent on the outcome of the main claim or when the third part is secondarily liable to defendant." FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994). "If the claim is separate or independent from the main action, impleader will be denied." Lehman v. Revolution Portfolio, 166 F.3d at 393; United States v. Government Development Bank, 132 F.R.D. 129, 131 (D.P.R.1990) (third-party plaintiff must assert claim that is derivative of some claim set forth in the plaintiff's complaint). The Court has held that Denn's complaint

> in no way alleges, or even suggests, that the third-party defendants are secondarily or derivatively liable for plaintiff's claim against him.. Rather, the third-party complaint seeks redress from the third-party defendants for a variety of legal theories. In the Court's view, these tort claims are separate and independent from the main action between Katz and the Commissioner, and cannot properly support a third-party complaint under Rule 14(a).

Memorandum and Order at 13. The Court's decision is adequately supported, for the following reasons:

**(A) Plaintiff Asserts No Monetary Claim Against Denn**

Sandra Katz asserts no claim for damages against Denn, nor would she be entitled to damages, since she merely seeks declaratory judgment that she was entitled to rely on the Satisfaction of Mortgage filed in the Registry of Deeds in purchasing the 19 Canton Street property for $205,000. Complaint ¶¶ 13-14. She makes no allegation of financial

3

loss against Denn, and her Complaint does not indicate that she had financial loss. Nor does she allege tortious conduct or other wrongdoing against Denn, but merely requests a determination that her reliance on the Registry filing was legally warranted (Likewise, Denn makes no allegations of tortious conduct or financial loss against Katz and does not seek, in this action, to foreclose on the property or take any other action inimical to Katz). As a result, Denn's third party complaint against the federal defendants for tort damages is not dependent on or derivative to Katz' Complaint.

It is true that Lehman v. Revolution Portfolio permitted a third-party claim for damages when the initial complaint asked for declaratory judgment and did not explicitly ask for damages. 166 F.3d at 393-94. However, in that case, the plaintiff had suffered financial losses, he asked for rescission of contract and the court had the authority to award damages in lieu of rescission. Id. at 394. That is not the case here, where the Court would lack authority to award damages to Katz where she has suffered no loss, and where she requests no rescission, but merely seeks quietude regarding a mortgage from Perry and Terry King that she did not pay.[1] In United States v. Government Development Bank, 132 F.R.D. at 131, the Chief Judge for the District of Puerto Rico held that a third-party claim was not derivative where it sought damages for conduct that was distinctly different from conduct alleged in the initial complaint. After all, it is not sufficient that the third-party claim is a related claim; the third-party claim must be derivatively based

---

[1] Denn would be unable to collect on the mortgage in this action because his only recourse at this point in time is an in rem action against 19 Canton St. under foreclosure laws.

on the original plaintiff's claim.  United States v. Mercedes Benz, 708 F.2d at 452.

Moreover, Denn asserts that his third-party claim is in contribution, but he does not provide any basis for a contribution claim under the circumstances of this case.  The Massachusetts contribution statute, "Right of Contribution Among Tortfeasors," M.G.L. ch. 231B, provides for contribution "where two or more persons become jointly liable in tort for the same injury to person and property," but that is not the case here, since Katz makes no allegations of tortious conduct against Denn.  Moreover, there is no federal common law of contribution that Denn might employ where, as here, Massachusetts law of contribution in tort is inapplicable.  Fleming v. Lind-Waldock & Co., 922 F.2d 20, 27 (1st Cir. 1990) ("The Supreme Court has never recognized a "general federal right to contribution," citing Texas Industries Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 642 (1981)).

In fine, whether the federal defendants committed torts affecting the ultimate apportionment of the amount of the mortgage is not contingent upon the narrow question of whether Katz is liable for the Perrys' mortgage secured by her property.  See Siemens Westinghouse Power v. Dick Corp., 299 F.Supp.2d 242, 248 (S.D.N.Y. 2004) (whether third-party defendants committed contract breaches or torts affecting ultimate apportionment of damages not contingent upon question of which Consortium member is liable for the up-front payments under a Consortium Agreement).

**(B)  Denn is No Longer a Defendant**

Rule 14(a) provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action. . . ." Although Denn was originally a defendant in this action, the Court has dismissed Katz' claim against Denn as moot because she is no longer the owner of the property. Memorandum and Order at 9.  The purchaser, Fatu Miller, cannot be compelled to be substituted as the Plaintiff bringing the action.  Therefore, Denn cannot be subject to the claim alleged in the Complaint, is not a "defending party" within the requirement of the Rule, and cannot rely on Rule 14 as a basis for impleading the federal defendants.  The survivor after the Court's Order is Denn's counterclaim against Katz, wherein Miller is substituted, and Denn is, obviously, not the defendant there.  Accordingly, the right of impleader conferred by Rule 14 is irrelevant to the circumstances here.

**(C.)  The Third-Party Claims are Complicated and Require Different Evidence**

The third-party complaint alleges entirely new conduct that is distinctly different from allegations of the Complaint.  The allegations against the federal defendants are of fraud, deceit, misrepresentation, violation of the Massachusetts consumer protection law, M.G.L. ch. 93A, tortious interference with advantageous business relations, slander of title, and a "taking" under the Fifth Amendment to the U.S. Constitution.  The allegations against the other third party defendants are in fraud, deceit, and misrepresentation .  All of the third-party allegations are complicated and potentially confusing and will involve

6

lengthy discovery, causing long delay to adjudication of the original claim. Under these circumstances, the Court was entitled to determine that they are independent claims, not subject to impleader. See Riccitelli v. Water Pik Technologies, Inc., 203 F.R.D. 62, 65 (D.N.H. 2001) (where variety of complex legal theories in third-party complaint threaten to complicate, confuse, and delay the case, impleader denied under Rule 14); Connors v. Suburban Propane Co., 916 F.Supp. 73, 79 (D.N.H.1996) (impleader denied where it would materially alter the character, and perhaps even the outcome of the litigation, and transform a simple two-party case into a complex, expensive, and potentially confusing multi-party case).

For these reasons, the federal defendants suggest that the Court's dismissal of the third-party complaint was warranted and that Denn's motion to reconsider should be denied.

                Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                        /s/ Anita Johnson
                        ANITA JOHNSON
                        Assistant U.S. Attorney
                        U.S. Attorney's Office
                        John Joseph Moakley U.S. Courthouse
                        1 Courthouse Way - Suite 9200
                        Boston, MA  02210
                        (617) 748-3282

**CERTIFICATE OF SERVICE**

  I certify that the foregoing has been served upon counsel of record on this tenth day of May 2007 by electronic transmission.

                  /s/ Anita Johnson