UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA S. KATZ, | ) |
|     Plaintiff and Counterclaim-Defendant, | ) Civil Action No. 05-40014-FDS |
| v. | ) |
| MATTHEW DENN, Insurance Commissioner of the State of Delaware, as Receiver of National Heritage Life Insurance Company in Liquidation, | ) |
|     Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff, | ) |
| v. | ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, UNITED STATES OF AMERICA, ALAN MASON et al., | ) |
|     Third-Party Defendants, | ) |
| v. | ) |
| E. PERRY KING, | ) |
|     Third-Party Defendant and Fourth-Party Plaintiff, | ) |
| v. | ) |
| MANSOUR GAVAL, | ) |
|     Fourth-Party Defendant. | ) |

**MEMORANDUM AND ORDER ON COUNTERCLAIM/THIRD-PARTY PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF THIRD-PARTY COMPLAINT AND MOTION TO SUBSTITUTE DEFENDANT IN COUNTERCLAIM**

**SAYLOR, J.**

**I.    Background**

This case involves a dispute over a mortgage on a property located at 19 Canton Street, Worcester, Massachusetts.  On October 25, 2004, the owner of the property at the time, Sandra S. Katz, filed suit in Massachusetts Superior Court against the Insurance Commissioner of Delaware, holder of the promissory note and mortgage as receiver of a life insurance company in liquidation.  Katz sought a declaratory judgment that she took title to the property from the previous owner free and clear of any mortgage interest claimed by the Commissioner.  The Commissioner filed a counterclaim against Katz, seeking a declaration that the property remains subject to the mortgage.  The Commissioner also filed a third-party complaint against the Federal Deposit Insurance Corporation and the United States (collectively, the "FDIC"), Perry King, one of the original borrowers,[1] and Alan Mason, King's attorney.[2]  Six of the ten counts of the third-party complaint were aimed specifically against the FDIC, alleging fraud, deceit, and misrepresentation (Count II); violation of Mass. Gen. Laws ch. 93A (Count III); violation of Federal Tort Claims procedure [sic] (Count IV); interference with advantageous business relations (Count VII); slander of title (Count VIII); and taking without just compensation (Count X).

---

[1] Terry King, the other original borrower, is not a party to this action; according to the Commissioner, at some point he filed for bankruptcy and was subsequently discharged.

[2] The third-party complaint actually names Alan Mason; Alan Mason Legal Services, P.C.; Alan Mason Legal Services, Inc.; Alan Mason d/b/a Alan Mason Legal Services, P.C.; Alan Mason d/b/a Alan Mason Legal Services, Inc.; and Alan Mason Legal Services, P.C. d/b/a Alan Mason Legal Services, Inc.  For the sake of convenience, the Court will refer to all such defendants collectively as "Alan Mason."

None of the claims in the third-party complaint allege that any of the third-party defendants were or might be liable to the Commissioner for all or part of plaintiff's claim. The FDIC removed the case from state court to federal court on January 21, 2005. On March 18, 2005, Katz sold the property to Fatu Miller, an individual who was not a party to the action.[3]

On December 27, 2005, Katz filed a motion for summary judgment. On April 12, 2006, the FDIC renewed a motion to dismiss that had been earlier denied without prejudice. On March 12, 2007, the Court issued a memorandum and order in which it concluded that the third-party complaint should be dismissed. The Court gave the Commissioner 45 days to seek reconsideration of the dismissal. In addition, the Court determined that the declaratory judgment claim filed by Katz was moot because she was no longer the property owner. The Court also gave the Commissioner 45 days to seek to join the new property owner before being dismissed for failure to join a necessary party.

Pending before the Court is the Commissioner's motion to reconsider the dismissal of the third-party complaint and the Commissioner's motion to substitute the counterclaim defendant. For the reasons set forth below, (1) the motion to reconsider the dismissal of the third-party complaint will be denied; (2) Fatu Miller, the current property owner, will be substituted as the defendant in the counterclaim; and (3) the case will be remanded to Superior Court.

**II.    Analysis**

    **A.    Motion to Reconsider Dismissal of FDIC**

Under Fed. R. Civ. P. 14(a), "a defending party, as a third-party plaintiff, may cause a

---

[3] For a detailed summary of the facts and procedural history of this case, see the Court's Memorandum and Order on Plaintiff's Motion for Summary Judgment and Third-Party Defendant's Motion to Dismiss, issued on March 12, 2007.

summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." In its March 12 memorandum and order, the Court concluded that the third-party complaint in this case was improper under Rule 14(a). The Court stated that

> plaintiff's original claim sought a declaration that she took title to the property free of the [Commissioner's] claimed mortgage interest. The Commissioner's third-party complaint in no way alleges, or even suggests, that the third-party defendants are secondarily or derivatively liable for plaintiff's claim against him. Rather, the third-party complaint seeks redress from the third-party defendants for a variety of legal theories. In the Court's view, these tort claims are separate and independent from the main action between Katz and the Commissioner, and cannot properly support a third-party complaint under Rule 14(a).

(March 12 memorandum and order at 13).

In his request for reconsideration of the Court's dismissal of the third-party complaint, the Commissioner correctly contends that Rule 14 impleader is appropriate when a right to relief exists under applicable substantive state law. The Commissioner further contends that the substantive law that provides the basis for his third-party impleader of the FDIC is tort-based right to indemnification under Massachusetts law. Massachusetts does recognize a common-law right to indemnification where one party "incurs tort liability as a result of the tortious acts of another." *FDIC v. Caolo et al.*, 478 F. Supp. 1185, 1186 (D. Mass. 1979). However, that substantive law does not support impleading the FDIC, or the other third-party defendants, in this case.

First, as support for his reconsideration request, the Commissioner points to paragraphs in his third-party complaint where he contends that the FDIC did not have the right to discharge the property mortgage in 2002, having sold its rights to the mortgage to a separate party in 1994. The Commissioner contends that these allegations support a finding that the FDIC was

4

secondarily liable in this matter, and therefore that the third-party complaint was proper. The Commissioner, however, cannot point to any count in his third-party complaint in which he makes an indemnity claim against FDIC. The third-party complaint includes six counts against FDIC, but not one of those claims is for tort-based indemnification. The Commissioner's general contentions concerning FDIC's alleged improper discharge of the mortgage are not sufficient to satisfy the requirements of Rule 14(a).

Second, even assuming for present purposes that the third-party complaint includes a properly pleaded claim for indemnification by the FDIC, that remedy is not applicable under the circumstances of this case. As mentioned above, under Massachusetts common-law the Commissioner may have the right to tort-based indemnity if he incurs tort liability as a result of the tortious acts of another party. *See Caolo*, 478 F. Supp. at 1186. Here, however, the Commissioner would not incur tort liability if the property owner was found to own the property free of the mortgage owned by the Commissioner. Therefore, the Commissioner cannot seek indemnity from the FDIC, or any other third-party defendant, under a common-law tort-based indemnity theory. *See Nicolaci v. Anapol*, 387 F.3d 21, 27 (1st Cir. 2004) (finding no basis for common-law indemnity claim in fraudulent transfer cases because common-law indemnity doctrine has been recognized only in personal-injury tort actions).

Accordingly, the motion for reconsideration will be denied.

**B.     Motion to Substitute Counterclaim Defendant**

Under Fed. Rule Civ. P 25(c), where there has been a transfer of a property interest from an original party to a non-party, the Court may, upon motion, direct the person to whom the interest is transferred to be substituted in the action or joined with the original party. This rule

5

applies to the transfer of interest in real property during the pendency of an action. *See Blachy v. Butcher*, 221 F.3d 896, 911 (6th Cir. 2000); 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 1958 (3d ed. 2007). Here, Katz transferred the interest in the property to Fatu Miller after the commencement of this action. The Commissioner, as the counterclaim plaintiff, has moved this Court to substitute Miller, the current property owner, for Katz, as the counterclaim defendant  The requested party substitution is warranted under the circumstances. Accordingly, the Court will grant the Commissioner's motion to substitute Fatu Miller as the counterclaim defendant.

### C. Remand

The FDIC removed this entire action to federal court after being impleaded as a third-party defendant by the Commissioner. The removal of the action was proper because this Court has original jurisdiction over suits to which the FDIC is a party. *See* 12 U.S.C. § 1819(b)(2); 28 U.S.C. §§ 1331, 1346, 1441. The Court's dismissal of the third-party complaint eliminates the federal question claims from this action. After considering the principles that underlie the exercise of supplemental jurisdiction—economy, convenience, fairness, and comity—the Court concludes that retaining jurisdiction over the remaining state claims would be inappropriate. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 357 (1988) (holding district courts have discretion to remand pendent state law claims and noting that the district court had a powerful reason to choose not to continue to exercise jurisdiction after the single federal-law claim was eliminated). Accordingly, the Court will remand this action to state court.

### III. Conclusion

For the foregoing reasons,

1. the Commissioner's motion to reconsider the dismissal of the third-party complaint is DENIED;

2. the Commissioner's motion to substitute Fatu Miller as the counterclaim defendant in this action is GRANTED; and

3. this action is hereby remanded to the Massachusetts Superior Court for further proceedings.

**So Ordered.**

|  |  |
|---|---|
| Dated: November 21, 2007 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |